# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

March 8, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

      RE: **Eames v. Nationwide Mut. Ins. Co.**
      C.A. No.: 04-CV-1324KAJ

Dear Judge Jordan:

The current posture of this case has created what can be fairly termed a crisis of fairness. Knowing that the Court would not wish to give either side the procedural upper hand, I write to address the problem.

1. The Court's February 1, 2005 Order for Scheduling Conference required the parties to negotiate a joint discovery plan. Paragraph 2 of the Order stated directly that the discovery plan "shall conform to the enclosed form of scheduling order." In compliance with that directive, the Eames plaintiffs came to the negotiations with no "extraprocedural" wish list; that is, they conformed their proposals to the model Scheduling Order, and made no proposal that deviated from its format.

Nationwide responded with a host of proposals that did *not* conform to the model Scheduling Order. Yet at the March 1 scheduling teleconference, the Court actually adopted some of Nationwide's nonconforming proposals. What is more, the nonconforming proposals that the Court approved will (as shown below) deprive the Eames plaintiffs of any chance to discover the merits of the case.

In other words, one side took the Court's "conformance" requirement seriously (it being an Order of this Court), and complied with it fully. The other side ignored it. The compliant parties have been punished for their compliance, and their adversary has been rewarded.

2. At the March 1 scheduling teleconference, the Court ordered the parties to negotiate deadlines for discovery on class certification issues and the filing of the Eames plaintiffs' planned motion for class certification. The Court also spoke approvingly of a class action defendant's interest in avoiding "merits" discovery while class certification issues are litigated. From this it may be argued that the Court also intended a prohibition on "merits" discovery while class certification discovery proceeds. This last point is unclear to me; and in the days since the scheduling conference, I have

118366

The Hon. Kent A. Jordan
March 8, 2005
Page 2

twice asked Nationwide to state whether it contends that such a prohibition was adopted by the Court. (Nationwide has so far ignored both requests.)

If the Court did intend such a prohibition, it essentially forecloses the Eames plaintiffs' right to discover the merits of the case.

Here is what we mean. Because the February 1 Order for Scheduling Conference required the parties' discovery plan to conform to the model Scheduling Order, the Eames plaintiffs proposed a schedule that assumed such compliance -- that is, a schedule that did not contemplate either a separate deadline for class certification discovery, or an interim prohibition on "merits" discovery (these latter proposals being ones that fail to conform with the model Order). The Eames plaintiffs thus proposed, and Nationwide agreed to, an October 28, 2005 cutoff for *all* discovery.

The Court then surprised us by approving Nationwide's nonconforming proposals. But if these nonconforming features are to include a prohibition on merits discovery while class certification discovery proceeds, the case schedule will be reduced to absurdity.

Suppose, for example, that class certification discovery proceeds for just ninety days (a highly ambitious proposal, to be sure). Measured from the March 1 scheduling conference, that deadline would fall on May 30, 2005. Suppose that the Eames plaintiffs then filed their opening brief for class certification just one week later, on June 6, 2005. Assuming that neither party seeks any extension of the briefing schedule -- though we understand that Nationwide already plans to seeks such an extension -- briefing would close no earlier than June 27, 2005.

If the Court took just ninety days (over the summer months, no less) to decide the class certification issue, its ruling would issue on September 26, 2005. The Eames plaintiffs would then enjoy a grand total of just thirty-two days (or twenty-four business days) in which to conduct all their discovery on the merits of the case. Of course, they would need to propound written discovery within forty-eight hours of the class certification ruling, in order to ensure a deadline for responses that would fall within the dedicated discovery period. Then, after Nationwide produced its documents in response to that discovery, they would have exactly two days in which to review and synthesize the documents, and complete all "merits"-related depositions in the case -- assuming they were able to guess the identities of witnesses in the thirty days that preceded Nationwide's production of documents.

The parties' obligation to make expert disclosures, meanwhile, would come due on August 1, 2005 -- roughly six weeks prior to the taking of any merits discovery by either side. Experts would thus be asked to render and articulate opinions with little or no factual record on which to base them.

In short, the case schedule is rendered nonsensical by the use of a prohibition on "merits" discovery. If this is what the Court intended, then discovery on the merits of the case has been effectively foreclosed.

118366

The Hon. Kent A. Jordan
March 8, 2005
Page 3

---

    3. The Court has before it the parties' opening, answering and reply briefs on the Eames plaintiffs' motion to remand. The Court has also heard oral argument on that motion. Thereafter, the Court ordered two rounds of supplemental briefing, which the parties concluded on January 26, 2005.

    We believe that the law on this issue is clear: the amount in controversy is determined by the direct and certain consequences of the judgment, and not by any future contingent rights that the judgment may establish. See New England Mortgage Security Co. v. Gay, 145 U.S. 123, 130 (1892) (amount in controversy is never determined by "any contingent loss either one of the parties may sustain" as a result of the judgment, "however certain it may be that such loss will occur.") If we are correct, then this Court lacks subject matter jurisdiction.

    But although the Court's jurisdiction has not yet been established, the Court (by virtue of its decision to forge ahead with case scheduling and discovery matters) is forcing us to litigate the case in earnest in this Court. If we fail to do so in the face of the Court's approach, we obviously risk substantial prejudice on discovery and other procedural matters should our motion for remand fail. But if we follow the Court's direction and start serving interrogatories and the like, we engage in conduct that is sometimes viewed as a waiver of jurisdictional objections.

    Having determined to press ahead while the jurisdictional issue remains unresolved, it may well be that *this Court* would not view our discovery efforts here as a waiver. But this Court cannot guarantee that that the Third Circuit will be as forgiving on the waiver issue.

    So long as the motion to remand remains undecided, the Eames plaintiffs are left in a position of profound procedural unfairness.

***

    With the Scheduling Order not yet finalized, it is not too late to address these problems now. Accordingly, we respectfully request that the Court revisit its approach to case management. Specifically, we request that the entry of a final Scheduling Order be deferred until after the Court rules on the pending motion to remand. Alternatively, and if the Court is determined to impose a case schedule now, we ask that it contain no prohibition on "merits" discovery; or, failing that, that the case schedule be revisited from the ground up, as it really must be in order to accommodate Nationwide's (nonconforming) proposals.

    I appreciate the Court's patience and consideration.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr

118366

The Hon. Kent A. Jordan
March 8, 2005
Page 4

enclos.
cc: Dr. Peter T. Dalleo (by hand delivery)
    Nicholas E. Skiles, Esq. (by hand delivery)
    Curtis P. Cheyney, III, Esq. (by facsimile)

118366

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | C.A. No. 04-CV-1324KAJ |
| v. ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
919 Market Street, Suite 1700
P.O. Box 330
Wilmington, DE 19899

In addition, I certify that the same party was served with the document by hand delivery at the address shown.

MURPHY SPADARO & LANDON

/s/ John S. Spadaro
John S. Spadaro, No. 3155
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for plaintiffs
Thomas A. Eames, Roberta L. Eames and Tammy Eames (on behalf of themselves and all others similarly situated)

March 8, 2005

118370