# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210
WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

March 10, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

> **RE: Eames v. Nationwide Mut. Ins. Co.**
> **C.A. No.: 04-CV-1324KAJ**

Dear Judge Jordan:

I write to respond briefly to two points made by Nationwide in its letter to the Court of yesterday.

Specifically, Nationwide says that the Eames plaintiffs have "pressed" it to "file their initial disclosures . . . taking advantage of the Court's jurisdiction over the defendant." Those familiar with the existing case law on waiver of jurisdictional objections will immediately recognize the reference to "taking advantage of the Court's jurisdiction" as an assertion of waiver. The risk identified in my March 8 letter to the Court -- that by complying with this Court's case management regime, the Eames plaintiffs would encounter a waiver argument from Nationwide -- has thus been realized.

Nationwide also says that there is "little reason to doubt" that the Court "intends to maintain jurisdiction over this suit . . . ." In other words, Nationwide claims victory on our motion to remand, despite the fact that the Court has yet to decide it.

At the January 5, 2005 hearing on our motion to remand, the Court ordered supplemental briefing. Your Honor indicated that he would "take seriously these other submissions" and render a decision "as soon as I can." Tr. at 42. Your Honor also indicated that a Scheduling Order should be pursued "[b]ecause whether I decide it's gone or not, you still have a dispute, it's going to have to be decided somewhere and you might as well get started on it." Id. at 41.

We take the Court at its word, even if Nationwide does not. We thus do not interpret the Court's decision to go forward with case scheduling as a *de facto* denial of our motion to remand. We also continue to believe that when the Court reviews the cases assembled in our supplemental submissions, it will conclude (as we have) that diversity jurisdiction is lacking.

The Hon. Kent A. Jordan
March 10, 2005
Page 2

      I recognize that this sort of letter exchange can unduly burden the Court, and hope that has not been the case here.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr
enclos.
cc: Dr. Peter T. Dalleo (by electronic filing)
    Nicholas E. Skiles, Esq. (by electronic filing)
    Curtis P. Cheyney, III, Esq. (by electronic filing)

118450

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-CV-1324KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the forgoing document with the

Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899


MURPHY SPADARO & LANDON

/s/ John S. Spadaro
John S. Spadaro, No. 3155
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for plaintiffs
Thomas A. Eames, Roberta L. Eames and
Tammy Eames (on behalf of themselves and
all others similarly situated)

March 10, 2005

118451