# Murphy Spadaro & Landon
ATTORNEYS

1011 CENTRE ROAD, SUITE 210
WILMINGTON, DELAWARE 19805

PHONE 302.472.8100
FAX 302.472.8135

302.472.8101
jspadaro@msllaw.com

April 26, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

    RE: Eames v. Nationwide Mut. Ins. Co.
        C.A. No.: 04-CV-1324KAJ

Dear Judge Jordan:

    I write on behalf of the Eames plaintiffs in anticipation of our April 28 teleconference.

    As the Court is aware, our complaint targets a specific practice by which Nationwide represents to Delaware consumers (through Nationwide's agents) that they have purchased "full" PIP limits, while treating the transaction as a purchase of minimum limits. To prove our contentions, we need discovery. So on March 24, 2005, we served subpoenas *duces tecum* and *ad testificandum* on three prolific Nationwide agents: the Broadbent agency in New Castle County, the Deaton agency in Kent County, and the Truitt agency in Sussex County.

    Each subpoena sets forth an identical appendix specifying the documents to be produced and the subject matters to be addressed by oral deposition testimony. See Ex. A (appendix to Broadbent subpoena). Just two document requests were propounded, as follows:

        1. All documents that refer to or characterize limits of liability for PIP
           coverage as "full."

        2. All documents that refer or relate to the characterization of limits of
           liability for PIP coverage as "full."

Id.[1] The subpoenas set forth an April 25, 2005 return date for the production of documents and witnesses.

---

[1] The appendices' definitions section expressly limits these requests to a time frame from August 20, 2001 through the present.

119860

The Hon. Kent A. Jordan
April 26, 2005
Page 2

---

Accompanying each subpoena was a letter from me explaining the nature of our contentions and our adverse posture to Nationwide. Ex. B. The letter also invited negotiations on the scope of the subpoena. Id. Each subpoena was likewise accompanied by a copy of the complaint.

The April 25 return date passed with none of the deponents producing any documents. No deponent made any effort to negotiate the scope of the subpoenas (despite repeated invitations to do so) until just two business days before the April 25 return date, when the deponents' counsel, Mr. Leoni, e-mailed me on April 21. Ex. C.

### I. The Deponents' (Shifting) Objections

The deponents produced this morning, for the first time, three blank form documents -- a blank insurance application, a blank "Form A" and a blank Memorandum of Insurance.[2] They refuse to produce the actual consumer records on which the case turns, claiming confidentiality and privilege:

> We are going to object the production of any client file documents. These files contain the forms with the information filled in, and are confidential and privileged.

Ex. C. Significantly, Mr. Leoni's April 21 letter asserted no objections other than confidentiality and privilege.

On April 22 I wrote to Mr. Leoni, asking him to identify the privilege being claimed and the basis for claiming it. I also asked him to confirm that the deponents had no objections beyond those stated in his April 21 letter. Ex. D. Mr. Leoni responded only today, apparently abandoning the privilege claim but adding two new objections -- raised for the first time only *after* the subpoenas' return date -- on purported grounds of relevance and burden. Ex. E. Mr. Leoni's letter of today also clarifies the confidentiality objection, claiming that insured-specific files are trade secrets.

### II. The Eames Plaintiffs' Position

There is no question that the deponents possess responsive documents in abundance. Four days after the subpoenas were served, Lisa Broadbent of the Broadbent agency admitted as much in a phone call she made to my paralegal, Heather Jones:

> Ms. Broadbent explained that [our document request] is a ridiculous request, [because] she could have over 10,000 files and demanded to speak to an attorney about this.

Ex. F. Though I was on a family vacation at the time, I telephoned Ms. Broadbent the same day. She told me that her agency commonly characterizes PIP limits as "full" whenever the minimum limit is sold to the insured. She stated that the term "full" is used for this purpose on both declarations pages

---

[2] As we understand it, a "Form A" is a form completed as part of the application process.

119860

The Hon. Kent A. Jordan
April 26, 2005
Page 3

---

and so-called "Form A" documents. It is thus clear that these deponents possess thousands (if not tens of thousands) of responsive documents.

### A. The Confidentiality Objection

We have assured Mr. Leoni that we will treat all insured-specific documents as confidential, and use or disclose them solely for the purpose of prosecuting this lawsuit. Ex. D. We have agreed that prior to producing the documents, the deponents may redact the names, addresses and social security numbers of the insureds. Id. We have also forwarded to the deponents and to Nationwide a proposed confidentiality order for submission to the Court, and under which the documents may be produced. Ex. G. In short, confidentiality is no obstacle here; nor would it be even were these documents trade secrets (which they are not).

### B. The Burden Objection

It is recognized that "the burden to establish that a subpoena *duces tecum* is unreasonable or oppressive is on the person who seeks to have it quashed." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §2459 (2d ed. 1994). Significantly, "[t]hat person cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." Id. Burden objections thus require a particularized showing, which these deponents have not even attempted.

Nonetheless, the Eames plaintiffs are willing to reduce any perceived burden by accepting just fifty insured files from each deponent. Each file should be complete for each insured, and should involve the use of the characterization "full" to describe the $15,000/$30,000 PIP limit. The deponents should also be required to produce all other documents that refer or relate to the characterization of PIP limits as "full."

### C. The Relevance Objection

Space does not permit a discussion of the deponents' (new) relevance objection, which they hold with such conviction that it was never even mentioned in Mr. Leoni's April 21 e-mail. We therefore request an opportunity to address that objection during the April 28 teleconference.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr
encls.
cc: Robert J. Leoni, Esq. (by hand delivery)
    Curtis P. Cheyney, III, Esq. (by electronic filing)

119860

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 04-CV-1324KAJ |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

                                MURPHY SPADARO & LANDON

                                /s/ John S. Spadaro
                                John S. Spadaro, No. 3155
                                1011 Centre Road, Suite 210
                                Wilmington, DE 19805
                                (302) 472-8100

                                Attorneys for plaintiffs
                                Thomas A. Eames, Roberta L. Eames and
                                Tammy Eames (on behalf of themselves and
                                all others similarly situated)

April 26, 2005

119867