# Exhibit D

# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

April 22, 2005

**HAND DELIVERY, U.S. MAIL AND E-MAIL**
Robert J. Leoni, Esq.
Morgan Shelsby & Leoni
131 Continental Drive, Suite 206
Newark, DE 19713

      **RE: Eames v. Nationwide Mut. Ins. Co.**
      **C.A. No.: 04-CV-1324KAJ**

Dear Rob:

    I write in response to your e-mail of yesterday, received by my office shortly after the close of business. I will address here only those subpoenas served on March 24, 2005 (on the Broadbent, Deaton and Truitt agencies), and not the later subpoena served on the Hoban agency.

    As you know, we have scheduled an April 28 teleconference with the Court regarding the deponents' failure to communicate with us regarding whether and how they would respond to our subpoenas. With your e-mail of yesterday, the deponents have finally joined us in the negotiation process; and for that I am grateful. Accordingly, we will no longer seek an order compelling the deponents to negotiate the scope of the subpoenas. But we will not cancel the April 28 teleconference; instead, we will keep it on the calendar as an opportunity to present to the Court the parties' differences should negotiations fail.

    Let me turn, then, to the substance of your April 21 e-mail.

    You say that the deponents will produce only blank forms, and withhold copies of those responsive documents that have "the information filled in." You justify the decision to withhold the documents that actually contain responsive information on the basis that they are "client file documents" that you view as "confidential and privileged." You assert no other bases for withholding responsive documents. (If I am mistaken, and there was some other objection you meant to communicate, please identify that objection with specificity now.)

    These are my thoughts in response:

    1. We need not argue much over jargon, because jargon is not what separates us. However, we do not view consumers who purchase Nationwide policies from these insurance agents as "clients" of

119773

Robert J. Leoni, Esq.
April 22, 2005
Page 2

---

the agents. Rather, the agents serve Nationwide; and in the transaction that leads to the issuance of an auto policy, the agents represent Nationwide.

    2. Blank forms do not meet our legitimate need for class certification discovery. When you speak of the insured-specific counterpart to these blank forms -- documents "with the information filled in" (to borrow from your e-mail message) -- you are referring to the very information sought by our subpoena. That information will reveal the extent to which the agents characterize minimum PIP limits as "full"; and it is therefore at the heart of this case.

    3. Your confidentiality concerns can be easily satisfied.

    First, we will agree to treat all insured-specific documents as confidential, and to use or disclose them solely for the purpose of prosecuting this lawsuit and for no other purpose.

    Second, we agree that prior to producing the documents, you may redact the names, addresses and social security numbers of the insureds. (If there is other identifying information that you feel should be redacted, please let us know and we will consider your request.)

    Third, I will forward to you and Mr. Cheyney a proposed confidentiality order for submission to the Court. We agree that all documents produced by these deponents in response to our subpoenas should be treated as Protected Material under that proposed order, pending the day that it is entered by the Court.

    4. You say that insured-specific responsive documents are "privileged." I suspect you are using the term in its lay sense, meaning "that which one desires to keep secret." I cannot imagine that any recognized evidentiary privilege attaches to these documents.

    If I am mistaken, please identify the privilege you are asserting, and the basis for asserting it.

    5. Because the deponents have not agreed to provide us with responsive documents to which we believe we are entitled, it makes no sense to go forward with the depositions at this point. Obviously, I cannot depose the insurance agents' designees on documents I do not yet have. I also want to avoid, if possible, deposing the same witnesses twice -- first with respect to the blank forms you propose to produce, and then later with the benefit of whatever additional documents we might secure through negotiation or motion practice. (I use the term "motion practice" to refer to the procedures under Section 3(f) of the Court's March 29, 2005 Scheduling Order.)

    We will therefore defer the planned depositions until we know precisely which documents will be produced, and when.

***

119773

Robert J. Leoni, Esq.
April 22, 2005
Page 3

---

I ask that you reconsider your position, and agree to produce responsive documents with "the information filled in." As shown above, confidentiality concerns are not an obstacle to such a production.

In any event, please let me know the deponents' final position as soon as possible. Note that my letter to the Court, in connection with the April 28 teleconference, is due on Tuesday of next week, April 26.

If we are unable to resolve our differences now, we will present the dispute at the April 28 teleconference. To assist you in preparing for that teleconference I have enclosed a copy of the Court's March 28 Scheduling Order. But please understand that I remain available for further negotiations prior to April 28, by telephone or otherwise.

Very truly yours,

John S. Spadaro

JSS/slr
enclos.
cc: Curtis P. Cheyney, III, Esq. (by facsimile, mail and e-mail)

119773