# MORGAN SHELSBY & LEONI

ALAN M. CARLO (MD, DC, CT)
JOAN CERNIGLIA-LOWENSEN (MD, DC)
MARY ALANE DOWNS (MD)
ANGUS R. EVERTON (MD)
ROBERT J. LEONI (DE)
ROBERT C. MORGAN (MD, DC)
GILBERT F. SHELSBY, JR. (MD, DC, DE)

OF COUNSEL
MICHAEL C. ROSENDORF (MD, DC, DE, MN)

OFFICE ALSO IN HUNT VALLEY, MD

A PROFESSIONAL ASSOCIATION

SUITE 206
131 CONTINENTAL DRIVE
NEWARK, DELAWARE 19713
302-454-7430
FACSIMILE 302-454-7437

MICHAEL J. LOGULLO (DE)
ROBIN E. HAUPTMANN (MD, DC)
MARISA FERRARO CAPONE (MD)

JOSEPH Y. BRATTAN, III (1933-1999)

April 27, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

    Re:    **Eames v. Nationwide Mutual Insurance Company**
            **C.A. No. 04-CV-1324 KAJ**

Dear Judge Jordan:

    I represent the Hoban, Deaton, Broadbent and Truitt agencies in reference to the subpoenas for deposition *duces tecum* issued by Plaintiff in the above-referenced case. This letter is written as required under the Scheduling Order for the April 28, 2005 teleconference with the Court and the parties.

    The subpoenas at issue directed the Deaton, Broadbent, and Truitt agencies to appear and bring documents to a deposition at the office of Plaintiff Counsel. On April 19, 2005 I contacted Plaintiff Counsel and informed him that I would be representing the agencies and would be working on the issue. On April 21, 2005 I contacted Plaintiff Counsel by email and indicated that the deponents objected to production of documents from client files. (See Exhibit "C" to Plaintiff's Letter to the Court).

    On April 22, 2005, Plaintiff Counsel informed me in writing that he was unilaterally canceling the depositions of my clients. ( See Exhibit "D" to Plaintiff's letter to the Court). They were all prepared and ready to appear at his office to testify and produce the documents which I ultimately faxed to Plaintiff Counsel. At no time did I indicate that the deponents would not appear at the date and time set for the depositions.

The Honorable Kent A. Jordan
April 27, 2005
Page 2

What I produced are form documents (See Exhibit "E" to Plaintiff's Letter to the Court) which are simply duplicated repeatedly for each auto insurance client of the respective agencies. As I indicated to Plaintiff Counsel, it would be unduly burdensome to simply go through all client files and redact the private information of the insureds and produce the same forms which have been produced. In my April 21, 2005 communication to Plaintiff Counsel, I had suggested to Plaintiff Counsel that he depose at least one of the deponents, and not all three, because I believe that the testimony would be redundant. Plaintiff Counsel chose to unilaterally cancel the depositions.

In response to my assertion that it would be unduly burdensome to produce all of the specific forms for each client over the past three years, Plaintiff Counsel indicates that he would agree that the deponents produce fifty client files from each of their agencies. The problem with that suggestion is that client files are not responsive to the subpoenas which request only documents "that refer to or characterize limits of liability for PIP coverage as 'full'." Only certain of the completed forms would be responsive to the subpoenas.

While I believe that fifty files is still burdensome and too many, I am discussing with my clients a number which they would agree that I can review for the completed forms, and then produce redacted copies of those forms. What is paramount to my clients is that they suffer minimal interruption to their businesses and, more importantly, that no client information be disclosed. In that light, I am also reviewing whether the actual client must be informed and provide consent to the production of their redacted forms. Finally, my clients believe that Plaintiffs should have to reimburse them for the costs of producing client documents.

Respectfully Submitted,

/s/ *Robert J. Leoni*
Robert J. Leoni
Rleoni@mslde.com

/s/ *Michael J. Logullo*
Michael J. Logullo
Mlogullo@mslde.com

RJL:bd
cc: John S. Spadaro, Esquire (*via electronic filing*)
Curtis Cheyney, Esquire (*via electronic filing*)