IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES, and TAMMY EAMES, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-1324-KAJ<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

This is a proposed class action involving insurance coverage issues. (D.I. 7 at 1.) Invoking 28 U.S.C. § 1441, Nationwide Mutual Insurance Company ("Nationwide") removed the case to this court from the Superior Court of the State of Delaware in and for Sussex County (the "Superior Court"). (D.I. 1.) Presently before me is a Motion to Remand (Docket Item ["D.I."] 6; the "Motion") filed by Thomas A. Eames, Roberta L. Eames, and Tammy Eames (collectively "Plaintiffs"). Plaintiffs assert that the suit does not involve the amount of money necessary for subject matter jurisdiction under 28 U.S.C. § 1332. (D.I. 6.) For the reasons that follow, the Motion is denied.

**II.   BACKGROUND**

On August 20, 2004, Plaintiffs filed their proposed class action in the Superior Court. (D.I. 8 at A37.) On October 1, 2004, Nationwide removed the case, contending that subject matter jurisdiction exists in this case under 28 U.S.C. § 1332, because of diversity of citizenship. (D.I. 1.) Plaintiffs do not assert that the diversity of citizenship

requirement of § 1332 is not met in this case; rather, they contend that the amount in controversy requirement of § 1332 has not been met. (D.I. 7 at 1.)

This case arises from Nationwide's underwriting of Personal Injury Protection insurance coverage ("PIP coverage"). (D.I. 8 at A38.) Delaware law states that "[n]o owner of a motor vehicle required to be registered in this State ... shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing ... minimum insurance coverage." 21 *Del. C.* § 2118(a). Included in the minimum insurance coverage required by the state is insurance sufficient to provide "[c]ompensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident." *Id.* at § 2118(a)(2). This type of coverage is known as PIP coverage. *Id.* The minimum amount of PIP coverage an owner is required to have is "$15,000 for any 1 person and $30,000 for all persons injured in any 1 accident" (the "Statutory Minimum"). *Id.* at § 2118(b)(2).

Plaintiffs allege that Nationwide "misrepresented ... the limits of liability of their PIP coverage." (D.I. 8 at A40 ¶ 9.) According to Plaintiffs, the "policy declarations, memorandum of insurance or other documentation" associated with the Nationwide PIP coverage described the policy coverage as "full." (*Id.*) Plaintiffs allege that the term "full" refers to the maximum amount of PIP coverage Nationwide offered at that time, which was $100,000 per person and $300,000 per accident. (D.I. 7 at 3-6.) Nationwide, however, contends that, with respect to PIP coverage, the policy in question only covers the Statutory Minimum, namely $15,000 per person and $30,000 per accident. (D.I. 13 at 6.) Plaintiffs seek, *inter alia*, a declaratory judgment that they

2

are entitled to the maximum PIP coverage offered by Nationwide. (*See id.* at A49 ¶ 24; D.I. 7 at 7.)

## III. STANDARD OF REVIEW

"Any civil action of which the district courts have original jurisdiction ... shall be removable." 28 U.S.C. § 1441(b) (1999); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). If, after the case has been removed, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is the burden of the party opposing remand of the case "to show the existence and continuance of federal jurisdiction." *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987). When "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiffs' complaint at the time the petition for removal was filed. In so ruling the district court must assume as true all factual allegations of the complaint." *Id.* (internal citations omitted).

## IV. DISCUSSION

The present issue is whether the jurisdictional amount in controversy exists in this case. (D.I. 7 at 7.) Section 1332(a) states, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000 ... ." 28 U.S.C. § 1332(a). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple*

*Advertising Comm'n*, 432 U.S. 333, 347 (1977). In order to justify remand "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount ... ." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (speaking with reference to dismissal for lack of jurisdictional amount in controversy).

The question presented in this case thus becomes how to value the "object" of this litigation, which in turn depends upon the parties' competing views of the meaning of the term "full," as used in the policy in question. Plaintiff argues that the value of the object of this litigation should be understood to be the difference in the value of two hypothetical insurance policies created using the two side's proposed meanings of the term "full". (D.I. 19 at 7-9.) By "value", Plaintiffs mean the "worth of [the] insurance in the marketplace." (*Id.* At 9.) Using Nationwide's proposed meaning of the term "full", *i.e.*, $15,000 per person and $30,000 per accident, a value of the first policy could be calculated; then, using Plaintiffs' proposed meaning of the term full, *i.e.*, $100,000 per person and $300,000 per accident, a value for the second policy could be calculated.[1] (*Id.* at 7-9.) Plaintiffs allege that difference between those two calculated values would be around $50, well below the amount in controversy requirement. (*Id.*) Defendant on the other hand, argues that the value of the object of this litigation is the difference between the two PIP "per accident" coverage amounts, which is $300,000 less $30,000, or $270,000, well above the amount in controversy requirement . (D.I. 13 at 8-11.)

