Swartz Campbell LLC
1601 Market St Fl 34
Philadelphia PA 19103-2316

(voice) (215) 299-4304
(facsimile) (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney
*Attorney At Law*

April 27, 2005

The Honorable Kent A. Jordan
United States District Court  **VIA ELECTRONIC FILING**
844 North King Street, Room 4209
Wilmington, DE 19801

RE: **Eames v. Nationwide Mutual Insurance Company**
C.A. No.: 04-CV-1324KAJ

Dear Judge Jordan:

On behalf of Nationwide Mutual Insurance Company, the defendant, in anticipation of the April 28th telephone conference requested by attorney John Spadaro before a discovery dispute arose, we respond to counsel's April 26, 2005 letter report to you. First, plaintiffs' Complaint does not target a practice by which Nationwide offers its PIP coverage to Delaware insureds; rather, it is a declaratory judgment action and a claim for breach of contract suit whereby the Nationwide policy is at issue, specifically the policy PIP coverage limits set forth within the policy (and as referenced on the Declarations page). Plaintiffs' issuance of subpoenas to agencies is not an attempt to establish their class contentions but rather a misguided diversion destined to produce no relevant class information.

Plaintiffs served subpoenas on March 24, 2005 upon three agencies, independent contractors, which offer Nationwide automobile liability insurance policies containing PIP coverages pursuant to Delaware law. Nationwide Mutual Ins. Co. vs. Darden 503 U.S. 318 (1992). At plaintiffs' choosing, they identified a return date of April 25th for the three agencies (the Broadbent Agency, the Denton Agency, and the Truitt Agency) to respond. We object to plaintiffs' suggestion that they served these subpoenas on Nationwide agents. None of the subpoenas was directed to any individual let alone an employee of Nationwide.

The subpoenas set forth the request for a representative of the agency, an employee thereof, to appear for testimony and produce documents that "refer to or characterize limits of liability for PIP coverages as 'full'". Counsel representing the three agencies apparently (after requesting his clients' file reviews) produced generic forms used by the agencies that refer to or mention the word "full". Absent from those productions was any policy or declarations page, which are the only legal

The Honorable Kent A. Jordan
April 27, 2005
Page 2

representation or characterization of the PIP limits or the company's liability for PIP coverages upon which the plaintiffs seek a cause of action or declaratory judgment. Further, the plaintiffs' subpoenas and requests for documents were not limited to documents relating to Nationwide Mutual Insurance Company, the only defendant. Nor were the demands for documents limited to policyholders wherein Nationwide had informed insureds that, as with the circumstance of the Complaint, policy limits were exhausted (and for whom any document upon which the suit could be predicated characterized the limits of "full"). Accordingly, none of the documents are relevant to plaintiffs' class claims in the Complaint.

Nationwide objects to this mass production effort imposed upon these agencies concerning Nationwide insureds because each agency's book of business is owned by Nationwide and Nationwide has both a right and a duty to protect the privacy interests in its insureds. So too do the agencies. Plaintiffs do not provide any assignment or Power of Attorney from any of the Nationwide insureds to require the agencies to produce their files or private, non-public information concerning their identity and insurance coverages purchased by these insureds. The information is protected under the Gramm-Leach-Bliley Act, 15 USC, Section 6801 et seq. (1999); *see also* Nationwide Mut. Ins. Co. v. Comm'r of Ins., 491 N.E. 2d 1061, 1063 (Mass. 1986).

