IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04-CV-1324KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EAMES PLAINTIFFS' APPLICATION FOR
CERTIFICATION OF AN INTERLOCUTORY APPEAL**

Plaintiffs Thomas A., Roberta L. and Tammy Eames (the "Eames plaintiffs") respectfully seek certification of an interlocutory appeal pursuant to 28 U.S.C. §1292(b), and with respect to this Court's April 27, 2005 Memorandum Order denying the Eames plaintiffs' motion to remand.

### I. PROCEDURAL BACKGROUND

This proposed class action was commenced in the Superior Court of the State of Delaware in and for Sussex County on August 20, 2004. It seeks certification of a proposed class and subclass with respect to the defendant Nationwide's misrepresentations of policy limits for Personal Injury Protection (or "PIP") coverage under 21 Del. C. §2118. Specifically, the proposed class representatives contend that Nationwide has represented to thousands of Delaware insureds that they enjoy "full" limits of liability for PIP coverage, when in fact Nationwide contends or will contend that they are entitled to just the minimum PIP limits required by statute.

120146

A. **The Motion to Remand**

On October 1, 2004, Nationwide removed the case from Superior Court to this Court. Nationwide's purported basis for removal is diversity jurisdiction under 28 U.S.C. §1332(a). But its Notice of Removal alleged a jurisdictional amount only for the named plaintiffs; no allegation was made with respect to any absent class member:

> The amount in controversy for the *named plaintiffs*, who allege to have been injured in the same accident, is the $300,000.00 in demanded PIP coverage; and, this amount in controversy exceeds the $75,000.00 statutory minimum of 28 U.S.C. Section 1332(a).

Notice of Removal ¶7 (Ex. A) (emphasis added). Cf. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993), cert. denied, 510 U.S. 964 (1993) (observing that "*each* member of the class must claim at least the jurisdictional amount") (emphasis in original).

On October 19, 2004, the Eames plaintiffs moved to remand the case to Superior Court. In opposing the motion, Nationwide noted (correctly) that the Eames plaintiffs seek a declaration that as a result of Nationwide's having represented to each class member that they enjoy "full" PIP limits, each class member is entitled to the maximum PIP limit -- $100,000 per person and $300,000 per accident -- offered by Nationwide. From this Nationwide argued that the amount in controversy as to each proposed class member was the $300,000 maximum (or "full") aggregate limit of liability. Again, this contention appeared nowhere in the Notice of Removal, in which Nationwide alleged a jurisdictional amount for the named plaintiffs only.

In response to Nationwide's arguments, the Eames plaintiffs noted that even should they prevail, class members would not be awarded $300,000 each as part of the judgment (a point Nationwide has never contested). Rather, victory for the class would result only in a declaration that each affected insurance contract contains PIP limits of $100,000 per person and $300,000 per accident. Those limits would be paid, and the jurisdictional amount exceeded, only on the

120146                                    2

confluence of several contingent events: a class member's involvement in an auto accident; his suffering resulting injuries; and a level of injury serious enough to require payment of over $75,000 in medical expenses and lost wages. In order for diversity jurisdiction to exist, this complex set of contingencies would have to be duplicated for each of thousands (or tens of thousands) of absent class members.

This "contingency analysis" is critical, because the U.S. Supreme Court has held that the jurisdictional amount cannot be established by reference to future contingent recoveries:

> It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in a particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur.

New England Mortgage Security Co. v. Gay, 145 U.S. 123, 130 (1892). See also New York Life Ins. Co. v. Viglas, 297 U.S. 672, 675-76 (1936) (policyholder's claim for "conditional and future benefits" under disability coverage could not be treated as the "measure of recovery.")

### B. The Memorandum Order

On April 27, 2005, the Court issued its Memorandum Order denying the Eames plaintiffs' motion to remand. The Memorandum Order rejects "the proposition that adjudicating a level of risk exposure is not meaningful in deciding the amount in controversy . . . ." Memorandum Order (D.I. 56) at 7. In support of this conclusion, the Memorandum Order relies on a footnote in State Farm Fire and Cas. Co. v. Sweat, 547 F. Supp. 233 (N.D. Ga. 1982), a trial court decision rendered on a motion for summary judgment -- not a motion for remand -- and a case in which (it appears) removal was not even contested. The Memorandum Order makes no mention of the Supreme Court's holdings in Gay and Viglas, though both cases were featured prominently in the Eames plaintiffs' briefing on the motion. It likewise makes no mention of the reported

