# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiffs | |
| v. | NO. |
| Nationwide Mutual Insurance Company, | |
| Defendant | |

## **NOTICE OF REMOVAL**

The defendant, Nationwide Mutual Insurance Company ("Nationwide"), by their counsel,

hereby file this Notice of Removal, to remove the present action to the United States District

Court for the District of Delaware, and aver as follows:

1.      The Delaware plaintiffs in the present action are Thomas A. Eames, Roberta L. Eames

and Tammy Eames (hereinafter, "plaintiffs"); they are citizens of the State of Delaware; and,

they reside at 14908 Concord Road in Seaford Delaware.

2.      The named defendant, Nationwide Mutual Insurance Company is an Ohio corporation.

3.      The plaintiffs filed a Complaint presenting five counts. Plaintiffs' Count I is for

Declaratory Judgement and demands that the Court declare, among other things, that the named

plaintiffs (and the proposed class) provides for the full amount of PIP benefits that the

defendants offers to insureds in the State of Delaware, which is coverage up to $100,000.00 per

person per accident, with a total limit of $300,000 coverage for each accident.

4.      Count II is for Breach of Contract and Count III is for Bad Faith Breach of Contract and

Count IV is for Consumer Fraud; and Count V is for Civil Conspiracy.

5.     On or about September 7, 2004 but no earlier than October 3, 2004 plaintiff served on the

defendant, Nationwide Mutual Insurance Company the Complaint filed in the Superior Court of

the State of Delaware in and for Sussex County at Case Number 04C-08-021 CFS.  (A copy of

the Service of Process Transmittal Form is attached to the front of the Complaint, with both

documents attached hereto as Exhibit "A".)

6.     Diversity is complete.

7.     The amount in controversy for the named plaintiffs, who allege to have been injured in

the same accident, is the $300,000.00 in demanded PIP coverage; and, this amount in

controversy exceeds the $75,000.00 statutory minimum of 28 U.S.C. Section 1332 (a).  (See the

Affidavit of Ashwin Pathare attached as Exhibit "B" that states the optional maximum PIP

benefits coverage offered in Delaware is $100,000.00 per person with the limit of $300,000.00

per accident.)

8.     Jurisdiction in the present case is based upon diversity of citizenship in accordance with

28 U.S.C. Section 1332, which provides:  "The district courts shall have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between – (1) citizens of different States."  28 U.S.C. § 1332(a)(1).

9.     Removal in the present action is appropriate pursuant to 28 U.S.C. § 1441.

10.     This Notice to Remove is being filed in a timely manner, within the applicable thirty (30)

days of service and receipt of the Civil Action Complaint upon which the claims for relief upon

which the action is based.

11.     Written notice of the filing of this Notice of Removal is being given to all adverse parties

as required by 28 U.S.C. §1446(d).

12.     A Certified copy of this Notice of Removal will be filed with the Clerk of the Superior

Court of the State of Delaware for Sussex County, as provided by 28 U.S.C. §1446(d); and,

pursuant to 28 U.S.C. §1446(a), there is filed herewith and by reference made a part hereof, a

true and correct copy of all process, pleadings and orders served upon Nationwide in this action.

    WHEREFORE, the defendant, Nationwide Mutual Insurance Company, respectfully

requests that the action in the Superior Court of the State of Delaware in and for Sussex County

be removed to the United States District Court for the District of Delaware.


                SWARTZ CAMPBELL LLC

                BY:

                Nicholas E. Skiles
                Delaware Bar No. 3777
                919 N. Market Street – Suite 1700
                Wilmington, DE 19899
                (302) 656-5935
                Attorneys for Defendant,
                Nationwide Mutual Insurance
                Company

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiffs | |
| v. | NO. |
| Nationwide Mutual Insurance Company, | |
| Defendant | |

## **MEMORANDUM OF LAW**

The present matter is brought by Delaware citizens Thomas A. Eames, Robert L. Eames and Tammy Eames (hereinafter "plaintiffs") against the Ohio defendant, Nationwide Mutual Insurance Company (hereinafter "Nationwide"). Nationwide is an insurance company incorporated in, and citizen of, the State of Ohio, being duly authorized to conduct business in the State of Delaware.

The three named plaintiffs (and proposed class representatives) are identified as Thomas A. Eames and Roberta L. Eames and Tammy Eames. They live at 14908 Concord Road, Seaford, Delaware. The Complaint includes an allegation that each of the three named plaintiffs were injured in an accident on February 7, 2003.

