IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>      Plaintiffs<br><br>   v.<br><br>Nationwide Mutual Insurance Company,<br><br>      Defendant | CIVIL ACTION<br><br>No. 04-1324 |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' SO-CALLED "APPLICATION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL"

DATE: May 18, 2005

SWARTZ CAMPBELL LLC
Curtis P. Cheyney, Esq. (Pro Hac Vice)
Nicholas Skiles, Esq. (DE ID #3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19801
(302) 656-5935
Attorneys for Defendant, Nationwide
Mutual Insurance Company

1

# ARGUMENT

### A    Plaintiffs Fail To Present Any Legal Question For Review

Motions denying remand are not "certified for appeal". Rather, "controlling questions of law as to which there is substantial ground for difference of opinion" may be considered, in a court's discretion, for certification. See 28 U.S.C. Section 1292(b). Plaintiffs' so-called "Application for Certification of an Interlocutory Appeal" neither includes nor presents any question of law to be presented to the United States Circuit Court of Appeals for the Third Circuit for consideration and resolution. It certainly does not articulate or present any proposed "question of law as to which there is substantial ground for difference of opinion . . ." 28 U.S.C. Section 1292(b). On the contrary, the only thing plaintiffs propose to present is their dissatisfaction with this Court's denial of their motion to remand.

This Court is aware of the arguments made by all parties regarding the issue of remand. The Court is also aware of the legal basis for its own decision to deny plaintiffs' demand for remand of the case to the state court. The underlying arguments and relevant facts need not be repeated herein to address a request for permission to appeal the denial of plaintiffs' demand for remand.[1] On the contrary, both the basis for the denial of remand and the underlying facts are irrelevant to the issue of whether a proposed question of law should be considered for appeal to the United States Court of Appeals for the Third Circuit.

Plaintiffs' so-called "Application for Certification of an Interlocutory Appeal" is little more than: a) yet another accusation that this Court's denial of plaintiffs' Motion to Remand was incorrect; and b) a regurgitation of plaintiffs' prior and unsuccessful arguments presented in

---

[1] However, defendant is compelled to contradict plaintiffs' proposed predictions of what the defendant "will contend", and understandably cannot permit plaintiffs to act as defendant's mouthpiece. Plaintiffs' "Procedural Background" includes the statement that the defendant "contends or will contend that [the proposed class of Delaware insureds] are entitled to just the minimum PIP limits required by statute". (Application for Certification of an Interlocutory Appeal at p. 1) Insureds are entitled to the coverage they paid for and requested.

support of their demand for remand. What the Application does not present is a proposed question of law for review, or a viable argument for the presentation of such a question to the Third Circuit Court of Appeals. To the extent an argument is presented, plaintiffs merely argue that remand should be re-considered by the Circuit Court of Appeal. This argument includes (and is based upon) a mischaracterization of the case law cited with regard to the presentation of a question of law to the Circuit Court, as well as a mischaracterization of the standard for presentation of such an appeal to the Circuit Court.

Contrary to plaintiffs' suggestion, the law does not support plaintiffs' proposition that "a denial of remand cries out for interlocutory review." (Application at p. 4.) It does not. Plaintiffs' filing of this Application makes that clear. If denial of a remand did "cry out for interlocutory review", the Rules of Civil Procedure would provide a mechanism for automatic review. The Rules do not provide any such mechanism.

**B**     **Plaintiffs Mischaracterize The Holdings Of Case Law Cited**

Plaintiffs argue that a denial of remand "begs" interlocutory review. In support thereof they cite five cases. In four of the cases the trial-level courts did certify questions of law for review. However, the cases have no application to this matter, in which no federal statutes are at issue, and in which plaintiffs fail to propose any question of law for consideration. The cited cases address resolution of the application or interpretation of federal statutes, as well as the effects Supreme Court decisions on previously filed lawsuits.

In *Breuer v.Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) the underlying defendant removed the case to federal court because plaintiff's claims were based upon 29 U.S.C. Section 216(b). The underlying plaintiff moved for remand based on an argument that because the federal statute provided that the matter could be filed in either a state court or a

federal court, that the matter could not be removed if brought in a state court in the first place. The statute, unlike some other similar statutes, is silent regarding any ban on removal. Plaintiff argued that the silence should be taken as prohibitory. The District Court disagreed, but certified for review, this question of law regarding the effect of the absence of a prohibition on removal in the statute in question. The District Court did not certify for review, as plaintiffs imply, whether the denial or remand itself was improper. The Eleventh Circuit affirmed the District Court's finding that the statute did not prohibit removal. It also held that the right to remove is only displaced by Congress when the Congress specifically includes the displacement of the right to remove in the statute itself. The Supreme Court affirmed the Eleventh Circuit.

