IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES, and TAMMY EAMES, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 04-1324-KAJ<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING CERTIFICATION OF INTERLOCUTORY APPEAL

Before me is the plaintiffs' application (Docket Item ["D.I."] 62) for certification of an interlocutory appeal of the April 27, 2005 Memorandum Order (D.I. 56) denying remand of this case to the Superior Court of the State of Delaware in and for Sussex County (the "Superior Court"). For the reasons that follow, the application is granted.

This matter was removed from state court on October 1, 2004 (D.I. 1), and the plaintiffs timely contested that removal (D.I. 6). In particular, the plaintiffs argued that subject matter jurisdiction does not exist in this court because the amount-in-controversy requirement in 28 U.S.C. § 1332(a) has not been met. (See D.I. 56 at 4.) In ruling on the plaintiffs' motion for remand of the case to the Superior Court, I determined that subject matter jurisdiction had been established because the amount-in-controversy requirement was met by the value of the object of the declaratory relief sought by the plaintiffs. (Id. at 6-7.) Plaintiffs now seek to have that decision reviewed by the United States Court of Appeals for the Third Circuit. They recognize, however,

that, because my ruling on their earlier remand motion is an interlocutory order, appeal can only be had by way of a certification by this court pursuant to 28 U.S.C. § 1292(b).

Having reviewed the application of the plaintiffs and the opposition thereto filed by the defendant, I have determined that certification is appropriate. There is indeed, as required by 28 U.S.C. § 1292(b), "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ... ." While defendant makes much of its contention that the plaintiffs have not identified a controlling question of law (see D.I. 64 at 2, 9), a fair reading of the record demonstrates that the plaintiffs are seeking review of my decision denying remand because they still vigorously contest my conclusion that the amount-in-controversy requirement for diversity jurisdiction has been met. That is a question which, under the circumstances presented in this case, is controlling on the fundamental question of jurisdiction and as to which there has been, and continues to be, a good faith and substantially well-grounded difference of opinion between the parties. It would be a tremendous waste for the parties to pursue this proposed class action litigation in this court, only to discover upon an appeal that my view of the value to be assigned to the declaratory relief is legally erroneous and that the matter must begin again from scratch in the Superior Court.

In short, despite the defendant's complaining about the plaintiffs' framing of the issue to be appealed, it is clear that they seek to appeal the decision set forth in my April 27, 2005 Memorandum Order, and I agree that they should be able to do so. *See, Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 388 (3d Cir. 2000) (the Court of

Appeals "may address 'any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court.'").

Therefore, IT IS HEREBY ORDERED that the April 27, 2005 Memorandum Order in this case (D.I. 62) is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

/s/ Kent A. Jordan
UNITED STATES DISTRICT JUDGE

May 26, 2005
Wilmington, Delaware