# EXHIBIT H

00071306.DOC

# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

March 8, 2005

**BY FACSIMILE AND U.S MAIL**
Curtis P. Cheyney, III, Esq.
Swartz Campbell LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103

      RE: **Eames v. Nationwide Mut. Ins. Co.**
            **C.A. No.: 04-CV-1324KAJ**

Dear Mr. Cheyney:

      The form of Scheduling Order approved by the Court incorporates by reference the Court's Default Standard for Discovery of Electronic Documents. Nationwide must meet several obligations under the Default Standard, some (but not all) of which are set forth in paragraph 2 of the Default Standard.

      Please review the Default Standard and make the disclosures required thereunder as soon as possible. It can be found on the Court's web site, at the link for "Orders, Etc." If Nationwide can offer a better protocol for discovery of electronic documents, of course, we will certainly consider it.

      This letter is without prejudice to the Eames plaintiffs' contention that diversity jurisdiction does not exist in this case.

                                                  Very truly yours,



                                                    John S. Spadaro

JSS/slr

118380

## John S Spadaro

| | |
|---|---|
| **From:** | "John S Spadaro" <jspadaro@msllaw.com> |
| **To:** | <ccheyney@swartzcampbell.com> |
| **Cc:** | <nskiles@swartzcampbell.com> |
| **Sent:** | Wednesday, April 06, 2005 4:26 PM |
| **Attach:** | 00118380.DOC |
| **Subject:** | Eames v. Nationwide; default standard for electronic discovery |

Mr. Cheyney:

Please respond to my letter on this subject, dated March 8, 2005. For your convenience, an additional copy of the letter is attached. Thank you. John

### John S Spadaro

**From:** "John S Spadaro" <jspadaro@msllaw.com>
**To:** <ccheyney@swartzcampbell.com>
**Sent:** Thursday, May 05, 2005 1:05 PM
**Attach:** 00118380.DOC
**Subject:** Fw: Eames v. Nationwide; default standard for electronic discovery

Mr. Cheyney:

I ask again that you respond to my March 8, 2005 letter and follow-up e-mail of April 6, 2005. John Spadaro

----- Original Message -----
**From:** John S Spadaro
**To:** ccheyney@swartzcampbell.com
**Cc:** nskiles@swartzcampbell.com
**Sent:** Wednesday, April 06, 2005 4:26 PM
**Subject:** Eames v. Nationwide; default standard for electronic discovery

Mr. Cheyney:

Please respond to my letter on this subject, dated March 8, 2005. For your convenience, an additional copy of the letter is attached. Thank you. John

## John S Spadaro

**From:** "John S Spadaro" <jspadaro@msllaw.com>
**To:** "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
**Sent:** Monday, May 16, 2005 2:22 PM
**Subject:** Re: Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

In a consumer transaction, where an adhesion contract is sold, the consumer's subjective expectations are irrelevant. The doctrine of reasonable expectations is a matter of objective, not subjective, expectations. Further, ambiguities in adhesion contracts are construed in the consumer insured's favor without regard to that insured's subjective intent. So from our perspective, your observation about the insured's "state of mind when purchasing the policy" misses the mark.

But that aside, it's difficult to frame the search terms when I don't know what your search capabilities are. My law firm's document management software could search "PIP" within ten words of "full", "Protection" within ten words of "full", etc.; and this capability could make for a very manageable search. Nationwide is obviously more high-tech than my six-lawyer firm, and may have search capabilities far beyond those that I might propose.

On a related point, I have written to you repeatedly regarding Nationwide's failure to comply with the Court's Default Standard for Discovery of Electronic Documents, as required under Section 1 of the Scheduling Order. If Nationwide would simply comply with that standard, we might be better able to work through document-search issues.

So here are some suggestions to address our pending discovery dispute.

1. Could you please answer the questions in my May 11 message now?

2. Could you review and comply with the Default Standards now?

3. Could we set aside for the moment the existence of responsive documents from among policyholder-specific materials (like claim files) and focus on generic materials, like internal memoranda, guidelines and manuals, and board meeting minutes? Though we'll reserve our right to discover the nongeneric items, we might be in a position to accept only the generic items for now, depending on the extent to which they exist and the speed with which you can produce them. Can you tell us that now?

