# EXHIBIT I

00071306.DOC

Swartz Campbell LLC
1601 Market Street Fl 34
Philadelphia PA 19103-2316

voice (215) 299-4304
facsimile (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

**Curtis P. Cheyney, III**
*Attorney at Law*

May 23, 2005

**VIA EMAIL**

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE   19805

    RE:    Eames v. Nationwide Mutual Insurance Company
           Our File No.: 0547-107521

Dear Mr. Spadaro:

    With regard to your most recent e-mail communication to me and your follow-up concerning a default protocol for electronic discovery, Nationwide, at this time, sees no reason to entertain a debate with you on such a protocol.  There is no electronic discovery that has been requested; if, as and when such is contemplated by Nationwide or served by plaintiff, then during the period of time in which Nationwide is to respond, we can address this topic.

    I read with interest your editorial comments concerning "reasonable expectation" doctrine for Delaware.  I can find no case that sets forth the reasonable expectation doctrine as you describe it under Delaware Law.  I would appreciate you providing me with any case or statute or Delaware Department of Insurance regulation that supports what you believe to be the law.

    There can be no reasonable expectation of coverage formed by others and independent of the plaintiff purchaser which could be relevant for your policy purchaser and this suit.  If the purchaser is not informed of some ambiguity from within the policy there is no basis for a cause of action.  If the purchaser has an appreciation or expectation of a PIP coverage (extrinsic from reading the policy) but which expectation does not arise from PIP coverages as described in the policy, together with a reasonable interpretation thereof, and a purchase based on

John S. Spadaro, Esquire
May 23, 2005
Page 2

reasonable reliance of the reasonable interpretation, there is no basis for the legal doctrine you espouse. My prior comments therefore remain.

The discovery dispute you have created is no dispute at all but a search for possible information that is not called for from your discovery or the Complaint and if it existed at all could not form the basis of (or impact) your client's decision to purchase the PIP coverage with an alleged expectation for higher PIP limits coverage than those which are expressly set forth by the policy. There can be no expectation of coverage by Mr. Eames arising from inter-office (Nationwide) exchanges (if any) that may contain the word "full" (i.e., full defense). The expectation of coverage to be actionable must expressly result from the policy; and neither your client, nor any class member can have a judicially recognized expectation of coverage described by others, in communications between themselves and to which your purchasing plaintiff had no access or reason by which to assume coverage. Your self-defined doctrine evaporates for your client by a mere reading of their policy PIP coverages. A purchase of insurance, whether or not by a consumer, especially for the PIP coverages as dictated by Delaware Law, cannot be a contract of adhesion (except as to the insurer) for the PIP coverages. Any perceived confusion over the purchased PIP coverage by the purchasing Eames plaintiff is eliminated by his reading of the PIP coverage section of the policy and its Declarations page and wherein there is no ambiguity at all for the limits of the purchased PIP coverage. It is reasonable and expected for the purchaser to read the policy; indeed, the courts presume the purchaser has a duty to read his or her policy, and the failure to read the policy can be neither an excuse nor a basis for an expectation of coverage by a purchaser contrary to the unambiguous terms of the policy. *Delmarva Health Plan, Inc. vs. Aceto*, 750 A2d 1213. In part, this is what the Nationwide Motion to Dismiss is to decide; the Complaint does not set forth a claim of "reasonable expectation" for a breach of contract, nor does it suggest electronic inter-office communications which did not reach the plaintiff before the purchase decision could be at issue.

Very truly yours,

SWARTZ CAMPBELL LLC

BY: _____
       Curtis P. Cheyney, III

CPC/ll/dd

John S. Spadaro, Esquire
May 23, 2005
Page 3


cc: Nicholas E. Skiles, Esq. (via email)