IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>      Plaintiffs<br><br>   v.<br><br>Nationwide Mutual Insurance Company,<br><br>      Defendant | CIVIL ACTION<br><br>No.  04-1324 |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS, INCLUDING
DISCOVERY, PENDING RESOLUTION OF PLAINTIFF'S
APPEAL TO THE THIRD CIRCUIT COURT OF APPEALS REGARDING
THE TRIAL COURT'S JURISIDICTION OVER THIS MATTER**

DATE:  May 31, 2005

SWARTZ CAMBELL LLC

*/s/ Nicholas E. Skiles, Esquire*
Curtis P. Cheyney, Esq. (Pro Hac Vice)
Nicholas Skiles, Esq.
Delaware Bar No. 3777
300 Delaware Avenue, Suite 1130
Wilmington, DE  19899
Attorneys for Defendant, Nationwide
Mutual Insurance Company

# TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SCOPE OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## **TABLE OF CITATIONS**

*Dentsply International, Inc. v. Kerr Manufacturing Co.*, 734 F.Supp. 656 (D.Del. 1990). . . . . . .6

*Gerardi v. Pelullo*, 16 F.3d 1363, 1372 at n. 15 (3rd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gioello Enterprises v. Mattel, Inc.,* 2001 WL 125340 (D.Del. 1991). . . . . . . . . . . . . . . . . . . . . . 6

*Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421 (S.D.N.Y. 2002) . . . 8

## STATEMENT OF THE CASE

October 6, 2004 the defendant, Nationwide filed its Motion to Dismiss. The Motion to Dismiss remains pending, and plaintiffs have failed to answer the pending Motion. On the contrary: 1) on October 19, 2004 plaintiffs filed their Motion to Remand; and 2) the next day, October 20, 2004 they filed their Motion to Defer Nationwide's Pending Motion to Dismiss. Some months later, the Motion to Remand, the Motion to Dismiss and the Motion to Defer the Motion to Dismiss remained pending; and, on March 14, 2005 counsel for plaintiffs sent to this Court a letter brief (with an accompanying proposed order) regarding the Motions to Dismiss and to Defer. In the March 14, 2005 letter brief counsel included by reference the "updated copy" of the proposed order page and argued that the Motion to Defer was "ripe for decision." (A copy of the March 14, 2005 letter brief and attached proposed order are attached hereto as Exhibit "A".) That is to say, plaintiffs argued that the Court should defer any decision on the Motion to Dismiss "pending disposition of plaintiffs' Motion for Remand." (See the proposed order at Paragraph 1.) The proposed order also proposes the following: "In the event the Motion to Remand is denied, plaintiffs shall serve and file their answering brief to Nationwide's motion [to Dismiss] within ten days of the Court's decision on the Motion to Remand." (See proposed order at Paragraph 2.)

On April 27, 2005 this Court denied the plaintiffs' Motion to Remand, and issued its Memorandum Opinion Order stating that this Court has jurisdiction over this matter. The Court did not rule on the plaintiffs' prior Motion to Defer; plaintiffs' proposed order was not signed; and, therefore plaintiffs were under no court-ordered obligation to finally answer the Motion to Dismiss by May 7, 2005 (ten days after the Court's denial) as they had offered. No such

answering brief was filed by plaintiffs.

Rather than move forward in this Court, on May 6, 2005 plaintiffs filed a formal request that this Court certify (for *potential* review by the United States Court of Appeals for the Third Circuit[1]) some element of the Court's April 27, 2005 Memorandum Order.  It is plaintiffs' position that this Court has no authority over any aspect of this case.  Plaintiffs continue to argue that this Court has no jurisdiction over this matter, and that any orders of this Court are, *ab initio*, null and void.  Indeed, on May 25, 2005 (one day before this Court entered its Order granting plaintiffs' request for certification) plaintiffs served and filed Notices of Deposition on two witnesses which note that the Notices are served not under or subject to the Federal Rules of Civil Procedure, but rather that "pursuant to [Delaware] Superior Court Civil Rules 45 and 30(b)(6), counsel for Thomas A., Roberta L. and Tammy Eames will take the deposition on oral examination . . . "  (Copies of the Notices of Deposition are attached as Exhibit "B".)  It is unclear to the defendant whether this is a typographical error or a matter of plaintiffs "hedging their bets" as it were, to create a notice of deposition they believe would transcend their own jurisdiction arguments were the case to be remanded to the state court.

---

[1] The Third Circuit Court of Appeals is not required to consider plaintiffs' proposed appeal.  The Court of Appeals "has discretion in determining whether to permit an interlocutory appeal certified by the district court."  *Gerardi v. Pelullo*, 16 F.3d 1363, 1372 at n. 15 (3rd Cir. 1994).  The Third Circuit Court of Appeals may not consider the matter.

