# EXHIBIT D

00071306.DOC

2001 WL 695542, Crowhorn v. Nationwide Mut. Ins. Co., (Del.Super. 2001)                                Page 1

*695542   Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.

James M. **CROWHORN**, on behalf of himself and all others similarly situated, Plaintiff,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.

No. Civ. A00C-06-010 WLW.
Submitted Jan. 16, 2001.

Decided April 26, 2001.

Upon Defendant's Motion to Dismiss and Motion to Strike or in the Alternative a Motion for More Specific Pleadings. Denied in Part. Granted in Part.

John S. Spadaro, Murphy, Spadaro & Landon, Wilmington, Delaware, for the Plaintiff.

Keith E. Donovan and Nicholas E. Skiles, Swartz, Campbell & Detweiler, Wilmington, Delaware, for the Defendant.

ORDER

WITHAM, J.

**1 James M. Crowhorn ("Crowhorn" or "Plaintiff") has filed this class action complaint against Nationwide Mutual Insurance Company ("Nationwide"). Crowhorn, on behalf of himself and all those similarly situated, alleges that Nationwide breached their insurance contracts, violated 21 *Del. C.* § 2118B and 6 *Del. C.* § 2513, committed common law fraud, and wrongfully refused to honor their contractual obligations arising under certain automobile insurance policies.

Crowhorn was injured in a motor vehicle collision on March 8, 1999, and claims that he was submitted to the "systematic practices" of Nationwide in denying him his first-party insurance or Personal Injury Protection ("PIP") benefits. Crowhorn alleges that Nationwide's practices, ongoing since at least 1994, are fraudulent and in violation of Delaware statutes. The bad practices alleged by Crowhorn in his Complaint include the following: (1) The Thirty-Day Violation: systematic delay or denial of Personal Injury Protection ("PIP") benefits to Delaware claimants within the thirty-day statutory period under 21 *Del. C.* § 2118B; (2) The Lost Earnings Delay: delay of these payments; (3) The IME Fraud: improper use of Independent Medical Examinations (IME's) to reduce and limit PIP benefits, and Nationwide's use of their own definitions of clinical medical terms; (4) The "Usual and Customary" Fraud: use of a "usual and customary" standard instead of the statutory "reasonable and necessary" standard when paying medical expenses and that these practices affect the doctor-patient relationship by discouraging proper treatment for fear of no payment; (5) The "Pre-certification" Fraud: claiming Nationwide sometimes claims that pre-certification and preauthorization of PIP benefits is unavailable to claimants; (6) The "Prior Impairment" Reduction: securing IME doctors' opinions on the existence of and prior impairments to limit PIP benefits; and (7) Other Bad Practices: inadequate training of adjusters with respect to medical terminology, indoctrination of adjusters that Delaware PIP claimants are dishonest and greedy, and avoiding prompt communication with insureds.

Plaintiff alleges that this nucleus of allegations is the same for all of the counts of his complaint. Specifically, Crowhorn claims that out of the above "Systematic Practices" of Nationwide, he was submitted to all of them except "The 'Precertification' Fraud" and "The 'Prior Impairment' Reduction" claims. The relief sought by Plaintiff is contained within six counts as follows: Declaratory Judgment in Count I; Breach of Contract in Count II; Bad Faith Breach of Contract in Count III; Breach of the Duty of Fair Dealing in Count IV; Common Law Fraud in Count V; Consumer Fraud in Count VI; and prior to amendment, Racketeering Activity in Count VII. The action was originally filed in the Superior Court of Delaware and then removed to federal court by Nationwide because of the alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Federal court remanded the state law claims back to the Superior Court. Plaintiff then amended the Superior Court complaint by striking the federal RICO claims of Count VII from the complaint.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

