# EXHIBIT A

1

1            IN THE UNITED STATES DISTRICT COURT

2            IN AND FOR THE DISTRICT OF DELAWARE

3                              - - -

     THOMAS A. EAMES, on behalf of
4    themselves and all others        :    CIVIL ACTION
     similarly situated; ROBERTA L.   :
5    EAMES, on behalf of themselves    :
     and all others similarly         :
6    situated; TAMMY EAMES, on behalf: 
     of themselves and all others     :
7    similarly situated;              :
                                      :
8             Plaintiffs,             :
                                      :
9        v                            :
                                      :
10   NATIONWIDE MUTUAL INSURANCE      :
     COMPANY,                         :
11                                    :
                                      :
12            Defendant.                   NO. 04-1324 (KAJ)
                              - - -

13                    Wilmington, Delaware
               Friday, August 5, 2005 at 10:00 a.m.
14                  TELEPHONE CONFERENCE

15                            - - -

16   BEFORE:        HONORABLE KENT A. JORDAN, U.S.D.C.J.

17                            - - -

     APPEARANCES:
18

19            MURPHY, SPADARO & LANDON
              BY:  JOHN S. SPADARO, ESQ.
20
                       Counsel for Plaintiffs
21

22            SWARTZ CAMPBELL, LLC
              BY:  NICHOLAS E. SKILES, ESQ.
23
                       and
24

25                              Brian P. Gaffigan
                                Registered Merit Reporter

1    complaint.  You may not like it but that doesn't make it

2    "irrelevant."  It also doesn't make it outside the bounds of

3    proper discovery.

4         So what I'm telling you is if it comes down to

5    advocacy before me on those discovery dispute, you come up

6    way short, mister -- way, way, way short.  The record that

7    looks like has developed here that is presented to me is

8    basically one where you said I'll give you the document.

9    I'll give you the contract.  Otherwise, you can drop dead

10   until my 12(b) of is decided.  That is sort of the gist of

11   the feeling or the communications that seem to be going back

12   and forth.  And I'm just trying to disabuse you of this in

13   the most direct, clear, emphatic way I possibly can.  I will

14   not tolerate that.

15        If you've got an issue with discovery, your

16   obligation is to sit down and discuss it with the other

17   side.  And if Mr. Spadaro is off-putting, he is off-putting,

18   but get past it.  And if you need to collect a batch of

19   letters and a history of anecdotes about how Mr. Spadaro is

20   over the top so he can come to me and say he is abusing the

21   process, do it and I'll hear you.  But I can tell you now,

22   both sides, if I have to spend an hour with you sorting out

23   who is more obnoxious which is what at least half this call

24   was about:  "He is bad, he is mean, he is nasty, he hit

25   first," I'm going to end up leveling sanctions at you

1          THE COURT:  All right.  You know what?

2    Mr. Spadaro, these are smart men on the other side.  And I

3    think I have been more explicit and more direct and emphatic

4    than I've had to be in a long time with counsel in any case

5    so I trust that you and they will take the import of my

6    words and manage your discovery appropriately.  Go back and

7    look at the transcript  and figure it out.  And if you guys

8    can't figure it out, at that point I think we'll be stepping

9    it up into the realm of sanctions because I am not going to

10   spend another call like this.  And I am confident that based

11   on what I have already said, people can understand and move

12   forward.

13          Now, let me hasten to add I'm not saying there

14   is going to be some automatic sanction flying around if

15   there is another call.  If there is a genuine good faith

16   dispute you can't get past because I have given you

17   statements that are more general than are needed for you to

18   really wrestle with a fine point, I'm happy to help you.

19   What I'm not happy to do is to deal with generalized stuff

20   about, no, I think that nothing should happen until my

21   dispositive motion is decided.  What I'm telling you is that

22   does not fly.  That the notion of get us the documents to

23   deal with the issues that deal with whether they think that

24   is going to be in or out of the case, at this point it's in

25   the case based upon the allegations and I'm saying come to