

Swartz Campbell LLC
1601 Market St Fl 34
Philadelphia PA 19103-2316
(voice) (215) 299-4304
(facsimile) (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
*Attorney At Law*

September 12, 2005

**BY HAND DELIVERY AND ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Judge
844 North King Street, Room 4209
Wilmington, Delaware 19801

    Re:   ***Eames v. Nationwide Mutual Insurance Company***
              **C.A. No.: 04-CV-1324 KAJ**

Dear Judge Jordan:

    This letter is submitted on behalf of Nationwide Mutual Insurance Company ("Nationwide"). We received notice that the teleconference would proceed late in the afternoon on Friday, September 9. Accordingly, this letter was prepared and submitted as soon as possible.

    Plaintiffs' September 9 letter attempts to imply that Nationwide has not taken the Court's direction during the August 5 teleconference seriously and has done little since the conference. As established below, this is simply not true.

    Plaintiffs' letter also neglects to inform the Court that Nationwide's e-discovery liaison has agreed to meet in person with Mr. Spadaro to address and attempt to resolve any remaining issues. Nationwide suggested that the parties make this effort first, and then seek assistance from the Court in connection with any remaining issues that could not be resolved by agreement. Plaintiffs nevertheless insisted on proceeding with scheduling the teleconference.

    Nationwide wants to proceed as expeditiously as possible towards having this case considered on the law and merits.[1] Nationwide respectfully suggests that the record (as discussed below) shows that Plaintiffs insist on creating unnecessary conflict, forcing the parties to engage in unnecessary and unproductive "letter writing wars," and unnecessarily seeking the Court's attention.

---

[1] Nationwide's pending dispositive motion to dismiss has now been fully briefed. A status conference is scheduled for September 27 before Judge Thynge.

## Nationwide's Efforts

Plaintiffs attempt to imply that Nationwide has made little effort since the August 5 teleconference. To the contrary, Plaintiffs' counsel has been advised of Nationwide's significant efforts. Nationwide's significant efforts include the following:

- Nationwide has appointed an e-discovery liaison, Mr. Peter Oesterling, to coordinate and manage Nationwide's discovery efforts.

- Nationwide has researched and identified more than 75 employees and independent agents whose e-mails are being searched. A list, which includes the position/title of each individual, has been provided to Plaintiffs' counsel. Nationwide has asked Plaintiffs' counsel to come forward with any additions to the list. Plaintiffs' counsel has not done so. *See* August 25 letter attached as Exhibit A.

- Expansive searches of Board Minutes and emails are being conducted. As Plaintiffs' counsel has been advised, Mr. Oesterling was unavailable last week. Plaintiffs' counsel was advised that an in-person meeting with Mr. Osterling could be scheduled upon Mr. Osterling's return the first of this week, and that further results of searches could be discussed. *See* September 8 letter attached as Exhibit B.

- Plaintiffs represent to the Court that they "still know nothing about how Nationwide creates, stores or retrieves information. This is not true. Nationwide's systems have been described in detail (and in writing) to Plaintiffs' counsel. And the search protocol and search terms that Nationwide has spent significant time and resources developing have likewise been described in detail (and in writing) to Plaintiffs' counsel. *See* August 22 letter attached as Exhibit C; September 8 letter attached as Exhibit B.

## Plaintiffs' Refusal to Cooperate

For the Court to appreciate what is actually occurring, Plaintiffs' demands must be put in context. Plaintiffs are not asking Nationwide to search for any defined documents or category of documents. Rather they ask that Nationwide broadly search for unidentified documents which, according to Plaintiffs interpretation, "characterize" PIP limits as "full." As Plaintiffs have been advised, Nationwide contends that the contractual PIP limits at issue in this case are clear and unequivocal, and does not know of any documents that Plaintiffs apparently contend exist. Nationwide is nevertheless conducting broad searches, using extremely broad search terms and criteria, which have been communicated in detail to Plaintiffs' counsel. *See* Exhibits B and C.

Given these circumstances, Nationwide has asked Plaintiffs to provide any information that they have regarding the actual or possible existence of any such documents. On August 22 Nationwide asked Plaintiffs' to provide any information they have regarding the existence of any such documents to aid in the search. *See* August 22 letter attached as Exhibit C. Plaintiffs responded that they did not have "possession" of any such documents, but provided no further information.

The Honorable [illegible]
September 12, 2005
Page 3

Nationwide asked Plaintiffs' counsel again on September 8 to advise if he knows of such a document or has seen, heard or been informed of any such documents to please provide particulars so that an appropriate search and inquiry could be made. No information has been provided.[2]

Plaintiffs also apparently assert that discovery at this point should extend beyond Delaware. The Board Minutes being searched are not limited to Delaware. It is unreasonable to expect Nationwide to conduct other searches beyond Delaware at this point. This case involves an insurance policy purchased and issued in Delaware to Delaware residents. Moreover, discovery at this point is limited to class issues. The proposed class is limited to Delaware insureds. Put simply, there is no aspect of this case that extends beyond Delaware. Plaintiffs' apparent position that discovery at this point should extend beyond Delaware is unsupported and unreasonable.

### Nationwide's Continued Efforts to Confer

As discussed above, Nationwide has a agreed to hold an in-person meeting, which Mr. Osterling of Nationwide will attend, to attempt to work through any remaining issues. Nationwide explained to Plaintiffs' counsel that Mr. Osterling would return the first of this week, and that dates could be coordinated as soon as he returned.

On September 8 Nationwide's counsel twice suggested to Plaintiffs' counsel that the meeting should be held first, and a teleconference should be scheduled with the Court only if the parties were unable to resolve any remaining issues. *See* September 8 letter attached as Exhibit B; E-mail to Mr. Spadaro attached as Exhibit D. Plaintiffs' counsel refused. *See* e-mail to Mr. Cheyney attached as Exhibit E.[3]

Mr. Oesterling of Nationwide will be available during the teleconference to address any questions the Court may have concerning Nationwide's systems and efforts as discussed above.

Respectfully submitted,

*/s/ Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (DE #3777)
Curtis P. Cheyney, III, Esquire (Pro Hac Vice)

cc: John S. Spadaro, Esq.

---

[2] Plaintiffs' September 9 letter states that "First, the characterization of PIP as "full" is nearly universal among Nationwide's insurance agents," and implies that the parties have stipulated to this. There has been no such stipulation. The transcript cited by Plaintiffs clearly shows that the parties stipulated that "in the vast majority of documents produced by insurance agents pursuant to the Eames plaintiffs' subpoenas the word "full" appears next to the term PIP. There has been no stipulation whatsoever as characterized by Plaintiffs.

[3] Additional communications between the parties are attached as Exhibit B to Plaintiffs' September 9 letter.