**EXHIBIT B**

Swartz Campbell LLC
1601 Market Street Fl 34
Philadelphia PA 19103-2316

voice (215) 299-4304
facsimile (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
*Attorney at Law*

September 8, 2005

VIA EMAIL

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE  19805

    RE:    Eames v. Nationwide Mutual Insurance Company
           Our File No.: 0547-107521

Dear Mr. Spadaro:

    We are replying to your August 24 and September 2 letters. Below are responses to the specific statements and questions raised in your letters.

    1.    You comment as follows: "You say that Nationwide estimates, on a preliminary basis, that between seventy-five and 125 persons are likely custodians of potentially relevant electronic documents. You also say that Nationwide will provide (us) with the titles of those persons 'for purposes of identifying anticipated sources for review of emails'."

    Response: You have now received the list. Please advise us if you know of any specific additional persons that you believe should be added to the list.

    2.    You comment as follows: "We are encouraged by the prospect of receiving such a list, and working with these persons to focus your search efforts."

    Response:  We assume that by this statement you did not mean to imply that you intended to contact employees of Nationwide. Please advise us if this is incorrect.

    3.    You comment as follows: "At the same time, it stands to reason that those most likely to be custodians of responsive electronic documents may also have knowledge of the existence and location of responsive paper documents. These

John S. Spadaro, Esquire
September 8, 2005
Page 2

same persons might reasonably be expected to have knowledge of the genesis of the 'full' usage that is the subject of this case. We therefore ask Nationwide to distribute to these persons, and to those who report to them, the following message: ..."

Response: A substantially similar message was previously sent to the persons on the contact list (except for the agents). We will now forward the message to the agents included on the list.

4. You comment as follows: "You ask us to confirm that Nationwide need not search policyholder-specific claim or underwriting files. I have confirmed that position on at least two prior occasions, and I do so again here."

Response: Thank you for this clarification.

5. You comment as follows: "You say that Nationwide intends to begin by first searching 'Delaware state email files and Nationwide Mutual Insurance Company Board Minutes.' We have no objection to your commencing the search effort with those two categories. But we do not agree that Nationwide can properly limit any aspect of its search to the geographic region of Delaware, unless Nationwide first confirms that it is only in Delaware that Nationwide or its agents use the modifier 'full' in connection with PIP. Our unwillingness to accept such geographic limits was explained in my August 5, 2005 e-mail, at item 6."

Response: Nationwide agrees to search electronically stored Corporate Board Minutes, with no limitation to Delaware. Nationwide will search the emails of the individuals included on the list for the period commencing from September 1, 2002 to the date of the filing of the Complaint. As you know, Nationwide contends that the modifier "full" is not used in connection with PIP coverage limits as you contend. We remain willing to further discuss this with you as necessary.

6. You comment as follows: "If I understand you correctly, you say that Nationwide will limit its search of stored e-mails (taken from back-up tapes) for the period September 2002 to the present. If Nationwide agrees to distribute our proposed message to document custodians (shown above), we will accept this limitation."

Response: Nationwide intends to conduct the email searches from September, 2002 through the date of your complaint as described above.

7. You comment as follows: "You say that Nationwide's search of current e-mail files for the identified custodians would be limited 'to the date that [our]

John S. Spadaro, Esquire
September 8, 2005
Page 3

Complaint was filed . . . .' I do not understand this proposed limitation. Are you proposing a search that ranges from the date of the complaint to the present? Or something else?"

Response: As described above, the email searches would be from September, 2002 (upon restoring available back-up tapes) through the date of the Complaint.

8.  You comment as follows: "You propose to search board minutes from the date that Delaware's PIP statute was enacted to the date of the Complaint. We accept that limitation."

Response: Nationwide is proceeding accordingly.

9.  You comment as follows: "The search terms you propose in the second paragraph of your letter are obvious ones, and include search terms that we have previously proposed. We find those search terms acceptable."

Response: Nationwide is proceeding accordingly.

10.  You comment as follows: "You ask whether (plaintiff or plaintiff's counsel) possess any generic documents relating to the characterization of PIP as "full." I can assure you that if we did, we would have already shared them with you."

Response: Thank you for your response. We understand that you do not have possession of any such documents. Please also advise us if you know of such a document or have seen, heard of or been informed that such a document exists. And if you do know of any such documents or have been informed that they exist, please provide the particulars so that we may conduct an appropriate search and inquiry.

11.  "With respect to your suggestion 'to share (rate documents) with those custodians . . . identified'."

Response: We believe that it is better to send the broader inquiry to each of the identified individuals as described above. Your suggestion may limit individuals' focus to particular documents.

12.  You ask whether Nationwide has actually produced one or more generic documents that characterize PIP as "full."

Response: The documents produced thus far speak for themselves. We do not contend that any such documents characterize PIP coverage limits as "full."

