# Swartz Campbell

Swartz Campbell LLC
1601 Market Street Fl 34
Philadelphia PA 19103-2316

voice (215) 299-4304
facsimile (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
*Attorney at Law*

August 22, 2005

**VIA EMAIL and REGULAR MAIL**

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE   19805

      RE:   **Eames v. Nationwide Mutual Insurance Company**
            **Our File No.: 0547-107521**

Dear Mr. Spadaro:

     We are writing to update you on the status of Nationwide Mutual Insurance Company's ("Nationwide") discovery efforts in this case. Nationwide continues to work on compiling and completing the response information relative to the default standard, including its efforts to identify a list of most likely custodians of potentially relevant electronic documents. This list is preliminarily estimated at between 75 to 125 individuals. We will provide you with the titles of these individuals for purposes of identifying anticipated sources for review of emails.

     Nationwide utilizes IBM's Lotus Notes as its email system. It has maintained back up tapes of the system back to September 2002. It is possible that individuals may have saved their own personal emails from earlier than that date by printing them to paper, storing them in their current mail file or have archived them to a remote location (hard drive, shared drive, disc or other location). All email searches will be conducted through Lotus Notes. The search will be conducted by restoring pertinent back up tapes and combining them with a custodian's current mail file. All Board Minutes are imaged and stored in a FileNet system that is fully word searchable and are maintained by Nationwide's Office of Secretary. Both searches will be conducted for the purpose of locating documents containing the terms PIP, Personal Injury Protection, APIP, Additional Personal Injury Protection, Full, and Full Coverage. We will try to eliminate (if possible) "false positives", such as where

John S. Spadaro, Esquire
August 22, 2005
Page 2

the word "full" is included in another word, for example "fullness", "fully" and "meaningfull" (misspelled with two l's). As we identify the available electronic systems, we will also identify any reasonably anticipated problems or difficulties in connection with the anticipated searches in order to respond and to allocate Nationwide's resources for performing the search tasks within and by using the various Nationwide electronic systems. These anticipated problems and burdens include, as of now, the unavailability of readily accessible electronic documents prior to 2002 (September) and the limited availability of Nationwide's personnel and limited accesses to the means for searching. The search you are requesting includes burdens of unavailable personnel, unavailable time, excessive expense and unreasonable interference with Nationwide's business obligations utilizing electronic systems. It is estimated that to restore back up tapes and conduct email searches will take a week to ten (10) days. Restoring quarterly back up tapes through September, 2002 is very time consuming. The Board Minutes and their electronic reviews are anticipated to begin next week.

In preparation, please confirm that you accept our parameters for a search: 1) Nationwide will not search individual's claim files; 2) Nationwide will not search individual's underwriting files; but 3) Nationwide will first search Delaware state email files and Nationwide Mutual Insurance Company Board Minutes. and 4) Nationwide will limit the search to that period of time of stored emails from back up tapes to September, 2002 and current mail files of identified custodians to the date that your Complaint was filed and for Board Minutes beginning when the PIP statute of Delaware was enacted and up to the date that the Complaint was filed.

If you are presently aware of, have, or have heard of a "generic" document(s) you know or believe exists and which you seek to duplicate, please identify a person or document that does qualify as or may describe such a generic document, from any source. It is necessary that you identify any such document(s) and the source or a marker of the document(s) to aid Nationwide's search and to minimize the burdens involved. Please produce a copy of any such document(s) you know of and/or have access to and/or please advise us where you think such document(s) may be found or better described (by reference to such as the authors, the date, etc.); what are the suggested search markers and parameters for such a document that it will be disclosed in a search? If you have a copy of such a "generic" document please make a copy available as it would be not only of great assistance, but would also be in the spirit of the Federal Rules of discovery and their ultimate purpose.

Nationwide maintains documents, emails and other electronically stored documents in the ordinary course of its business. However, at present, Nationwide has no formal company-wide policy specifically addressed to the retention of emails or electronically stored documents. Manuals and guidelines are not electronic

John S. Spadaro, Esquire
August 22, 2005
Page 3

documents, but they may be found in an electronic format. They have already been searched by review of the hard copy; and there has been reported to you that no evidence was found of the word "full" in connection with discussions of PIP coverages. Minutes of the Board have not previously been subject to electronic review/search. Nationwide heretofore limited its search to the underwriting file of Mr. Eames and manuals for Delaware; Nationwide is not currently aware of any "generic" document that refers to or characterizes for any reviewer "PIP" together with the word "full" in context or as a stand-alone word that have not already been produced.

Nationwide continues to make a good faith effort to identify internal memoranda, guidelines (if any), manuals (if any) and Minutes of Board meetings (if any), that contain the phrases "PIP" and "full" within the same document. Since the company does not characterize "PIP" coverage in any policy as "full", it is difficult to identify a person who will be knowledgeable in the alleged history of Nationwide's use of "full" in connection with "PIP" as a characterization of the company's policy PIP obligation to any insured. As you are more than well aware, "full" has been used in connection with documents related to deductible/no deductible in the Delaware PIP context; the policy's Declaration page (and the policy's endorsements, if any) as well as the policy form do not use the word "full" to describe or characterize for a policy purchaser the PIP coverage limit purchased by an insured. There is therefore no date when Nationwide first considered or proposed to characterize PIP as "full" in policy-related documents; however, we will continue to subject electronically stored documents to such a word search.

We object to your reference to an "offending" practice; we object to your failure to identify what "close proximity" means when you demand a search for all internal documents wherein PIP/Personal Injury Protection and the word "full" are to be found in "close proximity". Please identify in what way, and to what statute or rule you claim the so-called practice offends providing such information may help us find documents responsive to your request. Please also advise and describe any evidence – verbal or in document form – that you have to reflect a practice of Nationwide to characterize PIP policy coverage as "full" and what "full" means as a policy term and within a policy context.

Your reference to Fraser is totally without context; and respectfully, your comment of the email review in Fraser must have been cursory and thus ill-informed when I consider your comments. You suggest, I believe, that you believe that case involved some universal search of some vast electronic storage facility. It did not. Your request for production is significantly different in that it is unlimited and without reference to author, addressee, date or understandable search protocol or document marker. As such this proposed search cannot reasonably be expected to

John S. Spadaro, Esquire
August 22, 2005
Page 4

produce other than an extremely large volume of "hits," most of which are likely to be completely irrelevant and unrelated to the issues in this case. It may therefore be necessary for a discovery master to review privileged and/or confidential business documents.

The searches described above are a priority with Nationwide and also with the discovery liaison. However, as you are aware, Nationwide has other discovery and business obligations which do not permit unlimited and immediate access to its electronic and/or human searching capabilities. Nonetheless, all reasonable efforts continue to be made to respond promptly as above indicated, unless you dictate otherwise.

Very truly yours,

SWARTZ CAMPBELL LLC

BY: _____
Curtis P. Cheyney, III

CPC/dd

cc:   John P. Marino, Esq. (via email)
      Peter Oesterling, Esq. (via email)
      Nicholas E. Skiles, Esq. (via email)