## Marino, John

| | |
|---|---|
| From: | John S Spadaro [jspadaro@msllaw.com] |
| Sent: | Friday, September 09, 2005 3:55 PM |
| To: | ccheyney@swartzcampbell.com |
| Cc: | nskiles@swartzcampbell.com; Marino, John |
| Subject: | Eames v. Nationwide; September 13 teleconference with the Court |

Curt:

We believe that the scheduled September 13 teleconference is very much needed. We have therefore confirmed the scheduling of the call for that date, beginning at 9:30 a.m. We will provide you and Mr. Skiles with the necessary dial-in information shortly.

On some related points, I'd like to note the following:

1. Your September 8, 2005 letter reads in part, "The day of September 14, 2005, as you know, I will be in Dallas, Texas and unavailable." I honestly don't know what you're talking about. I know nothing of your personal schedule, and have never communicated with you or anyone from your office regarding any trip you might make to Dallas.

The point might be a minor one but for the fact that it marks the second recent occasion on which you have claimed to have reported something to me that we never even discussed. Specifically, in your August 22 letter, you claimed to have previously reported to us the results of your search of underwriting manuals and guidelines. As I noted in my August 24 letter, no such report had ever been made to us.

My request is simply that you take a bit more care in purporting to memorialize your communications with me -- particularly those that have never taken place.

2. In my proposed form of confidentiality order, I provided for a legend that specifically references this case. Your counter-draft keeps that feature for one category of documents, but eliminates it for all other categories. I think we should have one legend that's used for all documents and document categories, wherever they are designated as confidential. The legend I propose (which I've altered to conform to your proposed legend) would read "Confidential -- Eames v. Nationwide."

It's important to include the case name in the legend because it puts people on adequate notice that the document is subject to judicial protection, and that a failure to honor that protection can lead to punitive action by the Court. Law offices are awash in documents marked with a simple "confidential" stamp, and many of these documents are neither genuinely confidential nor subject to confidentiality orders. So that legend doesn't really give people fair notice of the consequences of disclosure.

I also note that you and I agreed to a "case name" type of legend for use in the *Crowhorn v. Nationwide* confidentiality order. If Nationwide will agree to that same type of legend here, we can put the confidentiality order to bed.

3. I appreciate Nationwide's (and its e-discovery liaison's) willingness to meet in Delaware, but I'm disappointed that you've proposed no dates for that meeting. As I'm sure you know by now, our view of the meet-and-confer process is that it is taking far too long and producing far too few results. But for the moment, we have no choice but to continue waiting on Nationwide. We can't meet with ourselves, after all.

Other points raised in your September 8 letter are addressed in our letter of today to Judge Jordan. John

9/12/2005