# Murphy Spadaro & Landon
### ATTORNEYS

1011 CENTRE ROAD, SUITE 210
WILMINGTON, DELAWARE 19805

PHONE 302.472.8100
FAX 302.472.8135

302.472.8101
jspadaro@msllaw.com

September 15, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

      **RE: Eames v. Nationwide Mut. Ins. Co.**
      **C.A. No.: 04-CV-1324KAJ**

Dear Judge Jordan:

    The Eames plaintiffs respectfully join in Nationwide's request for oral argument with respect to its pending motion to dismiss. In support of that request, we offer the following observations, which we ask the Court to consider in determining the need for oral argument.

    We believe that Nationwide's reply brief converts its motion from a motion to dismiss for failure to state a claim under Rule 12(b)(6) into a motion for summary judgment under Rule 56. More specifically, Nationwide's reply says that documents that have come to light thus far reflect its insurance agent's characterization of PIP as "full" only after the placement of the Eames's insurance policy, and not in documents that are contemporaneous with the policy's placement. From this it argues, not that no claim has been ***pled***, but that no claim can be ***proved***.[1]

    If required to meet Nationwide's argument, we will need to secure discovery from the insurance agent that sold the policy to Mr. and Mrs. Eames. We may also need to secure deposition testimony from the insurance agent, and/or affidavit testimony from the Eameses. Of course, none of this is necessary if the Court adheres to the time-honored standards for deciding a motion to dismiss (because those standards take the complaint's allegations as true, and the complaint alleges that the offending representation was made in the policy itself). But if the Court is inclined to credit Nationwide's arguments, its motion becomes one for summary judgment; and the Eames plaintiffs would then seek to continue the motion under Rule 56(f).[2]

---

[1] In the Eames plaintiffs' answering brief we showed that the complaint directly alleges that the "full" characterization was employed within the insurance contract itself. Nationwide's reply brief does not deny that this allegation appears in the complaint.

[2] Rule 56(f) allows for the continuance of a summary judgment motion where the nonmoving party demonstrates the need for further discovery on facts needed to oppose the motion.

123969

The Hon. Kent A. Jordan
September 15, 2005
Page 2

---

      In short, oral argument would greatly assist in clarifying the nature of Nationwide's motion, and the possible need for discovery under Rule 56(f). It would also assist in clarifying whether Nationwide's conversion of its motion to one for summary judgment requires that it be deferred to the "merits" phase of the case.

      We appreciate the Court's consideration of this request.

                                        Respectfully,

                                        /s/ John S. Spadaro

                                        John S. Spadaro

JSS/slr
cc: Curtis P. Cheyney, III, Esq. (by electronic filing)

123969

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-CV-1324KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

                                              MURPHY SPADARO & LANDON

                                              /s/ John S. Spadaro
                                              John S. Spadaro, No. 3155
                                              1011 Centre Road, Suite 210
                                              Wilmington, DE 19805
                                              (302) 472-8100

                                              Attorneys for plaintiffs
September 15, 2005                        Thomas A. Eames, Roberta L. Eames and
                                              Tammy Eames (on behalf of themselves and
                                              all others similarly situated)

124019