# EXHIBIT E

### John S Spadaro

**From:** "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
**To:** "John S Spadaro" <jspadaro@msllaw.com>
**Sent:** Thursday, May 12, 2005 2:50 PM
**Subject:** RE: Eames v. Nationwide; Nationwide's responses to document requests

John, I have forwarded your request to NW's counsel and suggested a substantive responce. If possible and feasable, can you suggest a protocol for a document sweep? What word order or phrase might you suggest. I don't want to go through everyPIP, MedPay, BUIM and feret out any off hand comment by an adjuster that might use "full" referring to the available PIP limit stated in the policy while considering a claim and making a claim log entry; after-all, no claim adjusters comment has relevance to the insureds state of mind when purchasing the policy. Curt


**From:** John S Spadaro [mailto:jspadaro@msllaw.com]
**Sent:** Wednesday, May 11, 2005 2:25 PM
**To:** Curtis P. Cheyney
**Cc:** Nicholas E. Skiles
**Subject:** Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

In Nationwide's responses to the Eames plaintiffs' document requests, Nationwide interposes a general objection to the effect that Nationwide's characterization of PIP limits as "full", or its discussion of that characterization, is relevant and discoverable only to the extent that it appears in an insurance contract. We disagree; but for present purposes, I'd like to determine whether the disagreement is one of substance.

Suppose, for example, that Nationwide possessed an internal memorandum or minutes from a board meeting, and a characterization of PIP limits as "full" appeared in that document. Nationwide's objection might mean that notwithstanding its response to Request Nos. 1 and 2 -- that it is "currently unaware of any other documents that legally characterize the PIP policy limits" -- Nationwide has never searched for our hypothetical document, simply because it doesn't regard them as "legally characterizing" PIP limits (whatever that means). Or it might mean that Nationwide is aware of our hypothetical document, but is neither producing nor identifying it, because it doesn't meet Nationwide's criterion for being a "legal characterization".

Before we seek relief from the Court, I ask you to clarify the matter by answering three simple questions:

1. In responding to our document requests, has Nationwide searched all documents in its possession, custody or control that might reasonably be expected to contain characterizations of PIP limits as "full", including internal memoranda, guidelines and manuals, and minutes of board meetings?

2. Conversely, has Nationwide limited its search to insurance policies?

3. Is Nationwide aware of any documents in its possession, custody or control that do not consist of insurance policies or parts of insurance policies, but do characterize PIP limits as "full"?

In light of the compressed discovery schedule for class certification issues, I ask for your prompt response. Thank you. John Spadaro