# EXHIBIT K

00071306.DOC

Swartz Campbell LLC
1601 Market St Fl 34
Philadelphia PA 19103-2316

(voice) (215) 299-4304
(facsimile) (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
Attorney At Law

August 4, 2005

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

RE:   **Eames v. Nationwide Mutual Insurance Company**
      C.A. No.: 04-CV-1324KAJ

Dear Judge Jordan:

In anticipation of the August 5th telephone conference and in response to the May 13, 2005 letter by counsel for the plaintiff, John Spadaro, Esquire regarding a reported discovery dispute, please allow us to respond on behalf of the defendant, Nationwide Mutual Insurance Company, as follows:

1.   Nationwide has responded to plaintiff's Interrogatories and Requests to Produce, and there is no Motion pending. No new discovery or modified interrogatories have been served upon Nationwide. Further, there is no support for any discovery dispute, including a dispute that any relevant policy documents of coverage for the Eames PIP policy limits have not been supplied (plaintiff has received all documents of Nationwide that legally and contractually characterize the PIP coverages purchased by the Eames policy).

2.   No electronic discovery transmission is required within the context of the present discovery responses of Nationwide; and the Default Protocol to identify a liaison is not relevant at this time.

3.   Plaintiff's discovery should be abated until the plaintiff responds to and the Court resolves defendant's Motion to Dismiss which has been outstanding for more than nine (9) months. The Motion will resolve the meaning, if any, of the word "full" in the context of plaintiff's policy

(plaintiff has not even filed an Answer to the Motion) and plaintiff's discovery and defendant's responses.

4. The discovery responses of Nationwide reflect the pre-certification status of this litigation and the vague, ill-defined nature of the discovery initiatives which are not limited to the state of Delaware, to plaintiff's policy or to any time-frame or description of documents (i.e., claims, e-mail, agency, underwriting, etc.).

5. Plaintiff should not be permitted to redefine discovery requests through the medium of a letter to the Court suggesting a dispute that requires Nationwide to prove a negative-that there are no generic or other electronic documents created or stored that reflect or characterize the legally enforceable PIP limits of plaintiff's policy, according to Nationwide.

Before plaintiff served discovery, there were no discussions between counsel for electronic discovery responses. As we understand, the only issues for this conference are whether Nationwide has reasonably answered plaintiff's vague and ill-defined discovery and whether Nationwide failed to adhere to the default protocol for electronic discovery where there is no electronic discovery responses at issue (Nationwide contends such is not applicable).

Nationwide objects to the contention that some hypothetical, generic documents, extrinsic to the policy, is a search parameter required of them for them to perform an exhaustive and costly search for hypothetically existing documents, whether or not relating to plaintiff or some other policyholder, or some other state's PIP policy. It could include documents in a non-sale context such as a claims context –post sale/purchase, (from the earliest date to the present, even after the suit was filed, or before plaintiff was a policyholder), even if not related to the policy.

No motion has been filed to set aside Nationwide's objections to the broad, vague, unlimited scope of the discovery. Further, there is no reference in the Complaint to a document of the Nationwide policy that legally characterizes the plaintiff's policy PIP limits as "full", that has not been produced or referenced. Only a potential for a hypothetical document is suggested by plaintiff's letter to the Court.

Plaintiff's definition in his discovery uses language that suggests a request for non-relevant documents existing in any electronic format. Nationwide has answered with reference to only relevant policy (2003) documents based upon the Complaint, the pre-certification status of the suit and plaintiff's standing to now present only his own claim as one that can survive defendant's F.R.C.P. Rule 12 Motion to Dismiss. The current scheduling order regards as a priority the class issues of the plaintiff's standing to present a claim for himself that is typical and based on common facts of law; it is be resolved before merits issues are to be discovered of other putative class members. The 2003 Eames policy documents relating to the issuance of the Eames

2

policy, all potential documents referenced on the Declarations page, have been the subject of our search and have been produced; to the extent the policy exists in electronic format, that has been copied and provided to plaintiff in hard-copy.

Generally speaking the Federal Courts use the expression "electronic discovery" to refer to the method of production of discovery, not necessarily to the form the documents are created or stored. Electronic discovery refers to the production of documents on disk (regardless of whether they started off on paper or disk). Nationwide has produced in paper format all relevant documents to the policy's claims of the Eames and there are no specific references by plaintiff in his letter/Motion to any policy document not properly produced.

The plaintiff argues that our position regarding objection to the discovery should be abated because they require the Court to predetermine a merit issue as to the definition of the word "full" (what he refers to as our demand for an *a priori* determination of the legal meaning of the word "full"- which word does not exist in plaintiff's contract). However, discovery, as presented and discussed in the letter/Motion, requires the Court to first make a judicial determination about what "full" means as respects plaintiff's 2003 policy and the Complaint before any relevancy determination of discovery demands or responses can be made. Plaintiff has not defined "full"; counsel allows it to be up-in-the-air and vague, without reference to either Delaware PIP law or plaintiff's policy. That is the object of defendant's Motion to Dismiss, a procedure that can be dispositive of the claims and discovery.

