# EXHIBIT O

## John S Spadaro

**From:** "John S Spadaro" <jspadaro@msllaw.com>
**To:** "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
**Cc:** <nskiles@swartzcampbell.com>; <jmarino@fowlerwhite.com>; "Philip T. Edwards" <pedwards@msllaw.com>
**Sent:** Thursday, September 22, 2005 11:17 AM
**Subject:** Re: Eames vs. Nationwide; preparation for October 3 meeting

Curt:

Thank you for confirming the date, time and attendees for our upcoming meeting with respect to Nationwide's responses to the Eames plaintiffs' document requests.

Let me respond to the questions raised in your September 21 letter.

First, you ask (or in your words, "ask again") that we advise you of any particular documents that we are seeking, and the source of such documents. It is a remarkable question. That is, we served Nationwide with our initial document requests in April. Those requests plainly sought documents that refer to or characterize PIP as "full", along with documents that refer to the practice of employing the "full" usage. Nationwide's objections to the request did not claim vagueness or ambiguity.

We wrote to Nationwide repeatedly in an effort to compromise its objections. We moved to compel (in letter form, as required by the Court's procedures for discovery disputes) in May. A lengthy teleconference with the Court followed. We wrote to Nationwide several times more, before requesting a second teleconference with the Court.

In the course of these letters and teleconferences we have explained the nature of our requests repeatedly -- and always consistently. For example, in my August 5 message I referred to documents that might "clearly spell out the genesis of the 'full' usage." In my August 24 letter I asked you to distribute to certain Nationwide personnel a request for "documents that use the word 'full' in connection with PIP, or that refer to that usage."

So although it isn't possible that Nationwide can credibly claim ignorance of the nature of the request, I'll indulge your question by stating (yet again) that we seek documents that refer or relate to the disputed practice -- the disputed practice being the use of the modifier "full" to describe any aspect of PIP, in documents shared with the purchaser of the policy at or near the time the policy is purchased. Documents that refer to the genesis of this practice are of particular interest to us.

I believe such documents exist because the practice exists; because it is employed, apparently, by all of Nationwide's insurance agents in Delaware; because it appears to be unique to Nationwide among the state's auto insurers; and because (therefore) it must logically be an advised and deliberate practice. Deliberate business practices tend to be reflected in business records.

In addition, Nationwide has never completed its search for such documents, and thus has not said (nor can say, at this juncture) that such documents do not exist.

As to the sources of such documents, I expect Nationwide personnel to be such sources, since the documents we're seeking are Nationwide's documents. If I knew who in Nationwide had the documents I would tell you. Unfortunately, I don't know Nationwide's personnel. I'm hoping that Nationwide does.

I don't read your question to be asking us to identify any specific memo, letter, e-mail or other document, since I answered that question in my August 24 letter: we've already produced every document we possess, control or have knowledge of with respect to this practice, other than the documents already produced by Mr. Leoni's clients (which you have).

In any event, I hope you feel that your question has been answered.

As to the attendees, I believe that Judge Jordan's instructions at the September 13 teleconference require wider

participation by Nationwide than you suggest. I ask you to review your notes (or the transcript) on that point, and undertake to comply with the Court's instructions in that regard. John

----- Original Message -----

**From:** Curtis P. Cheyney
**To:** John S. Spadaro, Esq.
**Cc:** Marino, John ; OESTERP@Nationwide.com ; CHAMBEY@Nationwide.com ; Sandy Wetzel ; Nicholas E. Skiles
**Sent:** Wednesday, September 21, 2005 4:47 PM
**Subject:** Eames vs. Nationwide

Dear Mr. Spadaro:

Please see the attached letter. If you have any questions, do not hesitate to contact me.

Curt

---------------------------------

Curtis P. Cheyney, III
Swartz Campbell LLC
1601 Market St Fl 34
Philadelphia PA 19103

(215) 299-4304 (voice)
(215) 299-4301 (facsimile)
ccheyney@swartzcampbell.com
http://www.swartzcampbell.com/

[illegible]