# EXHIBIT P

## John S Spadaro

| | |
|---|---|
| **From:** | "John S Spadaro" <jspadaro@msllaw.com> |
| **To:** | "Curtis P. Cheyney" <ccheyney@swartzcampbell.com> |
| **Cc:** | <nskiles@swartzcampbell.com> |
| **Sent:** | Friday, September 16, 2005 9:59 AM |
| **Subject:** | Re: Eames v. Nationwide; proposed dates for in-person meeting on e-discovery issues |

Curt:

I ask again that you confirm the start time for our September 23 meeting in my office, and advise me of who will attend.

In order to maximize the prospects for a meaningful exchange, I ask that Nationwide be prepared to address the following questions and proposals at our meeting:

1. Will Nationwide agree to make a good-faith attempt to identify the persons most knowledgeable of the genesis and history of the practice in question -- that is, the use by Nationwide's insurance agents of the modifier "full" in characterizing PIP (or any aspect of PIP) within "rate quotes", memoranda of insurance and other documents?

2. Will Nationwide agree to distribute our "document search message" (set forth at page 2 of my August 24, 2005 letter), not only to its proposed list of custodians but also to the persons to whom they report?

3. How was the document search conducted in the Fraser case?

4. What document management systems does Nationwide use? How if at all are they searchable?

5. What document management systems do Nationwide's insurance agents in Delaware use? How if at all are they searchable?

6. Are there occasions when Nationwide's management issues instructions, guidance or suggestions to its insurance agents regarding the content or form of documents to be used in the sale of auto insurance products? If so, from whom do those instructions, etc. typically come? In cases where the instructions, etc. are in writing, how and where are they stored?

7. Are there occasions when Nationwide's management issues instructions, etc. to its underwriting staff regarding the form or content of documents to be used in the sale of auto insurance products? What persons would typically be involved in such an exchange? How and where would records of such an exchange be found?

8. How are form underwriting documents for auto products developed? Who at Nationwide would be a likely custodian for such documents? How and where would records of such activity be found?

9. Does Nationwide have a central file server?  If so, how is it searchable?

If Nationwide can address these questions in a meaningful way, the September 23 meeting is bound to be productive.  Thank you.  John

----- Original Message -----
From: "John S Spadaro" <jspadaro@msllaw.com>
To: "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
Cc: <nskiles@swartzcampbell.com>
Sent: Monday, September 12, 2005 2:20 PM
Subject: Re: Eames v. Nationwide; proposed dates for in-person meeting on e-discovery issues


> Curt:
>
> September 23 in my office will work, preferably in the a.m.  Please
> confirm the details (time, attendees, etc.) when you can.
>
> Simply as a point of order, I note that the specific dates you mention
> (the 23rd and 28th) were never before proposed by Nationwide.  The wording
> of your message can be read to suggest otherwise, but until now, our side
> was the only one to propose specific dates for our in-person meeting.
> John
>
>
> ----- Original Message -----
> From: "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
> To: "John S Spadaro" <jspadaro@msllaw.com>
> Sent: Monday, September 12, 2005 2:15 PM
> Subject: RE: Eames v. Nationwide
>
>
>> John, thanks for your note. As I indicated last week, Mr. Oesterling
>> will be available to meet with you on either the 23rd or 28th of this
>> month. Should those dates not work well for you then please suggest
>> dates in early Oct. Curt
>>
>>
>> -----Original Message-----
>> From: John S Spadaro [mailto:jspadaro@msllaw.com]
>> Sent: Monday, September 12, 2005 9:20 AM
>> To: Curtis P. Cheyney
>> Cc: Nicholas E. Skiles
>> Subject: Fw: Eames v. Nationwide
>>
>> Curt:
>> I'm not sure that Mr. Oesterling intended his message for me.  If not,
>> you might wish to caution him against clicking on "reply all" when
>> dealing with our e-mail exchanges.  John
>>

>> ----- Original Message -----
>> From: <OESTERP@Nationwide.com>
>> To: "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
>> Cc: <CHAMBEY@Nationwide.com>; "Marino, John" <jmarino@fowlerwhite.com>;
>> "John S. Spadaro, Esq." <jspadaro@msllaw.com>; "Nicholas E. Skiles"
>> <nskiles@swartzcampbell.com>; <WETZELS@Nationwide.com>
>> Sent: Monday, September 12, 2005 9:15 AM
>> Subject: Re: Eames v. Nationwide
>>
>>
>>> Curt, please start cc'ing Sandra as well. Thanks
>>>
>>>
>>>
>>>            "Curtis P.
>>>            Cheyney"
>>>            <ccheyney@sw
>> From
>>>            artzcampbell      "Curtis P. Cheyney"
>>>            .com>             <ccheyney@swartzcampbell.com>
>>>
>> To
>>>                              "John S. Spadaro, Esq."
>>>                              <jspadaro@msllaw.com>
>>>
>> cc
>>>            09/08/2005        "Marino, John"
>>>            02:33 PM          <jmarino@fowlerwhite.com>,
>>>                              <OESTERP@Nationwide.com>,
>>>                              <CHAMBEY@Nationwide.com>,
>>>                              "Nicholas E. Skiles"
>>>                              <nskiles@swartzcampbell.com>
>>>
>> Subject
>>>                              Eames v. Nationwide
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>> Dear Mr. Spadaro:
>>>
>>>    Please see my attached letter regarding the above matter with
>>> enclosure.  If you have any questions, please do not hesitate to
>>> contact me.
>>>

>>>
>>> Curt
>>>
>>> ------------------------------
>>> Curtis P. Cheyney, III
>>> Swartz Campbell LLC
>>> 1601 Market St Fl 34
>>> Philadelphia PA 19103
>>>
>>> (215) 299-4304 (voice)
>>> (215) 299-4301 (facsimile)
>>> ccheyney@swartzcampbell.com
>>> http://www.swartzcampbell.com/
>>>
>>>
>>> ------------------------------
>>> This electronic material, any attachments hereto and the information
>>> contained herein is intended only for the use of the individual or
>>> entity to which it is addressed and may contain information that is
>>> privileged, confidential and exempt from disclosure. If the reader of
>>> this message is not the intended recipient or any employee or agent
>>> responsible for delivering the message to the intended recipient, you
>>> are hereby notified that any dissemination, distribution or copying of
>>
>>> this communication is strictly prohibited. If you have received this
>>> communication in error, please notify Swartz Campbell LLC immediately
>>> at (215) 564-5190 and return the original message to us by email.
>>> Thank you.(See attached file: C email letter to John
>> Spadaro.Eames.9-08-05.dd.doc)(See attached file: P Stip.
>>> Protective Order-Eames.9-08-05.doc)
>>>
>>>
>>
>>
>