# Murphy Spadaro & Landon
ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

November 1, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

      **RE: Eames v. Nationwide Mut. Ins. Co.**
          **C.A. No.: 04-CV-1324KAJ**

Dear Judge Jordan:

      Pursuant to Paragraph 7 of the March 28, 2005 Scheduling Order, the parties respectfully submit this joint Interim Status Report.

      This proposed class action involves issues of Personal Injury Protection (or "PIP") coverage under 21 Del. C. §2118B. The Eames plaintiffs, proposed class representatives, contend that Nationwide represents within its Delaware auto policies that insureds enjoy "full" limits of liability for PIP, when Nationwide in fact contends that those policies provide just minimum statutory limits of $15,000 per person and $30,000 per accident. In the alternative, the Eames plaintiffs contend that Nationwide's representations are actionable regardless of whether they are part of the insurance contract. The Eames plaintiffs further contend that the disputed representations are made on Nationwide's behalf through its Delaware insurance agents.

      On the basis of these allegations, the Eames plaintiffs have pled counts for declaratory judgment, breach of contract, bad faith breach of contract, consumer fraud and civil conspiracy. They seek compensatory and punitive damages.

      Nationwide contends that it has not characterized and does not characterize Delaware PIP limits as "full." Nationwide also contends that policy provisions in the Eames plaintiffs' policy, and which set forth the limits of liability for PIP coverage, unambiguously provide for the statutory minimum limits of $15,000 per person and $30,000 per accident. Nationwide further contends that the disputed representations do not appear in any insurance contract issued by Nationwide, and so cannot be a basis for relief.

      Nationwide denies the Eames plaintiffs' claims for relief, and denies that they are entitled to damages.

125492

The Hon. Kent A. Jordan
November 1, 2005
Page 2

There are four pending matters in issue. They include:

1. Nationwide's motion to dismiss.

2. The Eames plaintiffs' motion to compel and for sanctions with respect to their initial document requests.

3. Disputes surrounding the Eames plaintiffs' initial interrogatories and Nationwide's responses thereto.

4. Disputes surrounding the Eames plaintiffs' second set of document requests and Nationwide's responses thereto.

### Nationwide's Motion to Dismiss

Nationwide filed its motion to dismiss the complaint under Rule 12(b)(6) on October 6, 2004. Briefing on this motion has concluded, and the Court has scheduled oral argument for Tuesday, November 8, 2005 at 9:00 a.m.

### Eames Plaintiffs' Motion to Compel and for Sanctions

On October 26, 2005 the Eames plaintiffs filed their motion to compel and for sanctions with respect to their initial document requests (and Nationwide's responses thereto). This motion has been presented to Special Discovery Master James W. Semple. Briefing on this motion is still in progress.

### Other Discovery Disputes

Nationwide recently served responses to the Eames plaintiffs' initial interrogatories and second set of document requests. Disputes have arisen regarding this discovery and Nationwide's responses to it; and the parties are conferring regarding those disputes. If the parties are unable to resolve those disputes, they will be presented promptly to the SDM for decision.

The parties are available to address any questions regarding this report.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/dam
cc: Curtis P. Cheyney, III, Esq. (by electronic filing)

125492