**5**

Swartz Campbell LLC
1601 Market Street Fl 34
Philadelphia PA 19103-2316

voice (215) 299-4304
facsimile (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

**Curtis P. Cheyney, III**
*Attorney at Law*

October 17, 2005

**VIA EMAIL**

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE   19805

       RE:   **Eames v. Nationwide Mutual Insurance Company**
              **Our File No.:  0547-107521**

Dear Mr. Spadaro:

      We are replying to your October 3, 2005 letter. Mr Oesterling met with you as you requested. He responded to all of your questions and provided the information that you requested. He further agreed to "follow up" on certain matters as you requested. We therefore do not understand your comment that you "regret that the meeting was not more productive."

      As you are aware, this case involves an insurance policy purchased and issued in Delaware to Delaware residents. The subject accident occurred in Delaware. The disputed PIP coverage was paid in Delaware, and is governed by Delaware law. Moreover, the Court's Scheduling Order limits discovery at this stage to class certification issues. The proposed class in this case is limited to Delaware insureds. The proper focus of discovery is therefore obviously Delaware. Given the nature of and issues in this case, as well as the proper scope of discovery at this stage as defined by the Court, we fail to see how you could reasonably contend that the searches (that have been outlined in detail to you and the Court) are "designed for failure."

      Nevertheless, your characterizations to a "Delaware – specific search" limited to "Delaware specific sources" are misleading. You have been provided with the list of persons from whom responsive documents have been sought and whose emails have been searched. As you have been advised, the duties of several of the Nationwide employees on the list are not limited to Delaware. Moreover, the search for Board Minutes that you requested, and was conducted, was not limited to Delaware. We have asked that you come forward with any specific individuals that you feel should be added to the list. You have not done so. We again make this request.

John S. Spadaro, Esquire
October 17, 2005
Page 2


Your reference to a "two-year search beginning in 2002" is similarly misleading. As you are aware, the search for any responsive documents was not limited to this time frame. Rather, due to the system constraints that have been outlined for you, the search for emails can not extend further back than September 2002. We have asked that you indentify any specific responsive documents, or any specific document sources, that you believe to exist. You have not done so. We again make this request.

With regard to you inquiry regarding the search of board minutes, the search encompassed a start date of January 1, 1973. Other matters addressed in your letter are the subject of interrogatories that your clients recently served. Nationwide will timely provide its responses.

Mr. Oesterling is following up on the additional matters that you requested that he address during the meeting. We will inform you of the results of his inquiries.

We respectfully disagree with your characterizations as to both "Nationwide's approach" and the timing of Nationwide's discovery efforts. As you are well aware, the case was stayed while the jurisdictional issue was before the Third Circuit. Nationwide's significant efforts have been fully outlined for both you and the Court. With all due respect, your refusal to cooperate, as well as your continually expanding demands, has made the process much more difficult and time consuming than it should be. The parties' focus should be proceeding to have this case determined on its merits as quickly as possible, not on creating unnecessary disputes and conflict and engaging in unproductive "letter writing wars." Nevertheless, Nationwide will continue to proceed in good faith as previously outlined and will remain cooperative. We will further discuss reasonable time frames with you and Mr. Semple.

> Very truly yours,
>
> SWARTZ CAMPBELL LLC
>
>
> BY: _____
>     Curtis P. Cheyney, III

CPC/

cc:    John P. Marino, Esq. (via email)
        Peter Oesterling, Esq. (via email)
        Nicholas E. Skiles, Esq. (via email)

2364488

Swartz Campbell LLC
1601 Market Street Fl 34
Philadelphia PA 19103-2316

voice (215) 299-4304
facsimile (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

**Curtis P. Cheyney, III**
*Attorney at Law*

September 21, 2005

**VIA EMAIL**

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE   19805

    RE:   **Eames v. Nationwide Mutual Insurance Company**
            **Our File No.: 0547-107521**

Dear Mr. Spadaro:

    Thank you for your cooperation in rescheduling the discovery meeting due to the death in Mr. Oesterling's family. Your email from yesterday indicated that you could be available on September 26, October 3 or October 7. October 3 works for us. We will therefore plan on arriving at your office at approximately 9:00 a.m. on Monday, October 3.

    Peter Oesterling, John Marino and I will attend the meeting for Nationwide. Please advise us of who will be attending for Plaintiffs. As we are sure you recognize, this will be an informal meeting in an effort to share available information and work through remaining discovery issues as directed by the Court. Accordingly, no comments or statements should be recorded or otherwise transcribed.

    We will be prepared to discuss the questions and issues raised in your September 16 email with you during the meeting. In order to make the meeting more productive and so that we can be properly prepared, we again ask that you advise us of any particular documents that you may be seeking, and/or the sources of any such particular documents, of which you have been informed or otherwise believe to exist.

John S. Spadaro, Esquire
September 21, 2005
Page 2

We look forward to a productive meeting on October 3.

Very truly yours,

SWARTZ CAMPBELL LLC

BY: _____
    Curtis P. Cheyney, III

CPC/dd

cc:    John P. Marino, Esq. (via email)
       Peter Oesterling, Esq. (via email)
       Yvonne F. Chambers, Esq. (via email)
       Sandy Wetzel, Esq. (via email)
       Nicholas E. Skiles, Esq. (via email)