# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

November 7, 2005

**BY ELECTRONIC FILING AND HAND DELIVERY**
James W. Semple, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

      RE: **Eames v. Nationwide Mut. Ins. Co.**
      **C.A. No.: 04-CV-1324KAJ**

Dear Master Semple:

      The Eames plaintiffs filed their opening brief in connection with their pending motion to compel and for sanctions on October 26, 2005. I write now to offer a correction to the opening brief.

      At page 3 of the opening brief, we stated that

> the parties recently stipulated that among documents produced by three other Nationwide [insurance] agents in response to the Eames plaintiffs' subpoenas, the "vast majority" set forth the characterization of PIP limits as "full."

The word "limits" should not have been included in this passage. It reflects our view of the effect of the parties' stipulation; but that view is not shared by Nationwide, and was not a part of the stipulation itself. In its answering brief, Nationwide correctly notes this error.

      The passage should have read to this effect: that the parties have stipulated that the vast majority of the insurance agents' documents set forth the characterization of *PIP* as "full." Whether that characterization relates to the PIP limits (as we contend) or the absence of a PIP deductible (as Nationwide contends) is a disputed issue. The point of the passage was simply to emphasize that the use of the "full" modifier is admittedly widespread.

125635

James W. Semple, Esq.
November 7, 2005
Page 2

       I apologize for any inconvenience caused by our mistake.

                              Respectfully,

                              /s/ John S. Spadaro

                              John S. Spadaro

JSS/slr
Encl.
cc: Curtis P. Cheyney, III, Esq. (by electronic filing)

125635