# EXHIBIT C

```
                                                                    1

 1                 IN THE UNITED STATES DISTRICT COURT

 2                 IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

     THOMAS A. EAMES, on behalf of
 4   themselves and all others          :   CIVIL ACTION
     similarly situated; ROBERTA L.     :
 5   EAMES, on behalf of themselves     :
     and all others similarly           :
 6   situated; TAMMY EAMES, on behalf   :
     of themselves and all others       :
 7   similarly situated;                :
                                        :
 8            Plaintiffs,               :
                                        :
 9       v                              :
                                        :
10   NATIONWIDE MUTUAL INSURANCE        :
     COMPANY,                           :
11                                      :
              Defendant.                    NO. 04-1324 (KAJ)
12                              - - -

13                     Wilmington, Delaware
                 Tuesday, March 1, 2005 at 2:45 p.m.
14                     TELEPHONE CONFERENCE

15                              - - -

16   BEFORE:        HONORABLE KENT A. JORDAN, U.S.D.C.J.

17                              - - -

     APPEARANCES:
18
              MURPHY, SPADARO & LANDON
19            BY:  JOHN S. SPADARO, ESQ.

20                    Counsel for Plaintiffs

21            SWARTZ CAMPBELL, LLC
              BY:  CURTIS P. CHEYNEY, ESQ.
22                 (Philadelphia, Pennsylvania)

23                    Counsel for Defendant

24

25                                    Brian P. Gaffigan
                                      Registered Merit Reporter
```

```
 1
 2
 3                        - oOo -
 4                    P R O C E E D I N G S
 5            (REPORTER'S NOTE:  The following telephone
 6   conference was held in chambers beginning at 2:45 p.m.)
 7            THE COURT:  This is Judge Jordan.  Who do I have
 8   on the line?
 9            MR. CHEYNEY:  Good afternoon.  Curt Cheyney for
10   the defendant.
11            MR. SPADARO:  Good afternoon, Your Honor.  John
12   Spadaro for the Eames plaintiffs.
13            THE COURT:  All right.  We had a little bit of a
14   challenge getting together today.  Thanks for everybody
15   hanging in until we actually got on the call at the same
16   time.
17            I have the form of scheduling order in front of
18   me that was sent over under cover of Mr. Spadaro's February
19   25th letter.  Let's roll through that together.
20            The very first paragraph, I understand there is
21   some dispute about with what the plaintiffs wanting the Rule
22   26(a)(1) five-day time limit to apply and the defendant
23   asking to have approximately, what, two months to make
24   initial disclosures.
25            MR. CHEYNEY:  No, Your Honor.  If I could speak
```

1  Nationwide insurance agents around the state with policy
2  documents and declarations pages which are part of the
3  contract that represents to policyholders that they have
4  "full" limits of liability for PIP coverage.  The policy
5  documents that are customarily provided by Nationwide itself
6  as opposed to the ones that their agents in Delaware are
7  providing, they also beg the question to say things like "see
8  policy."  So essentially the Nationwide paper points you to
9  the agent's paper.
10              Under Rule 34, we think that the Court would find
11  if we were to litigate the issue that the documents in the
12  possession of the insurance agents who are Nationwide's
13  agents are Nationwide's documents for the asking.  They are
14  in Nationwide's possession, custody or control.  And what
15  they should have been doing these past eight months until
16  they decided they would remove the case to District Court
17  is rounding them up for us so we could have from Nationwide
18  and not from 10 or 20 or 30 or 50 third-party subpoenas in
19  Delaware but from Nationwide a production of the declarations
20  pages that the agents, their agents are giving to consumers
21  in Delaware where the PIP limits are supposed to be
22  described.
23              THE COURT:  Okay.
24              MR. CHEYNEY:  Your Honor, I can file our initial
25  disclosures in five days from today.  But I just want to say

```
 1  one thing.  Our Agents, capital A Agents are independent
 2  contractors with separate contracts.  They are not our
 3  agents.
 4              THE COURT:  Yes.  I'm not commenting, making any
 5  ruling, by implication or otherwise, about anything that was
 6  just laid out by plaintiffs' counsel.  I'm just saying this:
 7  Do your initial disclosures within five days.
 8              MR. CHEYNEY:  I'll do it, Your Honor.
 9              MR. SPADARO:  Thank you, Your Honor.
10              THE COURT:  That's paragraph one.
11              Paragraph two, the March 21, 2005 deadline that
12  you folks agreed on in paragraph two is okay with me.
13              Paragraph three, we've got another dispute.  The
14  way it's framed in the copy that was sent to me is each side
15  is limited to a total of seven hours of taking testimony of
16  deposition upon oral examination.
17              MR. SPADARO:  Your Honor, John Spadaro again.
18              This is the first time I had a case before Your
19  Honor and you know I fully admit I'm in the Superior Court
20  a lot more than the District Court.  I understood in the
21  District Court in some cases, a limitation on the number of
22  hours for deposition was being required.  I had not under-
23  stood I could have gotten this wrong.  I guess both sides
24  might have gotten it wrong if it is wrong and I checked with
25  other lawyers in the office and they thought I understood it
```