# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

November 16, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

      **RE: Eames v. Nationwide Mut. Ins. Co.**
            **C.A. No.: 04-CV-1324KAJ**

Dear Judge Jordan:

      At the November 8, 2005 oral argument on Nationwide's motion to dismiss, the Court asked us to identify authority for the proposition that Nationwide's characterization of PIP as "full" is ambiguous. We have identified an additional and important authority, and hope the Court will consider it on this motion.

      In Hardy v. Nationwide Ins. Co., 356 S.E.2d 38 (Ga. Ct. App. 1987), the Georgia Court of Appeals addressed Nationwide's simultaneous characterization of PIP as both "basic" and "full" -- a different and less problematic practice than the one challenged here, but a similar one nonetheless. Specifically, Hardy was a case in which the PIP claimant had signed a Nationwide insurance application in the following format:

> [T]he second page of the application for insurance in this case provided the applicant . . . with a seriatim selection of a number of available coverages, including "BASIC PERS INJURY PROT" and, immediately below, "ADD PERS INJURY PROT". To the right of the basic PIP selection was a box labeled "FULL COVERAGE"; this box was marked with an "X." To the right of the additional (or optional) PIP selection was a series of boxes labeled "$5,000," "$20,000" and "$45,000," respectively; none of these boxes was marked.

Hardy, 356 S.E.2d at 39. Because the form expressly denominated *basic* PIP, the Court of Appeals found that it was not confusing:

> The application here plainly separates the selection of *basic* PIP coverage from the selection of additional PIP coverage. [The Georgia statute] mandates $5,000 minimum PIP coverage on motor vehicles

125953

The Hon. Kent A. Jordan
November 16, 2005
Page 2

___

>   registered in this state. The term "FULL COVERAGE" when used in
>   conjunction with the selection of *basic* PIP coverage on the application
>   obviously means full PIP coverage in the amount of $5,000.

Id. (emphasis added).

The features that rescued Nationwide in the Hardy case are absent here. The documents targeted by the Eames plaintiffs -- the rate quotes, memoranda of insurance, etc. -- make no reference to *basic* PIP. Nor do they contrast basic PIP from additional PIP, or offer a menu of specified dollar limits. See Appendix to Plaintiffs' Answering Brief in Opposition to Nationwide's Motion to Dismiss, at B30, B32 (setting forth the unadorned characterization of PIP as "full").

The Court should also consider Judge Carley's special concurrence in Hardy. In that special concurrence, Judge Carley criticizes Nationwide's use of the "full" modifier as **unbelievably deceptive**:

>   I am constrained to concur in the result reached by the majority that the
>   application form complies with the current statutory language . . . .
>
>   ***
>
>   With that preface, I cannot help but opine that this form, while
>   admittedly barely complying with the new statute, is **unbelievably
>   deceptive** in that the block wherein one may indicate his selection of only
>   basic personal injury protection is captioned by the words: "FULL
>   COVERAGE." Especially is this a less than adequate description in
>   view of the fact that there is absolutely no coverage which may be
>   purchased that is *less* than that which is designated as "FULL
>   COVERAGE."

Hardy, 356 S.E.2d at 40 (emphasis added in part).

Again, the usage in Hardy was redeemed (in the eyes of the Georgia appellate court) by the modifier "basic" -- a modifier not employed in the offending documents here. While we would have reached a different result in Hardy, we think Judge Carley's special concurrence has profound implications for this case. Faced with a usage that is less problematic than the one challenged here, an experienced appellate judge found it to be "unbelievably deceptive." How much more deceptive is it for Nationwide's memoranda of insurance, etc., to characterize PIP as "full" without any reference to "basic PIP"?

Hardy is thus important authority for the proposition that, at a minimum, more than one reasonable interpretation of Nationwide's "full" usage is possible. That, of course, is the very definition of ambiguity; and such ambiguities must be resolved in favor of the consumer insured.

125953

The Hon. Kent A. Jordan
November 16, 2005
Page 3

I apologize for adding to the record, but I hope the Court will appreciate our need to bring Hardy to the Court's attention.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr
cc: Curtis P. Cheyney, III, Esq. (by electronic filing)

125953