

Swartz Campbell LLC
1601 Market St Fl 34
Philadelphia PA 19103-2316

(voice) (215) 299-4304
(facsimile) (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
*Attorney At Law*

November 17, 2005

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

> RE: **Eames v. Nationwide Mutual Insurance Company**
> **C.A. No.: 04-CV-1324 KAJ**
> **Response to Plaintiffs'**
> **November 16, 2005 electronic filing**

Dear Judge Jordan:

At the conclusion of the November 8, 2005 oral argument, Plaintiffs' counsel requested and was granted the last word. Without any invitation or leave from the Court to do so, Plaintiffs have now imposed upon Nationwide and the Court yet further argument. Given this tactic, and because Nationwide finds this further argument in error, misleading and misrepresentative, we are compelled to respond.

The referenced 1987 Georgia State Court of Appeals decision is misrepresented as having relevance to the pending Motion to Dismiss. This is a diversity case governed by Delaware state law. Nationwide briefly offers the following additional points in response to Plaintiffs' e-filing dated November 16, 2005:

1. The November 16, 2005 e-filing was neither requested by the Court nor permitted under the governing Local or Federal Rules of Civil Procedure;

2. The George State Court of Appeals decision is not a "new" opinion; it was written 18 years before the November 8, 2005 argument date, and available to counsel prior to and at the time of the hearing;

3. The decision is misrepresented in that its focus is upon a form Application for insurance (specifically for a PIP coverage) obtained pursuant to a unique, specific Georgia statute. No similar Delaware statute exists ;

4. The <u>Hardy</u> decision focuses upon an Application for insurance (which was apparently considered by the Georgia court to be part of the policy) and the requirements of a specific Georgia statute. Plaintiffs base their arguments in this case upon extrinsic materials referred to by Plaintiffs as documents allegedly called

The Honorable Kent A. Jordan
November 17, 2005
Page 2

"rate quotes, memoranda of insurance, etc." The issue under Delaware law on this motion is not whether the extrinsic materials are ambiguous. Rather, the issue on this motion under the governing Delaware law is whether the policy is ambiguous in defining the specific amount of PIP coverage;

5. The language of the <u>Hardy</u> Application that references "full coverage" is a phrase that does not exist in the Eames policy. Moreover, even the extrinsic documents that Plaintiffs purportedly rely upon do not contain the phrase "full coverage" as in Hardy;

6. There is no Delaware statutory duty for an insurer to offer (and explain) optional higher PIP Benefits (in excess of the Basic); the statutory minimum PIP benefits are the only required coverage and the obligation to offer the minimum only is set forth in the Delaware statute, contrasted to the Georgia statute O.C.G.A. § 33-34-5. The litigation in Georgia was plaintiffs' ongoing post-accident request for an opportunity to subsequently purchase the <u>optional, additional</u> PIP coverage as the Application was incorrectly alleged to be ambiguous when it used the words "full coverage" for PIP. By contrast, the instant Eames action is a breach of contract action contending that the policy PIP coverages as issued at the time of contracting are at issue, and there is no claim for optional PIP coverages not required by statute or selected by the Eames; and

7. The focus of Plaintiffs' letter brief is not upon the holding of the Georgia <u>Hardy</u> decision, which is favorable to Nationwide. Rather, Plaintiffs purport to base their arguments upon a comment in the concurring opinion which has never been followed or cited after its publication in Georgia or in Delaware.

We remain available to provide briefing regarding these issues should the Court believe it would be helpful. We further request that no further submissions on this motion be permitted unless requested by the Court.

Respectfully yours,

SWARTZ CAMPBELL, LLC

/S/ Nicholas E. Skiles, Esquire
Nicholas E. Skiles, Esquire (DE I.D. #3777)
Curtis P. Cheyney, III, Esquire
300 Delaware Avenue, Suite 1130
Wilmington, DE 19801
(302) 656-5935

CPC/dd
cc:   John S. Spadaro, Esq.