# EXHIBIT F

00071306.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS A. EAMES, ROBERTA    )
L. EAMES, and TAMMY EAMES,  )
on behalf of themselves     )
and all others similarly    )
situated,                   )
                            )
        Plaintiff,           )
                            ) C.A. No. 04-1324 KAJ
v.                           )
                            )
NATIONWIDE MUTUAL           )
INSURANCE COMPANY,          )
                            )
        Defendant.           )

            Wednesday, December 14, 2005
            10:44 a.m.

            222 Delaware Avenue, 10th Floor
            Wilmington, Delaware

BEFORE:  SPECIAL MASTER JAMES W. SEMPLE
         Special Discovery Master


APPEARANCES:

         JOHN S. SPADARO, ESQ.
         MURPHY, SPADARO & LANDON
             1011 Centre Road, Suite 210
             Wilmington, Delaware  19805
             for the Plaintiffs


         CURTIS P. CHEYNEY, III, ESQ.
         SWARTZ, CAMPBELL
             1601 Market Street, 34th Floor
             Philadelphia, Pennsylvania  19103-2316
             for the Defendant

1  And the scope of discovery, as I
2  understand it, is broader than that narrow claim,
3  because it's reverse. The scope of discovery is
4  going to be defined by the parameters of the
5  pleadings. And the pleadings here are broader
6  than the contract.
7  And in addition, you know, when
8  Nationwide first filed its responses, I did
9  not -- am I not correct that Nationwide did not
10 make any objections based on vagueness, or
11 overbreadth, or burden?
12            MR. CHEYNEY: No, we didn't at that
13 time.
14            SPECIAL MASTER SEMPLE: Are they
15 not, under the rules, waived?
16            MR. CHEYNEY: Well, we think our
17 answer is still correct regardless of that.
18            SPECIAL MASTER SEMPLE: But my
19 question is: --
20            MR. CHEYNEY: Yeah.
21            SPECIAL MASTER SEMPLE: -- the right
22 to make those objections has been waived?
23            MR. CHEYNEY: The judge said he
24 would still entertain those in his last -- in his

```
 1    compelling production of documents, is there
 2    any -- what is the legal authority for and
 3    against the Court awarding expenses to you or
 4    your client for obtaining such an order?
 5              And again, it's not -- I'm not
 6    entertaining sanction because my understanding of
 7    the law is I don't have authority to order
 8    sanctions.
 9              I don't even have authority to
10    recommend that the judge order sanctions.
11              MR. CHEYNEY:  I think that's
12    correct.
13              MR. SPADARO:  Well, Your Honor, Rule
14    37 -- your authority is under Rule 37.  Rule 37
15    does allow you to make an award of expenses at a
16    minimum.
17              I'll put aside -- I mean, we think
18    that the SDM does have within the order of
19    reference the discretion to award sanctions,
20    especially here.
21              SPECIAL MASTER SEMPLE:  Well, in the
22    order of reference, if the case arises.  But
23    under the certain procedural posture, my
24    understanding under Rule 37, before I can enter
```

1  an award of sanctions, distinction in expenses,
2  there has got to first be an order of the Court,
3  which has been disregarded.
4           MR. SPADARO:  Oh, yes, and there are
5  several.  There are several.
6           Now, we're on the same page.  There
7  are several.
8           Let me -- I don't know, maybe three
9  minutes.  Let me try to go through.
10          SPECIAL MASTER SEMPLE:  Two.
11          MR. SPADARO:  All right.  Your
12  Honor, there are multiple orders that have been
13  violated.
14          First, we get to the August 5
15  teleconference and Judge Jordan says, I'm
16  overruling your legal characterization objection.
17  You can't not respond to this, because you say
18  it's not in what we say the contract is.
19  Therefore, it can't be relevant.  We won't give
20  you any discovery.
21          On the August 22nd letter, which is
22  part of Exhibit M, they -- so a month later.
23          SPECIAL MASTER SEMPLE:  Let me stop
24  you right there.  Did Judge Jordan enter an order

1  in the record or in the docket as opposed to
2  saying something in the transcript?
3           MR. SPADARO:  There are bench
4  rulings in the transcript alone.  There aren't
5  written orders, but they are orders of the Court.
6           Judge Jordan has ordered specific
7  action, and he's made specific legal rulings.
8  And he overruled their relevance objection and
9  they've raised it again.
10          They've raised it again at this
11 hearing.  But they raised it again in the meet an
12 confer with me.  That's a violation of the order.
13          Judge Jordan ordered them, and he
14 said, of this October 3rd meeting, he said,
15 "Don't have a meeting where he's got questions
16 without having the people there who can answer
17 them."
18          Those questions they did not answer.
19 It's not one question.  And they're not
20 insignificant.
21          It's all the questions, the bundle
22 of questions at Number 6 and 8 of Exhibit P.
23 These are questions like, Do you issue
24 instruction or guidance to insurance agents

```
 1   regarding the content of these forms?  Who does
 2   that?
 3              Where would those documents be?  I
 4   told them in advance, you're not -- you're
 5   disobeying the Judge's direct order.  You're not
 6   bringing the people to that meeting.
 7              And they didn't -- and we're not
 8   going to bring him any way.  That's a violation
 9   of the order.
10              SPECIAL MASTER SEMPLE:  I
11   understand.  But why didn't you file 30(b)6
12   depositions to get more clearly defined answers
13   to who knows what, what documents exist, and
14   where are they located?
15              MR. SPADARO:  Again, Your Honor, I
16   think strategically, and it's a matter of
17   professional judgment, under the circumstances
18   you want to take that deposition after you get
19   some kind of meaningful production.
20              You don't want to take the
21   deposition before any documents are produced.
22   And generally those custodial depositions aren't
23   taken until -- they're not taken until there's
24   been a custodian, there's been a production.
```