# EXHIBIT G

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

| | |
|---|---|
| JAMES M. CROWHORN, on behalf of himself and all others similarly situated, | ) |
| | ) C.A. No. 00C-06-010 |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

Submitted: April 29, 2002
Decided: May 1, 2002

### ORDER

Upon Plaintiff's Submission Pursuant
to the Court's April 5, 2002 Award of Sanctions.  Granted.

John S. Spadaro, Esquire, and Roger D. Landon, Esquire, of Murphy, Spadaro & Landon, Wilmington, Delaware for the Plaintiff.

Nicholas E. Skiles, Esquire, of Swartz, Campbell & Detweiler, Wilmington, Delaware, Curtis P. Cheyney, III, Esquire, Pro Hac Vice, James C. Haggerty, Esquire, Pro Hac Vice, for the Defendant.

WITHAM, J.

Upon review of the motion of James M. Crowhorn ("Plaintiff") for sanctions pursuant to this Court's bench Order of April 5, 2002, as well as the response of Nationwide Mutual Ins. Co. ("Defendant" or "Nationwide"), it appears to the Court that:

1.    On April 5, 2002, this Court awarded Plaintiff its reasonable expenses, including attorney's fees, associated with the unjustified effort Plaintiff was required to expend to procure Nationwide's response to Plaintiff's Requests for Admissions.

2.    Nationwide did not use proper procedural means under Delaware Superior Court Civil Rule 132 to preserve its legal objections to the October 11, 2001, discovery Order of Commissioner Andrea Freud.    This resulted in (approximately) a six-month delay in the discovery process and culminated in the need for Plaintiff to seek relief from this Court.

3.    "The Superior Court has the inherent authority to impose sanctions and assess reasonable expenses, including attorney's fees, for the violation of a pretrial . . . order."[1]

4.    The Court has considered the relevant factors including, but not limited to, the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly; the fees customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client or by the circumstances; the experience, reputation, and ability of the lawyer or lawyers performing the services;

---

[1] *Bell v. Wolhar*, 1999 WL 971072 at *2 (Del.).

2

and whether the fee is fixed or contingent.[2]

5.    The Court does not find the expenses submitted unreasonable in light of these factors,[3] and notes that Nationwide has already tendered to Plaintiff's counsel the full amount requested in Plaintiff's application ($2,915.00). The Court observes, however, that Nationwide has conditioned its tender upon a non-waiver of certain rights.[4]

6.    I find that expenses in the amount of $2,915.00 are reasonable for services rendered by the firm of Murphy, Spadaro & Landon.

7.    For this reason, Nationwide has no "rights" to reserve (other than those it may preserve for appeal) regarding the reasonableness of the specific hourly rates

---

[2] *Princess Hotels Int'l, Inc v. Delaware State Bar Assn.*, 1998 WL 283465 (Del. Super. Ct.).

[3] Plaintiff has instructed the Court that it should consider the risk inherent in contingency fee matters in reviewing the hourly rate charged here. The Court does not believe the cases cited by Plaintiff are dispositive. This is an award of expenses as a *sanction* for the use of improper and untimely procedural methods. This is not an award of contingent attorneys' fees *against a common fund* created for the benefit of a class, at the end of a successful class action suit. In the latter case, the Court is the fiduciary for the class and is protecting the pool while rewarding risk taken by the attorney. The consideration of "contingent risk" becomes a factor only *after* there has been the productive accomplishment of a pool. Even then the benefit conferred is the most important factor, not attorney risk. *See e.g. PaineWebber R&D Partners II, L.P. v. Centocor, Inc.*, 2000 WL 130632 at *3 (Del. Ch.) (noting that "the Courts regularly give the size of the *benefit conferred* the greatest weight"); *Chappaqua Family Trust v. MGM/UA Comm. Co,* 1997 WL 3317328 (Del. Ch.)(finding that where the attorney did not confer a benefit, there were no fees awarded). The case at bar is no further along, procedurally, than *Chappaqua.* If this case proceeds to the place where Plaintiff's attorneys have developed a fund, assuming their fees are contingent, then the risk accepted can be considered. In this case, the purpose of the award is to sanction Nationwide; therefore, the Court will utilize the usual standard for determining reasonable fees.

[4] Nationwide specifically reserves its right to challenge the hourly rates, as well as the time expenditures allocated to specific tasks should said issues become relevant in connection with this litigation, and/or should they become relevant in the future.

3

for the specific tasks completed here, or as to the allocation of time identified in the Certification of Mr. Spadaro Pursuant to the Court's April 5, 2002, Award of Sanctions. The Court has not made a *per se* determination that these fees are (or would be) reasonable in any situation; however, the Court has determined that the time allocated and the amounts charged on *this* discovery issue were reasonable. The Court, therefore, assesses this expense sanction against Nationwide.

Wherefore, I award expenses in the total amount of **$2,915.00** to Plaintiff. IT IS SO ORDERED.

J.

dmh

oc:   Prothonotary
xc:   Order Distribution

4