IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiffs | |
| v. | |
| | NO. 04-1324 |
| Nationwide Mutual Insurance Company, | |
| Defendant | |

**<u>DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
MOTION FOR PROTECTIVE ORDER AND SUPPORTING MEMORANDUM</u>**

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (I.D. 3777)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935

Date: January 27, 2006    Attorney for Defendant Nationwide Mutual Insurance Co.

## MOTION AND NATURE OF PROCEEDINGS

Defendant recently produced copies of documents to Plaintiffs pursuant to Plaintiffs' First Request for Production of Documents. Defendant produced 343 pages of documents, which were designated "CONFIDENTIAL" pursuant to the Stipulated Protective Order agreed to by the parties and entered by the Court in this case. Plaintiffs have objected to the confidential designation assigned to these documents.

Defendant therefore moves the Court for an Order upholding the confidential designations assigned to these documents as provided in paragraph 12 of the Stipulated Protective Order. The grounds and support for this motion are further set forth in the following memorandum, which is incorporated by reference.

**MEMORANDUM**

**STATEMENT OF FACTS**

The named plaintiffs (and proposed class representatives) in this lawsuit are Delaware citizens Thomas A. Eames, Robert L. Eames and Tammy Eames (hereinafter "plaintiffs"). Plaintiffs filed their proposed class-action suit against Nationwide Mutual Insurance Company (hereinafter "Nationwide). The three plaintiffs were injured in an automobile accident on or about February 7, 2003. Plaintiffs contend that Nationwide somehow misrepresented the limits of the Personal Injury Protection (hereinafter "PIP") coverage Mr. Eames purchased. (Complaint at Paragraph 2) (emphasis added).

On April 7, 2005 the Plaintiffs served the "Eames Plaintiffs' First Set of Requests for Production of Documents on Nationwide. **(Exhibit "A").** On May 9, 2005 Nationwide served "Nationwide Mutual Insurance Company's Responses and Objections to Plaintiffs' First Set of Requests for Production. **(Exhibit "B").** On January 5, 2006 Nationwide sent plaintiffs' counsel a letter advising that additional documents responsive to plaintiffs' initial Request for Production would be served on January 6, 2006. **(Exhibit "C").** Nationwide noted in that correspondence that the documents being produced would be designated as "CONFIDENTIAL" pursuant to the Court's Stipulated Protective Order entered on October 4, 2005. **(Exhibit "D").**

Nationwide produced to the Plaintiffs a total of 343 pages of documents numbered NW000001 to NW000344. Pursuant to the terms of the Stipulated Protective Order, each page of those documents produced were properly marked and designated as "CONFIDENTIAL." (The subject documents are not being filed the clerk of the Court in order to maintain their "Confidential" status. Nationwide will produce these documents to the Court or Special Discovery Master for review and inspection as may be directed by the Court).

On January 13, 2006 Plaintiffs' counsel sent a letter to Nationwide's counsel expressing his objection to the designation of every page of these documents as confidential pursuant to the Stipulated Protective Order.  **(Exhibit "E").**  Nationwide is therefore compelled to file this motion pursuant to paragraph 12 of the Stipulated Protective Order.

**ARGUMENT**

**The Documents Produced by Nationwide Should Retain Their Confidential Designation Pursuant to the Stipulated Protective Order.**

Nationwide moves for a Protective Order pursuant to paragraph 12 of the Stipulated Protective Order and Fed. R. Civ. Proc. 26(c). The documents produced by Nationwide were properly designated as "Confidential" pursuant to the Stipulated Protective Order.  They should therefore remain treated and handled according to that Order.

This Court has the authority to issue a Protective Order pursuant to Fed. R. Civ. Proc. 26(c) that provides, in relevant part,

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > (2) that the disclosure or discovery may be had only on specified terms and conditions, …
> >
> > (4) ...  that the scope of the disclosure or discovery be limited to certain matters; …
> >
> > (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; ...

Fed. R. Civ. Proc. 26(c). See also, Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 166 (3d Cir. 1993).

