IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-CV-1324KAJ |

## STIPULATED PROTECTIVE ORDER

The Court having taken into consideration the factors associated with a protective order, and based upon the agreement of the parties, it is hereby ORDERED:

1. "CONFIDENTIAL MATERIAL" is defined as confidential commercial, financial, trade-secret and/or other proprietary business documents, materials, data or information. CONFIDENTIAL MATERIAL shall also include the nonpublic personal information and medical information and histories of Nationwide's insureds, or of persons who submitted claims for insurance proceeds under Nationwide policies.

2. Any party in this action may, in good faith, designate documents, materials, data or information disclosed, produced, or filed by that party in the course of this action as CONFIDENTIAL MATERIAL. CONFIDENTIAL MATERIAL shall to be treated as confidential in the manner hereinafter set forth in paragraphs 3, 4, 5 and 6.

3. All or any part of a document disclosed, produced, or filed by a party in this action may be designated as CONFIDENTIAL MATERIAL by the disclosing party by marking the words "CONFIDENTIAL – *Eames v. Nationwide*" on the face of the original of the

document, or on the face of the photocopy of the document delivered by the disclosing party to the party to which the document is produced. In the case of a multi-page document bound together by staple or other binding, the designation CONFIDENTIAL – *Eames v. Nationwide* need only be marked on the first page of the document for the entire document to be treated as confidential. All or any part of a tangible item disclosed, produced, or filed by any party in this litigation may be designated as CONFIDENTIAL MATERIAL on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production, or filing, to the party to which disclosure is made, written notice that such tangible item is CONFIDENTIAL MATERIAL.

    4. Any person giving deposition testimony in this litigation may designate his/her testimony or any portion thereof, or any deposition exhibits or any portion thereof, as CONFIDENTIAL MATERIAL by advising the reporter and all parties present of such fact during the deposition, or within five (5) days after the related transcript of the deposition testimony has been received. In addition, a party may so designate any part or all of any deposition, or any part or all of any deposition exhibit, as CONFIDENTIAL MATERIAL at the time of the deposition or within five (5) days after the transcript of the deposition testimony has been received. If a deposition or any part thereof or any exhibit thereto is designated as CONFIDENTIAL MATERIAL, the deposition transcript and exhibits, if filed, shall be filed in accordance with paragraph 6 below.

    5. All or any part of responses to interrogatories, responses to requests for admissions, or responses to requests for production of documents may be designated as CONFIDENTIAL MATERIAL by the responding party by marking the words CONFIDENTIAL – *Eames v. Nationwide* on the face of the response and each page so

designated. If any such response contains CONFIDENTIAL MATERIAL of another party, the responding party shall designate the response as CONFIDENTIAL MATERIAL.

6. Court Records that are filed with the Court, and that contain CONFIDENTIAL MATERIAL of the filing party, may be designated as CONFIDENTIAL MATERIAL by marking the words CONFIDENTIAL – *Eames v. Nationwide* on the face of the Court Record containing CONFIDENTIAL MATERIAL. In addition, any Court Records to be filed with the Court that contain CONFIDENTIAL MATERIAL of another party shall be designated as CONFIDENTIAL MATERIAL by the filing party. One version of any such Court Records that contain CONFIDENTIAL MATERIAL shall be filed under seal in an envelope marked "CONFIDENTIAL MATERIAL – *Eames v. Nationwide*" and bearing the caption of the case and title of the Court Record.

7. Material designated as CONFIDENTIAL MATERIAL shall be treated as confidential and shall be used or disclosed exclusively and solely for the purpose of prosecuting or defending this action, including appeals and retrials, and for no other purpose. Such use or disclosure shall be in accordance with the provisions of this Protective Order. CONFIDENTIAL MATERIAL shall not be disclosed to the public or to any one who is not a party directly involved in this action and shall not be used or disclosed in any other litigation or for any other purpose without further order of this Court. CONFIDENTIAL MATERIAL may be disclosed only in accordance with paragraphs 8, 9 and 10.

