# EXHIBIT F

00071306.DOC

1

#3244

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| NORTH AMERICAN PHILIPS CORPORATION, a corporation of the State of Delaware, | ) ) ) | |
| | ) | C. A. No. 88C-JA-155 |
| Plaintiff, | ) ) | Honorable Vincent A. Bifferato Non-Arbitration Matter |
| v. | ) ) | |
| | ) | Harvey Bernard Rubenstein |
| AETNA CASUALTY AND SURETY COMPANY, et al., | ) ) | Special Discovery Master |
| | ) | |
| Defendant. | ) | |

John E. James, Esquire, of Potter Anderson & Corroon, Wilmington, Delaware, on behalf of plaintiff North American Philips Company.

Robert J. Katzenstein, Esquire, of Smith Katzenstein & Furlow, Wilmington, Delaware, on behalf of defendants.

**North American Philips Corporation's Motion For Protective Order Regarding Rule 30(b)(6) Depositions.  Denied in part.  Granted in part.**

RUBENSTEIN, SDM

The defendants directed to NAPC a Rule 30(b)(6) notice of deposition involving 34 subject areas of testimony.  NAPC has not challenged their scope but has moved for a protective order under Rule 26(c) on the ground that NAPC is not obligated to designate a corporate representative concerning matters about which NAPC has no knowledge, or former NAPC or corporate subsidiary employees already have testified as Rule 30(b)(1) witnesses, or written and document discovery already has been provided, or expert testimony should not

2

be required at this time, or NAPC's legal theories and contentions should not be explored. NAPC points out that, when confronted with similar Rule 30(b)(6) deposition requests, the defendants have taken the same position in this litigation.

The subject areas of the Rule 30(b)(6) deposition notice relate to the first trial site of Fresno, California. The site was owned and operated by DePester Nevada from 1959 to 1962, by DePester Western, Inc. (Delaware), NAPC's wholly owned subsidiary, from 1962 to 1965, and by Thompson-Hayward Chemical Company (THCC), NAPC's wholly owned subsidiary, from 1965 to 1981, when THCC was liquidated and operations ceased (Tr.48). From 1981, the site has been owned by TH Agriculture & Nutrition Company, Inc. (THAN), NAPC's wholly owned subsidiary, whose principal task has been remediation under obligations retained by NAPC (Tr.5-6).

NAPC contends that it has no corporate knowledge of the subject areas since THCC operated the site with substantial independence. NAPC also contends that those who do have knowledge already have been deposed by the defendants. NAPC concludes that it should not be obligated to designate corporate representatives under those circumstances.

As complex insurance coverage cases near trial, it is not unusual for Rule 30(b)(6) deposition disputes to arise. Unlike custodial depositions which occur early in the litigation, substantive depositions of a corporate party tend to be noticed as discovery concludes. Invariably, objections are raised as the deposed corporate party sees the deposition as unnecessary and

3

unreasonable because it has followed massive other discovery. A brief review of the Rule 30(b)(6) deposition is helpful, therefore, keeping in mind that the civil rules apply alike to the simplest and most complex cases. Rule 30(b)(6) states as follows:

> A party may in the party's notice name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these Rules.

Rule 30(b)(6) authorizes an alternative discovery tool permitted by Rule 26(a), and the procedure appears relatively uncomplicated. A party notices the deposition of a corporate party in the manner in which an individual party is noticed, except that the notice must describe the "matters" on which examination is requested and the description must be with "reasonable

4

particularity". The corporate party then must designate someone to speak for it "as to matters known or reasonably available to the organization." The corporate party can designate officers, directors, or managing agents, or it can designate "other persons", provided the "other persons" consent to testify on its behalf.

There are several purposes of a corporate party's Rule 30(b)(6) deposition, which are not unlike those of any party's deposition. One is "to create testimony that will bind the corporation." *Sanders v. Circle K Corporation*, D.Ariz., 137 F.R.D. 292, 294 (1991). Another is "to enable the defendant to learn the facts plaintiff proposes to prove in Court." *Downing v. Gasser*, Del.Supr., 90 A.2d 651, 652. Another is to probe responses from other discovery. *Monsanto v. Aetna*, Del.Super., C. A. No. 88C-JA-118, Rubenstein, SDM, slip. op. at 4-5 (Jul. 1, 1993). These purposes, as well as others, aid in the parties' timely preparation for trial and thereby foster necessary adherence to case management schedules.

