# EXHIBIT C

Case 1:04-cv-01324-JJF-LPS    Document 147-4    Filed 02/01/2006    Page 1 of 3

00071306.DOC

```
                                                                    1

 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                             - - -
     THOMAS A. EAMES, on behalf of
 4   themselves and all others        :    CIVIL ACTION
     similarly situated; ROBERTA L.   :
 5   EAMES, on behalf of themselves   :
     and all others similarly         :
 6   situated; TAMMY EAMES, on behalf :
     of themselves and all others     :
 7   similarly situated;              :
                                      :
 8            Plaintiffs,             :
                                      :
 9        v                           :
                                      :
10   NATIONWIDE MUTUAL INSURANCE      :
     COMPANY,                         :
11                                    :
              Defendant.              :    NO. 04-1324 (KAJ)
12                             - - -

13                     Wilmington, Delaware
                Tuesday, November 8, 2005 at 9:00 a.m.
14             ORAL ARGUMENT - MOTION TO DISMISS

15                             - - -

16   BEFORE:     HONORABLE KENT A. JORDAN, U.S.D.C.J.

17                             - - -
     APPEARANCES:
18

19              MURPHY, SPADARO & LANDON
                BY:  JOHN S. SPADARO, ESQ., and
20                   PHILIP T. EDWARDS, ESQ.

21                     Counsel for Plaintiffs

22
                SWARTZ CAMPBELL, LLC
23              BY:  NICHOLAS E. SKILES, ESQ.

24                 and

25
                                      Brian P. Gaffigan
                                      Registered Merit Reporter
```

1  gravamen of the complaint or not?

2           MR. CHEYNEY:  I would agree that that is the
3  gravamen of the complaint.  I'm not here to quibble over
4  that.  That is basically what they're saying.  Although I
5  don't think that that follows, but that is what they're
6  saying.

7           THE COURT:  Okay.  Now, assume for our
8  discussion that I feel that takes me to a place where, you
9  know, I have to look then -- here is a better way to say it.
10 Is there that a theory on which they could prevail?

11          MR. CHEYNEY:  No, because it is not ambiguous.
12 You have to first find the contract has an ambiguity.  Even
13 with the word "full," give it to them.  It's full $15,000.
14 It's not fuller than $15,000.  It's not the fullest
15 available.  It's just full.  And when it's looked at in the
16 totality -- and let me read the quote for Your Honor because
17 this comes from the McCastle vs. Hartford (phonetic) case, a
18 federal case:

19          Because possible ambiguity lurks in every word,
20 sentence and paragraph in the eyes of a skilled advocate,
21 absent a showing that the word "full" in this case has
22 acquired a special meaning, not a conjured up meaning, the
23 question is not whether there could be an ambiguity in the
24 metaphysical sense but whether the language in the contract
25 has only one reasonable meaning when construed, not in a