Swartz Campbell LLC
1601 Market Street Fl 34
Philadelphia PA 19103-2316

voice (215) 299-4304
facsimile (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
Attorney at Law

February 1, 2006

**VIA EMAIL**

James W. Semple, Esquire
Morris, James, Hitchens & Williams, LLP
Special Discovery Master
222 Delaware Avenue, 10th Floor
P. O. Box 2306
Wilmington, DE 19899-2306

   RE: **Eames v. Nationwide Mutual Insurance Company**
      C.A. No.: 04-CV-1324KAJ
      Our File No.: 0547-107521

Dear Discovery Master Semple:

  This is Nationwide Mutual Insurance Company's ("Nationwide") submission regarding the 30(b)(6) deposition notice at issue. As the Special Discovery Master is aware from plaintiffs' counsel's informal January 26, 2006 e-mail directly to this Court, the parties were and are in negotiations regarding the proper scope (under the Federal Rules of Civil Procedure) of the 30(b)(6) notice. In light of these ***ongoing*** negotiations, plaintiffs' letter was premature.

  Moreover, to the extent that plaintiffs are attempting to seek rulings on possible objections before the deposition has even occurred, such efforts are improper. Obviously, no court can pre-judge possible objections at a deposition that has not yet occurred.

**Plaintiffs' Definition For "Disputed Practice" Is Improperly Self-Serving**

  Nationwide's first objection is to plaintiffs' proposed use of, and definition for their phrase "disputed practice". Nationwide contends that it did not, and does not, engage in the alleged "practice" of using the word "full" to "characterize" PIP. Accordingly, Nationwide's objection to the definition is just that: an objection.

James W. Semple, Esquire
February 1, 2006
Page 2

With all due respect, while a deponent might be commanded to answer a question, neither plaintiffs nor a court can command any witness to give a specific answer. Likewise, no party can be forced to base its Rule 30(b)(6) responses on a definition which, as here, presupposes conduct that from Nationwide's perspective did not occur. Nationwide has not refused to answer questions. It has merely objected to the use of a self-serving definition.

Plaintiffs request that the Court overrule Nationwide's objection to plaintiffs' proposed self-serving definition. Plaintiffs are simply improperly seeking some response from the Court whereby plaintiffs may in the future attempt to prevent Nationwide's 30(b)(6) designee from responding to questions with any prologue statement that Nationwide does not concede it engaged in the "disputed practice" as defined by plaintiffs. Nationwide's objection is proper.

**Witnesses Can Not be Expected to Testify To The "Content, Accuracy, Veracity and Completeness of the Testimony of Another Witness**

Plaintiffs mischaracterize both Glenn Deaton's status and his testimony. The Glenn Deaton Agency, Inc. is a Delaware corporation separate and distinct from Nationwide. Contrary to plaintiffs' apparent position, Glenn Deaton Agency, Inc. is not Nationwide. Further, Glenn Deaton is not a Nationwide employee; he was (and is) nothing more than an independent contractor, and owner of his own Delaware corporation: The Glenn Deaton Agency, Inc.

Moreover, contrary to plaintiffs' suggestion, Glenn Deaton's testimony was favorable to Nationwide. He testified that "full" means no deductible, and that APIP (additional PIP limits beyond the required statutory minimum) is offered during the application process. Mr. Deaton's answers were consistent with Nationwide's understanding of the practices of insurance agencies.

Nevertheless, this "letter application" is not the forum for compelling or predisposing an opinion by Nationwide on the "content, accuracy, veracity and completeness" of Mr. Deaton's testimony. He said what he said, and it is for the fact-finder to believe or not believe him. No witness (whether a 30(b)(6) or otherwise) can be called upon to state whether another witness was lying or telling the truth. However, that is exactly what plaintiffs ask this Court to order Nationwide's 30(b)(6) witnesses to do. Asking Nationwide's 30(b)(6) witness to testify as to the "content, accuracy, veracity and completeness" of deposition testimony given in this case by Glenn Deaton Agency, Inc. through its designee, Glenn Deaton" is no less improper (and ultimately just as useless) than if Nationwide questioned Thomas Eames, Roberta Eames and/or Tammy Eames regarding the "content, accuracy, veracity and completeness" of the testimony of Mr. Deaton.

