# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

202.472.8101
jspadaro@msllaw.com

February 2, 2006

**BY HAND DELIVERY AND ELECTRONIC FILING**
James W. Semple, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

>  RE: Eames v. Nationwide Mut. Ins. Co.
>     C.A. No.: 04-CV-1324KAJ

Dear Master Semple:

This is the Eames plaintiffs' reply submission on the pending 30(b)(6) dispute.

## I. Nationwide's Prematurity Objection

As the SDM is aware, Nationwide expressly agreed to the briefing schedule reflected by this exchange of letters. Now it says the briefing is premature.

It should be obvious that the prematurity objection has been waived. But the dispute is not premature; its timing is driven by the approaching close of class certification discovery, and the agreed (February 16) date for Nationwide's deposition.

## II. Nationwide's Definitional Objection

Nationwide's written objections assert that our definition of the disputed practice is ambiguous and overbroad. But nowhere in its letter submission does Nationwide identify any ambiguity or overbreadth. Instead, Nationwide trumpets its right to object.

Parties always have a right to object in good faith. The issue is not the right to object, but the merits of the objection. The notice's definition of "disputed practice" is clear, and tailored to the issues. The objection therefore lacks merit.

Nationwide also insists that it does not engage in the disputed practice as defined. But the definition refers to the characterization of *any aspect of PIP* as "full", including deductibles. Nationwide has elsewhere argued that the "full" usage "reflect[s] that the Eames (sic) had elected PIP coverage with no deductible." D.I. 95 at 6. Though we reject that spin, there can be no question that the practice *as described by Nationwide* meets the definition of "disputed practice."

128385

James W. Semple, Esq.
February 2, 2006
Page 2

_____

### III. The Deaton Testimony

Nationwide says that no witness can be called upon to testify as to whether another witness's account is accurate. It cites no authority for this proposition, which the SDM must surely recognize as alien to the litigation process. Witnesses are in fact frequently confronted with the testimony of other witnesses -- the classic formulation being, "If Witness Jones said $X$, would you have any reason to doubt him?"

Nationwide next says that if two witnesses disagree with each other's accounts, the result must be a never-ending series of re-examinations and re-re-examinations. But witnesses disagree with one another all the time, without such dire procedural results.

Finally, Nationwide denies that Mr. Deaton testified that Nationwide routinely characterizes PIP as full in auto rate quotes. One has but to read the block quote from Mr. Deaton's testimony (set forth at page 2 of our opening submission) to see that Nationwide is wrong.

### IV. The Agents' Productions

It is true enough that a witness's subjective view on the meaning of contract terms is inadmissible at trial. But in its February 2, 2006 decision on Nationwide's motion to dismiss, the Court held that the operative documents are not part of any contract. Nor are we now at trial; the discovery standard, and not the admissibility standard, will govern Nationwide's deposition.

Witnesses are routinely asked to testify to their understanding of documents. Here again, the prohibition Nationwide seeks is alien to civil practice.

### V. The "Loss Ratio" Issue

Nationwide concedes that the "loss ratio" inquiry is relevant to motive. Evidence of motive is relevant to class certification issues, because 1) it may tend to support an allegation of a common deceptive scheme, and 2) common deceptive schemes present the classic case for certification. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625 (1997) ("Predominance is a test readily met in certain cases alleging consumer or securities fraud . . . .")

Respectfully submitted,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr
cc: Curtis P. Cheyney, III, Esq. (by electronic filing)

128385

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 04-CV-1324KAJ |
| v. ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

                                           MURPHY SPADARO & LANDON

                                           /s/ John S. Spadaro
                                           John S. Spadaro, No. 3155
                                           1011 Centre Road, Suite 210
                                           Wilmington, DE 19805
                                           (302) 472-8100

                                           Attorneys for plaintiffs
                                           Thomas A. Eames, Roberta L. Eames and
                                           Tammy Eames (on behalf of themselves and
February 2, 2006                            all others similarly situated)

128337