# EXHIBIT D

00071306.DOC

# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

March 8, 2005

**BY FACSIMILE AND U.S MAIL**
Curtis P. Cheyney, III, Esq.
Swartz Campbell LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103

    RE: Eames v. Nationwide Mut. Ins. Co.
        C.A. No.: 04-CV-1324KAJ

Dear Mr. Cheyney:

    The form of Scheduling Order approved by the Court incorporates by reference the Court's Default Standard for Discovery of Electronic Documents. Nationwide must meet several obligations under the Default Standard, some (but not all) of which are set forth in paragraph 2 of the Default Standard.

    Please review the Default Standard and make the disclosures required thereunder as soon as possible. It can be found on the Court's web site, at the link for "Orders, Etc." If Nationwide can offer a better protocol for discovery of electronic documents, of course, we will certainly consider it.

    This letter is without prejudice to the Eames plaintiffs' contention that diversity jurisdiction does not exist in this case.

Very truly yours,



John S. Spadaro

JSS/slr

118380

## John S Spadaro

5/27/2005

| | |
|---|---|
| **From:** | "John S Spadaro" <jspadaro@msllaw.com> |
| **To:** | <ccheyney@swartzcampbell.com> |
| **Cc:** | <nskiles@swartzcampbell.com> |
| **Sent:** | Wednesday, April 06, 2005 4:26 PM |
| **Attach:** | 00118380.DOC |
| **Subject:** | Eames v. Nationwide; default standard for electronic discovery |

Mr. Cheyney:

Please respond to my letter on this subject, dated March 8, 2005. For your convenience, an additional copy of the letter is attached. Thank you. John

## John S Spadaro

5/27/2005

**From:** "John S Spadaro" <jspadaro@msllaw.com>
**To:** <ccheyney@swartzcampbell.com>
**Sent:** Thursday, May 05, 2005 1:05 PM
**Attach:** 00118380.DOC
**Subject:** Fw: Eames v. Nationwide; default standard for electronic discovery

Mr. Cheyney:

I ask again that you respond to my March 8, 2005 letter and follow-up e-mail of April 6, 2005. John Spadaro

----- Original Message -----
From: John S Spadaro
To: ccheyney@swartzcampbell.com
Cc: nskiles@swartzcampbell.com
Sent: Wednesday, April 06, 2005 4:26 PM
Subject: Eames v. Nationwide; default standard for electronic discovery

Mr. Cheyney:

Please respond to my letter on this subject, dated March 8, 2005. For your convenience, an additional copy of the letter is attached. Thank you. John

## John S Spadaro

**From:** "John S Spadaro" <jspadaro@msllaw.com>
**To:** "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
**Sent:** Monday, May 16, 2005 2:22 PM
**Subject:** Re: Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

In a consumer transaction, where an adhesion contract is sold, the consumer's subjective expectations are irrelevant. The doctrine of reasonable expectations is a matter of objective, not subjective, expectations. Further, ambiguities in adhesion contracts are construed in the consumer insured's favor without regard to that insured's subjective intent. So from our perspective, your observation about the insured's "state of mind when purchasing the policy" misses the mark.

But that aside, it's difficult to frame the search terms when I don't know what your search capabilities are. My law firm's document management software could search "PIP" within ten words of "full", "Protection" within ten words of "full", etc.; and this capability could make for a very manageable search. Nationwide is obviously more high-tech than my six-lawyer firm, and may have search capabilities far beyond those that I might propose.

On a related point, I have written to you repeatedly regarding Nationwide's failure to comply with the Court's Default Standard for Discovery of Electronic Documents, as required under Section 1 of the Scheduling Order. If Nationwide would simply comply with that standard, we might be better able to work through document-search issues.

So here are some suggestions to address our pending discovery dispute.

