# EXHIBIT G

Case 1:04-cv-01324-JJF-LPS    Document 155-8    Filed 02/07/2006    Page 1 of 3

00071306.DOC

Swartz Campbell LLC  
1601 Market Street Fl 34  
Philadelphia PA 19103-2316  

voice (215) 299-4304  
facsimile (215) 299-4301  
ccheyney@swartzcampbell.com  
www.swartzcampbell.com

**Curtis P. Cheyney, III**  
*Attorney at Law*

October 17, 2005

<u>VIA EMAIL</u>

John S. Spadaro, Esquire  
Murphy Spadaro & Landon  
1011 Centre Road, Suite 210  
Wilmington, DE   19805

      RE:   Eames v. Nationwide Mutual Insurance Company  
            Our File No.: 0547-107521

Dear Mr. Spadaro:

     We are replying to your October 3, 2005 letter. Mr Oesterling met with you as you requested. He responded to all of your questions and provided the information that you requested. He further agreed to "follow up" on certain matters as you requested. We therefore do not understand your comment that you "regret that the meeting was not more productive."

     As you are aware, this case involves an insurance policy purchased and issued in Delaware to Delaware residents. The subject accident occurred in Delaware. The disputed PIP coverage was paid in Delaware, and is governed by Delaware law. Moreover, the Court's Scheduling Order limits discovery at this stage to class certification issues. The proposed class in this case is limited to Delaware insureds. The proper focus of discovery is therefore obviously Delaware. Given the nature of and issues in this case, as well as the proper scope of discovery at this stage as defined by the Court, we fail to see how you could reasonably contend that the searches (that have been outlined in detail to you and the Court) are "designed for failure."

     Nevertheless, your characterizations to a "Delaware – specific search" limited to "Delaware specific sources" are misleading. You have been provided with the list of persons from whom responsive documents have been sought and whose emails have been searched. As you have been advised, the duties of several of the Nationwide employees on the list are not limited to Delaware. Moreover, the search for Board Minutes that you requested, and was conducted, was not limited to Delaware. We have asked that you come forward with any specific individuals that you feel should be added to the list. You have not done so. We again make this request.

John S. Spadaro, Esquire
October 17, 2005
Page 2

Your reference to a "two-year search beginning in 2002" is similarly misleading. As you are aware, the search for any responsive documents was not limited to this time frame. Rather, due to the system constraints that have been outlined for you, the search for emails can not extend further back than September 2002. We have asked that you indentify any specific responsive documents, or any specific document sources, that you believe to exist. You have not done so. We again make this request.

With regard to you inquiry regarding the search of board minutes, the search encompassed a start date of January 1, 1973. Other matters addressed in your letter are the subject of interrogatories that your clients recently served. Nationwide will timely provide its responses.

Mr. Oesterling is following up on the additional matters that you requested that he address during the meeting. We will inform you of the results of his inquiries.

We respectfully disagree with your characterizations as to both "Nationwide's approach" and the timing of Nationwide's discovery efforts. As you are well aware, the case was stayed while the jurisdictional issue was before the Third Circuit. Nationwide's significant efforts have been fully outlined for both you and the Court. With all due respect, your refusal to cooperate, as well as your continually expanding demands, has made the process much more difficult and time consuming than it should be. The parties' focus should be proceeding to have this case determined on its merits as quickly as possible, not on creating unnecessary disputes and conflict and engaging in unproductive "letter writing wars." Nevertheless, Nationwide will continue to proceed in good faith as previously outlined and will remain cooperative. We will further discuss reasonable time frames with you and Mr. Semple.

                              Very truly yours,

                              SWARTZ CAMPBELL LLC


                              BY: _____
                                  Curtis P. Cheyney, III

CPC/

cc:    John P. Marino, Esq. (via email)
        Peter Oesterling, Esq. (via email)
        Nicholas E. Skiles, Esq. (via email)

2364488