IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 04-CV-1324KAJ |
| v. ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

## APPENDIX: MATTERS FOR EXAMINATION

### Definitions

1. References to "you", "your" or "Nationwide" are to the defendant Nationwide Mutual Insurance Company.

2. The term "PIP" refers to Personal Injury Protection or other first-party "no-fault" insurance benefits for medical expenses, lost earnings or funeral expenses provided or to be provided under policies of automobile insurance.

3. The term "document" shall have the broadest meaning permissible under the Federal Rules of Civil Procedure, and shall include (without limitation) documents created or stored by electronic means.

4. References to the "disputed practice" are to the characterization of any aspect of PIP (whether it be limits of liability, deductibles or otherwise) as "full", where such characterization is set forth in documents shared by Nationwide or its insurance agents with actual or prospective

127344

purchasers of automobile insurance, and regardless of whether Nationwide contends that such characterization is innocent or lawful.

5. The term "loss ratio" means the ratio of an insurer's incurred losses and loss-adjustment expenses to its net earned premium.[1]

## Matters for Examination

1. Your organization and structure, including without limitation the organization of any subdivision, section, division, department, office or group that participated in the development, creation or implementation of the disputed practice, or currently has responsibility for oversight of the disputed practice.

2. The disputed practice, including without limitation:

   a. The genesis, development, inception or origins of the disputed practice;

   b. Any variations of the disputed practice employed by Nationwide or its agents in states other than Delaware;

   c. Any questions, concerns or criticisms with respect to the disputed practice that have been raised at any time by regulators, consumer advocates, members of the legal profession, or other persons not employed or retained by Nationwide;

   d. Any questions, concerns or criticisms with respect to the disputed practice that have been raised at any time by persons employed or retained by Nationwide; and

   e. The identity of persons with knowledge of the matters described by this paragraph.

---

[1] For purposes of this Definition No. 5, the term "loss-adjustment expenses" refers to expenses incurred to investigate, process, handle or pay insurance claims; and the term "earned premium" refers to that part of any insurance premium to which an insurer is entitled under a contract of insurance, and by virtue of the passage of time.

127334                                    2

3. The content, accuracy, veracity and completeness of deposition testimony given in this case by the Glenn Deaton Agency, Inc. through its designee, Glenn Deaton.

4. The content, accuracy, veracity and completeness of Nationwide's responses to written discovery propounded by the plaintiffs herein.

5. The completeness, efficacy and integrity of Nationwide's search for and production of documents responsive to written discovery propounded by the plaintiffs herein.

6. The nature and content of documents produced by Nationwide in the course of discovery herein.

7. The nature and content of documents produced by the Glenn Deaton Agency, Inc., the Truitt Insurance Agency, the Cynthia C. Hoban Agency, Lisa Broadbent Insurance, Inc. and Muncie Insurance & Financial Services, Inc. in the course of discovery herein.

8. Nationwide's loss ratio for PIP coverages written in Delaware, including without limitation the extent to which such loss ratio has historically been more or less favorable than the loss ratios for other automobile insurance coverage parts written by Nationwide in Delaware.

9. Nationwide's loss ratio for PIP coverages generally (without regard to the geographic limits of Delaware), including without limitation the extent to which such loss ratio has historically been more or less favorable than the loss ratios for other automobile insurance coverage parts written by Nationwide.

10. The approximate number of automobile insurance policies issued by Nationwide for vehicles registered in the State of Delaware for each year since 2001.

11. The approximate number of automobile insurance policies issued by Nationwide for vehicles registered in the State of Delaware, and which provide or purport to provide limits of

liability for PIP coverage of $15,000 per person and $30,000 per accident, for each year since 2001.

12. The number and identity of Nationwide's insurance agents in Delaware.

13. The existence *vel non*, location and organization of any documents that refer or relate to any of the Matters for Examination set forth herein, and the identity of any custodian for any such documents.

        Respectfully submitted,

        MURPHY SPADARO & LANDON

        /s/ John S. Spadaro
        John S. Spadaro, No. 3155
        1011 Centre Road, Suite 210
        Wilmington, DE 19805
        (302)472-8100

        Attorneys for plaintiffs
        Thomas A. Eames, Roberta L. Eames and Tammy
        Eames (on behalf of themselves and all others
February 14, 2006        similarly situated)