IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-CV-1324-KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**


SWARTZ CAMPBELL LLC


*/s/ Nicholas E. Skiles, Esquire*
Nicholas Skiles, Esquire (DE ID#3777)
Delaware Bar No. 3777
300 Delaware Avenue, Suite 1130
Wilmington, DE 19899

Date:  February 16, 2006          Attorneys for Defendant, Nationwide
Mutual Insurance Company
(302) 656-5935

Defendant, Nationwide Mutual Insurance Company, (hereinafter "Nationwide") by and through their counsel, Swartz Campbell LLC, hereby serves its Reply Memorandum to the Eames' Plaintiffs' Opposition to Nationwide's Motion for Protective Order. This memorandum is submitted without waiver of Nationwide's right to file a Motion to Dismiss the Amended Complaint.

**STATEMENT OF FACTS**

Nationwide respectfully refers the Court to the Statement of Facts set forth in Nationwide's Motion for a Protective Order. In addition, the following facts are relevant to the issues at bar.

On February 2, 2006 the Court granted Nationwide's Motion to Dismiss all five causes of action set forth in the Plaintiffs' complaint. (See Exhibit "A"). While the Court granted Plaintiffs leave to file an amended complaint within 45 days, all Counts of the original complaint were dismissed and only two, non contract/policy counts potentially can be, if possible, resuscitated by amendment.

The Plaintiffs' First Set of Requests for Production of Documents served on April 7, 2005 pertained to the five causes of action set forth in the original complaint including, Counts I, II and III which were the contract claims, and Count IV - Consumer Fraud and Count V - Civil Conspiracy. The Court held in the decision dismissing the entirety of Plaintiff's complaint that "… the contract at issue unambiguously provides for liability limits of $15,000/$30,000 for PIP coverage… Also, Nationwide has not breached that contract of Count I, and Counts II and III will likewise be dismissed with prejudice." (See Exhibit "A").

Thus, presently there are no discovery demands which have been prepared and served which are focused upon and designed to elucidate the allegations of the newly filed amended complaint. Nationwide demonstrated to the Court that plaintiffs' allegations were without merit. As such, it would be an especially punitive sanction against Nationwide to strike the proper Confidentiality designation on documents which were produced pursuant to a Stipulated Protective Order in response to discovery demands associated with a complaint that has now been dismissed by the Court.

**ARGUMENT**

Nationwide produced documents to Plaintiffs on January 6, 2006. As previously noted in Nationwide's opening brief, that collection of documents was the product of a broad and extensive search through many different departments within Nationwide. The documents were produced despite Nationwide's protestations that Plaintiffs' demands for production of all documents containing the words "full" and "PIP" were too broad and were likely to produce voluminous pages irrelevant to the present litigation as framed by the original complaint. In the course of that production, and in reliance upon the Stipulated Protective Order agreed to by the parties and approved by this Court, Nationwide designated the documents as confidential and then produced the subject documentation to Plaintiffs' counsel. Plaintiffs' counsel then objected to the confidentiality designation.

Nothing could be more indicative of the ulterior motives than the position taken with regard to the documents produced by Nationwide which are the subject of this motion for a protective order. More specifically, in plaintiffs' January 30, 2006 filing with the SDM relative to the 30(b)(6) deposition of Nationwide, Plaintiffs' counsel admits, "... Nationwide has produced no documents of value in this case, ..." (See page 3 of Exhibit "B"). (Despite the

3

dismissive characterization of such documents by Plaintiffs' counsel Nationwide verily believes that said documents are important to Nationwide to confirm the proper response to Plaintiffs' First Request for Documents). In light of the admission by Plaintiffs' counsel that he perceives the documents produced by Nationwide as useless, worthless and irrelevant to this action there is no good reason for either contesting the confidentiality designation by Nationwide or for stating that he will be prejudiced and burdened by the treatment of these documents as confidential pursuant to the Stipulated Protective Order.

The only conceivable reason for plaintiffs to contest the designation of these allegedly useless documents is that plaintiffs' counsel (not the plaintiffs) plans to use them in some other forum and/or separate litigation. At a minimum, plaintiffs maintain such an argument as to apparently worthless documents is consuming the valuable time and resources of the defendant, the SDM and importantly, the Court. This is merely argument for the sake of argument, as well as a lack of good faith. Nationwide's motion for a protective order as to the confidentiality of the subject documents should be granted.

Plaintiffs' counsel argues that some of the documents produced are public documents and, as such, are improperly labeled as confidential. However, many of those documents are in fact exhibits or attachments to other documents which most certainly enjoy the privilege associated with confidentiality and proprietary business materials. To the extent that the plaintiffs' counsel sees any particular document in Nationwide's production that he contends is a public document, he is free to request and obtain that document directly from the public source and will thereby be free of any confidentiality provisions associated with the documents produced by Nationwide. No argument has been made that plaintiffs' counsel has tried to independently obtain any such documents but failed due to their unavailability or the

4

burdensomeness of such a search for public documents. In any event, it seems unlikely that Plaintiffs' counsel would want to make such an effort to obtain documents he contends are worthless.

