# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210
WILMINGTON, DELAWARE 19805

PHONE 302.472.8100
FAX 302.472.8135

302.472.8101

jspadaro@msllaw.com

February 21, 2006

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

      RE: **Eames v. Nationwide Mut. Ins. Co.**
           C.A. No.: 04-CV-1324KAJ

Dear Judge Jordan:

    I write, under extraordinary circumstances, to request emergency relief for the Eames plaintiffs. Specifically, we respectfully ask that 1) Nationwide be ordered to produce its Rule 30(b)(6) designee(s) on one of the four dates we have proposed, and 2) Nationwide be ordered to pay $10,000 in sanctions for its refusal to respect the law of the case.

    The facts are these. In Nationwide's August 4, 2005 letter to the Court, Nationwide asked that all discovery (including class certification discovery) be stayed pending the resolution of its motion to dismiss. D.I. 83 at 2 (Nationwide argues that discovery "should be abated until the plaintiff responds to and the Court resolves defendant's Motion to Dismiss . . . .") At an August 5, 2005 teleconference, the Court rejected this application emphatically:

> THE COURT: *** [Y]ou may think you can't believe that I would have you respond to discovery until your motion is decided but you would be mistaken, Mr. Cheyney, because this court does not operate on the principle that the filing of a motion to dismiss stops discovery in a case. If that were the principle upon which we operated, cases would grind to a halt across the board because everybody thinks that their case is one that is so important it ought to have the dispositive motion decided right up front.
>
>                          ***
>
> So what I'm telling you is if it comes down to advocacy before me on those discovery dispute, you come up way short, mister -- way, way, way short. The record that looks like has developed here that is presented to me is basically one where you said I'll give you the document. I'll give

129055

The Hon. Kent A. Jordan
February 21, 2006
Page 2

---

> you the contract. Otherwise, you can drop dead until my 12(b) . . . is decided. That is sort of the gist of the feeling or the communications that seem to be going back and forth. And I'm just trying to disabuse you of this in the most direct, clear, emphatic way I possibly can. I will not tolerate this.

Ex. A at 31-33. The question of whether class certification discovery must wait on Nationwide's efforts at dispositive motion practice has thus been raised, argued and decided. The answer is no; and this is the law of the case.

On January 4, 2006, following lengthy briefing and argument, the Special Discovery Master issued his Report and Recommendations on the Eames plaintiffs' motion to compel. The SDM found that Nationwide had "provided delayed, incomplete, and evasive responses" to discovery, and had "spent months providing incomplete or evasive responses" until ordered by the Court to do otherwise. D.I. 132 at 8. The SDM felt that Nationwide's tactics might reasonably be viewed as "a calculated effort to stay discovery long enough for the Court to hear its motion to dismiss." Id. In other words, having been denied the *de jure* stay of discovery it sought in August 2005, Nationwide orchestrated a *de facto* stay.

Within days of the SDM's Report, the Eames plaintiffs sought Nationwide's cooperation in scheduling a class-certification-related 30(b)(6) deposition. Nationwide advised us that its designees would be available for the deposition on February 16, 2006; and on January 20, 2006, we noticed the deposition for that date. D.I. 140. Thereafter, on February 2, 2006, the Court issued its Memorandum Opinion with respect to Nationwide's motion to dismiss. The Memorandum Opinion dismissed the contract-based counts with prejudice; but it dismissed counts for statutory consumer fraud and civil conspiracy without prejudice, and expressly granted the Eames plaintiffs leave to amend those counts within forty-five days. D.I. 150.

All counts of the original complaint rise from the same nucleus of operative fact: the practice by which (as we allege) Nationwide routinely misrepresents to consumers their limits of liability for Personal Injury Protection coverage. The surviving counts rest, as they have always rested, entirely on those factual allegations. We thus informed Nationwide that we would amend the complaint well in advance of February 16 (the agreed date for its 30(b)(6) deposition), and we urged that the deposition go forward as scheduled. During a February 3, 2006 teleconference with the SDM, however, Nationwide argued that some of the deposition notice's targeted subject matters might no longer be relevant in the wake of the Court's Memorandum Opinion. The SDM thus instructed the Eames plaintiffs "that when [they] file an Amended Complaint, they also file a renewed Rule 30(b)(6) notice"; and he "encouraged the parties to agree with respect to the scheduling of that deposition." D.I. 154 (SDM's February 7, 2006 letter).

The parties' February 3 teleconference with the SDM was not transcribed, but its outcome was memorialized by the SDM's February 7 letter. That letter, quoted above, leaves no doubt that Nationwide allowed the SDM to believe that the 30(b)(6) deposition would be rescheduled once the

129055

The Hon. Kent A. Jordan
February 21, 2006
Page 3

---

renewed deposition notice was filed. Indeed, the SDM's February 7 letter contemplates additional submissions by the parties on the scope of the deposition. D.I. 154.

The Eames plaintiffs filed and served their amended complaint on February 10, 2006. D.I. 158. On February 14, 2006, they served Nationwide with a renewed 30(b)(6) deposition notice. D.I. 160. Though the renewed notice targets March 1, 2006 as the deposition date, we advised Nationwide that the deposition could go forward on any of four proposed dates. Ex. B.

Yesterday, Nationwide advised us that it will not produce any designees pursuant to the notice, but will instead file a second motion to dismiss along with a motion to stay discovery. Ex. B. In other words, Nationwide plans to relitigate the precise procedural question that this Court finally decided at the August 5, 2005 teleconference: whether it can stay all class certification discovery on the strength of a pending motion to dismiss. While it relitigates this (already settled) question, it intends to claim for itself yet another *de facto* stay by simple refusing to respond to discovery.

These tactics are abusive. The Court has already rejected Nationwide's procedural approach, ruling that class certification discovery should not wait on Nationwide's efforts at dispositive motion practice. That ruling was made with the benefit of letter briefing and oral argument; it is binding on Nationwide. Under the Court's March 28, 2005 Scheduling Order, meanwhile, class certification discovery was to conclude by June 17, 2005. The fact that it is now nowhere near concluded is a testament to Nationwide's prolonged and outrageous misconduct.

To litigate the "stay" issue a second time in the same case would reward Nationwide with still more delay. To avoid this, we respectfully request that Nationwide be ordered to go forward with the 30(b)(6) deposition on one of the four proposed dates. Because Nationwide has so brazenly disregarded the law of the case -- which, again, firmly established that class certification would not be stayed for dispositive motion practice -- we also ask that Nationwide be ordered to pay $10,000 in sanctions.

If the Court feels that a teleconference is in order, I will make myself available at the Court's convenience. I regret the necessity of this emergency application, and hope it will not prove unduly burdensome to the Court.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr
cc:   Curtis P. Cheyney, III, Esq. (by electronic filing)
      James W. Semple, Esq. (by hand delivery)

129055

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-CV-1324KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

                    MURPHY SPADARO & LANDON

                    /s/ John S. Spadaro
                    John S. Spadaro, No. 3155
                    1011 Centre Road, Suite 210
                    Wilmington, DE 19805
                    (302) 472-8100

                    Attorneys for plaintiffs
                    Thomas A. Eames, Roberta L. Eames and
February 21, 2006      Tammy Eames (on behalf of themselves and
                    all others similarly situated)

128834