ѕwartz Campbell LLC
1601 Market St Fl 34
Philadelphia PA 19103-2316
(voice) (215) 299-4304
(facsimile) (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
Attorney At Law

February 24, 2006

**VIA EMAIL AND ELECTRONIC FILING**

James W. Semple, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

> Re:   Thomas A. Eames, et al. v. Nationwide Mutual Insurance Company
>        C.A. No.:  04-CV-1324KAJ

Dear Discovery Master Semple:

We are writing in response to plaintiffs' counsels' February 21, 2006 letter addressed to Judge Jordan.  In anticipation of the telephone conference you have scheduled for Monday morning, below is a brief summary of Nationwide Mutual Insurance Company's ("Nationwide") position.

**Background**

As you are aware, Plaintiffs' original Complaint has now been dismissed by the Court. The declaratory judgment and breach of contract claims were dismissed with prejudice.  The consumer fraud and related civil conspiracy claim were dismissed with leave to amend, but the Court instructed that the alleged fraud in any amended pleading must be plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Plaintiffs' Amended Complaint does not comply with the Court's directive.  Rather, as will be fully addressed in Nationwide's motion to dismiss the Amended Complaint, Plaintiffs' Amended Complaint attempts to plead for themselves and as class representatives possessing a purported typical claim with alleged misrepresentations to Plaintiffs based not on particularity of facts, but "based on information and belief."[1]

---

[1] There are also several additional grounds for dismissal that will be raised in Nationwide's motion to dismiss the Amended Complaint.

1

Moreover, the 30(b)(6) notice served by plaintiffs after the Court dismissed their original Complaint is identical to the 30(b)(6) Notice, with the unchanged Scope of Examination plaintiffs served before the dismissal and without regard to the circumstances of the Dismissal Order. After plaintiffs filed their Amended Complaint, they did not appropriately revise their 30(b)(6) notice consistent with: a) the Court's dismissal (with prejudice) of the contract and declaratory judgment claims; b) the Court's instructions that any amended consumer fraud claims be pled with particularity; or c) the Special Discovery Master's instruction that plaintiffs serve a new 30(b)(6) notice consistent with the new facts and the limited causes of action anticipated in any amended pleading. It seems that plaintiffs read the Special Discovery Master's instruction as nothing more than a recommendation that plaintiffs merely re-serve the exact same notice, with no changes reflecting the dismissal and resulting limited Scope of Examination for the remaining case going forward.

**There Is No "Emergency"**

On February 20, we gave plaintiffs' counsel the courtesy of informing him that we would be filing a timely motion to dismiss the amended complaint and a motion to stay discovery, and that proposed deposition dates will abide resolution of these motions and the motion regarding Nationwide's objections to the Scope of Examination. The next day plaintiffs' counsel wrote directly to Judge Jordan. His letter informs the court that he writes "under extraordinary circumstances, to request emergency relief for the Eames Plaintiffs."

There is nothing "extraordinary" about discovery disputes in a civil commercial case. And there is certainly nothing about the scheduling of a deposition in a civil commercial case that warrants "emergency" relief. This is simply more of the unwarranted hysteria, harassment and improper tactics that plaintiffs continue to exhibit in this case. It continues to place unnecessary burdens on the Court, the Special Discovery Master, and the parties. These continued tactics should no longer be tolerated.

**Plaintiffs' Amended Complaint Does Not Comply With the Court's Directives**

Plaintiffs' February 21 letter accuses Nationwide of attempting to "relitigate the precise procedural question that this Court finally decided at the August 5, 2005 teleconference: whether it can stay all class certification discovery on the presumptive strength of a then-pending motion to dismiss." This is not the case. The August 5, 2005 teleconference with Judge Jordan addressed the stay issue in the context of Plaintiffs' original Complaint, and before Nationwide had spent significant time and expense responding to Plaintiffs' discovery as has been previously outlined for the Court and Special Discovery Master.

The circumstances are very different now. First, Nationwide's motion to dismiss was obviously meritorious and plaintiffs' Complaint was not. It was granted in its entirety, and the majority of plaintiffs' claims have been dismissed with prejudice. Second, the portion of the August 5, 2005 teleconference quoted by plaintiffs leaves out an important statement. While Judge Jordan did indicate that discovery will not normally be stayed pending resolution of a motion to dismiss, he also acknowledged that "if there is an extraordinary case where you think

it is so important that no other discovery can happen while this is going on, then we take a look at that."

