IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>　　　　　Plaintiffs<br>　v.<br><br>Nationwide Mutual Insurance Company,<br><br>　　　　　Defendant | CIVIL ACTION NO. 04-1324-KAJ |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant, Nationwide Mutual Insurance Company ("Nationwide"), submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Complaint.

### I.　SUMMARY

The Court dismissed plaintiffs' entire original Complaint. The breach-of-contract claims, the contract-based damages claims, and the declaratory relief demands were dismissed with prejudice. Plaintiffs' consumer fraud and civil conspiracy claims were dismissed with leave to amend. However, the Court specifically advised plaintiffs that, in any amended complaint, they must sufficiently plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

Plaintiffs' Amended Complaint purports to assert claims for consumer fraud and civil conspiracy. However, plaintiffs do not plead fraud with particularity as directed by the Court. Rather, they attempt to allege facts to support their purported fraud claim "on information and

belief." They further attempt to plead vague and alternative scenarios, without direct knowledge to support them (doing so only "on information and belief"). This is directly contrary to the Court's directive, and obviously fails to satisfy Rule 9(b).

Plaintiffs' Amended Complaint is further deficient for several additional reasons. As established below, plaintiffs' Amended Complaint should be dismissed with prejudice because:

  a. Plaintiffs fail to plead fraud with the required, Court-ordered particularity;

  b. Plaintiffs fail to plead harm as required by the Court, and failed to plead a justiciable case or controversy;

  c. Plaintiffs' attempted claims are barred by the statute of limitations;

  d. Plaintiffs fail to state a claim for civil conspiracy; and

  e. Plaintiff Tammy Eames (who is not a policyholder) has no standing.

## II.  BACKGROUND

The basis of plaintiffs' claims under their original Complaint was that various and sundry (but never-identified) documents from before and after the accident included the word "full." (A copy of plaintiffs' original Complaint is attached as Exhibit "A.")

Based upon the mere use of the word "full" in any random statement or document (none of which is alleged to have come directly from any Nationwide employee or any Nationwide policy), Plaintiffs asserted in the original Complaint that: 1) they were not subject to the $15,000 per person/$30,000 per accident PIP coverage limits specifically provided for in their insurance policy; 2) the unidentified documents should be deemed part of the insurance policy contract; 3) the policy should be modified by the Court to provide the maximum PIP coverage offered by Nationwide in

Delaware to all class members and the plaintiffs (or in the alternative to provide open-ended absolute coverage for all reasonable and necessary medical expenses for two years); and 4) the unidentified documents made the policy ambiguous. (See original Complaint generally, and at Paragraph 24.)

A.    **The Court's February 2, 2006 Memorandum Opinion.**

On February 2, 2006 the Court entered its Memorandum Opinion granting Nationwide's motion to dismiss plaintiffs' original Complaint. (A copy of the Court's Memorandum Opinion is attached as Exhibit "A".)

The Court rejected plaintiffs' theories, ruling that Nationwide Auto Policy 52A733616 "unambiguously provides for the $15,000/$30,000 limit, even assuming that Nationwide distributed documents using the word 'full' to describe those limits . . ." (Memorandum Opinion at p. 6.) In response to plaintiffs' arguments that the unidentified documents using the word "full" should "be considered to determine what a reasonable consumer would understand the contract to mean", the Court held that such an "approach is contrary to Delaware law." (Memorandum Opinion at p. 8, quoting *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 289 (Del. 2001).) The Court further held:

> Therefore, the contract at issue ***unambiguously provides*** for liability limits of $15,000, $30,000 for PIP coverage, and Plaintiffs claim, in Count I, for declaratory judgment that the contract provides ***for some other limit*** will be ***dismissed with prejudice***. Also, Nationwide has ***not breached that contract***, and Counts II and III will likewise be dismissed with prejudice.

Memorandum Opinion, pg. 9 (emphasis added).