---

[1] Plaintiffs first fully articulated this line of reasoning during oral argument and did not give exact figures for what each of the hypothetical policies would cost. (D.I. 19 at 7-9.) At that argument, Plaintiffs merely stated that a hypothetical policy with $300,000 per accident of PIP coverage would cost "$35 or $50 or $150, depending upon a bunch of factors." (*Id.* at 7-8.)

4

To support its legal position, Nationwide cites a recent Third Circuit case, *Liberty Mut. Fire Ins. Co. v. Yoder*, Case No. 03-3623, 2004 U.S. App. LEXIS 21647 (3d Cir. Oct. 19, 2004), for the proposition that an adjudication of a party's rights to insurance coverage is sufficient to meet the requirements of Section 1332, when the difference in the value of the coverage is greater than the amount in controversy requirement. (D.I. 13 at 11.) In that case, an insurance company sued an individual for declaratory relief that the individual was not entitled to any coverage from the company. *Liberty Mutual*, 2004 U.S. App. LEXIS 21647 at *2-3. The Third Circuit held that:

> it is evident from Yoder's notice to Liberty Mutual of his claim for benefits, which was incorporated by reference into the complaint, that the $ 2 million liability limits of the insurance policy were also at issue. Accordingly, the $ 75,000 amount in controversy requirement was satisfied and the District Court had jurisdiction pursuant to 28 U.S.C. § 1332.

*Id.* at *5. It is unclear, however, whether *Liberty Mutual* stands for the proposition advocated by Nationwide or whether the Third Circuit was merely stating that defendant Yoder was attempting to recover $2 million dollars and, hence, there was more than $75,000 at issue.

There is, however, a persuasive case clearly on point. A District Court, faced with a similar situation, wrote as follows:

> By requesting that [the insurance company] increase their coverage by $45,000, Defendants placed this amount in controversy; if the Court should decide for Defendants, then [the insurance company's] potential liability as a result of this case is in that amount. Therefore, this amount governs for the purposes of the jurisdictional amount, regardless of whether Defendants have presently accrued $10,000 [*i.e.*, the then-applicable jurisdictional amount in controversy] in expenses that would be covered by the increased coverage. It does not "appear to a legal certainty" that Defendants'

5

> ultimate claim against [the insurance company] could not total more than [the jurisdictional amount in controversy] ... . Consequently the Court holds that the jurisdictional amount of 28 U.S.C. § 1332(a) is satisfied.

*State Farm Fire & Casualty Co. v. Sweat*, 547 F. Supp. 233, 239 n. 13 (N. D. Ga. 1982) (citation omitted). In the instant case, by demanding coverage of up to $300,000 for a single accident, Plaintiffs have put that amount in controversy. If Plaintiffs prevail in this case, then Nationwide will be exposed to over $75,000 in liability for each policy holder, thereby satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332(a).

Plaintiffs rely on a Fifth Circuit case from 1927 to support their argument that the amount in controversy is not met. In that case, the plaintiff brought an action to recover under an insurance policy. *Wright v. Mutual Life Ins. Co.*, 19 F.2d 117, 117 (5th Cir. 1927). The insurance company "then filed an equitable plea, which alleged that the insured died by his own voluntary act, and not as the result of an accident ... ." *Id.* The maximum recovery of the litigation was $1,136, less than the jurisdictional amount at the time, $3000. *Id.* The case, however, "involved whether appellee was liable for double indemnity on past-due installments," and that determination "would work an estoppel as to liability for future installments in an aggregate amount which would exceed the jurisdictional amount of $ 3,000." *Id.* The court held that "[i]t is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." *Id.* (internal citations omitted).

I do not need to determine whether that court's ruling was correct, since the peculiar facts of that case are not present here.[2] However, to the extent that Plaintiffs rely on it for the proposition that adjudicating a level of risk exposure is not meaningful in deciding the amount in controversy, I reject that proposition. For the reasons stated in the *State Farm* case cited earlier, the amount in controversy here exceeds the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a). *See* 547 F. Supp. at 239 n. 13.

## V.   CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Remand (D.I. 6) is DENIED.

*[signature]*
UNITED STATES DISTRICT JUDGE

April 27, 2005
Wilmington, Delaware

---

[2] It is noteworthy that the district court which authored the *State Farm* case cited above, *supra* at 5-6, is within a circuit governed by the Fifth Circuit law predating formation of the present Eleventh Judicial Circuit, *see Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that "the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981" would act as its body of precedent for the newly formed Eleventh Circuit), and yet that court apparently did not rule in the manner that Plaintiffs say is compelled by the Fifth Circuit's 1927 opinion in *Wright*.

7