Finally, the discovery exercise is futile since plaintiffs' suit is based upon a claim of ambiguity (misrepresentation, reliance and detriment to interest) which requires testimony for each and every policyholder concerning their policy purchase and their later exhaustion of PIP limits (allegedly described in evidence extrinsic to the policy as "full" and where the policy limits are otherwise outlined on the Declarations Page or in the policy). The question of the insureds misunderstanding or belief that they had (by reason of reviewing extrinsic evidence of policy coverages) greater coverage than that which was set forth in the policy and Declarations page to the policy, is not answered by the subpoenaed records. Thus, for class certification purposes, and where plaintiff does not represent any of these other policyholders, he has no right to their names and/or addresses or to any personal financial information concerning them. See Gramm-Leach-Bliley, supra. Plaintiff offers a compromise - he will simply take 50 files from each of the agencies in an effort to avoid the undue burden of his requests. In an effort to avoid any burden, the Nationwide defendant will agree that there are numerous forms (in excess of 100 such forms in each agency, some signed and some unsigned) found within files of insureds with Delaware Automobile Liability policies with PIP coverages for individual non-commercial Delaware insureds. The Delaware Motorist Protection Act requires a signed statement of choice from each policyholder (form V-A12C). Its language does not include any stand-alone statement "full"; rather, in context, it states "full without deductible"; again, this form document, extrinsic to the policy, can have no relevance to plaintiffs' class claims of the Complaint. Likewise the Memorandum of Insurance

The Honorable Kent A. Jordan
April 27, 2005
Page 3

form is not the insurance policy upon which the suit is based and this form can have no relevance to the class issues. The Memorandum of Insurance is not attached to the Policy, and does not form a part of the Policy. The suit is not based upon anything but the Policy such that a reading of the policy excludes any claim of ambiguity from extrinsic evidence.

    Finally, this dispute really arises over the plaintiffs' unfounded claim that the agencies to whom the subpoenas were served (not to an individual) are somehow violating the Delaware Rules of Civil Procedure by not prematurely appointing an individual to contact counsel in anticipation of the depositions, and negotiate the scope of the subpoena before the return date of the subpoena. There is no Rule of Civil Procedure that requires any third-party who has received a subpoena to contact and negotiate the terms of the subpoena with the issuer of the subpoena (despite repeated invitations to do so) before the return date of the subpoena.

    Plaintiffs' counsel's attempt to *create* a discovery issue by quoting hearsay upon hearsay from his paralegal's statement is of no significance. However, Ms. Broadbent was correct to explain that the request (of the subpoena) was ridiculous, and that she wanted to speak to an attorney. That is hardly something over which to create a discovery dispute. Her quote does not say she has thousands upon thousands of responsive documents, but rather that she has over ten thousand files through which to look.

    Because these request for documents are for documents that do not contain information relevant to the class allegations of plaintiffs' Complaint, and because the information plaintiffs demand relates to the privacy interests of insureds of Nationwide, we object to the plaintiffs' manufacture of a discovery dispute concerning the April 25th depositions. Counsel continued and thereby excused the agencies from producing an individual to respond on that date.

    Accordingly, until the depositions have been taken and objections to questions raised and thus not answered, there is no legitimate discovery dispute at this time. Plaintiff is simply seeking to get an advisory opinion from the Court as to his conduct towards these agencies.

                                          Respectfully yours,

                                          SWARTZ CAMPBELL, LLC

                                          /s/ Nicholas E. Skiles, Esquire
                                          Nicholas E. Skiles, Esquire (DE I.D. #3777)
                                          Curtis P. Cheyney, III, Esquire

CPC/dd

The Honorable Kent A. Jordan
April 27, 2005
Page 4


cc: John S. Spadaro, Esquire
(via facsimile #302-472-8135)
Robert Leoni, Esquire
(via facsimile #302-454-7437)

IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>      Plaintiffs<br>v.<br><br>Nationwide Mutual Insurance Company,<br><br>      Defendant | CIVIL ACTION<br><br><br><br><br><br>NO. 04-1324 |

## CERTIFICATE OF SERVICE

I, Nicholas E. Skiles, hereby certify that on this 27th day of April, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filings to the following:

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

Robert J. Leoni, Esquire
Morgan, Shelsby & Leoni
131 Continental Drive, Suite 206
Newark, DE 19713

SWARTZ CAMPBELL LLC

/S/Nicholas E. Skiles
Nicholas E. Skiles, Esquire (I.D. 3777)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935
Attorney for Defendant Nationwide Mutual Insurance Co.