decisions of the Third and Fourth Circuits on which the Eames plaintiffs also relied for their "contingency analysis." See Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (amount in controversy is defined by the payments plaintiff will receive as a direct result of the judgment, and not by contingent future payments to which the judgment may entitle him); Beaman v. Pacific Mut. Life Ins. Co., 369 F.2d 653, 654-55 (4th Cir. 1966) (since plaintiff's disability could end at any time, the amount in controversy could not be measured by his claim for future disability benefits); Mutual Life Ins. Co. of New York v. Moyle, 116 F.2d 434, 435 (4th Cir. 1940) (same).

## II. A DENIAL OF REMAND BEGS INTERLOCUTORY REVIEW

In removal cases, a denial of remand cries out for interlocutory review. The reason is obvious: "[I]t is evident that permitting review of the district court's refusal to order remand to state court on an appeal from the final judgment in the action may be very wasteful of the system's and the parties' resources." C. WRIGHT, A. MILLER AND E. COOPER, FEDERAL PRACTICE AND PROCEDURE §3740 (3d ed. 1998). That is, it makes no sense to litigate a case to conclusion on the merits *before* sorting out (with finality) the threshold question of subject matter jurisdiction. Cases thus abound in which interlocutory review has been permitted on orders denying motions to remand. Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 691 (2003) (recounting procedural history in which district court certified denial of remand to Eleventh Circuit, which then permitted appeal); Doe v. American Red Cross, 14 F.3d 196, 198 (3d Cir. 1993) (district court certified its denial of remand for appeal, and Third Circuit permitted appeal); In re Aircraft Disaster Near Roselawn, Indiana, 96 F.3d 932, 937 (7th Cir. 1996) (same result in Seventh Circuit); Carpenter v. Wichita Falls Indep. School Dist., 44 F.3d 362, 365 (5th

120146                                     4

Cir. 1995) (same result in Fifth Circuit); Eyak Native Village v. Exxon Corp., 25 F.3d 773, 774 (9th Cir. 1994), cert. denied, 513 U.S. 943 (1994) (same result in Ninth Circuit).

Perhaps the best illustration of the need for interlocutory review in such cases is the rare instance in which review was denied. In Alligator Co., Inc. v. La Chemise Lacoste, 421 U.S. 937 (1975),

> [t]he District Court denied respondent's motion for remand under 28 U.S.C. §1447(c). *The District Court also denied respondent's motion for a certificate allowing an interlocutory appeal of the removal question under 28 U.S.C. §1292(b).* When the trial court denied its motion for a preliminary injunction, respondent appealed but did not raise the removal issue; and in affirming the denial of the preliminary injunction, the Court of Appeals did not discuss the question.

Alligator Co., 421 U.S. at 937 (citations omitted; emphasis added). The Supreme Court denied certiorari with respect to the injunction issues. But in dissenting from the majority's denial of certiorari, three justices offered this commentary on the subordinate courts' procedural approach:

> [I]t would appear that *jurisdictional questions should be reviewed at the first available opportunity*, and I perceive no good reason for not permitting the removal issue to be raised in connection with an appeal from the denial of a preliminary injunction. Had that course been followed here, six days of trial and a decision on the merits would not have been wasted.

Id. at 938 (White, J., Blackmun, J. and Powell, J., dissenting) (footnote omitted; emphasis added).

This proposed class action is (or will ultimately prove to be) a large and complex case. Under the established standard reflected by these many authorities, the jurisdictional issue should be reviewed now.

120146                                    5

## III. THE STANDARD FOR CERTIFICATION IS MET

Appellate review is available for interlocutory orders where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. §1292(b). The Memorandum Opinion meets this standard.

### A. The Memorandum Opinion Involves a Controlling Question of Law

The "controlling question of law" requirement under section 1292(b) means that the order to be reviewed "must have some concrete effect." C. WRIGHT, A. MILLER AND E. COOPER, FEDERAL PRACTICE AND PROCEDURE §3930 (2d ed. 1996). A denial of a motion to remand obviously controls the legal question of subject matter jurisdiction; and so such denials have been held to meet the test. In re Aircrash Disaster near Roselawn, Indiana, 909 F. Supp. 1083, 1115-16 (N.D. Ill. 1995), aff'd, 96 F.3d 932 (7th Cir. 1996) (issues on denial of remand raised "'controlling question[s] of law' because they directly control the fate of these cases in the federal system.")