The Complaint presents five counts. The first count if for declaratory judgement demanding the court amend the policy of insurance to provide either the highest amount of PIP coverage that Nationwide offers in Delaware, or unlimited coverage for a two-year period. Plaintiffs argue that somewhere in their policy of insurance the word "full" is used, and used in a

false, misleading and ambiguous manner. They do not allege where in their own policy the word "full" is allegedly misused. Plaintiffs allege that for the class members, it might be on a declaration page of a policy or in a memorandum related to the policy or in some other location or document (it is unclear). Based on the alleged ambiguity, they argue that the court should declare that coverage is either: a) the largest coverage made available by Nationwide at the time of the purchase or renewal; or b) unlimited dollar coverage for two years. The highest PIP coverage that may be purchased from Nationwide is $100,000 per person per accident, with a limit of $300,000 per accident.

Counts two and three of the complaint are for breach of contract. These counts seem to be based on an alleged failure to provide, to the named plaintiffs, the largest amount of PIP coverage ($100,000/$300,000) offered by Nationwide to insureds in Delaware.

Count 4 is for consumer fraud; and includes an allegation that Nationwide violated 6 <u>Del. C.</u> Section 2513 when it sold the policy of insurance to one or more of the three named plaintiffs. Plaintiffs do not identify in the complaint who purchased the policy of insurance.

Count 5 is for civil conspiracy. However, the plaintiffs do not identify with whom Nationwide allegedly conspired.

Plaintiffs propose not only a class definition, but also what they refer to as a sub-class definition. They also propose exclusionary provisions whereby a member of the class/sub-class as defined would nonetheless be excluded from the class. The proposed class definition, at Paragraph 14a of the Complaint is as follows:

> All of Nationwide's Delaware insureds to whom Nationwide has represented, at any time since August 20, 2001, that they enjoy "full" limits of liability for PIP coverage under 21 Del. C. Section 2118, where Nationwide in fact contends or will contend that they are entitled only to the minimum PIP limits required by that statute.

(Complaint at Paragraph 14a). The so-called "sub-class" is defined at Paragraph 14b as follows:

> All of Nationwide's Delaware insureds who are part of the proposed class
> described within subpart (a) of this paragraph, and who have been advised by
> Nationwide that (according to Nationwide) their available PIP limits have been
> exhausted by virtue of Nationwide's payment of the minimum statutory amount.

(Complaint at Paragraph 14b.) The exclusions are outlined in Paragraph 15 and are limited to

Nationwide officers and directors, etc., and also "those people who have already secured

recovery against Nationwide in connection with the practices complained of, whether by

settlement or judgement . . ." (Complaint at Paragraph 15).

There is complete diversity between the plaintiffs and the defendant. The amount in

controversy for the Delaware insureds referred to in this action exceeds $75,000.00. (See the

Affidavit of Ashwin Pathare attached as Exhibit "B" that states the optional maximum PIP

benefits coverage offered in Delaware is $100,000.00 per person with the limit of $300,000.00

per accident.) Therefore, jurisdiction is appropriate in accordance with 28 U.S.C. §§ 1332 and

1441.

WHEREFORE, the defendant, Nationwide Mutual Insurance Company, respectfully

requests that the action in the Superior Court of the State of Delaware in and for Sussex County,

at Civil Action Number 04C 08 021 RFS be removed to the United States District Court for the

District of Delaware.

SWARTZ CAMPBELL LLC

BY: _____
Nicholas E. Skiles
Delaware Bar No. 3777
919 N. Market Street – Suite 1700
Wilmington, DE 19899
(302) 656-5935
Attorneys for Defendant,
Nationwide Mutual Insurance
Company

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

Thomas A. Eames, Roberta L. Eames, and
Tammy Eames, on behalf themselves and all
others similarly situated,

        Plaintiffs

    v.

Nationwide Mutual Insurance Company,

        Defendant

CIVIL ACTION

NO.