The *Breuer* decision has no application to this case, whatsoever. This matter involves no question of law regarding the application of a federal statute, or whether a federal statue prohibits removal of this case to this Court. Further, as must be noted throughout, plaintiffs in this case do not propose any question of law for certification and consideration.

Plaintiff's second cited case is *Doe v. American Red Cross*, 14 F.3d 196 (3rd Cir. 1993). In *Doe*, the underlying action had been removed and then remanded. After the remand, a Supreme Court decision came down which changed the law such that the defendant, American Red Cross could sue or be sued in federal court. Thereafter, the American Red Cross removed the case to federal court again. The plaintiffs again requested remand. Plaintiffs request for remand was based upon their argument that: 1) the Supreme Court's decision did not confer original jurisdiction on the federal courts; and 2) that if it did, the "second" removal was untimely; and 3) that the second removal was really an appeal of the prior remand to state court. The District Court certified for review the question of whether the Supreme Court's decision (in a separate action) authorized the Red Cross to remove a case that had been filed before the

4

Supreme Court decision came down. The District Court also certified for review the legal question proposed by plaintiffs whether the Supreme Court's decision could be considered an order or "other paper" such that the 30-day clock began to run again for removal under 28 U.S.C. Section 1446 (b). The Third Circuit held that the second removal was not an appeal of the prior remand, and that the thirty-day period began to run again after the Supreme Court decision came down. The American Red Cross removed within 30 days thereof, and therefore the removal was timely.

The *American Red Cross* case too has no application or bearing on the *Eames* matter. If anything, it highlights the effect of the Eames plaintiffs' failure to present or propose any question of law for certification. As noted above, orders denying remand are not reviewable or certifiable; only allegedly unresolved questions of law, specifically articulated for consideration, are considered for certification. See 28 U.S.C. Section 1292(b).

Plaintiffs also cite the matter of *In re Aircraft Disaster Near Roselawn, Indiana*, 96 F.3d 932 (7th Cir. 1996); specifically, they cite page 937 of the case, noting that it comes to the "same result" as the prior two cases cited. In *Aircraft Disaster*, the defendant removed, contending that it was an instrumentality of a "foreign state" under 28 U.S.C. Section 1603(a). Plaintiff moved for remand, arguing that the defendant was not a "foreign state" instrumentality under the federal statute because such status requires majority ownership by "one" foreign government. The defendant was owned by several foreign governments, whose "pooled" or "tiered" ownership was more than 50%. The legal questions certified for review were regarding both "pooling" and "tiering" of ownership, and whether pooled or tiered ownership amounted to the required 50% foreign ownership such that the defendant would be considered a foreign state. Again, this

5

matter has no application to this *Eames* matter. Plaintiffs present no question of law regarding the application or interpretation of any federal statute or status affecting the basis of removal.

Plaintiffs' fourth cited case is *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362 (5th Circuit 1995). In *Carpenter* the plaintiff simultaneously filed actions in both federal court and the Texas state courts. She filed a First Amendment case in the federal court, and state-law freedom of speech and breach of contract claim in the state court. The defendant employer removed the state court action to federal court, asserting federal jurisdiction over the state-suit free speech claim. The District Court then consolidated the two cases and denied the plaintiff's motion to remand. The issue certified for review was whether plaintiff's simultaneous filings in state and federal courts was subject to the so-called "artful pleading doctrine", which "recognizes that the characterization of a federal claim as a state claim will not in all cases prohibit removal *when the plaintiff has no state claim at all*." *Id.* at 367 (emphasis in the original). Plaintiffs also note that *Carpenter* has the "same result"; it is unclear what plaintiffs mean by "result"; however, in the prior matters the courts affirmed the propriety of the removal, but in *Carpenter*, the court did not. There is no comparison or "same result" with regard to certification, other than the fact that each District Court certified a proposed legal issue for review.

Plaintiff's fifth cited case is *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773 (9th Cir. 1994). However, *Eyak* (while it discusses the federal status of the plaintiffs' claims and the timeliness of the removal) is silent regarding the issue of certification or questions of law for appeal. It is unclear how the issues got to the Ninth Circuit Court of Appeals, and unknown whether a certification was requested or considered or granted. Therefore, the case has no application to this matter.

**C**     **Plaintiffs Mischaracterize A "Standard" For Certification**

The remainder of plaintiffs' presentation is a two-page assertion that they have allegedly met the standard for certification. Defendant, Nationwide agrees that there is a standard; however it is misstated. The standard for certification is not, as plaintiffs call it, a "substantial ground" test.

A denial of a motion for remand is interlocutory; it is not appealable. However, 28 U.S.C. Section 1292(b) does provide as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or Court of Appeals or a judge thereof shall so order.

28 U.S.C. 1292(b) (emphasis in the original).

As noted above, plaintiffs in this case fail to present any proposed question of law for eventual review and resolution by the Third Circuit. Neither this Court nor the opposing defendant, Nationwide has any idea just what question of law, if any, plaintiffs propose to present to the Third Circuit. As such, their motion should be denied. The mere assertion that a denial of remand was incorrect or wrong is not enough; and, this Court cannot rule on a proposed question of law for certification if no question is articulated by the plaintiffs.