4. If we can't have some final word from you on whether, when and to what extent Nationwide will supplement its responses, we'll have to bring the matter to the Court's attention quickly. The class certification discovery schedule does not allow us the luxury of waiting on Nationwide's in-house counsel for very long.

Please give these suggestions some thought, and get back to me as soon as you can. Thank you. John Spadaro


---- Original Message -----

**From:** Curtis P. Cheyney
**To:** John S Spadaro
**Sent:** Thursday, May 12, 2005 2:50 PM
**Subject:** RE: Eames v. Nationwide; Nationwide's responses to document requests

John, I have forwarded your request to NW's counsel and suggested a substantive responce. If possible and feasable, can you suggest a protocol for a document sweep? What word order or phrase might you suggest. I don't want to go through everyPIP, MedPay, BUIM and feret out any off hand comment by an adjuster that

might use "full" referring to the available PIP limit stated in the policy while considering a claim and making a claim log entry; after-all, no claim adjusters comment has relevance to the insureds state of mind when purchasing the policy. Curt


**From:** John S Spadaro [mailto:jspadaro@msllaw.com]
**Sent:** Wednesday, May 11, 2005 2:25 PM
**To:** Curtis P. Cheyney
**Cc:** Nicholas E. Skiles
**Subject:** Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

In Nationwide's responses to the Eames plaintiffs' document requests, Nationwide interposes a general objection to the effect that Nationwide's characterization of PIP limits as "full", or its discussion of that characterization, is relevant and discoverable only to the extent that it appears in an insurance contract. We disagree; but for present purposes, I'd like to determine whether the disagreement is one of substance.

Suppose, for example, that Nationwide possessed an internal memorandum or minutes from a board meeting, and a characterization of PIP limits as "full" appeared in that document. Nationwide's objection might mean that notwithstanding its response to Request Nos. 1 and 2 -- that it is "currently unaware of any other documents that legally characterize the PIP policy limits" -- Nationwide has never searched for our hypothetical document, simply because it doesn't regard them as "legally characterizing" PIP limits (whatever that means). Or it might mean that Nationwide is aware of our hypothetical document, but is neither producing nor identifying it, because it doesn't meet Nationwide's criterion for being a "legal characterization".

Before we seek relief from the Court, I ask you to clarify the matter by answering three simple questions:

1. In responding to our document requests, has Nationwide searched all documents in its possession, custody or control that might reasonably be expected to contain characterizations of PIP limits as "full", including internal memoranda, guidelines and manuals, and minutes of board meetings?

2. Conversely, has Nationwide limited its search to insurance policies?

3. Is Nationwide aware of any documents in its possession, custody or control that do not consist of insurance policies or parts of insurance policies, but do characterize PIP limits as "full"?

In light of the compressed discovery schedule for class certification issues, I ask for your prompt response. Thank you. John Spadaro

5/27/2005

## John S Spadaro

**From:** "John S Spadaro" <jspadaro@msllaw.com>
**To:** "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
**Sent:** Friday, May 20, 2005 10:06 AM
**Subject:** Re: Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

Although we're forced by circumstances to pursue the June 2 teleconference that we've arranged with the Court, we remain willing to negotiate with Nationwide in an effort to resolve the dispute prior to June 2. Toward that end, I've set forth below an additional copy of my May 16 message. John Spadaro