## SCOPE OF REVIEW

The decision to grant or deny a stay is within this Court's broad range of discretionary powers.  *See Dentsply International, Inc. v. Kerr Manufacturing Co.*, 734 F.Supp. 656, 658 (D.Del. 1990).  In determining whether a stay is appropriate, the court should "weigh the competing interests of the parties and attempt to maintain an even balance." *Id.*  In weighing interests involved, courts are generally guided by, among others, the following considerations: 1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-movant; 2) whether a stay would simplify issues raised by the parties; and 3) whether discovery is complete and a trial date has been set.  *See e.g., Gioello Enterprises v. Mattel, Inc.,* 2001 WL 125340 (D.Del. 1991).

**ARGUMENT**

In the Court's own words:

> It would be a tremendous waste of time for the parties to ***pursue*** this proposed class action litigation in this court, only to discover upon an appeal that my view of the value to be assigned to the declaratory relief is legally erroneous and that the matter must begin again from scratch in the [Delaware] Superior Court.

(May 26, 2005 Order, at p. 2 and attached hereto as Exhibit "C") (emphasis added). The Court's concern is, obviously, expressed for all the parties. Were the matter to be remanded, the resolution, by this Court, of any matter presented to the Court would be a nullity. Therefore, defendant Nationwide respectfully requests that this Court stay all proceedings in this matter, including consideration of the pending Motion to Dismiss, plaintiffs' failure to reply to the Motion and also any and all discovery.

The moving defendant presumes this Court would not resolve the pending Motion to Dismiss in light of plaintiffs' proposed appeal to the Third Circuit Court of Appeals. Were the matter remanded to the Delaware Superior Court, this Court's order, denying or granting the Motion, would be of no import. Further, plaintiffs already requested that this Court defer consideration of the Motion to Dismiss (and their failure to answer) until and unless this Court denied plaintiffs' Motion to Remand. As this Court is now aware, plaintiffs have no intention of responding to the Motion until they have done everything possible to effect a remand to the Delaware Superior Court. A stay of all proceedings is therefore appropriate.

With regard to discovery in this matter, a stay is also consistent with the concerns expressed by this Court in the May 26, 2005 Order. Continued discovery is certainly the "pursuit" of this proposed class action; and, it would be a "tremendous waste" if discovery disputes had to be re-presented to the Delaware Superior Court and the resolution of discovery

disputes "begin from scratch in the [Delaware] Superior Court."

The moving defendant realizes that class-action discovery would take place in the Delaware Superior Court if the case were remanded. However, the resolution of any discovery dispute put before this Court would be a nullity if the case were remanded. The losing party of any dispute could (and no doubt would) re-present any and all unsuccessful arguments to the Delaware Superior Court for a second review and a second resolution. Further, a different body of law would apply; the venues are not identical, and Delaware state decisions on discovery disputes are not identical to the federal case law on discovery issues. This is especially so with regard to so-called "electronic" discovery. This Court has the advantage of a body of case law on the topic of electronic discovery (albeit a small body of case law). Several federal courts, to date, have applied a federal seven-part test to consider cost allocations and cost shifting for the production of electronic discovery. *See e.g., Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 429 (S.D.N.Y. 2002). However, the Delaware state courts have no such case law. Research indicates that the Delaware state courts have not addressed this issue, in any way, in any written published opinion to date.

Further, consideration should be given to the varying appropriateness of objections, relevance and privileges in light of the resolution of Nationwide's pending Motion to Dismiss. Objections to discovery, privileges raised and relevance arguments could vary depending on the resolution of defendant Nationwide's Motion to Dismiss. The Motion to Dismiss, as well as plaintiffs' Motion for Class Certification would be re-presented to the Delaware Superior Court if the Third Circuit Court of Appeals found there was no jurisdiction and the matter were remanded. Plaintiffs' subsequent state-court motion for class certification could be significantly different than the proposed class as presented to this Court. As this Court is aware, counsel for

plaintiffs has several times appeared before this Court, and any number of additional positions have been taken regarding the basis of this suit, including an argument/admission that the named plaintiffs did not pay for the higher PIP coverage they demand (when counsel argued that the amount in controversy should be based upon the difference in the premium charged for the highest coverage available in Delaware and the premium charged for the lower coverage requested by plaintiffs). With regard to class certification, while the Delaware Courts may look to the federal court case law for guidance, they are not bound by the federal court decisions. Delaware has its own body of case law on class certification, and resolution of the discovery disputes with regard to certification could differ from consideration and resolution by this Court.