**\*\*2** The underlying gravamen of the Plaintiff's complaint is that Nationwide systematically delayed and/or denied the payment of PIP claims and benefits of Delaware automobile insurance policies. More specifically, Plaintiff alleges that such claims were denied or delayed without providing the insured with a reasonable, written explanation within thirty (30) days as required in 21*Del. C.* § 2118B ("Thirty-days Provision"). **Crowhorn** and/or his healthcare providers have submitted PIP benefit claims for healthcare coverage and lost wages which allegedly have been improperly delayed or denied. Nationwide's response to the complaint is that the insurance contract between Nationwide and **Crowhorn** does not contain any express terms or provisions stating that PIP benefit payments would be made within thirty (30) days. Therefore, Nationwide brought this Motion to Dismiss and Motion to Strike or in the alternative a Motion for More Specific Pleadings.

**I. Nationwide's Motion to Dismiss or in the Alternative a Motion for a More Definite Statement.**

The test for sufficiency of a complaint challenged by a motion to dismiss under Superior Court Civil Rule 12(b)(6) is a general, broad test. Simply put, the test is "whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint." (FN1) When applying this test, all of the well-pleaded allegations must be accepted as true by the Court. (FN2) In addition the Court may consider documents attached to or incorporated by reference into the complaint, matters of public record and undisputably authentic documents upon which the claims are based. (FN3) Nationwide has attached a copy of **Crowhorn's** insurance policy to their motion to dismiss for the Court to consider. An alternative to dismissing a complaint, or any part thereof, is to require a party to file a more definite statement under *Superior Court Civil Rule 12(e)*. Under *Superior Court Civil Rule 12(e)*, the Court evaluates the complaint to see if "it appear[s] to be so vague or ambiguous as to make it unreasonable to require the defendant to frame a responsive pleading." (FN4) If the complaint is found to be vague or ambiguous, the Plaintiff will be required to correct any defects with a more definite statement. Using these principles the Court will evaluate Nationwide's Motion to Dismiss and evaluate the complaint to see if more specific pleadings are required.

**A. Review of Counts I & II: Declaratory Judgment and Breach of Contract.**

Plaintiff alleges a breach of the insurance contract between Nationwide and himself (and the proposed class of plaintiffs) for the delay or denial of PIP benefits. Based on the underlying insurance contract and the alleged breach, Plaintiff seeks a declaratory judgment determining the rights and obligations of the parties as well as damages for breach of contract. In *Moore Business Forms, Inc. v. Cordant Holdings Corp.*, the Court stated that "to survive a motion to dismiss, a complaint for breach of contract must identify a contractual obligation, whether express or implied, a breach of that obligation, and resulting damages to the plaintiff." (FN5) Therefore, when evaluating Nationwide's Motion to Dismiss the Court will be determining if there are three essential elements: (1) the existence of a contractual obligation, (2) an alleged breach of that obligation, and (3) damages resulting from the alleged breach. Nationwide's motion to dismiss challenges **Crowhorn's** claim on the first element, the existence of a contractual obligation. Nationwide contends that the insurance contract in question does not contain any provision that PIP payments will be made within thirty (30) days of submission. After careful review of the contract in question, the Court agrees that the insurance contract does not contain a thirty-days provision. Instead, the insurance policy states that "payments of expenses under Personal Injury Protection coverage shall be made as soon as practical." However, under 21*Del. C.* § 2118B, insurance companies must pay first-party (PIP) claims or give written reason for denial within thirty (30) days. (FN6)

**\*\*3** The underpinning of much of Plaintiff's Complaint rests on the incorporation of 21 *Del. C.* § 2118B's thirty-day provision into the insurance contract in question. Plaintiff argues that the thirty-days provision is part of the insurance contract by law. According to the Plaintiff, the Delaware Supreme Court has held that the terms of the legislative statutory scheme are part of the insurance contract. (FN7) In *Harris v. Prudential Prop. & Cas. Ins. Co.*, the Supreme Court stated that it "has struck down various exclusions in insurance policies as violative of the public policy which favors full compensation to victims of automobile accidents." (FN8) The Court in *Harris* found that such public policy considerations were not implicated in their

case and the insurer was permitted to "raise an insured's non-cooperation as a defense to liability for coverage above the statutory minimum." (FN9) Delaware law does not recognize contract provisions that limit, exclude or conflict with the legislature's statutory scheme; (FN10) however, the law has not gone so far as to state that the statute becomes integrated or incorporated into the contract, thereby allowing contractual claims for statutory violations. Given the general pleading requirements by which a complaint is reviewed, the Court finds that the complaint has alleged a contractual obligation, breach of that obligation and damages resulting from that breach. (FN11) Therefore, Counts I and II will not be dismissed from the complaint.