John S. Spadaro, Esquire
September 8, 2005
Page 4

13.  You comment as follows: "We therefore ask again that you attempt to identify persons with knowledge of the use of the word 'full' in connection with any aspect of PIP, in any documents related to the insurance transaction – whether or not you regard that usage as innocent, and whether or not you regard the documents themselves as part of the insurance contract. If you refuse to do this, you are deliberately shielding the information most likely to lead to the identification of responsive documents. Further motion practice will then be unavoidable."

Response: We obviously disagree with your comments and the legal merit of your advocated positions. We are not in any attempting to shield documents. Rather, we are attempting to identify, through the searches described above, all documents that meet the search protocol. The search results should reveal any such "knowledgeable" persons as you request.

14.  You comment as follows: "You ask what we mean when we speak of the term 'full' appearing in 'close proximity' to terms like 'PIP' and 'Personal Injury Protection.' By 'close proximity' we mean within the same sentence; within the same line entry; within ten words; or within fifty characters."

Response: No response necessary.

15.  You comment as follows: "In my August 16, 2005 e-mail, I requested that Nationwide ask its e-discovery liaison to explain how Nationwide's main file server was searched in the Fraser case (in which you were counsel of record for Nationwide). You have not addressed my request, except to characterize and criticize what you take to be my 'beliefs' about the Fraser case."

Response: The present search that you are asking Nationwide to do is not comparable to Fraser. It is broader and a much more vague, time-consuming and burdensome search: In Fraser, the search was not for "generic" documents, "genesis" documents, or "transaction related" documents with no specific headers and without specific, direct email identifiers. Accordingly, the Fraser search has little in common with your present demands against Nationwide. However, we wish to be cooperative. If you would like to meet with the e-liaison in Delaware or Philadelphia, I will arrange it for some convenient time. He was not involved in the Fraser matter and will require some reading to inform himself of the Fraser matter in order to respond to your likely questions. We of course expect that you understand that no privileged information will be revealed. That being said, there is no "main" server.

John S. Spadaro, Esquire
September 8, 2005
Page 5

    16.    You comment as follows: "You say that as the search proceeds, you expect to identify both 'problems and burdens' associated with the search. If and when you identify such problems and burdens, I will attempt to address them. I would emphasize, however, that claims of burden must properly be weighed against the needs of the case, the complexity of the issues, and the parties' respective resources."

    Response: If problems arise we will let you know about them and attempt to work them out by agreement.

    17.    You comment as follows: "You predict that the document search (which you have barely begun) will raise issues of confidentiality and evidentiary privilege. As noted in my August 16, 2005 message, we proposed a comprehensive confidentiality order (essentially identical to the one you and I agreed to in the <u>Crowhorn</u> case) many months ago. You refused to consider it then; will you revisit your position now?"

    Response: Nationwide agrees to a confidentiality order similar to the one used in the <u>Crowhorn</u> case. Attached is a draft for your review. Should any responsive documents be withheld pursuant to a privilege claim, we will of course provide a proper privilege log.

    18.    You comment as follows: "You say that the document search effort is 'a priority with Nationwide and also with the discovery liaison.' That is encouraging news, particularly since we have been pursuing this discovery for nearly five months. Certainly it is a priority for our side."

    Response: We do not believe a response is necessary. We do point out, however, that your comment ignores the appeal and stay period.

    In an effort to be cooperative, Nationwide's e-discovery liaison will meet in person to bring these discussions to a productive end as you request. He is out of the office, but we will provide you with proposed dates upon his return the first of next week. In the meantime, we hope you agree that further contentious correspondence and rhetoric is both unnecessary and unproductive. Board and Cabinet Minutes are being searched at this time. E-mail searches have begun; it is time-consuming, and ongoing and a not yet finished review. For the meeting you requested with Nationwide's e-liaison representative Peter Oesterling, Esquire (who is out of the office this week on business and so no firm confirmable date can now be suggested by me and no actual results of the searches to date can now be reported to you by me), it will be discussed together next week for a scheduling at both your and his first available and mutually convenient date. He then will provide more

John S. Spadaro, Esquire
September 8, 2005
Page 6

details of the search results to date. We have made reasonable and substantial progress and we continue to do so. I trust you will accept that representation and permit the process and progress to continue without the Court's intervention. If not, only September 13, 2005 of the two dates suggested and at 9:30 a.m. is available for me. The day of September 14, 2005, as you know, I will be in Dallas, Texas and unavailable.

Please provide any comments on the draft protective order so that we may submit it to the Court.

We look forward to continued meaningful progress.

Very truly yours,

SWARTZ CAMPBELL LLC

BY: _____
Curtis P. Cheyney, III

CPC/dd
Enclosure

cc: John P. Marino, Esq. (w/encl.)(via email)
Peter Oesterling, Esq. (w/encl.)(via email)
Yvonne F. Chambers, Esq. (w/encl.)(via email)
Nicholas E. Skiles, Esq. (w/encl.)(via email)