If plaintiff intends "full" to mean full in terms of time (all medical billing discovery for the two years of required coverage) or the top amount of coverage offered/available by Nationwide in Delaware at the time of the plaintiff's policy, it is not so defined in the discovery to be either setting (time or amount); we do not concede such definitions. The word "full" is not a policy term and does not mean that Nationwide's policy limit or Declarations page references to PIP policy limits is meaningless or superceded by some other document which is extrinsic to the policy contract. The Declarations page of plaintiff's policy does not contain the word "full" but rather refers the purchasing policyholder to "the policy", and the policy terms specifically detail the PIP limits ($15,000/30,000) for Mr. Eames. To not define the word "full" in discovery is to leave to Nationwide its good faith interpretation of the word as a search not for extrinsic documents to the plaintiff's policy but to the policy which the Complaint refers to as the policy at issue for a breach of contract claim. Such analysis by Nationwide is not an impermissible act nor is it a predetermination of the merits of the plaintiff's claim. It simply is the basis which reflects Nationwide's responses. Nor does it give rise to a discovery dispute. To refuse Nationwide the right to interpret the vague discovery request is to prejudice the Defendant to assume the plaintiff's subjective views.

The whole purpose of Nationwide's Motion to Dismiss, which has been ignored and passed over by plaintiff throughout this process, is for the Court to consider the word in the context of the pled claims, including the predicate for all other claims of

3

the Complaint, the breach of contract claim. Then and thereafter a decision on relevance of discovery and responses to discovery can be made; such a determination cannot be made without limitations of the word "full".

The Rules so provide for a Motion to Dismiss to test the legal sufficiency of the Complaint as a matter of first legal defense business; if plaintiff has no cause of action, then the discovery and/or default protocol issues are moot. The word "full" is just a word plaintiff has picked up from a document extrinsic to the policy; it is not a part of the policy. Nationwide's position is that "full" as used in a Delaware Disclosure Statement for potential policyholders choosing PIP coverage and other coverages is a document extrinsic to the policy; it is not cited by the plaintiffs in the Complaint. Even though it refers to coverage choices - it is a choice/option document used before the policy is issued, when one purchases PIP coverage - it is not part of the policy. Whatever the word "full" means to plaintiff from that document or any other extrinsic (to the policy) document, requires a predetermination by the Court as to whether such a subjective meaning has any relevance to the contract. Only then can anyone determine whether plaintiffs discovery request is a request for reasonable and relevant documents or a fishing request for "all documents" whenever, wherever found in any and all possible electronic systems, from any state, at whatever cost to Nationwide to find a piece of paper or report (or that none exist) which contain the word "full" and also, whether or not related to any policy of plaintiff, or to a common topic, the word PIP is also to be found in that same document (of whatever the length or number of subjects or pages referenced).

This is a fishing expedition for documents that have no relation to plaintiffs purchase of PIP coverage and Nationwide's legal contract duties to provide the PIP coverages. There are no documents beyond the policy and its Declarations page that legally characterize the PIP coverage of the Eames' policy. The responses to plaintiffs discovery are appropriate for the inappropriate and vague discovery. Nationwide has no obligation other than to respond to the discovery with responses that are reasonable and relevant to the causes of action pled.

Plaintiffs discovery request asked for all documents which were created or stored electronically and contain, anywhere within such document or related documents of whatever length of pages or subjects, the word "full" and also the words/letters "PIP". The Rules do not require that we search all systems for all electronically stored documents within which are two words, letters or phrases co-existing or to prove the negative (i.e., that none such exist which also relate to plaintiffs contract for PIP coverages Nationwide sold to plaintiff).

Plaintiff has not asked for materials or responses to be produced in electronic format; and so we are not required nor able to appoint at Nationwide an e-discovery liaison. Depending on what documents and systems are to be searched, and what employees need to be assigned (and depending on what plaintiff convinces the Court we are required to view and search or otherwise examine), the relevant and/or necessary software, hardware and personnel will vary. That variance could affect

4

who is an appropriate liaison. Plaintiff's request is without bounds to time, scope or description of documents for a review; there is no limit to time. There is no limit as to the scope, whether claim files for plaintiff or for any and all claimants or insureds from any Delaware file or other state's files; are such to be included in a reasonable search? Storage facilities and hardware vary as well as software requirements for such document sweeps of unbounded dimensions. To search and/or retrieve all such documents from different systems, and to then supply them in electronic format is to prejudice the defendant in time and resource allocation with a corresponding disruption from its regular business.

According to the default standard for discovery of electronic documents, the default standard is in place when the parties conduct e-discovery on a consensual basis. E-discovery was not discussed at the 26(f) conference or the Rule 16 scheduling conference. The plaintiff did not request or exchange information of the Default Standard as referred to in sub-paragraph 2 of the Protocol. The liaison request is for a person who exists for the purposes of promoting communication and cooperation between the parties when e-discovery requests and responses are to be made. Plaintiff has not specifically identified electronic searches for discovery for relevant electronically stored documents.

Accordingly, we do not believe that there is any discovery dispute at the present time and further, there is no need to appoint a liaison for discovery responses.

Respectfully yours,

SWARTZ CAMPBELL, LLC

/S/ Nicholas E. Skiles, Esquire
Nicholas E. Skiles, Esquire (DE I.D. #3777)
Curtis P. Cheyney, III, Esquire

CPC/dd

cc:   John S. Spadaro, Esquire
      (via facsimile #302-472-8135)

      Robert Leoni, Esquire
      (via facsimile #302-454-7437)

5