The mutual agreement of the parties to this litigation regarding the production of documents is memorialized within the Stipulated Protective Order that was "So Ordered" by this Court on October 4, 2005. That Stipulation provides, in relevant part:

> 1. "CONFIDENTIAL MATERIAL" is defined as confidential commercial, financial, trade-secret and/or other proprietary business documents, materials, data or information. CONFIDENTIAL MATERIAL shall also include the nonpublic personal information and medical information and histories of Nationwide's insureds, or of persons who submitted claims for insurance proceeds under Nationwide policies.
>
> 2. Any party in this action may, in good faith, designate documents, materials, data or information disclosed, produced, or filed by that party in the course of this action as CONFIDENTIAL MATERIAL. CONFIDENTIAL MATERIAL shall to be treated as confidential in the manner hereinafter set forth in paragraphs 3, 4, 5 and 6.
>
> 3. All or any part of a document disclosed, produced, or filed by a party in this action may be designated as CONFIDENTIAL MATERIAL by the disclosing party by marking the word CONFIDENTIAL on the face of the original of the document, or on the face of the photocopy of the document delivered by the disclosing party to the party to which the document is produced.
> …

**Exhibit "E".**

Nationwide produced documents to the plaintiffs bearing Bates stamps NW000001 through NW000344. All documents produced within this range were properly marked and designated "Confidential" pursuant to the terms of the Stipulated Protective Order. They are "confidential commercial, financial, trade-secret and/or other proprietary business documents, materials, data or information" (see paragraph 1 of Stipulated Protective Order) and are therefore protected as "Confidential" pursuant to the Stipulated Protective Order. As such, Nationwide is

5

entitled to the "Confidential" designation of these documents properly produced under the terms of the Stipulated Confidentiality Order.

It is important for the Court to recognize that this situation is different than many other cases. In the present matter, Nationwide is not seeking in this motion an order from the Court allowing the Defendant to withhold *any* documents from production to the Plaintiffs. As noted, Nationwide has already produced all the subject documents to the Plaintiff, pursuant to the Stipulated Protective Order.

Under the terms of the Stipulated Protective Order, Plaintiffs can use these documents anyway they so desire within the context of this litigation. Consequently, no possible harm whatsoever could befall the Plaintiffs if this Court issues a protective order upholding the designation of these documents as "Confidential." The fact that the Confidential designation may impede the ability of the Plaintiffs or their counsel to use the subject documents in a completely separate forum, or for some other purpose not relating to this litigation, is obviously not a basis to hold that the documents should not be treated as confidential under the Stipulated Protective Order.

Moreover, the subject document production represents the results pursuant to a search protocol that was broader than required. More specifically, the focus of the search was not just documents pertaining to PIP limits, but rather, documents pertaining to PIP coverage. "Coverage" is broader than and different from "Limits." Coverage encompasses almost everything the Delaware Department of Insurance mandates as part of writing automobile insurance. "Limits" pertains only to how much a carrier pays on the specific coverage at issue.

All the subject documents produced to Plaintiffs came from Nationwide. They generally include, among other things, internal Nationwide documents and communications addressing filings with the Delaware Department of Insurance, strategies, plans and methods of conducting business in Delaware, analyses, implementation of new ideas, communications from the Delaware Department of Insurance, proposed communications to insureds and related information. As such, to properly protect its proprietary documents and information, Nationwide is entitled to the "Confidential" designation of these documents produced under the terms of the Stipulated Protective Order that it negotiated with the Plaintiffs and upon which it relied in the production:

> It is a common practice and, indeed, considered by many in the profession as a necessity, that parties to litigation have a reliable working format to provide for the full lawful disclosure of information by litigants in civil litigation, yet at the same time, as an inducement to full disclosure, to protect information often referred to as "confidential." Many times the information is perhaps not as confidential as it is private, personal or simply information that is "no one else's business," other than the litigants, their attorneys, and necessary parties associated with the litigation process. To this extent, in an environment where information is readily exchanged and has become more readily accessible to many more people by means of computers and other scientific advances, these goals are sound, in many instances desirable, and often necessary. For these reasons the court has no objection and, indeed, encourages the parties to enter into appropriate stipulations among themselves that will provide and encourage both full disclosure and appropriate protection and recognition of privacy interests.

<u>Horgan v. Independence Blue Cross</u>, 1994 U.S. Dist. LEXIS 1145, 1-2 (D. Pa. 1994).