8. CONFIDENTIAL MATERIAL may be disclosed by the receiving parties only to the following categories of persons:

    (a) Any party's in-house and outside attorneys who are assisting in the litigation of this action and the employees of such attorneys;

(b) Persons not employees of any party who are expressly retained to assist such party's counsel in the prosecution or defense of this action, including without limitation computer experts, litigation support vendors, statisticians, economists and other experts, and the employees of such persons, in accordance with the provisions of paragraph 9 below;

(c) A party's directors, officers, employees or agents selected by counsel whose assistance or consultation is required by counsel in connection with the prosecution, defense or nonlitigated disposition of this action;

(d) Employees of commercial copying firms, videotape deposition companies, and private court reporters and stenographers;

(e) This Court, including without limitation any court reporters, any Special Discovery Master and/or the trier(s) of fact; or

(f) A party's reinsurers and outside or in-house auditors

9. Notwithstanding the foregoing, CONFIDENTIAL MATERIAL may be disclosed to a person identified in paragraph 8(b) only if:

(a) The person has executed a written statement in the form attached hereto as Exhibit A. By signing such a statement, the person agrees that, (i) if he or she is a person identified in paragraph 8(b), he or she will only make such copies or notes as are appropriate to enable him or her to render the assistance required in connection with this litigation, and such notes and copies shall be preserved in a separate file marked for disposal or destruction upon completion of this litigation; (ii) he or she will not reveal the contents of CONFIDENTIAL MATERIAL to any unauthorized person, and (iii) he or she will not now or at any time in the future use CONFIDENTIAL MATERIAL for business or competitive purposes, or for any purpose other than the prosecution or defense of this action.

(b) The person shall be shown only such CONFIDENTIAL MATERIAL as is deemed necessary in the judgment of counsel to enable him or her to render the assistance required.

10. (a) With respect to depositions, if any party examining the deponent wishes to disclose to the deponent any CONFIDENTIAL MATERIAL produced by another party, and the deponent is neither a person specified in paragraph 8 nor an author or recipient of the CONFIDENTIAL MATERIAL, the examining party must first have the deponent sign a written statement meeting the requirements of paragraph 9(a) above. If the deponent refuses to sign such a written statement, the disclosure may not be made except upon the agreement of the party that designated the material as CONFIDENTIAL MATERIAL, or upon order of the Court. At the option of the deposing party, the deposition may be continued, suspended or deferred in whole or in part at any time to permit application to the Court for such an order. Regardless of whether an order permitting disclosure is issued, thereafter the deposing party may re-convene the deposition at a mutually convenient time to complete the deposition with respect to any subject of inquiry, consistent with the Court's ruling.

(b) Unless otherwise agreed in writing by counsel for the parties hereto; if CONFIDENTIAL MATERIAL is used or discussed at depositions, all portions of the transcripts of such depositions and exhibits thereto that refer or relate to the CONFIDENTIAL MATERIAL shall be treated as confidential and the party asserting the confidentiality shall make arrangements with the reporter to bind the confidential portions of the transcripts and exhibits separately and mark them as set forth in this Order.

(c) CONFIDENTIAL MATERIAL may be disclosed to any person who potentially has knowledge or information relevant to the subject matter of this action, in an

informal interview or in advance of or following that person's deposition, provided that in advance of disclosure such person has executed the written statement described in paragraph 9 above.

11. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party of (a) documents or information in the possession of that party prior to the filing of this action, or (b) documents or information received at any time by that party outside the course and scope of this action. The privileged or confidential status, if any, of such documents or information shall be determined without respect to this Order.

12. Nothing in this Order shall be construed in any way as a finding that any material designated as CONFIDENTIAL MATERIAL by a party does or does not constitute or contain confidential commercial, financial, trade-secret and/or other proprietary business or personal information, or otherwise properly qualifies as CONFIDENTIAL MATERIAL. Any party may object, in writing, to the designation by another party of any documents, information or material as CONFIDENTIAL MATERIAL. Within ten (10) business days of the receipt of such an objection, the party seeking protection shall, by motion, apply to the Court for a ruling, based upon a showing of good cause, that the information or material shall be treated as CONFIDENTIAL MATERIAL. If a motion is filed within such period, then unless and until this Court enters an order to the contrary, and such an order becomes final, the information or material shall continue to be treated as CONFIDENTIAL MATERIAL.