In connection with the Rule 30(b)(6) deposition in particular, several things are clear. The first is that the usual class of persons who speak for the corporate party is enlarged beyond officers, directors, and managing agents. This new class of authorized "other persons" may be employees, former employees, non-employees and even attorneys, if designated and consenting. The second is that no matter who testifies, the same consequences follow, and, as with any other party's deposition, it may be used at trial by an adverse party for any purpose under the rules.

5

Volz, "Depositions Of Organizations:   The Designation Procedure
Under   The   Federal   Rules",   83   *S.D.L.*   *Rev.*   236   (1988);   *GTE*
*Corporation v. Gee*, D.Mass., 115 F.R.D. 67, 68 (1987).

NAPC argues that the phrase "other persons" is limited to
"employees".   I find no basis in the rule for that limitation.   If
"employees" was meant, "employees" would have been written.
Certainly, there are times when an employee consents to speak for
the corporate party, but there may be other times when former
employees or persons such as lawyers may be designated with their
agreement.   Massey, "Depositions Of Corporations:   Problems And
Solutions - Fed.R.Civ.P. 30(b)(6)," 1986 *Ariz.L.J.* 82, 94, 99
(1986).

That conclusion is supported by the requirement that the
persons designated must "testify as to matters known or reasonably
available   to   the   organization".      Thus,   not   only   corporate
knowledge, that is, the knowledge of the corporation's servants,
agents, and employees, including the officers, directors, and
managing agents, must be revealed, but any information "reasonably
available" to the corporation must be revealed, as well.   The
phrase "reasonably available" means, therefore, something more than
knowledge of the corporate party's employees.   It means that the
corporation has the burden to obtain the information from other
sources so long as it is reasonable to do so.   *Hoechst Celanses*
*Corporation v. National Union Fire Insurance Company*, Del.Super.,
623 A.2d 1099, 1113 (1991); Massey, 1986 *Ariz.L.J.* at 88, 93.   To
the extent that the corporation does not disclose information or

6

pursue a reasonable investigation to obtain it, a variety of sanctions may be imposed. *In Re Anthracite Coal Antitrust Litigation*, D.Pa., 82 F.R.D. 364, 368-369 (1979); *Mitsui & Co. v. Puerto Rico Water Resources Authority*, D.P.R., 93 F.R.D. 62, 67 (1981); *FDIC v. Butcher*, D.Tenn., 116 F.R.D. 203, 205 (1987).

In this case, upon that analysis, the defendants are entitled to take NAPC's Rule 30(b)(6) deposition, and NAPC is required to designate the appropriate individuals to testify. If the individuals are not officers, directors, or managing agents, they must consent to testify on NAPC's behalf, and those who testify must do so "as to matters known or reasonably available". The fact that, as to those "matters", documents already have been produced, interrogatories already have been answered, and witness depositions already have been taken does not provide the required "good cause" for avoiding the deposition. Whether "matters" may be "reasonably available" to the corporate party is another issue. See *General Foods Corp. v. Computer Election Systems*, D.N.Y., C. A. No. M8-85, Haight, J., slip. op. at 2 (Mar. 13, 1980).

NAPC cites *Collins & Aiken Corp. v. Compo Industries, Inc.*, Del.Ch., C. A. No. 6098, Brown, V.C. (Jun. 5, 1981); *Neuberg v. Michael Reese Hospital and Medical Center*, D.Ill., C. A. No. 75C3844, Norgle, J. (Jan 13, 1992); *Hoechst Celanese Corporation v. National Union Fire Insurance Company*, Del.Super., C. A. No. 89C-SE-35, Gebelein, J. (Jul. 26, 1993(ORDER); *Hoechst Celanese Corporation v. Nation Union Fire Insurance Company*, Del.Super., 623 A.2d 1128 (1992); *Delmarva Drilling Co., Inc. v. American Water*