Perhaps plaintiffs see the folly of their Matter # 3 request. Their "letter application" rephrases the request as an entitlement "to discover Nationwide's ***position*** with respect to testimony previously given by its own agent." (Plaintiffs' "letter application" at p. 2) (emphasis added). While the term "position" appears to suggest a legal position subject to attorney-client privilege (which Nationwide does not waive), it is itself a vague and ambiguous word in this context. Also, Deaton's deposition transcript is 56 pages;

James W. Semple, Esquire
February 1, 2006
Page 3

it has numerous questions and responses.  It is inherently unfair to demand that a 30(b)(6) witness of Nationwide review a 56-page transcript and be prepared to testify regarding each and every statement made by another witness. Further, it is unfair to do so without thereafter permitting Mr. Deaton to first read the 30(b)(6) witness's "impressions" or "interpretations" of what Mr. Deaton said, and thereafter depose him regarding the accuracy and veracity and completeness of Nationwide's 30(b)(6) witnesses interpretations and impressions of what he said.  He could likely testify: "No, that is not what I meant when I said . . . ."  This absurd scenario would be the result if courts were to permit such questions to witnesses to secure testimony as to the veracity or accuracy of other witnesses.  This is especially true, because Mr. Deaton did not testify (as counsel states) that Nationwide routinely characterizes PIP as full in "auto rate quotes" or that the "auto rate quote" book is routinely given to customers.  The objection to Matter # 3 should be upheld.

**A Witness Cannot Be Compelled To Testify On The Meaning Of Documents**

Contrary to the impression given by plaintiffs, with regard to questioning Nationwide's 30(b)(6) witness concerning the nature and contents of documents produced by Nationwide, Nationwide objects to Matter # 6 only in part.  With regard to documents produced by the five (5) listed non-party Delaware insurance agency corporations in Matter # 7, Nationwide objects in its entirety.  As noted in the objections, documents say what they say.  Nationwide cannot be forced to interpret documents for the author.  On the contrary, it is the Court's job to interpret contracts and/or to resolve whether language therein is ambiguous.  *See Pacitti v. Macy's,* 193 F.3d 766, 773 (3rd Cir. 1999); and *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3rd Cir. 1994).

With regard to documents generally (especially the documents of other non-party corporations), "the meaning of the document is what ***the parties*** using those words **against the relevant background** would **reasonably** have been understood to mean."  *Crown Cork & Seal Tech Corp. v. Continental Pet Tech, Inc.*, 232 F.Supp. 2d 294, 299 (D.Del. 2002) (emphasis added).  Nationwide cannot be compelled to testify as to the intentions of Cynthia Hoban or her corporate agency, or of Lisa Broadbent or her agency or the Muncie Agency or the Truitt Insurance Agency or the Glenn Deaton Agency for its documents, issued under the prevailing circumstances and purposes.  Nationwide cannot be compelled to testify regarding the relevant facts and background of the creation of the documents drafted by others and/or to then (in a vacuum of facts) interpret the meaning of the words in the documents produced by the several independent agencies.  Nor can Nationwide be compelled to act as the arbiter of the reasonableness of any given interpretation of the words of a document produced by the five named agencies.

Nationwide is not "refusing to testify concerning a document by virtue of it being in writing." Nationwide has properly designated a representative to testify as to documents it has produced.  But this is not the subject designated by plaintiffs.  Rather, plaintiffs' demand speaks to the "nature and content" of documents.  Nationwide's objections are therefore proper, and should be upheld.

James W. Semple, Esquire
February 1, 2006
Page 4

**Plaintiffs' Loss-Ratio Demands are Beyond the Scope of Class Discovery**

As plaintiffs acknowledge, discovery at this phase is limited to class issues. The requested information regarding loss ratios has no relation whatsoever to class issues. If it is relevant at all, it is clearly a merits (not class) issue. If relevant at all at some stage, it goes to "motive," which is obviously merits based.

Accordingly, this information is absolutely irrelevant to the issues presented for class certification. Further, such information is proprietary and confidential, and plaintiffs' request is overbroad and vague and ambiguous as properly asserted in Nationwide's objection. Nationwide's objection should therefore be upheld.

**Nationwide Should Not Be Compelled To Testify To Infinite Documents**

Again, plaintiffs fail to point out that Nationwide only objects to Matter # 13 in part. The objections are reserved, and Nationwide states that "Peter Oesterling will testify as to the subjects identified in this paragraph." The objections are based in part on the demand that the witness testify as to the *non*-existence ("vel non" means "or not" in Latin) of documents. Moreover, the demanded disclosure is with regard to any and all documents related to any and all the Matters, including the Matter numbers referring to the five (5) non-party agencies identified. A witness cannot be forced to prepare oneself regarding the existence, location and/or organization of documents in the possible possession of non-parties. This demand for preparation is, on its face, overly burdensome. Nationwide's objections are therefore proper.

**CONCLUSION**

For the foregoing reasons, Nationwide properly responded to the subject 30(b)(6) notice. Its responses and objections are complete and proper, and should therefore be upheld.

Respectfully submitted,

*/s/ Nicholas E. Skiles, Esquire*
/s/ Nicholas E. Skiles, Esquire (I.D. #3777)
Curtis P. Cheyney, III, Esquire

CPC/bkh
cc: John S. Spadaro, Esq.