1. Could you please answer the questions in my May 11 message now?

2. Could you review and comply with the Default Standards now?

3. Could we set aside for the moment the existence of responsive documents from among policyholder-specific materials (like claim files) and focus on generic materials, like internal memoranda, guidelines and manuals, and board meeting minutes? Though we'll reserve our right to discover the nongeneric items, we might be in a position to accept only the generic items for now, depending on the extent to which they exist and the speed with which you can produce them. Can you tell us that now?

4. If we can't have some final word from you on whether, when and to what extent Nationwide will supplement its responses, we'll have to bring the matter to the Court's attention quickly. The class certification discovery schedule does not allow us the luxury of waiting on Nationwide's in-house counsel for very long.

Please give these suggestions some thought, and get back to me as soon as you can. Thank you. John Spadaro

----- Original Message -----

> From: Curtis P. Cheyney
> To: John S Spadaro
> Sent: Thursday, May 12, 2005 2:50 PM
> Subject: RE: Eames v. Nationwide; Nationwide's responses to document requests
>
> John, I have forwarded your request to NW's counsel and suggested a substantive responce. If possible and feasable, can you suggest a protocol for a document sweep? What word order or phrase might you suggest. I don't want to go through everyPIP, MedPay, BUIM and feret out any off hand comment by an adjuster that

might use "full" referring to the available PIP limit stated in the policy while considering a claim and making a claim log entry; after-all, no claim adjusters comment has relevance to the insureds state of mind when purchasing the policy. Curt

**From:** John S Spadaro [mailto:jspadaro@msllaw.com]
**Sent:** Wednesday, May 11, 2005 2:25 PM
**To:** Curtis P. Cheyney
**Cc:** Nicholas E. Skiles
**Subject:** Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

In Nationwide's responses to the Eames plaintiffs' document requests, Nationwide interposes a general objection to the effect that Nationwide's characterization of PIP limits as "full", or its discussion of that characterization, is relevant and discoverable only to the extent that it appears in an insurance contract. We disagree; but for present purposes, I'd like to determine whether the disagreement is one of substance.

Suppose, for example, that Nationwide possessed an internal memorandum or minutes from a board meeting, and a characterization of PIP limits as "full" appeared in that document. Nationwide's objection might mean that notwithstanding its response to Request Nos. 1 and 2 -- that it is "currently unaware of any other documents that legally characterize the PIP policy limits" -- Nationwide has never searched for our hypothetical document, simply because it doesn't regard them as "legally characterizing" PIP limits (whatever that means). Or it might mean that Nationwide is aware of our hypothetical document, but is neither producing nor identifying it, because it doesn't meet Nationwide's criterion for being a "legal characterization".

Before we seek relief from the Court, I ask you to clarify the matter by answering three simple questions:

1. In responding to our document requests, has Nationwide searched all documents in its possession, custody or control that might reasonably be expected to contain characterizations of PIP limits as "full", including internal memoranda, guidelines and manuals, and minutes of board meetings?

2. Conversely, has Nationwide limited its search to insurance policies?

3. Is Nationwide aware of any documents in its possession, custody or control that do not consist of insurance policies or parts of insurance policies, but do characterize PIP limits as "full"?

In light of the compressed discovery schedule for class certification issues, I ask for your prompt response. Thank you. John Spadaro

5/27/2005

## John S Spadaro

**From:** "John S Spadaro" <jspadaro@msllaw.com>
**To:** "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
**Sent:** Friday, May 20, 2005 10:06 AM
**Subject:** Re: Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

Although we're forced by circumstances to pursue the June 2 teleconference that we've arranged with the Court, we remain willing to negotiate with Nationwide in an effort to resolve the dispute prior to June 2. Toward that end, I've set forth below an additional copy of my May 16 message. John Spadaro

----- Original Message -----
From: John S Spadaro
To: Curtis P. Cheyney
Sent: Monday, May 16, 2005 2:22 PM
Subject: Re: Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

In a consumer transaction, where an adhesion contract is sold, the consumer's subjective expectations are irrelevant. The doctrine of reasonable expectations is a matter of objective, not subjective, expectations. Further, ambiguities in adhesion contracts are construed in the consumer insured's favor without regard to that insured's subjective intent. So from our perspective, your observation about the insured's "state of mind when purchasing the policy" misses the mark.