**NO BURDEN TO PLAINTIFFS OR PLAINTIFFS' COUNSEL**

Plaintiffs' counsel contends it is too burdensome for him to review all documents Nationwide has designated as confidential. The mere designation of these documents as "Confidential" does not increase that pre-existing burden of the soliciting counsel. Additionally, the Stipulated Protective Order does not impose upon the plaintiffs any time constraints or deadlines within which an objection must be made or else waived. (See ¶12 of the Stipulated Protective Order.) Rather, the burden is upon the defendant to move within 10 days of the objection for a protective order. Nationwide's motion for a protective order as to the confidentiality of the subject documents should be granted.

Plaintiffs' counsel argues that they must afford special treatment to these documents at peril of some anticipated contempt of Court at the motion of Nationwide; that they must place these documents, whenever and however, and under seal whenever referencing one or more of using these documents in every Court filing; that they must affix a special legend to the documents when used in a filing; and that they must have their experts execute special acknowledgments associated with the Stipulated Protective Order if the experts review any of these "Confidential" documents. However, even Plaintiffs' counsel must admit that these arguments are baseless, if not frivolous, in light of the plaintiffs' admission that the subject documents are worthless to him. The only burden to plaintiffs' counsel is the self-imposed burden of attaching worthless documents to his opposition papers. Moreover, Nationwide remains willing to consider positions of Plaintiffs with regard to particular documents and

attempt to reach some reasonable resolution. But Plaintiffs' blanket objection to all documents is obviously overbroad and not in good faith. Nationwide's motion for a protective order as to the confidentiality of the subject documents should therefore be granted.

**THERE WAS NO SLAPP SUIT**

Plaintiffs' counsel contends that Nationwide filed a SLAPP suit against him, his partner and his firm relative to violations of a confidentiality agreement in a separate matter. That is untrue. As this Court is well aware, a SLAPP suit (Strategic Lawsuit Against Public Participation) has been described as a political tool and a lawsuit "… brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances against a public figure." Bosley Med. Inst., Inc. v. Kremer, 403 F.3d 672, 682 (9th Cir. 2005). The former litigation by Nationwide against plaintiff's counsel was neither political nor designed to suppress freedom of speech. As this Court is well aware by now, plaintiffs' counsel takes and maintains extreme positions. Nationwide believed that plaintiffs' counsel violated the confidentiality agreement in the aforementioned separate matter and therefore sought to stop him.

**THE CROWHORN MATTER**

Plaintiffs' counsel contends that he defeated Nationwide in the separate Crowhorn matter that settled for five million dollars. While this characterization is misleading, the Crowhorn matter has no bearing on the present matter. Furthermore, the Court granted 10 of Nationwide's 12 Motions for Protective Orders, (many of which were essentially discrete summary judgment decisions) limiting the scope of plaintiffs' counsel's overbroad discovery sought by Plaintiffs' counsel. Just as the plaintiffs' counsel used discovery in a prior case against Nationwide as a

springboard for the <u>Crowhorn</u> class action, one can assume that he is using the discovery process in the present matter as a springboard for his next class action against Nationwide. Otherwise, he would have no purpose to be arguing over admittedly worthless documents. The overbroad nature of plaintiffs' counsels' discovery demands and protestations seemingly serve a purpose beyond the present litigation. Nationwide's motion for a protective order as to the confidentiality of the subject documents should be granted.

### **DOCUMENTS PRODUCED ARE NOW EVEN MORE IRRELEVANT**

Pursuant to this Court's February 2, 2006 decision the Plaintiffs' complaint was dismissed in its entirety, despite any characterization to the contrary. The contractual counts were dismissed "with prejudice." While an amended complaint has been filed, the focus of the case is no longer contractual and it most certainly has nothing to do with Nationwide's documents, and undeniably it has nothing to do with any documents which lead to the creation of the contract. As the Court noted when it dismissed the complaint, the contract is unambiguous. The contract also contains an integration clause. The case is now essentially a fraud case involving representatives of agents or agencies and what documents or oral representations, if any, they gave to the policyholders (not to insureds who happen to be covered by the policy). Thus, the subject documents which Nationwide previously produced in response to discovery demands relate to an entirely different complaint, they are documents which the plaintiffs' counsel himself admits are useless and they are documents which bear even less relevance to the case in its current edition. Nationwide's motion for a protective order as to the confidentiality of the subject documents should be granted.

7

**CONCLUSION**

Based upon the foregoing, Nationwide requests that the Court issue a protective order upholding the confidential designations of the subject documents produced by Nationwide (bearing Bates stamps NW000001 through NW000344), pursuant to the Stipulated Protective Order, that Nationwide be awarded its reasonable expenses incurred in bringing this motion, and such further relief as the Court deems proper .

        Respectfully submitted,

        SWARTZ CAMPBELL LLC

        */s/ Nicholas E. Skiles, Esquire*
        Nicholas Skiles, Esquire DE Bar No. 3777
        Curtis P. Cheyney, III, Esquire
        300 Delaware Avenue, Suite 1130
        P. O. Box 330
        Wilmington, DE 19899
        Attorneys for Defendant, Nationwide Mutual
        Insurance Company
        (302) 656-5935