Nationwide will not argue that discovery should be stayed merely because of its upcoming motion to dismiss the Amended Complaint. Rather, it should be stayed because Plaintiffs' Amended Complaint fails to plead fraud with particularity as ordered by the Court. Rather, as described below, it attempts to plead fraud "on information and belief."

These circumstances are such an extraordinary case as referenced by the Court, particularly given the significant time and expense Nationwide has already incurred in this litigation. Plaintiffs' original Complaint had no merit – it was dismissed by the Court. And plaintiffs' Amended Complaint obviously shows that plaintiffs themselves have no recollection of any specific alleged fraud visited upon them to plead the claims with particularity. If they do, they must plead it specifically with reference to facts impacting them as directed by the Court, and as required by Rule 9(b), and subject further to the pleading requirements of Rule 11. Nationwide should not be required to incur even more expense in discovery based upon plaintiffs' clearly insufficient "on information and belief" pleading.

**Plaintiffs' Allegations**

The Court's Memorandum Opinion Dismissing plaintiffs' original complaint provides that:

> Here, Nationwide argues that Plaintiffs fail to plead the circumstances surrounding a specific misrepresentation made to them and the particular harm suffered as a result. Indeed, the Complaint does not provide any facts concerning what documents the Plaintiffs received, or when or from whom they received such documents. Thus, the Complaint fails to allege fraud with the particularity necessary to satisfy Rule 9(b).

February 2, 2006 Memorandum Opinion, pgs. 11-12.

In response to the Court's directive that Plaintiffs provide facts concerning what documents they received, and when and from whom they received such documents, plaintiffs attempt to assert allegations in the "alternative" and/or based upon "information and belief." The operative allegations of the Amended Complaint state that:

> b. On information and belief, the document attached as Exhibit A (or one or more documents substantially identical to it, was shown to Mr. or Mrs. Eames, or both, by a representative of the Culver agency, and at the time the policy was purchased in 1994.
>
> c. On information and belief, one or more representatives of the Culver agency represented orally to Mr. or Mrs. Eames (or both) that

>   the subject policy would provide "full" limits of liability for PIP coverage. . . .
>
>   d.  On information and belief, the offending representations were made by employees Keith Culver, Linda Sanders or both. . . .

Amended Complaint, pg. 7.

These "on information and belief" and alternative allegations show that plaintiffs are not capable of pleading alleged fraud with particularity as directed by the Court. If plaintiffs know specifically what documents they received, and from whom they received them, they must plead it specifically subject to the requirements of Rule 11. Similarly, if plaintiffs recall oral representations that were made to them, they must specifically plead the representations, and plead who made them. They cannot "hedge their bets" by attempting to plead things that are entirely within their own personal knowledge (or lack of knowledge) "on information and belief" and in the alternative.

**Nationwide's Objections to the 30(b)(6) Notice Remain Pending.**

As noted above, plaintiffs did not at all limit, or otherwise amend, their 30(b)(6) notice given the dismissal of their original Complaint and based on the much more limited scope of class discovery relevant to their Amended Complaint. Nationwide's objections to the scope of the 30(b)(6) notice and Scope of Examination are before the Special Discovery Master. Those objections should be sustained, particularly given the much more limited scope of the case following the dismissal with prejudice of the contract and declaratory relief claims.

The proper scope of the requested depositions will not be determined until these Motions and responses including objections are finally resolved. Accordingly, the deposition cannot go forward until these objections are finally resolved.

Nationwide's counsel will further address these issues during the telephonic conference Monday morning. In addition to myself, John Marino will also be attending the conference for Nationwide.

Very truly yours,

SWARTZ CAMPBELL LLC


*/s/Curtis P. Cheyney, III, Esquire*
Curtis P. Cheyney III, Esquire
Nicholas E. Skiles, Esquire (DE #3777)

CPC/dd
Enclosures
cc:   John S. Spadaro, Esq. (w/encls.)(via email)
      John P. Marino, Esq. (w/encls.)(via email)