Among others, the Court's Memorandum Opinion therefore contains the following conclusions of law:

1.    Plaintiffs purchased only $15,000 per person/$30,000 per accident of Personal Injury

3

Protection ("PIP") from Nationwide;

2. The enforceable PIP limits of liability under the subject insurance policy are $15,000 per person/$30,000 per accident;

3. Nationwide did not breach the subject insurance policy when it paid out the PIP limits outlined in the Amended Complaint to Plaintiffs, as alleged in both the original Complaint and the Amended Complaint; and

4. Under the subject insurance policy (in which there is no ambiguous provision regarding the PIP for the Court to entertain a declaratory judgement action), Nationwide is not obligated to pay, to any insured under the policy, any PIP benefits in excess of the $15,000/$30,000 coverage limits.

As discussed below, the Court further agreed with Nationwide that plaintiffs had failed to plead fraud with the required particularity:

> Here, Nationwide argues that Plaintiffs fail to plead the circumstances surrounding a specific misrepresentation made to them and the particular harm suffered as a result. Indeed, the Complaint does not provide any facts concerning what documents the Plaintiffs received, or when or from whom they received such documents. Thus, the Complaint fails to allege fraud with the particularity necessary to satisfy Rule 9(b).

(Memorandum Opinion at pp. 11-12.)

Given the above conclusions and holdings, the Court dismissed Counts I (declaratory relief), II (breach of contract) and III (bad faith breach of contract) of plaintiffs' original Complaint with prejudice. The Court dismissed Counts IV (statutory consumer fraud) and V (civil conspiracy) without prejudice.

4

B.    **Plaintiffs' Amended Complaint.**

Plaintiffs filed their Amended Complaint on February 10, 2006. It contains two counts. Count I is a purported claim for statutory consumer fraud, and Count II is a purported claim for civil conspiracy. (A copy of plaintiffs' Amended Complaint, including its four exhibits "a" through "d", is attached as Exhibit "C".) Plaintiffs also continue to seek class certification for a Federal Rule 23(b)(2) and (b)(3) class (Amended Complaint at Paragraph 14.); however, the request for a Rule 23(b)(2) class certification should be stricken because such a certification is made with regard to declaratory relief, and such relief is inconsistent with this Court's dismissal of the declaratory judgement Count I of the original Complaint.

The proposed class representatives remain Thomas and Roberta Eames and their daughter, Tammy Eames.[1] Plaintiffs allege they were insured under Nationwide Auto Policy 52A733616, and that they were injured in an automobile accident on February 7, 2003. (See Paragraphs 2 and 12 of plaintiffs' Amended Complaint.) Plaintiffs also allege that all of them submitted PIP claims to Nationwide for payment of PIP policy benefits. (See Paragraphs 3 and 4 of plaintiffs' Amended Complaint.) Citing Exhibit D to the Amended Complaint, plaintiffs further allege that approximately nine years after the insurance policy was purchased, and approximately four months after the accident, Nationwide advised Mr. Eames, by letter, that PIP policy benefits had been exhausted. (See Paragraph 13(f) of Plaintiffs' Amended Complaint.)

However, Exhibit D of plaintiffs' Amended Complaint shows on its face that it was not sent

---

[1] Plaintiffs' purported class allegations under Federal Rule of Civil Procedure 23 and 6 *Del. C.* Section 2525 are deficient for several reasons. Nationwide will challenge the sufficiency of plaintiffs' class allegations, as necessary, should any portion of plaintiffs' Amended Complaint survive dismissal.

5

to Mr. Eames. Rather, it was sent directly to Plaintiffs' attorney, Clayton E. Bunting, at his Georgetown, Delaware law offices. (See Exhibit D to Plaintiffs' Amended Complaint.)

The Court's Memorandum Opinion (citing Paragraph 13 of the plaintiffs' original Complaint) notes that the basis of plaintiffs' individual and would-be class claims is their allegation that "Nationwide has *represented* to one of more of the proposed class representatives that the subject policy provides 'full' limits of liability for PIP coverage; and it has thereafter taken the position that such limits have been exhausted by payment of the minimum statutory amount." (Memorandum Opinion, quoting Paragraph 13 of the original Complaint) (emphasis added). As discussed below, this allegation remains in Paragraph 13 of the Amended Complaint. Plaintiffs merely add subparagraphs "a" through "g" (which are deficient for the reasons established below) to Paragraph 13.