### B. The "Substantial Ground" Test is Met

Courts enter orders that they believe to be correct; if a court regarded its own order as incorrect, it would either not enter the order in the first instance or vacate the order *sua sponte*. That is why the "substantial ground for difference of opinion" test does not require a district court to conclude (for example) that its interlocutory order was probably wrong: such a standard would make all interlocutory review impossible.

In cases like this one, meanwhile -- where jurisdiction is contested in a sizable case -- the "substantial ground" test is read liberally:

> [T]he level of uncertainty required to find a substantial ground for
> a difference of opinion should be adjusted to meet the importance

120146                                    6

> of the question in the context of the specific case. If proceedings
> that threaten to endure for several years depend on an initial
> question of jurisdiction, limitations, or the like, certification may
> be justified at a relatively low threshold of doubt.

C. WRIGHT, A. MILLER AND E. COOPER, FEDERAL PRACTICE AND PROCEDURE §3930 (2d ed. 1996) (citations omitted). See also Brown v. Texas and Pacific R.R. Co., 392 F. Supp. 1120, 1126 (W.D. La. 1975) (district court states its intention to certify an interlocutory appeal of order addressing issues of diversity jurisdiction "[a]lthough in the Court's mind there does not exist the strong possibility that [its] Memorandum Ruling was incorrect . . ."); Atlantic City Elec. Co. v. General Elec. Co., 207 F. Supp. 613, 620 (S.D.N.Y. 1962), aff'd, 312 F.2d 236 (2d Cir. 1962), cert. denied, 373 U.S. 909 (1963) (finding "strong reasons" to determine issues on interlocutory order finally and promptly, district court concludes that "in determining whether there is 'substantial ground for difference of opinion' . . . a narrow approach is not justified.")

Clearly there is substantial ground for difference of opinion here. After opening, answering and reply briefs were filed on the Eames plaintiffs' motion to remand, the Court heard extensive oral argument, and still ordered two rounds of supplemental briefing. That alone confirms the existence of substantial grounds for difference of opinion. And again, jurisdictional issues ought to be finally resolved at the earliest opportunity. The imperative of early review calls for a liberal reading of the "substantial ground" test, and for certification of an interlocutory appeal.

### C. Interlocutory Review Will Materially Advance the Lawsuit

Subject matter jurisdiction is always a threshold issue. No case can properly advance where jurisdiction is lacking. Sorting out jurisdictional issues at the start thus serves the goal of advancing the case.

So it was in Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co., 389 F. Supp. 568 (E.D. Va. 1975), in which the district court denied the defendant's motion to transfer the case to the Eastern District of Pennsylvania. Virginia Electric is particularly instructive, because the dimensions of the dispute in that case are precisely the dimensions here:

> Trial is expected to last two to three weeks, perhaps more, and the expense involved in the preparation and trial of the case will be commensurate with the damages involved. It would be a miscarriage of justice to have incurred such time and expense only to have the judgment of the district court reversed for error in determining this initial motion to transfer.

Virginia Elec., 389 F. Supp. at 571. For the parties to litigate this case to conclusion in this Court, only to find on appeal that they should have been in the Superior Court all along would be no less a "miscarriage of justice." To avoid that result, interlocutory review should be granted.

## CONCLUSION

For the reasons set forth above, the Eames plaintiffs respectfully request certification of an interlocutory appeal under 28 U.S.C. §1292(b), and with respect to the April 27, 2005 Memorandum Order.

Respectfully submitted,

MURPHY SPADARO & LANDON

/s/ John S. Spadaro
John S. Spadaro, No. 3155
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy Eames (on behalf of themselves and all others similarly situated)

May 6, 2005

120146

8

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 04-CV-1324KAJ |
| v. ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, ) ) ) ) | |
| Defendant. ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

        MURPHY SPADARO & LANDON

        /s/ John S. Spadaro
        John S. Spadaro, No. 3155
        1011 Centre Road, Suite 210
        Wilmington, DE 19805
        (302) 472-8100

        Attorneys for plaintiffs
        Thomas A. Eames, Roberta L. Eames and
        Tammy Eames (on behalf of themselves and
        all others similarly situated)

May 6, 2005

119867