## CERTIFICATE OF SERVICE

I, Nicholas E. Skiles, hereby certify that on this 1st day of October, 2004, two copies of

Defendant Nationwide Mutual Insurance Company's Notice of Removal and Memorandum of Law,

have been sent via hand delivery to:

John S. Spadaro, Esquire
Murphy Sapdaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

SWARTZ CAMPBELL LLC

Nicholas E. Skiles, Esquire (I.D. 3777)
919 North Market Street, Suite 1700
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935
Attorney for Defendant, Nationwide Mutual
Insurance Company

Date: 10/1/2004

# EXHIBIT A

④
CT System

## Service of Process Transmittal Form

Wilmington, Delaware

09/07/2004

Via Federal Express (2nd Day)

TO:  Patricia R Hatler  1-35-03
Nationwide Mutual Insurance Company
One Nationwide Plaza
Columbus, OH 43216-2220
EMAIL: HATLERP@NATIONWIDE.COM

SEP 0 8 2004

### RE:  PROCESS SERVED IN DELAWARE

FOR  Nationwide Mutual Insurance Company Domestic State: Oh

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Thomas A. Eames, et al., Pltfs., vs Nationwide Mutual Insurance Company, Deft. |
| 2. DOCUMENT(S) SERVED: | Cover Letter, Summons, Praecipe, Class Action Complaint, Jury Trial Demand and Civil Case Information Statement |
| 3. COURT: | Superior Court of the State of Delaware in and for Sussex County Case Number 04C-08-021 CFS |
| 4. NATURE OF ACTION: | Damages due to Breach of Insurance Contracts |
| 5. ON WHOM PROCESS WAS SERVED: | The Corporation Trust Company, Wilmington, Delaware |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 09/07/2004 with Postmarked Date 09/03/2004 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 days after service |

8. ATTORNEY(S):  John S. Spadero
Murphy Spadaro & Landon
1011 Centre Road
Suite 210
Wilmington, De  19805

9. REMARKS:

SIGNED  CT Corporation System

PER  Greg Borgese /JW
ADDRESS  1209 Orange Street
Wilmington, DE  19801
SOP WS 0006568946

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.



𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔇𝔢𝔩𝔞𝔴𝔞𝔯𝔢

DONNA LEE H. WILLIAMS
INSURANCE COMMISSIONER

841 SILVER LAKE BLVD.
DOVER, DELAWARE 19904-2465
(302) 739 - 4251
FACSIMILE (302) 739 - 5280

𝔇𝔢𝔭𝔞𝔯𝔱𝔪𝔢𝔫𝔱 𝔬𝔣 𝔍𝔫𝔰𝔲𝔯𝔞𝔫𝔠𝔢

September 2, 2004

**VIA CERTIFIED MAIL (7004 1160 0006 4780 0684)**
**RETURN RECEIPT REQUESTED**

Corporation Trust Company  for
Nationwide Mutual Insurance Company
1209 Orange Street
Wilmington  DE  19801

RE:    Thomas A. Eames, Robert L. Eames and Tammy Eames
       v Nationwide Mutual Insurance Co.
       C. A. No. 04C 08 021  RFS

Dear Reader:

Pursuant to 18 Del. C. § 525, the Delaware Insurance Commissioner was
served with the enclosed legal process on September 1, 2004.

**Please do not send your response to the enclosed documentation
to the Delaware Insurance Department.   Instead, you should
respond directly to the person or legal representative identified
in the enclosed legal process.**

Sincerely,

Donna M. Wysopal
Administrative Specialist III
Enclosure
cc: John S. Spadaro, Esquire

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

THOMAS A. EAMES, ROBERTA L. EAMES )
and TAMMY EAMES, on behalf of )
themselves and all others )
similarly situated, )
)
           Plaintiffs, )C.A. No. 04C-08-021 CLS
)
v. )
)NON-ARBITRATION
NATIONWIDE MUTUAL INSURANCE )TRIAL BY JURY DEMANDED
COMPANY, )
)
           Defendant. )

**THE STATE OF DELAWARE**
TO THE SHERIFF OF SUSSEX COUNTY,

YOU ARE COMMANDED:

    To summon defendant, so that, within 20 days after service
hereof upon defendant, Nationwide Mutual Insurance Company,
exclusive of the day of service, defendant shall serve upon John
S. Spadaro, Esquire, plaintiff's attorney, whose address is
Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington,
Delaware 19805, an answer to the Complaint.

    To serve upon defendant a copy of the Complaint.

Dated:

       **AUG 2 3 2004**

                                 Prothonotary

                                 Per Deputy

**TO THE ABOVE-NAMED DEFENDANT:**

    In case of your failure, within 20 days after service hereof
upon you, exclusive of the day of service, to serve on
plaintiff's attorney named above an answer to the Complaint,
judgment by default will be rendered against you for the relief
demanded in the Complaint.