Contrary to Section 1292(b), plaintiffs fail to propose to this Court any question of law (let alone a "controlling" one) for the Court's consideration. Plaintiffs present no difference of

opinion, and no case law showing a "ground for difference of opinion." How can they, if they have not articulated any question of law at all?

Plaintiffs do cite the underlying District Court opinion in *In re Aircrash Disaster near Roselawn, Indiana*, 909 F.Supp. 1083 (N.D. Ill 1995). Plaintiffs specifically cite pages 1115-16 for their somewhat circular argument that any denial of a request for remand is, itself, automatically a controlling question of law because it "controls the legal question of subject matter jurisdiction." (Plaintiffs' Application at p. 6.) The District Court opinion in *In re Aircrash Disaster* says no such thing. The opinion is no basis for plaintiffs' statement that a denial of a motion for remand meets a "question of law" test. If that were the case, denials of remand would be automatically appealable. At pages 1115-1116 the of the District Court opinion in *In re Aircrash Disaster*, the judge himself admits that there are differences of opinion among the courts regarding the legal questions; and, he literally invites a request for certification so that the legal issue of the foreign-nation status of a partially foreign-owned company may be resolved by the appellate court. *Id* at p.116.

Plaintiffs' proposed "substantial ground test" is their own legal fiction; it has no basis in law. Further, even their legal fiction has no application to their Application for Certification. Plaintiffs seem to believe that the underlying arguments and supporting affidavits of fact regarding the value of the amount in controversy represents a difference of opinion. It does not represent a difference of legal opinion by the courts. The difference of opinions of the litigants in a case cannot be the basis of demand for certification for appeal. Further, contrary to plaintiffs' argument, this Court's requests for additional briefing (and the Court's lengthy consideration of plaintiffs' Motion to Remand) are not evidence of legal uncertainty or

difference of opinion on a question of law or on the calculation of the amount in controversy in an action.

An alleged difference of opinion must be a difference of opinions by the courts, on a point of law; and, that difference must be concrete and reflected in case law. Plaintiffs present none. Again, how can they, if they fail to articulate any question or questions of law to be certified for review?

By way of final argument, plaintiffs present absolutely no support for their statement that certification of the denial of remand will materially advance this lawsuit. Contrary to plaintiffs' Header C at page 7 of their Application, the standard under Section 1292 is not the "material advance" of the litigation. Rather, under Section 1292(b) a court must determine that "an immediate appeal from the order may materially advance **the ultimate *termination*** of the litigation . . ." 28 U.S.C. Section 1292(b) (emphasis added). An appeal would not advance the ultimate termination of this case. Plaintiffs propose no resolution of a question of law at all, let alone a question of law that affects their causes of action as outlined in their Complaint.

## CONCLUSION

Plaintiffs Application for Certification should be denied. Plaintiffs fail to present any question of law for certification, let alone a question of law which would control the outcome of their case, and which is also subject to a difference of opinion by the courts. Plaintiffs fail to support any argument that any issue (which might be gleaned from some generous reading of their Application) meets the requirements of 28 U.S.C. Section 1292(b). Plaintiffs Application is nothing more than a motion for permission to present a motion for reconsideration of their Motion for Remand to the Third Circuit. The law is clear regarding determination of amounts in controversy for jurisdictional purposes; there is no substantial ground for difference of opinion

among courts on how to determine an amount in controversy. Plaintiffs are merely unhappy with this Court's decision, and the factual bases for the decision.

                                      Respectfully submitted,

                                      SWARTZ CAMPBELL LLC

                                      */s/ Nicholas E. Skiles*
                                      Curtis P. Cheyney, Esq. (Pro Hac Vice)
                                      Nicholas Skiles, Esquire (ID #3777)
                                      300 Delaware Avenue, Suite 1130
                                      Wilmington, DE  19899
                                      (302) 656-5935
                                      Attorneys for Defendant,
                                      Nationwide Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>      Plaintiffs<br>  v.<br><br>Nationwide Mutual Insurance Company,<br><br>      Defendant | CIVIL ACTION<br><br><br><br><br>NO. 04-1324 |

**CERTIFICATE OF SERVICE**

I, Nicholas E. Skiles, hereby certify that on this 18th day of May 2005, two copies of Defendant's Opposition to Plaintiffs' Application for Certification have been sent, by U.S. Mail, First class, postage prepaid, to:

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE  19805

SWARTZ CAMPBELL LLC


*/s/ Nicholas E. Skiles*
Nicholas E. Skiles, Esq. (I.D. #3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE  19899
(302) 656-5935
Attorneys for Defendants
Nationwide Mutual Insurance Co.