> ----- Original Message -----
> **From:** John S Spadaro
> **To:** Curtis P. Cheyney
> **Sent:** Monday, May 16, 2005 2:22 PM
> **Subject:** Re: Eames v. Nationwide; Nationwide's responses to document requests
>
> Mr. Cheyney:
>
> In a consumer transaction, where an adhesion contract is sold, the consumer's subjective expectations are irrelevant. The doctrine of reasonable expectations is a matter of objective, not subjective, expectations. Further, ambiguities in adhesion contracts are construed in the consumer insured's favor without regard to that insured's subjective intent. So from our perspective, your observation about the insured's "state of mind when purchasing the policy" misses the mark.
>
> But that aside, it's difficult to frame the search terms when I don't know what your search capabilities are. My law firm's document management software could search "PIP" within ten words of "full", "Protection" within ten words of "full", etc.; and this capability could make for a very manageable search. Nationwide is obviously more high-tech than my six-lawyer firm, and may have search capabilities far beyond those that I might propose.
>
> On a related point, I have written to you repeatedly regarding Nationwide's failure to comply with the Court's Default Standard for Discovery of Electronic Documents, as required under Section 1 of the Scheduling Order. If Nationwide would simply comply with that standard, we might be better able to work through document-search issues.
>
> So here are some suggestions to address our pending discovery dispute.
>
> 1. Could you please answer the questions in my May 11 message now?
>
> 2. Could you review and comply with the Default Standards now?
>
> 3. Could we set aside for the moment the existence of responsive documents from among policyholder-specific materials (like claim files) and focus on generic materials, like internal memoranda, guidelines and manuals, and board meeting minutes? Though we'll reserve our right to discover the nongeneric items, we might be in a position to accept only the generic items for now, depending on the extent to which they exist and the speed with which you can produce them. Can you tell us that now?
>
> 4. If we can't have some final word from you on whether, when and to what extent Nationwide will supplement its responses, we'll have to bring the matter to the Court's attention quickly. The class certification discovery schedule does not allow us the luxury of waiting on Nationwide's in-house counsel for very long.
>
> Please give these suggestions some thought, and get back to me as soon as you can. Thank you. John Spadaro

5/27/2005

---- Original Message -----

**From:** Curtis P. Cheyney
**To:** John S Spadaro
**Sent:** Thursday, May 12, 2005 2:50 PM
**Subject:** RE: Eames v. Nationwide; Nationwide's responses to document requests

John, I have forwarded your request to NW's counsel and suggested a substantive responce. If possible and feasable, can you suggest a protocol for a document sweep? What word order or phrase might you suggest. I don't want to go through everyPIP, MedPay, BUIM and feret out any off hand comment by an adjuster that might use "full" referring to the available PIP limit stated in the policy while considering a claim and making a claim log entry; after-all, no claim adjusters comment has relevance to the insureds state of mind when purchasing the policy. Curt


**From:** John S Spadaro [mailto:jspadaro@msllaw.com]
**Sent:** Wednesday, May 11, 2005 2:25 PM
**To:** Curtis P. Cheyney
**Cc:** Nicholas E. Skiles
**Subject:** Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

In Nationwide's responses to the Eames plaintiffs' document requests, Nationwide interposes a general objection to the effect that Nationwide's characterization of PIP limits as "full", or its discussion of that characterization, is relevant and discoverable only to the extent that it appears in an insurance contract. We disagree; but for present purposes, I'd like to determine whether the disagreement is one of substance.

Suppose, for example, that Nationwide possessed an internal memorandum or minutes from a board meeting, and a characterization of PIP limits as "full" appeared in that document. Nationwide's objection might mean that notwithstanding its response to Request Nos. 1 and 2 -- that it is "currently unaware of any other documents that legally characterize the PIP policy limits" -- Nationwide has never searched for our hypothetical document, simply because it doesn't regard them as "legally characterizing" PIP limits (whatever that means). Or it might mean that Nationwide is aware of our hypothetical document, but is neither producing nor identifying it, because it doesn't meet Nationwide's criterion for being a "legal characterization".

Before we seek relief from the Court, I ask you to clarify the matter by answering three simple questions:

1. In responding to our document requests, has Nationwide searched all documents in its possession, custody or control that might reasonably be expected to contain characterizations of PIP limits as "full", including internal memoranda, guidelines and manuals, and minutes of board meetings?

2. Conversely, has Nationwide limited its search to insurance policies?

3. Is Nationwide aware of any documents in its possession, custody or control that do not consist of insurance policies or parts of insurance policies, but do characterize PIP limits as "full"?

In light of the compressed discovery schedule for class certification issues, I ask for your prompt response. Thank you. John Spadaro