While the moving defendant has no idea what plaintiffs' position is or would be with regard to the several dispositive arguments in the pending Motion to Dismiss, disputes have already arisen with regard to discovery. Plaintiffs' counsel has demanded and secured a teleconference hearing for June 2, 2005.

The moving defendant respectfully argues that this Court should not consider or resolve plaintiffs' anticipated June 2, 2005 discovery complaints until and unless this Court is assured (by way the Third Circuit's resolution of the anticipated appeal) of its own authority to consider and resolve the matter. The moving defendant further requests that this Court stay all discovery pending resolution of the Court's authority to make decisions with regard to the parties in this matter.

While the Federal Rules of Civil Procedure provide a procedural framework for pre-trial discovery, resolution of discovery disputes are decided in the context of the substantive law on the issue involved; and, decisions directly affect a party's substantive rights. These could include

9

the party's substantive rights regarding the attorney-client privilege, privacy, as well as proprietary and commercial interests. Therefore, discovery disputes are not merely procedural; and, if this Court does not have jurisdiction, any discovery decision is a nullity. Further, and more important in light of this Court's concern for waste of resources, any such decisions would not have any authority or effect in a Delaware state court. Discovery decisions would not have a "law-of-the-case" effect on the matter; and, therefore, it continued discovery would effectively be a potential waste of the resources of this Court and the resources of the parties (who would revisit the issue in the state court if the matter were remanded).

The moving defendant believes that this Court does indeed have jurisdiction, and that any decision of the Third Circuit will confirm the jurisdiction. The moving defendant does not yet know what argument plaintiffs' will present to the Third Circuit. However, the parties' resources will now be directed to addressing any issues presented to the Third Circuit by plaintiffs. To that extent the matter is now before two courts, pursuant to plaintiffs' arguments that neither Court has any authority to do anything other than remand the matter back to the Delaware Superior Court.

## CONCLUSION

This Court has expressed its concern that there is a potential for tremendous waste of resources if the parties pursue this matter in this Court, until the Third Circuit Court of Appeals directly or indirectly confirms this Court's jurisdiction. Consistent with the Court's articulated concerns, and in light of the potential that any and all decisions of this Court (including decisions regarding discovery disputes) would be a nullity if the matter is remanded to the Delaware Superior Court, defendant Nationwide respectfully requests that this Court stay and any all proceedings, including all discovery (including interrogatories, requests for production of documents and depositions) and consideration/resolution of discovery disputes. A stay is appropriate, especially in light of this Court's concerns about the waste of resource in any continued "pursuit" of this matter. Continued pursuit could result, literally, in the "doubling" of efforts, costs and expenses on the part of all parties to date at the time of any Third Circuit Court decision that this Court does not have jurisdiction, and the matter is re-presented in the Delaware Superior Court as though it had never been before this Court.

Respectfully submitted,

SWARTZ CAMPBELL LLC

*/s/Nicholas E. Skiles*
Curtis P. Cheyney, Esq. (Pro Hac Vice)
Nicholas Skiles, Esq. (DE Bar # 3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19899
Attorneys for Defendant, Nationwide
Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>Plaintiffs<br>v.<br><br>Nationwide Mutual Insurance Company,<br><br>Defendant | CIVIL ACTION<br><br><br><br><br><br>NO. 04-1324 |

**CERTIFICATE OF SERVICE**

I, Nicholas E. Skiles, hereby certify that on this 31st day of May 2005, two copies of Defendant's Motion for Stay have been sent, by U.S. Mail, First class, postage prepaid, to:

John S. Spadaro, Esq.
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE  19805


*/s/Nicholas E. Skiles*_____
Curtis P. Cheyney, Esq. (Pro Hac Vice)
Nicholas Skiles, Esq.
Delaware Bar No. 3777
300 Delaware Avenue, Suite 1130
Wilmington, DE  19899
Attorneys for Defendant, Nationwide
Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>    Plaintiffs<br><br>    v.<br><br>Nationwide Mutual Insurance Company,<br><br>    Defendant | CIVIL ACTION<br><br>No.  04-1324 |

**O R D E R**

    AND NOW, this _____ day of June, 2005 it is hereby ORDERED and DECREED that this matter is STAYED, in its entirety, pending final resolution by the United States Court of Appeals for the Third Circuit regarding plaintiffs' request for review of this Court's Order of April 27, 2005 denying plaintiffs' Motion to Remand, as well as the Third Circuit's resolution of issues presented should the Third Circuit Court of Appeals exercise its discretion and consider plaintiff's proposed appeal.

                                                                                                                    _____
                                                                                                                     J