Nationwide's motion also requested that paragraph 85 of Plaintiff's Complaint be dismissed. (FN12) Nationwide correctly recounts that Delaware law does not generally recognize pain and suffering damages under a contract claim. (FN13) However, in *Tackett v. State Farm Fire Ins. Co.*, the Court stated that "an insured may be entitled to the recovery of punitive damages in a bad faith action if the insurer's breach is particularly egregious." (FN14) Plaintiff concedes that punitive damages are not available for an ordinary contract claim, but argues that the complaint states a viable claim for punitive damages through the allegations of bad faith breach of contract, breach of the duty of fair dealing, and statutory and common law fraud. Plaintiff argues that it is proper for a fact finder considering punitive damages to know the consequences of Nationwide's behavior including, "pain, suffering and exacerbation of injury." (FN15) The Court agrees that it is proper for the fact finder to consider the breach and its consequences when awarding punitive damages; therefore, paragraph 85 will not be dismissed or stricken from the complaint.

B. Counts III & IV: Bad Faith Breach of Contract, Breach of the Duty of Fair Dealing.

Under Delaware law, insurance companies owe a duty of good faith and fair dealing to their insureds. In *Tackett v. State Farm Fire & Casualty Ins. Co.*, the Court stated that Delaware law was aligned "with those jurisdictions which have concluded that 'there is no sound theoretical difference between a first-party insurance contract and any other contract.'" (FN16) The Court went on to state that "[w]here an insurer fails to investigate or process a claim or delays payment in bad faith, it is in breach of the implied obligations of good faith and fair dealing underlying all contractual obligations." (FN17) The standard by which the duties of good faith and fair dealing are evaluated is whether the insurance company acted with "reasonable justification" in dealing with its insureds. Therefore, for the Plaintiff to prove that Nationwide breached the duty of good faith and fair dealing, he must show that Nationwide's delay and/or denial of PIP benefits was "clearly without any reasonable justification." (FN18)

**4 Plaintiff correctly alleges in the complaint that the insurance contract in question contains an implied covenant of good faith and fair dealing. In Counts III and IV of the Complaint, Plaintiff alleges that Nationwide's breach of contract was without reasonable justification and therefore done in breach of the duty of good faith and fair dealing. Nationwide again recounts that under the terms of the insurance contract in question, there is no thirty-days provision. Without such a provision, Nationwide claims they could not have breached their implied contractual duties of good faith and fair dealing. According to the Plaintiffs, in order for Nationwide to act with reasonable justification, they must comply with § 2118B, because as noted earlier Plaintiff argues that this provision is incorporated by law into the contract. Nationwide also argues that they have a statutory right to delay and/or deny PIP benefits and that such a denial or delay is not *per se* bad faith. However, a claim for breach of the duty of good faith and fair dealing does not depend upon a *per se* violation of a statute or contract. The Court also recognizes that Nationwide's *per se* argument may be based on the lack of specificity with respect to **Crowhorn's** circumstances. Essentially, Nationwide is saying that without more specifics about **Crowhorn's** delay or denials in the payment of his PIP benefits they cannot fashion a response with affirmative defenses such as their "reasonable justifications." The Court will address the specificity of **Crowhorn's** complaint with more detail in the next section. As the duty of good faith and fair dealing are implied in every insurance contract, Counts III and IV will not be dismissed from the complaint.