It does not take great business savvy to realize that if a company can find out what another company is doing behind closed doors to generate or support a product or service in the market place, then that same company can take that information to try to better its own business and undercut the other companies. The documents produced by Nationwide are confidential,

proprietary, trade secret and/or no one's business outside of this litigation. The documents should therefore remain protected as "Confidential." Moreover, the fact that this case involves private litigants, and concerns matters of little legitimate public interest, further weighs in favor of upholding the designations of confidentiality. See <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 788 (3d Cir. 1994),

In <u>Leucadia, Inc. v. Applied Extrusion Technologies, Inc.</u>, 998 F.2d 157 (3d Cir. 1993) the Court discussed the benefits of a broad "umbrella" **protective order** and noted that, "[a]fter delivery of the documents, the opposing party would have the opportunity to indicate precisely which documents it believed to be not confidential, and the party seeking to maintain the seal would have the burden of proof with respect to those documents." <u>Leudadia</u>, at 166.

In this case, the subject documents have been delivered to Plaintiffs, but the Plaintiffs have neither indicated precisely which documents they believe to be not confidential, nor have they explained how the Confidential designation of these documents is burdensome to them. <u>Id</u>. If the Plaintiffs seek to have the Confidential designation as to certain specified documents removed, then Nationwide is willing to hear them out and work with them in this regard. However, the Plaintiffs' blanket objection to each and every page of documents obviously lacks any specificity in this regard. Nationwide remains open to such discussions with the Plaintiffs.

In sum, the several factors listed by the Third Circuit in the case of <u>BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.</u>, 224 F.R.D. 581, 589 (D. Del. 2004) support upholding Nationwide's designations. First, disclosure would violate Nationwide's privacy interests as previously discussed. Second, the information being sought has already been provided to Plaintiffs along with appropriate objections, so the legitimacy of the purpose behind the

8

discovery request is not relevant here.  Third, the public disclosure of the information could cause embarrassment to Nationwide in the form of competitors gaining insight and advantages to the manner in which Nationwide conducts business.  Fourth, the information sought (and disclosed) is not important to public health and safety.  Fifth, the information has already been shared with the Plaintiffs and is not being withheld.  Sixth, the party seeking the confidentiality order is not a public entity or official.  And finally, seventh, the case, and more specifically the documents at issue, do not involve issues important to the public.  See BAE Sys. Aircraft Controls, Inc. and Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994).

**CONCLUSION**

Based upon the foregoing, Nationwide requests that the Court issue a protective order upholding the confidential designations of the subject documents produced by Nationwide (bearing Bates stamps NW000001 through NW000344) pursuant to the Stipulated Protective Order, that Nationwide be awarded its reasonable expenses incurred in bringing this motion, and such further relief as the Court deems proper .

                                 Respectfully Submitted,

                                 SWARTZ CAMPBELL LLC

                                 */s/Nicholas E. Skiles, Esquire*
                                 Nicholas E. Skiles, Esquire (I.D. 3777)
                                 Curtis P. Cheyney, III, Esquire
                                 300 Delaware Avenue, Suite 1130
                                 P.O. Box 330
                                 Wilmington, DE 19899
                                 (302) 656-5935
Date:                           Attorney for Defendant Nationwide Mutual
                                  Insurance Co.

## STATEMENT PURSUANT TO LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1, the undersigned counsel states that he made a reasonable effort to reach agreement with Plaintiffs' attorney on the subject matter of the accompanying motion for a protective order. Specifically, counsel did telephone and discuss the issues with Plaintiffs' counsel. No agreement could be reached.

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (I.D. 3777)
Curtis P. Cheyney, III, Esquire
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935

Date: January 27, 2006   Attorney for Defendant Nationwide Mutual Insurance Co.

IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiffs | |
| v. | |
| Nationwide Mutual Insurance Company, | NO. 04-1324 |
| Defendant | |

**NOTICE OF SERVICE**

I, Nicholas E. Skiles, hereby certify that on this 27th day of January 2006, Defendant's Motion for Protective Order and Supporting Memorandum have been e-filed and sent first class mail, postage prepaid to:

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

SWARTZ CAMPBELL LLC

/s/Nicholas E. Skiles, Esquire
Nicholas E. Skiles, Esquire (I.D. 3777)
919 North Market Street, Suite 1700
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935

Date:   Attorney for Defendant Nationwide Mutual Insurance Co.

11

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-CV-1324-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

On this _____ day of _____, 2006, the Court having considered the Defendant's Motion for a Protective Order, it is hereby ORDERED that the documents produced by Defendant to Plaintiff and designated NW000001 through NW000344 remain designated "Confidential" pursuant to the Stipulated Protective Order entered by this Court on October 4, 2005.

                   _____
                   United Stated District Judge