13. Upon termination of this lawsuit either by final judgment (and the expiration of any and all appeals therefrom), settlement or other dismissal, all parties shall return to counsel for each producing party all CONFIDENTIAL MATERIAL received from such party including

all copies, prints, summaries and other reproductions of such information, in the possession of the parties, their counsel, agents or retained experts or consultants. As an alternative to returning all or part of such CONFIDENTIAL MATERIAL, parties may certify to counsel for the producing party that they have destroyed all unreturned CONFIDENTIAL MATERIAL.

    14.    <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL MATERIAL pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. Similarly, if any person or party subject ot this Order becomes subject to a subpoena issued through another court or administrative agency requesting disclosure of another party's information designated as CONFIDENTIAL MATERIAL pursuant to this Order shall promptly notify that party of the same so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    15.    In the event that any document, information or tangible item is inadvertently disclosed, produced or filed without having been designated as CONFIDENTIAL MATERIAL, the party responsible for such disclosure, production or filing may, within a reasonable time, designate such document, information or tangible item as CONFIDENTIAL MATERIAL hereunder; and such document or tangible item shall thereafter be treated as CONFIDENTIAL MATERIAL *ab initio*. If any document or tangible item to be treated as CONFIDENTIAL MATERIAL pursuant to this paragraph has been disclosed or produced to any person or party not authorized to receive or have access to CONFIDENTIAL MATERIAL hereunder, the person

or party responsible for such production or disclosure shall undertake to retrieve the original and all copies of the CONFIDENTIAL MATERIAL, and the person or party to whom the CONFIDENTIAL MATERIAL was produced or disclosed shall promptly return the original and all copies to the party or person designating the document or tangible item as CONFIDENTIAL MATERIAL.

16. This Order and the terms embodied herein shall survive the termination of this action and continue in full force and effect.

17. This Order applies to:

 (a) The parties to this action and their attorneys; and

 (b) Any other person or entity receiving, producing or disclosing information in or for the prosecution or defense of this action, each of whom shall be bound by the terms of this Order. As used herein, "person" includes the named parties and non-party witnesses to the above-referenced action, and others who agree to be bound by this Order in writing.

18. This Order applies to and for any copies, excerpts, summaries and other documents or materials disclosing the substance or content of such CONFIDENTIAL MATERIAL (unless all excerpts, summaries, reflections and/or references to the designated information are first redacted in their entirety).

19. Any information or material that has been disclosed, produced or filed by a party prior to the date of this Order that contains or reflects CONFIDENTIAL MATERIAL may be designated as such by notifying counsel to mark such documents CONFIDENTIAL – *Eames v. Nationwide*.

20. Nothing herein shall constitute:

(a) An agreement to produce in the future any documents or supply any further information or testimony or discovery not otherwise agreed upon or required by this Order;

(b) A waiver of any right to object to any discovery requests in this action or any other action; or

(c) A waiver of any claim of immunity, privilege or confidentiality with regard to the CONFIDENTIAL MATERIAL. Subject to the requirements of paragraph 15 above, the designation or non-designation of CONFIDENTIAL MATERIAL shall not alter their privileged or confidential nature or status.

21. The failure by either party to seek enforcement of any provision or provisions of this Order shall not in any way be construed as a waiver of any such provision or provisions, nor prevent that party from thereafter seeking enforcement of the provisions of this Order.

22. This Order does not preclude any party from moving to have any other information or material designated as confidential or protected in accordance with the governing rules of procedure or rules of this Court. Any such additional information or material designated as protected may be treated as CONFIDENTIAL MATERIAL pursuant to the terms of this Order.

23. This Order may be amended as deemed appropriate by the Court. Additional protective orders may also be entered as deemed appropriate by the Court.

SO ORDERED this _____ day of _____, 2005.

_____
United States District Judge