*Well Systems, Inc.*, Del.Ch., C. A. No. 8521, Hartnett, V.C. (Jan. 26, 1988); and *First Federal Savings Bank v. CPM Energy Systems Corporation*, Del.Super., C. A. No. 88C-MY-249, Toliver, J. (Mar. 26, 1993), to support its position that the taking of Rule 30(b)(6) depositions of the same witnesses whose depositions previously were taken under Rule 30(b)(1) would be duplicative and unnecessary. The defendants have acknowledged that NAPC could temper its concern and meet its obligation by adopting those witnesses' testimony (Tr.39). Nothing in the cases cited by NAPC is at odds with the Rule 30(b)(6) obligation or that manner of fulfilling it.

NAPC argues that submission of the information to be derived from a Rule 30(b)(6) deposition should be deferred until a later time. That result is unacceptable. A corporate party, free to adopt previous deposition testimony in response to the "matters" on which examination is requested, is not free to dictate when that information will be forthcoming. I find Rule 30(b)(6) to be the vehicle for providing that information and the time to provide it. If the corporate party was permitted to wait until the pretrial statement or the trial to produce the information, the purposes of Rule 30(b)(6) would not be served.

NAPC also cites *Operative Plasterers' Cement Masons' International Association v. Benjamin*, D.Ind., 144 F.R.D. 87 (1992); *Sanders v. Circle K Corporation*, D.Ariz., 137 F.R.D. 292 (1991); *Lapenna v. The Upjohn Company*, D.Pa., 110 F.R.D. 15 (1986); and *Proseus v. Anchor Line, Ltd.*, D.N.Y., 26 F.R.D. 165 (1960), to support its position that it is not required to designate former

8

employees and other third parties as its Rule 30(b)(6)
representatives.  That position ignores the distinction between
NAPC's power to designate anyone and NAPC's obligation to designate
someone.   On the one hand, NAPC has the power generally to
designate anyone, although if NAPC designates "other persons", they
must consent to give testimony.  On the other hand, NAPC has the
obligation to designate someone, and those designated must be
prepared on the subject areas and must be given the authority to
testify on behalf of NAPC.  Rule 30(b)(6) requires no less, and
nothing in the cases cited by NAPC forces a different conclusion.

However, to the extent that the "matters" requested for
examination require the giving of expert testimony, NAPC's
objection is well-founded.  It has been held that the exclusive
means to discover an expert's testimony is Rule 26(b)(4).  *United
States v. International Business Machines Corporation*, D.N.Y., 72
F.R.D. 78, 81 (1976); *Shackleford v. Vermeer Manufacturing Company*,
D.Tex., 93 F.R.D. 512, 513 (1982); *Kelly v. GAF Corporation*, D.Pa.,
115 F.R.D. 257, 258 (1987).  Consequently, if the "matters"
described by the defendants require the giving of expert testimony,
it may be deferred until the later phase of the case.  *Martin v.
Valley National Bank of Arizona*, D.N.Y., 140 F.R.D. 291, 315-316
(1991).  NAPC shall meet and confer with the defendants on where to
draw the line on those "matters" calling for expert testimony.

NAPC also objects to those discovery "matters" which relate to
NAPC's legal theories and contentions since those "matters" are
best left to interrogatories.  Generally, I agree.  *McCormick-*

9

*Morgan, Inc. v. Teledyne Industries, Inc.*, D.Cal., 134 F.R.D. 275, 285-288. I have reviewed the "matters" deemed to be objectionable by NAPC, and I do not find them to probe NAPC's legal theories and contentions. I am satisfied that factual "matters" are being sought. If particular terms are used which need definition so as to meet the "reasonable particularity" test, the defendants shall provide those definitions, and the depositions shall proceed on that basis.

NAPC's motion for protective order is denied, except granted as to expert witness "matters".

IT IS SO ORDERED.


\s\ Harvey Bernard Rubenstein

Harvey Bernard Rubenstein
Special Discovery Master


Dated:  July 11, 1994