But that aside, it's difficult to frame the search terms when I don't know what your search capabilities are. My law firm's document management software could search "PIP" within ten words of "full", "Protection" within ten words of "full", etc.; and this capability could make for a very manageable search. Nationwide is obviously more high-tech than my six-lawyer firm, and may have search capabilities far beyond those that I might propose.

On a related point, I have written to you repeatedly regarding Nationwide's failure to comply with the Court's Default Standard for Discovery of Electronic Documents, as required under Section 1 of the Scheduling Order. If Nationwide would simply comply with that standard, we might be better able to work through document-search issues.

So here are some suggestions to address our pending discovery dispute.

1. Could you please answer the questions in my May 11 message now?

2. Could you review and comply with the Default Standards now?

3. Could we set aside for the moment the existence of responsive documents from among policyholder-specific materials (like claim files) and focus on generic materials, like internal memoranda, guidelines and manuals, and board meeting minutes? Though we'll reserve our right to discover the nongeneric items, we might be in a position to accept only the generic items for now, depending on the extent to which they exist and the speed with which you can produce them. Can you tell us that now?

4. If we can't have some final word from you on whether, when and to what extent Nationwide will supplement its responses, we'll have to bring the matter to the Court's attention quickly. The class certification discovery schedule does not allow us the luxury of waiting on Nationwide's in-house counsel for very long.

Please give these suggestions some thought, and get back to me as soon as you can. Thank you. John Spadaro

5/27/2005

----- Original Message -----

**From:** Curtis P. Cheyney
**To:** John S Spadaro
**Sent:** Thursday, May 12, 2005 2:50 PM
**Subject:** RE: Eames v. Nationwide; Nationwide's responses to document requests

John, I have forwarded your request to NW's counsel and suggested a substantive responce. If possible and feasable, can you suggest a protocol for a document sweep? What word order or phrase might you suggest. I don't want to go through everyPIP, MedPay, BUIM and feret out any off hand comment by an adjuster that might use "full" referring to the available PIP limit stated in the policy while considering a claim and making a claim log entry; after-all, no claim adjusters comment has relevance to the insureds state of mind when purchasing the policy. Curt


**From:** John S Spadaro [mailto:jspadaro@msllaw.com]
**Sent:** Wednesday, May 11, 2005 2:25 PM
**To:** Curtis P. Cheyney
**Cc:** Nicholas E. Skiles
**Subject:** Eames v. Nationwide; Nationwide's responses to document requests

Mr. Cheyney:

In Nationwide's responses to the Eames plaintiffs' document requests, Nationwide interposes a general objection to the effect that Nationwide's characterization of PIP limits as "full", or its discussion of that characterization, is relevant and discoverable only to the extent that it appears in an insurance contract. We disagree; but for present purposes, I'd like to determine whether the disagreement is one of substance.

Suppose, for example, that Nationwide possessed an internal memorandum or minutes from a board meeting, and a characterization of PIP limits as "full" appeared in that document. Nationwide's objection might mean that notwithstanding its response to Request Nos. 1 and 2 -- that it is "currently unaware of any other documents that legally characterize the PIP policy limits" -- Nationwide has never searched for our hypothetical document, simply because it doesn't regard them as "legally characterizing" PIP limits (whatever that means). Or it might mean that Nationwide is aware of our hypothetical document, but is neither producing nor identifying it, because it doesn't meet Nationwide's criterion for being a "legal characterization".

Before we seek relief from the Court, I ask you to clarify the matter by answering three simple questions:

1. In responding to our document requests, has Nationwide searched all documents in its possession, custody or control that might reasonably be expected to contain characterizations of PIP limits as "full", including internal memoranda, guidelines and manuals, and minutes of board meetings?