### III.    ARGUMENT

**A**    **Plaintiffs Fail To Plead Fraud With The Required, Court-Ordered Particularity.**

The Court's Memorandum Opinion agreed with Nationwide's arguments that plaintiffs' original Complaint failed to plead Delaware Consumer Fraud (under 6 *Del. C.* Section 2513) with the required particularity. Specifically, the Court held that "the Complaint does not provide any facts concerning what documents the plaintiffs received, or when or from whom they received such documents." (Memorandum Opinion at p. 11.)

While the required particularity does not, necessarily, require allegations as to place and time and person, the Court quoted the Third Circuit's holding that "Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice

of *__the precise__* misconduct with which they are charged, and to safeguard defendants against spurious charges . . ." (Memorandum Opinion at p. 11, *quoting Seville Indus. Mach. Corp. v. Southmost Mach Cop.,* 742 F.2d 786, 791 (3rd Cir. 1984)) (emphasis added).

The Court further held that plaintiffs failed to "plead the circumstances surrounding a *__specific__* misrepresentation made **to them** and the *__particular harm__* suffered *__by them__* as a result." (Memorandum Opinion at p. 11) (emphasis added). Specifically, the Court noted that "the Complaint does not provide any facts concerning what documents the Plaintiffs received, or when or from whom they received such documents. Thus the Complaint fails to allege fraud with the particularity necessary to satisfy Rule 9(b))." (Memorandum Opinion at pp. 11-12.)

Plaintiffs were given leave to amend their original Complaint and present and identify, if they could, "what documents the plaintiffs received, [and] when or from whom they received such documents." (Memorandum Opinion at p. 11.) However, plaintiffs' Amended Complaint clearly fails to do so. It does not allege direct knowledge as required by the Court and Rule 9(b). Rather, plaintiffs now attempt to present the required allegations regarding documents and oral representations only **"on information and belief"**.

1.    **Plaintiffs cannot plead fraud "on information and belief."**

Subparagraphs 13(a) through 13(g) of plaintiffs' Amended Complaint (which are based "on information and belief") appear to be plaintiffs' attempt to conform to this Court's directive to plead fraud with particularity. However, neither these additional non-fact allegations, nor the Amended Complaint as a whole, conform to the Court's order that plaintiffs "plead the circumstances surrounding a *__specific__* misrepresentation made to them and the *__particular harm__* suffered *__by them__* as

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW • 300 DELAWARE AVENUE • SUITE 1130 • P.O. BOX 330 • WILMINGTON, DE 19899

a result." (Memorandum Opinion at p. 11) (emphasis added).

The accusatory allegations of sub-paragraphs 13(a) through 13(g) are not pled as facts. Rather, they are pled *"on information and belief"*. This is not sufficient. If plaintiffs know specifically what documents they received, and from whom they received them, they must plead it specifically subject to the requirements of Rule 11. Similarly, if plaintiffs recall oral representations that were made to them, they must specifically plead the representations, and plead who made them. They cannot "hedge their bets" by attempting to plead things that are entirely within their own personal knowledge (or lack of knowledge) "on information and belief" expressed by their counsel and in the alternative as suggested by their counsel.

Sub-paragraphs 13(a) through 13(g) of Plaintiffs' Amended Compliant do not allege specific facts. Rather, they merely provide, **"on information and belief" and in the alternative,** as follows:

a. In approximately March 1994 Nationwide, acting through its agent Culver Insurance Agency of Seaford, (now known as Muncie Insurance & Financial Services, Inc.), sold the subject policy to Mr. and Mrs. Eames. On or about March 14, 1994, and in connection with that sale, the Culver agency (acting for Nationwide) represented that the policy would provide "full" limits of liability for PIP coverage.

b. *On information and belief*, the document attached as Exhibit A (**or *one or more documents substantially identical to it*) was shown to Mr. and Mrs. Eames, or both, by a representative of the Culver agency, and at the time the policy was purchased in March 1994.