                                 Prothonotary

                                 Per Deputy

00072569

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

THOMAS A. EAMES, ROBERTA L. EAMES )
and TAMMY EAMES, on behalf of )
themselves and all others )
similarly situated, )
                        )
               Plaintiffs, )C.A. No. 04C-08- 021 RFS
                        )
v. )
                        )NON-ARBITRATION
NATIONWIDE MUTUAL INSURANCE )TRIAL BY JURY DEMANDED
COMPANY, )
                        )
               Defendant. )

### PRAECIPE FOR SUMMONS

TO: PROTHONOTARY, SUSSEX COUNTY SUPERIOR COURT
      SUSSEX COUNTY COURTHOUSE
      RACE AND MARKET STREETS
      1 THE CIRCLE
      GEORGETOWN, DE 19947

        PLEASE ISSUE WRIT COMMANDING the Sheriff of Sussex
County to serve the Summons and Complaint on Nationwide Mutual
Insurance Company c/o the Delaware Insurance Commissioner,
Delaware Department of Insurance, 841 Silver Lake Boulevard,
Dover, DE 19904, in accordance with 18 Del. C. § § 524 and 525.
A check made payable to the Delaware Insurance Commissioner in
the amount of $25.00 is attached hereto representing the required
fee.

                       MURPHY SPADARO & LANDON

                       John S. Spadaro
                       1011 Centre Road, Suite 210
                       Wilmington, DE 19805
                       (302) 472-8100
                       Attorneys for Plaintiffs

August 20, 2004

00072569

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE _____ KENT _____ SUSSEX _X_  
Civil Case Code: __CACT__

Civil Action Number: _04C-08-021_ RFS  
Civil Case Type: _Class Action_

†SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

| Caption: | Name and Status of Party filing document: |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Thomas A., Roberta L. Eames and Tammy Eames, Plaintiffs <br><br> Document Type: (e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM) <br><br> Complaint <br><br> Non-Arbitration __X__ eFile <br> (CERTIFICATE OF VALUE MAY BE REQUIRED) <br><br> Arbitration___ Mediation _____ Neutral Assessment <br><br> DEFENDANT (CHECK ONE)  ACCEPT ___ REJECT _____ <br><br> JURY DEMAND  YES _x_  No ___ <br><br> TRACK ASSIGNMENT REQUESTED (CHECK ONE): <br><br> EXPEDITED ___ STANDARD _X_ COMPLEX |
| **ATTORNEY NAME(S):** <br><br> John S. Spadaro <br><br> ATTORNEY ID(S): <br><br> 3155 <br><br> FIRM NAME: <br><br> Murphy Spadaro & Landon <br><br> ADDRESS: <br><br> 1011 Centre Road, Suite 210 <br><br> Wilmington, DE 19805 <br><br> TELEPHONE NUMBER: <br><br> (302) 472-8100 <br><br> FAX NUMBER: <br><br> (302) 472-8135 <br><br> E-MAIL ADDRESS: <br><br> jspadaro@mslaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS <br><br>_____ <br><br>_____ <br><br> EXPLAIN THE RELATIONSHIP(S): <br><br>_____ <br><br>_____ <br><br>_____ <br><br> OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: <br><br>_____ <br><br>_____ <br><br> (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.03

** TOTAL PAGE.24 **

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

THOMAS A. EAMES, ROBERTA L. EAMES        )
and TAMMY EAMES, on behalf of            )
themselves and all others               )
similarly situated,                     )
                                         )
                    Plaintiffs,          ) C.A. No. 04C-08-021 RFS
                                         )
v.                                       )
                                         ) NON-ARBITRATION
NATIONWIDE MUTUAL INSURANCE              ) TRIAL BY JURY DEMANDED
COMPANY,                                 )
                                         )
                    Defendant.           )

## CLASS ACTION COMPLAINT

Plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy
Eames, on behalf of themselves and all others similarly
situated, allege as follows:

### Introduction: Nature of the Action and Summary of Facts

1.  This is an action seeking recovery of compensatory
damages, punitive damages, and declaratory and other relief
arising from defendant's breaches of insurance contracts,
bad faith breaches of insurance contracts, violations of 6
Del. C. §2513, civil conspiracy and otherwise wrongful
conduct, all in connection with the failure of defendant
Nationwide Mutual Insurance Company ("Nationwide") to honor
its contractual obligations under certain policies of

Received  09-21-2004  11:44    From-3023258930        To-Swartz Campbell    Page 006

automobile insurance issued by Nationwide to members and representatives of the plaintiff class.