C. Counts V & VI: Common Law Fraud & Consumer Fraud.

According to *Superior Court Civil Rule 9(b)*, "in all

© 2005 Thomson/West. No claim to original U.S. Govt. works.

averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity." Rule 9(b) states that the "circumstances" of the fraud must be plead with "particularity." The "circumstances" include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation as well as what he obtained thereby." (FN19) This has been called the "who, what, where, when and how" of fraud pleading. (FN20) While the circumstances of a fraud complaint must be plead with particularity, "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally." (FN21) Plaintiff's complaint alleges that Nationwide committed both common law and consumer fraud. In *Nutt v. A.C. & S.*, the Court stated that "[f]raud must be plead with sufficient particularity so that the parties may know what claims have been adjudicated. If a pleading is so vague or ambiguous as to make it difficult for a defendant to frame a responsive pleading, a more definite statement is required." (FN22) The Court in *Nutt* stated further that "[i]t may not be necessary that all evidence of fraud within the knowledge of the plaintiffs be disclosed short of discovery but it is essential that the precise theory of fraud with supporting specifics appear in the complaint."

**5 Both parties agree that *Stephenson v. Capano Development, Inc.* (FN23) contains the appropriate checklist for determining the sufficiency of a fraud complaint. According to *Stephenson*, Delaware common law requires allegations and proof of the following elements:

1) a false representation, usually of fact, made by the defendant; 2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction was taken in justifiable reliance upon the representation; and 5) damage to the plaintiff as a result of such reliance. (FN24)

Nationwide argues that Plaintiffs improperly allege fraud based upon a "silent foreknowledge" that PIP claims would be handled in violation of Delaware statutes. In addition, Nationwide claims that the fraud allegations within the complaint are merely the Plaintiff's interpretation of Nationwide policy, do not constitute sufficient particularity to allow a responsive pleading and in reality are merely a fishing expedition. Plaintiff argues that when pleading fraud, it is "necessary only to allege ultimate facts." (FN25) In *Strasburger v. Mars, Inc.*, the Court went on to state that to require more than the pleading of ultimate facts "is tantamount to saying that the evidence upon which the ultimate facts are based must also be pleaded," and this destroys "the distinction between ultimate facts, which alone must be pleaded, and the evidence and proof upon which these facts are based." (FN26) In *Strasburger*, the Court denied the motion to dismiss but noted that if the defendant cannot file a responsive pleading, the relief of Rule 12(e) is available to them. (FN27)

Comparing the fraud allegations in the complaint to the *Stephenson* standard, the Court will not dismiss the fraud counts from the complaint. First, there must be a false representation of fact. In paragraphs 92-96 the complaint alleges that the insurance contract sold by Nationwide to **Crowhorn** contained representations of fact including that "covered PIP benefits would be paid." Second, a fraud claim must allege the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth. In paragraphs 97-100 Plaintiff alleges that Nationwide's representations were false, Nationwide knew they were false, Nationwide believed they were false and Nationwide made the statements with reckless indifference to the truth. Third, a fraud claim must allege an intent to induce the plaintiff to act or to refrain from acting. In paragraph 101 Plaintiff alleges that Nationwide made the subject representation with the intent to induce **Crowhorn** (and the proposed class members) to enter into insurance contract with Nationwide and pay premiums for such insurance. Fourth, a fraud claim must allege that the plaintiff's action or inaction was taken in justifiable reliance upon the representation. In paragraphs 102-104 plaintiff alleges that he justifiably relied upon Nationwide's false representation. Fifth, a fraud claim must allege that plaintiff was damaged as a result of such reliance. In paragraph 105 the plaintiff alleges injury stemming from Nationwide's action.