2. Conversely, has Nationwide limited its search to insurance policies?

3. Is Nationwide aware of any documents in its possession, custody or control that do not consist of insurance policies or parts of insurance policies, but do characterize PIP limits as "full"?

In light of the compressed discovery schedule for class certification issues, I ask for your prompt response. Thank you. John Spadaro

5/27/2005

Swartz Campbell LLC
1601 Market Street Fl 34
Philadelphia PA 19103-2316

voice (215) 299-4304
facsimile (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
*Attorney at Law*

May 23, 2005

<u>VIA EMAIL</u>

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE   19805

    RE:    Eames v. Nationwide Mutual Insurance Company
            Our File No.: 0547-107521

Dear Mr. Spadaro:

    With regard to your most recent e-mail communication to me and your follow-up concerning a default protocol for electronic discovery, Nationwide, at this time, sees no reason to entertain a debate with you on such a protocol. There is no electronic discovery that has been requested; if, as and when such is contemplated by Nationwide or served by plaintiff, then during the period of time in which Nationwide is to respond, we can address this topic.

    I read with interest your editorial comments concerning "reasonable expectation" doctrine for Delaware. I can find no case that sets forth the reasonable expectation doctrine as you describe it under Delaware Law. I would appreciate you providing me with any case or statute or Delaware Department of Insurance regulation that supports what you believe to be the law.

    There can be no reasonable expectation of coverage formed by others and independent of the plaintiff purchaser which could be relevant for your policy purchaser and this suit. If the purchaser is not informed of some ambiguity from within the policy there is no basis for a cause of action. If the purchaser has an appreciation or expectation of a PIP coverage (extrinsic from reading the policy) but which expectation does not arise from PIP coverages as described in the policy, together with a reasonable interpretation thereof, and a purchase based on

John S. Spadaro, Esquire
May 23, 2005
Page 2

reasonable reliance of the reasonable interpretation, there is no basis for the legal doctrine you espouse. My prior comments therefore remain.

The discovery dispute you have created is no dispute at all but a search for possible information that is not called for from your discovery or the Complaint and if it existed at all could not form the basis of (or impact) your client's decision to purchase the PIP coverage with an alleged expectation for higher PIP limits coverage than those which are expressly set forth by the policy. There can be no expectation of coverage by Mr. Eames arising from inter-office (Nationwide) exchanges (if any) that may contain the word "full" (i.e., full defense). The expectation of coverage to be actionable must expressly result from the policy; and neither your client, nor any class member can have a judicially recognized expectation of coverage described by others, in communications between themselves and to which your purchasing plaintiff had no access or reason by which to assume coverage. Your self-defined doctrine evaporates for your client by a mere reading of their policy PIP coverages. A purchase of insurance, whether or not by a consumer, especially for the PIP coverages as dictated by Delaware Law, cannot be a contract of adhesion (except as to the insurer) for the PIP coverages. Any perceived confusion over the purchased PIP coverage by the purchasing Eames plaintiff is eliminated by his reading of the PIP coverage section of the policy and its Declarations page and wherein there is no ambiguity at all for the limits of the purchased PIP coverage. It is reasonable and expected for the purchaser to read the policy; indeed, the courts presume the purchaser has a duty to read his or her policy, and the failure to read the policy can be neither an excuse nor a basis for an expectation of coverage by a purchaser contrary to the unambiguous terms of the policy. *Delmarva Health Plan, Inc. vs. Aceto*, 750 A2d 1213. In part, this is what the Nationwide Motion to Dismiss is to decide; the Complaint does not set forth a claim of "reasonable expectation" for a breach of contract, nor does it suggest electronic inter-office communications which did not reach the plaintiff before the purchase decision could be at issue.

Very truly yours,

SWARTZ CAMPBELL LLC

BY: _____
    Curtis P. Cheyney, III

CPC/ll/dd

John S. Spadaro, Esquire
May 23, 2005
Page 3


cc: Nicholas E. Skiles, Esq. (via email)