c. *On information and belief*, one *or more* representatives of the Culver agency represented *orally* to Mr. or Mrs. Eames (or both) that the subject policy would provide "full" limits of liability for PIP coverage. These representations were made on behalf of Nationwide, and at the time the policy was sold to Mr. and Mrs. Eames in or about March 1994.

d. *On information and belief*, the offending representations were made by Culver employees Keith Culver, Linda Sanders or both. They *may* also have been made by other representatives of the Culver agency.

e. The nature of insurance is such that representations may be deemed to have been made in connection with the insurance's sale even after (and long after) the payment of an initial

8

premium or the initial issuance of policy-related documents. [Here Plaintiffs cite an irrelevant 1970 5th Circuit case.] Representatives of the Culver agency have made such representations to Mr. and Mrs. Eames (on Nationwide's behalf) subsequent to March 1994. These representations are reflected, in whole or in part, by the document attached as Exhibit B (dated February 8, 2003, and in which Culver agency represented "PIP" as "FULL"); and by the separate document attached as Exhibit C (issued on or about June 17, 2003, and in which the Culver agency represented "PERSONAL INJURY PROTECTION" as "FULL.")

f. On or about June 13, 2003 (and in the aftermath of the February 7, 2003 collision) Nationwide advised Mr. Eames by letter that he had "exhausted his/her benefits under the PIP/NO FAULT portion of this insurance policy" (meaning the policy issued by Nationwide to Mr. and Mrs. Eames). A copy of this letter [written not to any named plaintiff but to their attorney, Clayton E. Bunting, Esquire, who signed this Amended Complaint] is attached as Exhibit D.

g. Despite its repeated representations to the contrary, Nationwide contends that Mr. and Mrs. Eames policy provides only the minimum statutory PIP limits (of $15,000 per person and $30,000 per accident).

(Amended Complaint at Paragraph 13, pp. 7-8) (emphasis added).

Allegations presented as based upon mere "information and belief" generally do not satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *See* 5A C. Wright and A. Miller, *Federal Practice and Procedure* Section 1298 (2 ed. 1990); and *Bankers Trust v. Old Republic Inc., Co.*, 959 F.2d 677, 684 (7th Cir. 1992). A party may only plead "on information and belief" when the facts are peculiarly and solely within the knowledge of the opposing party. *See First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2nd Cir. 2004); and *Faulkner v. Verizon Communications, Inc.*, 156 F.Supp. 2d 384, 393 (S.D.N.Y. 2001).

What documents Plaintiffs allegedly received, and when and from whom they received such documents, is entirely within plaintiffs' own personal knowledge. What specific oral representations were allegedly made to plaintiffs, and when and by whom, is similarly entirely within plaintiffs' own personal knowledge.

Plaintiffs' attempt to plead fraud "on information and belief" obviously signals that plaintiffs do not know (or cannot remember) what documents they received and what representations (if any) were made to them. Plaintiffs' effort to keep this suit alive by "hedging their bets" and attempting to plead "on information and belief" (as well as in the alternative) is therefore improper and should be rejected by the Court.

Moreover, Amended Federal Rule of Civil Procedure 11 imposes on counsel a duty of inquiry, including reasonable pre-complaint inquiry. *See* Federal Rule of Civil Procedure 11(b) and *United States Bank National Association, N.D. v. Sullivan-Moore,* 406 F.3d 465, 470 (7th Cir. 2005); and *Antonius v. Spalding & Evenflo Companies,* 208 F.3d 981, 984-86 (Fed.Cir. 2000). That duty is especially relevant in this matter where the pleading is an amended complaint, filed in litigation that is over a year old, and after counsel received the policy, the claims file and the underwriting file regarding the named plaintiff policyholders.