2. This is a class action brought on behalf of those of Nationwide's Delaware insureds to whom Nationwide has represented, as part of an auto policy declarations page, memorandum of insurance or otherwise, that they enjoy "full" limits of liability for Personal Injury Protection (or "PIP") coverage under 21 Del. C. §2118, when in fact Nationwide contends or will contend that they are entitled to just the minimum PIP limits required by statute. A more detailed specification of the prospective class is alleged below.

### The Parties

3. Thomas A. and Roberta L. Eames are natural persons residing at 14908 Concord Road, Seaford, Delaware 19973. They are named insureds under Nationwide "Auto Policy" 52A733616, which policy was in effect when, on February 7, 2003, they were injured in an automobile collision. Both Thomas A. Eames and Roberta L. Eames have tendered claims for PIP benefits under the subject policy to Nationwide.

4. Plaintiff Tammy Eames is a natural person residing at 14908 Concord Road, Seaford, Delaware 19973. She was an occupant of the Eames's family vehicle at the time of the February 7, 2003 collision, and suffered injuries in that

112729

2

collision; and she is thus entitled to PIP benefits under the subject Nationwide policy.

5.   Defendant Nationwide Mutual Insurance Company is a mutual company whose principal place of business is Ohio. It is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

### Factual Background Applicable to the Proposed Plaintiffs' Class

6.   Nationwide is among the largest and wealthiest business entities in the world.  It is a prolific underwriter of automobile insurance, including first-party medical benefits for persons injured while driving or occupying motor vehicles.

7.   At all times relevant to this action, Nationwide has been among the most prolific underwriters of automobile insurance (including PIP coverage) in the State of Delaware, and has derived substantial revenues and profits from the sale of automobile insurance in Delaware.

### Nationwide's Wrongful Conduct

8.   Under 21 Del. C. §2118, every owner of a motor vehicle registered in this State must maintain specified forms of insurance in specified minimum amounts.  Among these is PIP coverage, defined under the statute as "[c]ompensation to injured persons for reasonable and

112729

3

SEP-21-2004 11:58 FX NH LANDWIDE INSURANCE 3023258930 TO 3023258930 P.18/24

necessary expenses incurred within two years from the date
of the accident" for medical services, lost earnings and
other expenses.  The statute further requires that PIP
coverage be provided in the minimum amount of "$15,000 for
any 1 person and $30,000 for all persons injured in any 1
accident."

     9.  Nationwide, acting with and through its agents in
Delaware, has misrepresented to large numbers of Delaware
insureds (including the proposed class representatives) the
limits of liability of their PIP coverage.  Specifically,
Nationwide has sold (and, on information and belief,
continues to sell) automobile insurance policies in
Delaware that expressly state, in policy declarations,
memoranda of insurance or other policy documentation, that
the purchased limits of liability for PIP coverage are
"full" limits; when in fact Nationwide intends by this
representation to provide only the minimum statutory limits
of $15,000 per person and $30,000 per accident.  When
insureds to whom Nationwide has falsely described PIP
limits as "full" tender their claims for PIP coverage to
Nationwide, Nationwide takes the position that the
available limits of liability for such coverage are limited
to the minimum statutory amount.  Similarly, when
Nationwide has occasion to pay PIP benefits to such

Received  08-21-2004  11:44     From-3023258930          To-Swartz Campbell      Page 009

insureds, it treats their PIP limits as exhausted once the minimum statutory amount has been paid.

10. Nationwide's practice of characterizing minimum PIP limits as "full" limits is purposefully misleading, unlawful, and injurious to those insureds (including the proposed class representatives) who are targets of the practice. Nationwide knows that such insureds may, if they so request, purchase from Nationwide additional PIP limits in excess of the statutory minimum. (Such additional PIP limits are sometimes referred to, in the jargon of insurance, as "APIP.") By falsely characterizing the minimum limits as "full" limits, Nationwide leads insureds to believe that they have purchased the fullest PIP limits or PIP coverage available; the purpose being to discourage them from seeking to purchase additional (and relatively inexpensive) PIP limits.