**6 **Crowhorn's** complaint follows the enumerated steps required of a fraud complaint in Count V. Plaintiff claims that the common nucleus of facts alleged in paragraphs 38-56 supplies the necessary particularity which coupled with the

© 2005 Thomson/West. No claim to original U.S. Govt. works.

ultimate facts/allegations in Count V establish a proper fraud complaint. Paragraphs 38-56 allege the following: 1) "The Thirty-Day Violation," 2) "The Lost Earnings Delay," 3) "The IME Fraud," 4) "The Usual and Customary Fraud," 5) "The Precertification Fraud," 6) "The Prior Impairment Reduction," and 7) "Other Bad Practices." The complaint goes on to state the allegations which are specific to **Crowhorn** in paragraphs 59-66. Of the above enumerated list, **Crowhorn** alleges that he was submitted to all but five and six.

The difficulty faced by the Court is in balancing the requirement of ultimate facts with the particularity of circumstances required in Rule 9(b). After careful review of the Complaint, the Court finds that the Complaint meets the technical elements of a fraud claim and will not be dismissed. The remaining issue is whether a more definite statement is required under *Superior Court Rule 12(e)*. The Court believes that the complaint does not supply Nationwide with sufficient particularity to file a responsive pleading. The Complaint states broad, general allegations against Nationwide and then states that **Crowhorn** was subjected to these "systematic practices." Plaintiff may have been attempting to style the complaint in the best fashion for the proposed class action, but before any proposed class may be certified, the Court must be satisfied that **Crowhorn** himself has a complaint. Because the Plaintiff met the technical elements of a fraud claim under *Stephenson*, the fraud alleged in Counts V and VI will not be dismissed; however, the Court will require a more definite statement pursuant to Rule 12(e). (FN28)

D. Nationwide claims that no private cause of action exists for alleged statutory violations of 6 *Del. C.* § 2513.

Plaintiff's consumer fraud allegations in Count VI fall under the Prohibited Trade Practices Act or Consumer Fraud Act, specifically 6 *Del. C.* § 2513. Nationwide claims that the allegations brought by the Plaintiff under 6 *Del. C.* § 2513 do not give rise to a private cause of action. The Consumer Fraud Act states at § 2513(b) that "This section shall not apply: ... (3) To matters subject to the jurisdiction of the Public Service Commission, or of the Insurance Commissioner of this State." In *Mentis v. Delaware American Life Ins. Co.*, the Court stated that "a consumer may bring a private cause of action under the Consumer Fraud Act against an insurance company, notwithstanding § 2513(b)(3)." (FN29) Delaware common law has determined that the effect of § 2513 is to preclude the State from bringing a consumer fraud action against an insurance company; however, it does not preclude a private cause of action. (FN30) Therefore, the Plaintiff in this action may bring a private cause of action under the Consumer Fraud Act, § 2513.

**\*7** In addition, Nationwide argues that no private cause of action lies for actions based on 18 *Del. C.* § 2304. Plaintiffs responded that they are not bringing an action based on 18 *Del. C.* § 2304, and that the statute was only used for illustrative purposes in their complaint. Based on the Plaintiff's response, there is agreement that § 2304 does not support a private cause of action. The references to 18 *Del. C.* § 2304 in paragraphs 25 and 70 may remain in the complaint to the extent they do not conflict with the other requirements set forth in this opinion.

II. Motion to Strike Paragraphs of the Complaint Which Fall Under the Headings "The Insurance Commissioner's Betrayal of § 2118B" and "The Insurance Commissioner's Abrogation and Oversight."

Paragraphs 14-37 of the Plaintiff's Complaint detail the alleged role the Insurance Commissioner has played in "Betraying § 2118B" and generally in "Abrogating" her duties. These paragraphs note where the Insurance Commissioner received her campaign funds, allege that the Insurance Commissioner supplies her own definition of "bad faith" in § 2118B instead of using the one supplied by the Delaware Supreme Court, and allege that the Insurance Commissioner has abrogated her duty to convene evidentiary hearings whenever he or she has reason to believe that an insurer has engaged in any unfair or deceptive act or practice. **Crowhorn** then alleges that despite the number and persistence of consumers' complaints and the Insurance Commissioner's broad statutory powers, essentially nothing is done. Nationwide asks the Court to strike these paragraphs (14-37) from the Complaint pursuant to Superior Court Civil Rule 12(f) because they are irrelevant and inflammatory. In addition, Nationwide argues that they should not be required to litigate claims levied against the State's Department of Insurance. Essentially, Nationwide is arguing that these paragraphs are irrelevant to the complaint. Plaintiff argues that the allegations in question are an important part of their case because

© 2005 Thomson/West. No claim to original U.S. Govt. works.

they show why the regulatory provisions are failing, thereby demonstrating the necessity of the Court adjudicating their claim.