Plaintiffs claim they were defrauded or misled. If they do not remember, or are not sure about facts or dates, and/or identities or documents, then they cannot present a consumer fraud claim. As the Court has recognized, it is not Nationwide's obligation to guess or wonder what it is defending against, or to inquire regarding the very facts plaintiffs are obliged to know by the nature of a fraud claim. To the contrary, it is plaintiffs' duty (as the Court has instructed) to "plead the circumstances surrounding a ***specific*** misrepresentation made to them and the ***particular harm*** suffered by them as a result." (Memorandum Opinion at p. 11) (emphasis added). Further, Plaintiffs should be subject to an even higher degree of pleading particularity because the fraud claim must be supported by clear and convincing evidence, and they have had the opportunity to take discovery

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW · 300 DELAWARE AVENUE · SUITE 1130 · P.O. BOX 330 · WILMINGTON, DE 19899

from Nationwide and from the non-party alleged "agents". *See Devaney v. Chester*, 813 F.2d 566, 569 (2nd Cir. 1987); and *Billard v. Rockwell Int'l Corp.*, 683 F.2d 51, 57 (2nd Cir. 1982) ("greater precision" is required when discovery has been had in a prior case).

While 6 *Del. C.* Section 2513 does not require reliance by the plaintiffs, it nonetheless requires a pleading that (and later proof that) the person communicating the representation had the "intent that others rely upon" the representation. Plaintiffs' Amended Complaint still does not refer to any specific direct verbal or written misrepresentation to them (offered by a *sui* generis person who, as required by 6 *Del. C.* Section 2513, intended that the Eames policyholders and each class member to rely upon the misrepresentation) upon which their claim can be recognized. The also fail to plead that any person made any representation with the "intent that others rely upon" the representation. Rather, plaintiffs Amended Complaint refers only to a parade of several, possible (but not definite) documents that Plaintiffs may or may not have received. Similarly it refers to several possible verbal representations, which may or may not have been made, by any one or more identified or unidentified people, at some unidentified time.2

Plaintiffs have not pled, and obviously cannot plead, fraud with particularity as directed by the Court and as required by Rule 9(b). The Amended Complaint should therefore be dismissed with prejudice.

---

2 Plaintiffs do not specify which document they rely on. Rather, they refer to Exhibit documents "*or* one *or more* [other] documents *substantially* identical to it" (Sub-paragraph 13(b)) (emphasis added). Plaintiffs similarly do not specify which people made the alleged representation, or to which of two plaintiffs the representation was made. Rather, they refer to: 1) "*one or more representatives* of the Culver agency" who spoke to *either* "Mr. *or* Mr. Eames (*or* both) . . ." (Sub-paragraph 13(c)) (emphasis added); and 2) "Culver employees Keith Culver, Linda Sanders *or both*." (Sub-paragraph 13(d)) (emphasis added).

11

2. **Sub-paragraph 13(a) is negated by the insufficiency of 13(b),(c) and (d).**

Sub-paragraph 13(a) does identify the Culver Insurance Agency (which no longer exists) as the alleged agent of Nationwide that sold the insurance policy to Mr. and Mrs. Eames in March of 1994. This sub-paragraph also states that the now-non-existent Culver Agency "represented that the policy would provide 'full' limits of liability for PIP coverage." However, it does not allege: a) how the representation was made; b) by whom it was made; c) to whom the representation was made; or d) that the speaker intended (as specifically required by 6 *Del. C.* Section 2513) one of the three Plaintiffs to "rely upon such concealment, suppression or omission".

Sub-paragraph 13(a) standing alone is therefore, on its face, insufficient. To the extent it is presented in reliance on sub-paragraphs 13(b), (c) or (d), such reliance is misplaced because the latter are presented only "on information and belief" as discussed above.

3. **The allegations contained in sub-paragraph 13(e) are similarly insufficient.**

Sub-paragraph 13(e) attempts to allege that *unidentified* representatives of the Culver agency made *unidentified* representations to Mr. and Mrs. Eames at *unidentified* times subsequent to March 1994. They then allege that these "representations are reflected, in whole or in part" by Exhibits "B" and "C" to their Amended Complaint.

These nonspecific allegations fail for the same reasons outlined above. Moreover, they further fail because Plaintiffs do not allege that these documents are documents related to, or "in connection with the sale" of the insurance policy (as required under 6 *Del. C.* Section 2513). In fact, Plaintiffs and their attorneys know from discovery and their own knowledge that they are not. Rather, Plaintiffs merely state that some representations, made at some uncertain and unknown time

after March of 1994 are "reflected, in whole *or in part* [so it is not clear] by the document attached as Exhibit B . . . . and by the separate document attached as Exhibit C . . ." (Sub-paragraph 13(e)) (emphasis added). As with the statements made "on information and belief," the statements presented in sub-paragraph 13(e) are not specific allegations at all, and do not identify any document upon which plaintiffs specifically claim the offering person intended the plaintiffs to rely.