11. Whatever Nationwide's intent in characterizing minimum PIP limits as "full", that characterization is ambiguous on its face and as applied. Under Delaware law, it must therefore be construed in favor of the insureds, and against Nationwide.

112729

5

### Allegations Specific to the
### Proposed Class Representatives

12.  Plaintiffs Thomas A., Roberta L. and Tammy Eames were injured in an automobile collision on or about February 7, 2003.  As alleged above, all three qualify as insureds under Nationwide "Auto Policy" 52A733616, and for purposes of their claims for PIP benefits arising from the February 7, 2003 collision.

13.  In connection with their claims for PIP benefits, the proposed class representatives have been subjected by Nationwide to the practices complained of above, including the practices alleged in paragraphs 9 and 10 above. Specifically, Nationwide has represented to one or more of the proposed class representatives that the subject policy provides "full" limits of liability for PIP coverage; and it has thereafter taken the position that such limits have been exhausted by payment of the minimum statutory amount.

### Class Certification Allegations

14.  This action is brought and may properly be maintained as a class action pursuant to Superior Court Civil Rules 23(a) and (b)(1)(A), (2) and (3).  Plaintiffs Thomas A., Roberta L. and Tammy Eames bring this action on behalf of themselves and all others similarly situated, as representatives of the following class and subclass:

112729

6

a.  All of Nationwide's Delaware insureds to whom Nationwide has represented, at any time since August 20, 2001, that they enjoy "full" limits of liability for PIP coverage under 21 Del. C. §2118, where Nationwide in fact contends or will contend that they are entitled only to the minimum PIP limits required by that statute.

b.  All of Nationwide's Delaware insureds who are part of the proposed class described within subpart (a) of this paragraph, and who have been advised by Nationwide that (according to Nationwide) their available PIP limits have been exhausted by virtue of Nationwide's payment of the minimum statutory amount.

15.  Specifically excluded from the proposed class are those persons who have already secured recovery against Nationwide in connection with the practices complained of, whether by settlement or judgment; and Nationwide's officers, directors, employees, agents, or legal representatives, or the successors or assigns of any of them.

16.  *Numerosity of the Class (Super. Ct. Civ. R. 23(a)(1))*.  The proposed class is so numerous that the individual joinder of all its members is impracticable. Nationwide has been, at all relevant times, among Delaware's most prolific underwriters of PIP coverage; and

112729

7

it remains so today. While the exact number and identities of the proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 200 members.

17. **Existence and Predominance of Common Questions of Law and Fact (Super. Ct. Civ. R. 23(a)(2), 23(b)(3)).** Common questions of law and fact exist as to all members of the proposed class, and they predominate over any individualized legal or fact questions. These common questions of law and fact include, without limitation, the following:

a. Whether Nationwide has represented to members of the proposed class that they enjoy "full" limits of liability for PIP coverage;

b. Whether Nationwide contends, has contended or will contend that such proposed class members are actually entitled to just the minimum statutory limits of liability for PIP coverage;

c. Whether, under these circumstances, Nationwide's characterization of PIP limits as "full" is ambiguous on its face or as applied;

d. Whether a reasonable purchaser of insurance would expect Nationwide's characterization of PIP limits as

112729

8

"full" to entitle such purchaser to the maximum PIP limits made available by Nationwide in Delaware at the time of the policy's issuance or most recent renewal;

e. Whether a reasonable purchaser of insurance would expect Nationwide's characterization of PIP limits as "full" to entitle such purchaser to coverage of all reasonable and necessary medical expenses arising from any covered automobile accident, subject to the statutory (two-year) period for PIP coverage under 21 Del. C. §2118(a)(2);

f. Whether Nationwide engages in the practices complained of in paragraphs 9 and 10 above as a matter of regular business practice;

g. Whether Nationwide's conduct is in violation of 6 Del. C. §2513;

h. Whether Nationwide's conduct is in violation of 18 Del. C. §2504;

i. Whether Nationwide has engaged in deliberately deceptive and dishonest conduct;

j. Whether Nationwide has engaged in one or more acts of civil conspiracy;

k. Whether Nationwide has evinced a conscious indifference to the rights of the proposed class members;

112729

9

l.   Whether the proposed class is entitled to
compensatory damages, and if so, the amount of such
damages;

m.   Whether the proposed class is entitled to punitive
damages, and if so, the amount of such damages.