On a motion to strike under *Superior Court Civil Rule 12(f)*, "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) are traditionally disfavored. (FN31) A motion to strike "may be denied where there is no showing of prejudice to the moving party if the attacked allegations are left in the pleadings." (FN32) "Motions to strike are not favored and are granted sparingly, and then only if clearly warranted, with doubt being resolved in favor of the pleading." (FN33) As the Court in *Pack & Process, Inc. v. Celotex Corp.* recounts from *Wooley on Delaware Practice*,

[t]he Court must consider whether the pleaded matter has some relevancy to the cause of action, is directly in reply to the matter which is pleaded and is offered in support of a direct issue. Thus, "a plea which does not set out any issuable fact ... will be ordered stricken out." (FN34)

**\*\*8.** In the matter *sub judice*, the Court questions what connection can be made from the numerous allegations in the complaint against the Insurance Commissioner or the value or relevancy that can be derived from them. Paragraphs 14-37 state specific allegations which may give rise to a cause of action against the Insurance Commissioner but are not at issue in this suit against Nationwide. Therefore, in amending their complaint, Plaintiffs must either strike the allegations against the Insurance Commissioner from the complaint, or use the allegations in Paragraphs 14-37 to name the Insurance Commissioner as a defendant in the lawsuit.

III. Conclusion.

Nationwide's Motion to Dismiss is DENIED. The alternative Motion for More Definite Statement is GRANTED and also applies to paragraphs 14-37 of the complaint pertaining to the Insurance Commissioner.

IT IS SO ORDERED.

(FN1.) *Spence v. Funk*, Del.Supr., 396 A.2d 967, 968 (1978).

(FN2.) *Id.*

(FN3.) *See PBGC v. White*, 998 F.2d 1192, 1196 (3 rd Cir.1993).

(FN4.) *Twin Coach Co. v. Chance Vought Aircraft, Inc.*, Del.Super., 163 A.2d 278, 283 (1960).

(FN5.) *Moore Business Forms v. Cordant Holdings Corp.*, Del. Ch., C . A. No. 13911, Jacobs, V.C. (Nov. 2, 1995), Mem. Op. At 7.

(FN6.) "When an insurer receives a written request for payment of a claim for benefits pursuant to § 2118(a)(2) of this title, the insurer shall promptly process the claim and shall, no later than 30 days following the insurer's receipt of said written request for first-party insurance benefits and documentation that the treatment or expense is compensable pursuant to § 2118(a) of this title, make payment of the amount of claimed benefits that are due to the claimant or, if said claim is wholly or partly denied, provide the claimant with a written explanation of the reasons for such denial." 21 *Del. C.* § 2118B.

(FN7.) Plaintiffs point the Court to four cases: *Harris v. Prudential Prop. & Cas. Ins. Co.*, Del.Supr., 632 A.2d 1380 (1993); *Hudson v. State Farm Mutual Ins. Co.*, Del.Supr., 569 A.2d 1168 (1990); *Bass v. Horizon Ins. Co.*, Del.Supr., 562 A.2d 1194 (1989); *State Farm Mutual Automobile Ins. Co.*, Del.Supr., 541 A.2d 557 (1988).

(FN8.) *Harris* at 1381-1382.