Finally, Plaintiffs are careful not to allege that they themselves ever received these documents (or even ever saw them) prior to this litigation. Rather, they attempt to carefully plead that "these [fraud] representations are reflected, in whole or in part" in these documents. This is clearly insufficient.

    4.    **Sub-paragraphs 13(f) and (g) plead no specific facts or harms.**

As noted above, sub-paragraph 13(f) refers to Exhibit D as though it were a letter to Plaintiffs. It is not. The exhibit itself shows on its face that it is a letter to Plaintiffs' co-counsel, Clayton Bunting, Esq. This letter provides no facts regarding representations made to any Plaintiff, let alone a representation "in connection with the sale" of the subject insurance policy. Likewise, the newly added sub-paragraph 13(g) is nothing more than an additional allegation that Nationwide contends the policy provides PIP coverage limits in the amount which this Court has held the policy does indeed provide.

**B.**    **Plaintiffs Fail to Plead Harm as Required by the Court.**

This Court also agreed with Nationwide's argument that Plaintiffs original Complaint failed to plead "the particular harm suffered by them as a result." (Memorandum Opinion at p. 11.) Plaintiffs' Amended Complaint still presents no particular harm or loss suffered as a result of the

still-vague alleged representation(s). *Young v. Joyce*, 351 A.2d 859 (Del. 1975). Plaintiffs' consumer fraud claim therefore remains insufficient, and strips the Court of jurisdiction as no justiciable case or controversy predicated on actual harm has been pled:

> Although the elements of a cause of action for consumer fraud under the CFA [Consumer Fraud Act] are significantly different than those elements of common law fraud, a particularity requirement still applies. The CFA "incorporates the principle that a negligent misrepresentation is sufficient to violate the statute" and for a misrepresentation to be negligent it must be *material*. ***Where the plaintiff has not plead any particular harm or damages caused by the allegedly negligent misrepresentations, the particularity requirements of Rule 9(b) have not been met because there has been no allegation of materiality.***

*Crowhorn v. Nationwide Mutual Insurance Company*, 2002 Del. Super. LEXIS 178 * 37-38 (July 10, 2002) (emphasis added), quoting *Stephenson v. Capano Development, Inc.*, 462 A.2d 1069, 1074 (Del. 1983).

Count I of the Amended Complaint, for consumer fraud, lists only breach-of-contract damages. In the new Paragraph 24 of the Amended Complaint, Plaintiffs merely relocate their formerly alleged (and now-dismissed) breach-of-contract damages (from what was Paragraph 29 of their original Complaint). They further include additional contract-based damages, which are presented as failures to pay the additional/extra PIP coverage limits that this Court has already held were neither purchased from Nationwide under the contract, nor owed by Nationwide under the contract. In short, there are no breach-of-contract claims or damages remaining.3

At Paragraph 24 of the Amended Complaint plaintiffs allege:

As a direct result of Nationwide's violations of 6 *Del. C.* Section 2513, plaintiffs Thomas A., Roberta L. and [their daughter] Tammy Eames and all others similarly

---

3 Plaintiffs' filed Amended Complaint is a document which shows what words and paragraphs were deleted from the original Complaint, and also shows what words were added to the Amended Complaint.

situated a) have been *__deprived of the benefit of insurance coverage__* for which *__premiums were paid__*, b) have been *__deprived of the benefit__* of their bargain in the sale and purchase of automobile *__insurance__*, c) have been *__deprived__* of necessary *__medical care__*, or confronted with the risk of a loss of necessary medical care, or confronted with the genuine risk of a loss of necessary medical care, d) have been led to believe that they purchased PIP limits higher than the statutory minimum, or that the statutory minimum limits were the highest PIP limits available for purchase, and e) have been discouraged from purchasing adequate PIP limits or otherwise prevented from making fully informed decisions regarding their purchase of such limits.