18.   *Typicality of Claims (Super. Ct. Civ. R.
23(a)(3))*. The claims of plaintiffs Thomas A., Roberta L.
and Tammy Eames are typical of the claims of other members
of the proposed class.   Nationwide expressly represented to
these plaintiffs, in writing, that the subject automobile
insurance policy provided or would provide "full" limits of
liability for PIP coverage.   As alleged above, however,
Nationwide has taken the position that such PIP limits have
been exhausted through payment of just the minimum
statutory amount.

19.   *Adequacy of Representation (Super. Ct. Civ. R.
23(a)(4))*.   The proposed class representatives are under no
actual or potential conflict of interest with respect to
other members of the proposed class, and will fairly and
adequately protect their interests.   They have retained
counsel experienced in the prosecution of complex
litigation, complex coverage litigation, PIP-related
litigation, and PIP-related class action litigation.

112729                            10

20. *Superiority of Class Action (Super. Ct. Civ. R. 23(b)(3))*. A class action is superior to other available methods of adjudication for this dispute, because individual joinder of all members of the proposed class is impracticable, and no other method of adjudication of the claims asserted herein is more efficient and manageable. Further, the damages suffered by individual members of the proposed class may be relatively modest, so that the burden and expense of prosecuting individual actions would make it difficult or impossible for such members to obtain relief. The prosecution of such individual actions would also impose a substantial burden on the Delaware courts, and on this Court in particular. At the same time, individualized litigation would entail a significant risk of varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the courts, by requiring multiple trials for the same issues. By contrast, the class action mechanism presents fewer case-management problems; conserves the resources of the parties and the courts; and protects the rights of each member of the proposed class. The proposed class members thus have little interest in individually controlling the prosecution of separate actions; and to counsel's knowledge, there has been no substantial litigation of this dispute in any

112729

11

forum. It is not anticipated that the prosecution of this dispute as a class action will entail any special case-management difficulties; and notice of the pendency of this action, and of any resolution of the same, can be provided to the proposed class by publication and/or individual notice.

21. **Other Grounds for Certification.** This action is also certifiable under Superior Court Civil Rules 23(b)(1) and (2) because:

a. The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for Nationwide; and

b. Nationwide has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

### COUNT I

### Declaratory Judgment

22. Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 21 above.

23. Nationwide's characterization of minimum PIP limits as "full" is misleading, deceptive and ambiguous, on its face and as applied.

24. Nationwide's false, misleading and ambiguous characterization of PIP limits entitles the proposed class members and class representatives to a construction of the term "full" (as applied to such PIP limits) that favors such proposed class members and class representatives, and disfavors Nationwide. That construction should be effected by judicial declaration, to the effect that the proposed class members and class representatives are entitled to the maximum PIP limits made available by Nationwide in Delaware at the time the affected insurance contract was issued, or at the time of its most recent renewal (whichever amount is greater); or, alternatively, that such proposed class members and class representatives are entitled to full coverage of all reasonable and necessary medical expenses incurred within the statutory (two-year) period for PIP claims, and arising from covered automobile accidents.

25. An actual controversy of a justiciable nature exists between plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated (on the one hand) and Nationwide (on the other), concerning the parties' rights and obligations under the

Received  08-21-2004  11:44     From-3023256930        To-Swartz Campbell       Page 018

subject Nationwide insurance contracts. The controversy is
of sufficient immediacy to justify the entry of a
declaratory judgment.

26.  An award of declaratory relief by this Court will
terminate some or all of the existing controversy between
the parties.

**COUNT II**

**Breach Of Contract**

27.  Plaintiffs Thomas A., Roberta L. and Tammy Eames,
on behalf of themselves and all others similarly situated,
repeat and incorporate by reference the allegations set
forth in paragraphs 1 through 26 above.

28.  Nationwide has breached the subject contracts of
insurance by promising to provide or make available, but
failing to provide or make available, limits of liability
for PIP coverage that are genuinely "full."

29.  As a direct result of Nationwide's breaches of
the subject insurance contracts, plaintiffs Thomas A.,
Roberta L. and Tammy Eames and all others similarly
situated have been deprived of the benefit of insurance
coverage for which premiums were paid under those
contracts.  As a further result of Nationwide's breaches of
contract, plaintiffs Thomas A., Roberta L. and Tammy Eames
and all others similarly situated have been deprived of

112729                                   14

necessary medical care, with resulting pain and suffering and exacerbation of injury.