(FN9.) *Id.*

(FN10.) *Harris* at 1381-1383 (holding that insurer was only liable for mandatory minimum under the statute because of insured's non-cooperation). In *Harris*, the Supreme Court summarized these opinions as follows:

In *Wagamon*, we held that a household exclusion in an automobile policy which excluded liability coverage for claims brought by certain members of the insured's family was contrary to public policy. 541 A.2d at 561. Similarly, in *Bass*, we ruled that driving under the influence (DUI) exclusion was contrary to the public policy of providing insurance regardless of fault under 21 *Del.C.* § 2118. 562

© 2005 Thomson/West. No claim to original U.S. Govt. works.

A.2d at 1198. Finally, in *Hudson*, we held that an implied exclusion for reckless or intentional conduct by the insured was contrary to the public policy underlying the Financial Responsibility Laws. 569 A.2d at 1171-72.

*Id.*

(FN11.) The Court is not, however, ruling on the actual existence of a contractual obligation based on statutory requirements. The Court expects the parties to address this legal issue in more detail as the litigation progresses.

(FN12.) **Crowhorn's** Complaint, Paragraph 85 states in part, "As a further result of Nationwide's breaches of contract, plaintiff James M. **Crowhorn** and all others similarly situated have been deprived of necessary medical care, with resulting pain and suffering and exacerbation of injury."

(FN13.) *Tackett v. State Farm Fire Ins. Co.,* Del.Supr., 653 A.2d 254, 264-265 (0995) (recounting Delaware's common law with respect to the *Hadley v. Baxendale* standard for awarding contract damages).

(FN14.) *Id.* at 265.

(FN15.) *Rowlands v. PHICO Ins. Co.,* D. Del., C.A. No. 00-477-GMS, Sleet, J., (July 27, 2000), Mem. Op. at 6-7; *Tackett* at 264-266.

**\*8** (FN16.) *Tackett* at 264.

(FN17.) *Id.*

(FN18.) *Id.* quoting from, *Casson v. Nationwide Ins. Co.,* Del.Super., 455 A.2d 361, 369 (1982).

(FN19.) *Nutt v. A.C. & S., Inc.,* Del.Super., 466 A.2d 18, 23 (1983),*quoting Autrey v. Chemtrust Industries Corp.,* D.Del., 362 F.Supp. 1085, 1092, 1093 (1973).

(FN20.) *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7 th Cir.), cert. denied, 498 U.S. 941 (1990).

(FN21.) *Superior Court Civil Rule 9(b).*

(FN22.) *Nutt v. A.C. & S.,* Del.Supr., 466 A.2d 18, 23 (1983).

(FN23.) *Stephenson v. Capano Development, Inc.,* Del.Supr., 462 A.2d 1069 (1983).

(FN24.) *Id.* at 1074.

(FN25.) *Strasburger v. Mars, Inc.,* Del.Super., 83 A.2d 101, 104 (1951).

(FN26.) *Id.*

(FN27.) *Id.*

(FN28.) The Court is requiring the Plaintiff to supply a more definite statement of the "Systematic Practices" of Nationwide through **Crowhorn's** specific circumstances. **Crowhorn's** circumstances include dates of submission and any response or lack thereof by Nationwide, etc. The complaint does not have to be detailed to the extent of discovery, but the facts surrounding **Crowhorn's** individual complaint need to be presented to the Court. If Plaintiff believes that the more general yet applicable allegations are necessary for class certification purposes, they may remain in the complaint.

(FN29.) *Mentis v. Delaware American Life Ins. Co.,* Del.Super., C.A. No. 98C-12-023, Quillen, J. (July 28, 1999), Letter Op. at 6 (citations omitted).

(FN30.) *Id.* at 7.

(FN31.) *Pack & Process, Inc. v. Celotex, Corp.,* Del.Super., 503 A .2d 646, 660 (1985).

(FN32.) *Fowler v. Mumford,* Del.Super., 102 A.2d 535, 538 (1954).

(FN33.) *Phillips v. Delaware Power and Light,* Del.Super., 194 A.2d 690 (1963).

(FN34.) *Pack & Process, Inc.* at 660.

© 2005 Thomson/West. No claim to original U.S. Govt. works.