(Amended Complaint at page 19, new Paragraph 24) (emphasis added). At former Paragraph 29, the then-breach-of-contract damages were almost identical, and plaintiffs there alleged they were "deprived of the *__benefit of insurance coverage__* for which *__premiums were paid under those contracts__* .... [and their being] *__deprived__* of necessary *__medical care__*." (See Amended Complaint at page 17, former Paragraph 29, now excised) (emphasis added). Plaintiffs have merely shuffled the dismissed breach-of-contract damages over to the old consumer fraud count. This maneuver clearly does not satisfy the necessary allegations of damages for a fraud claim.

No consumer fraud claim (or any claim whatsoever) can be based on Nationwide not paying PIP benefit monies in excess of the $15,000/$30,000 PIP limits coverage purchased. Pursuant to the Court's Memorandum Opinion, Plaintiffs paid for what they got, and got what they paid for: $15,000/$30,000 PIP limits coverage. There was no deprivation of PIP benefits (which alleged deprivation is now the basis for the consumer fraud claim).

Further, Plaintiffs cannot not now legitimately claim, as they apparently attempt in the new Paragraph 24 of their Amended Complaint, that they paid a premium for PIP coverage in excess of the $15,000/$30,000 limits of PIP coverage. Likewise, plaintiffs cannot claim as the basis of a consumer fraud claim that Nationwide's alleged misrepresentations (not in connection with the sale

15

of the policy) warrants punitive damages or that the failure to pay or provide these additional non-contract PIP policy benefits (for which they did not pay a premium) deprived them of anything at all, including additional medical care.

C.     **Plaintiffs" Claims are Barred by the Statute of Limitations.**

By Plaintiffs' own proposed class definition, no Nationwide insured (including the proposed named Plaintiffs) would be a class member unless some representation was made to them since August 20, 2001. (See proposed class definition at Paragraph 14(a) of Plaintiffs' Amended Complaint.) Further, and by virtue of 6 *Del. C.* Section 2513, that post-August 20, 2001 representation has to be "in connection with the sale" of the auto insurance policy. If the representation is not "in connection with a sale" of the policy, 6 *Del. C.* Section 2513 does not apply to the conduct in question. Plaintiffs admit the sale of the PIP coverage at issue occurred in 1994.

Plaintiffs' proposed class definition is pursuant to the three-year statute of limitations under 10 *Del. C.* Section 8106, which governs fraud-based claims and statute-based claims such as 6 *Del. C.* Section 2513. The time of discovery rules provides that in certain cases, a cause of action does not accrue until a party has reason to know that he or she has a cause of action. *Pack & Process Inc. v. Celotex Corp.*, 503 A.246, 650 (Del.Super. 1985). This is not an issue in this case. Plaintiffs' proposed class definition obviously indicates that the three-year statute of limitations applies, and is not deferred in any way. To the contrary, no insured would be a member of the proposed class unless the alleged representation was made on or after August 20, 2001.

Moreover, in their Amended Complaint (unlike their original Complaint), Plaintiffs plead dates. Plaintiffs allege they purchased the policy of insurance at issue on or about March 14, 1994,

16

and that at that time an agent of Nationwide "represented that the policy would provide 'full' limits of liability for PIP coverage." (Amended Complaint at sub-paragraph 13(a)). That is to say, Plaintiffs allege that the supposedly fraudulent word "full" was presented to them (by way of some unidentified piece of paper or some unidentified oral communication by someone from Culver Agency) in connection with the sale of the policy, on or about March 14, 1994.

Accordingly, the statute of limitations ran on any 6 *Del C.* Section 2513 cause of action on March 14, 1997. Plaintiffs' original Complaint was filed August 20, 2004. Plaintiffs' Amended Complaint therefore shows ***on its face*** that is barred by the statute of limitations. It should therefore be dismissed with prejudice.4

### D. Plaintiffs Fail to State a Claim for Civil Conspiracy.

Plaintiffs' amended consumer fraud claim fails as a matter of law for the reasons established above. Since the consumer fraud claim fails, there is no prerequisite "unlawful act" necessary to sustain plaintiffs' civil conspiracy claim. The conspiracy claim therefore fails as well.