## COUNT III

### Bad Faith Breach of Contract

30. Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 29 above.

31. Nationwide's false and deceptive characterization of PIP limits, as heretofore alleged, has been without reasonable justification.

32. Nationwide's false and deceptive characterization of PIP limits, as heretofore alleged, has been knowingly dishonest.

33. Nationwide's false and deceptive characterization of PIP limits, as heretofore alleged, has been in bad faith.

34. As a direct result of Nationwide's bad faith breaches of the subject insurance contracts, plaintiffs Thomas A., Roberta L. and Tammy Eames and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT IV

### Consumer Fraud

35.  Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 34 above.

36.  Nationwide's conduct, as alleged above, is in violation of 6 <u>Del. C.</u> §2513.

37.  As a direct result of Nationwide's violations of 6 <u>Del. C.</u> §2513, plaintiffs Thomas A., Roberta L. and Tammy Eames and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT V

### Civil Conspiracy

38.  Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 37 above.

39.  As alleged above, Nationwide has misrepresented the amount of PIP limits available under its Delaware auto policies through the services of its agents in Delaware, including insurance agents.

40.  By purposefully misrepresenting PIP limits through the use of agents, Nationwide has combined with one

Received  08-21-2004  11:44    From-3023258930         To-Swartz Campbell      Page 021

or more persons in unlawful acts done in furtherance of a conspiracy.

41. As a direct result of Nationwide's acts of civil conspiracy, plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

WHEREFORE, plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy Eames, on behalf of themselves and all others similarly situated, respectfully request that this Court enter judgment as follows:

a. Entering an Order certifying the plaintiff class, appointing plaintiffs Thomas A., Roberta L. and Tammy Eames as representatives of that class, and appointing their counsel to represent the class, all pursuant to Superior Court Civil Rule 23;

b. Declaring the parties' rights, duties, status or other legal relations under the disputed insurance contracts;

c. Awarding to plaintiffs and all others similarly situated compensatory damages, including incidental and consequential damages, for Nationwide's breaches of its insurance contracts;

d. Awarding to plaintiffs and all others similarly situated punitive damages for Nationwide's bad faith breaches of its insurance contracts;

112729                                   17

e.   Awarding to plaintiffs and all others similarly situated compensatory and punitive damages for Nationwide's violations of 6 Del. C. §2513;

f.   Awarding to plaintiffs and all others similarly situated compensatory and punitive damages for Nationwide's acts of civil conspiracy;

g.   Awarding to plaintiffs and all others similarly situated all costs of this action; and

h.   Awarding such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
MURPHY SPADARO & LANDON

John S. Spadaro
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302)472-8100

and

Clayton E. Bunting
Wilson Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, DE 19947
(302)856-0015

Attorneys for plaintiffs
Thomas A. Eames, Roberta L.
Eames and Tammy Eames (on
behalf of themselves and all
others similarly situated)

August 20, 2004

112729                                                18

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

Thomas A. Eames, Roberta L. Eames, and
Tammy Eames, on behalf themselves and all
others similarly situated,

        Plaintiffs

   v.

Nationwide Mutual Insurance Company,

        Defendant

## AFFIDAVIT OF ASHWIN PATHARE REGARDING THE AMOUNT OF PIP COVERAGE OFFERED IN THE STATE OF DELAWARE

I, Ashwin Pathare, on oath, depose and state as follows:

1.     I am over the age of 21 years and am a resident of the State of Maryland.

2.     I have been employed by Nationwide Mutual Insurance Company ("Nationwide") for 1 year. I currently hold the position of Underwriting Product Director, and I am aware of the amount of personal injury protection ("PIP") insurance-coverage benefits offered by Nationwide to Delaware drivers.

3.     I have knowledge of the facts set forth in this Affidavit, both personally and through a review of Nationwide's records, made and kept in the regular course of its business by those whose regular job function is to make and keep such records. In my capacity as Underwriting Product Director I am authorized to execute this Affidavit.

4.     The maximum of any Personal Injury Protection benefits offered by Nationwide to Delaware drivers during the period of August 1, 2001 through to the present was/is $100,000.00 per person per accident, with a maximum coverage of $300,000.00 per accident.

FURTHER, AFFIANT SAYETH NOT.

_Ashwin Pathare_    9/30/2004
_____
Ashwin Pathare