Moreover, the mere conclusory status of "agent" does not convert the agent into a co-conspirator, even when the agent carries out an unlawful act pursuant to the instructions of the principal. Under Delaware law a claim for civil conspiracy requires three elements: 1) an agreement between two or more individuals; 2) an unlawful act done to further the conspiracy; and 3) damages to the plaintiff as a result of the unlawful act. *Capano Management Co. v. Transcontinental*

---

4 Plaintiffs may argue that sub-paragraph 13(e) states that post-March 1994 "representations" were made to them. However, as established above, this subparagraph does not state when such alleged post-March 1994 representations were made. As also discussed above, while sub-paragraph 13(e) refers to Exhibits B and C, which are each dated in 2003, Plaintiffs do not allege that these exhibits are representations that were made to them. To the contrary, they only allege that those two documents "reflect, in whole or in part" post-March 1994 representations regarding "full".

*Insurance Co.,* 78 F.Supp. 2d 320, 331 (D.Del. 1999).

Plaintiffs' Amended Complaint does not plead sufficient facts to support these required elements. Plaintiffs do not identify any co-conspirator. Nor do they include an allegation that Nationwide conspired *with* any other individual or entity.

To state a cause of action for civil conspiracy a plaintiff must plead the essential elements of an *agreement of* the conspirators (*sui generis personae*) to *participate in* the unlawful act. *See Alfus v. Pyramid Technology Corp.*, 745 F.Supp. 1511, 1521 (N.D.Cal. 1990); *see also Alfus v. Pyramid Technology Corp.,* 764 F.Supp. 598, 606-607 (N.D.Cal. 1991) ("It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves toward this wrongful goal by virtue of a mutual understanding or agreement").

Count II of Plaintiffs' Amended Complaint does not allege that Nationwide (a corporate entity which can only act through its human agents or employees) conspired *with* any person or agent, etc. Rather, it merely presents the statement that the corporate entity Nationwide (without a human agent) misrepresented the amount of PIP benefits available "through the services of its agents" or "through the use of agents". (Amended Complaint at Paragraphs 26 and 27, respectively.) This is not, as required to plead and establish a conspiracy, an allegation that both Nationwide and the Culver Agency (or one of the Culver Agency employees) formed an "agreement" between themselves to make any representation regarding the PIP coverage limits, or otherwise joined minds and "agreed" to mislead Plaintiffs.

Plaintiffs have alleged nothing more than that Nationwide communicated some unidentified alleged misrepresentation through some agent. Plaintiffs' purported civil conspiracy claim

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW · 300 DELAWARE AVENUE · SUITE 1130 · P.O. BOX 330 · WILMINGTON, DE 19899

therefore fails as a matter of law.

E.  **Plaintiff Tammy Eames Has No Standing.**

Plaintiffs' Amended Complaint does not contain any allegation that any representation (of any kind) was ever made to Plaintiff Tammy Eames. Tammy Eames is not a policyholder, and was not a purchaser of the insurance policy at issue. The Amended Complaint includes only vague and nonspecific allegations regarding alleged representations to her parents, Thomas and Roberta Eames.

Plaintiff Tammy Eames has presented no factual basis for any claim whatsoever, let alone claims for violation of the sale-related consumer fraud statute, 6 *Del C.* 2513 or civil conspiracy. She therefore has no standing to bring this action.

## IV.  CONCLUSION

For the foregoing reasons, Nationwide requests that Plaintiffs' Amended Complaint be dismissed with prejudice, together with such further relief as the Court deems proper.

Respectfully submitted,

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles, Esquire*
Nicholas Skiles, Esquire (I.D. #3777)
Curtis P. Cheyney, III, Esquire
300 Delaware Avenue, Suite 1130
P. O. Box 330
Wilmington, DE 19899
Attorneys for Defendant, Nationwide Mutual Insurance Co.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW • 300 DELAWARE AVENUE • SUITE 1130 • P.O. BOX 330 • WILMINGTON, DE 19899