# EXHIBIT A

00071306.DOC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) C.A. No. 04C-08-021 RFS<br>) |
| v. | )<br>) NON-ARBITRATION |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) TRIAL BY JURY DEMANDED<br>)<br>) |
| Defendant. | ) |

CLASS ACTION COMPLAINT

Plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy Eames, on behalf of themselves and all others similarly situated, allege as follows:

Introduction: Nature of the
Action and Summary of Facts

1. This is an action seeking recovery of compensatory damages, punitive damages, and declaratory and other relief arising from defendant's breaches of insurance contracts, bad faith breaches of insurance contracts, violations of 6 Del. C. §2513, civil conspiracy and otherwise wrongful conduct, all in connection with the failure of defendant Nationwide Mutual Insurance Company ("Nationwide") to honor its contractual obligations under certain policies of

A-2

automobile insurance issued by Nationwide to members and representatives of the plaintiff class.

2. This is a class action brought on behalf of those of Nationwide's Delaware insureds to whom Nationwide has represented, as part of an auto policy declarations page, memorandum of insurance or otherwise, that they enjoy "full" limits of liability for Personal Injury Protection (or "PIP") coverage under 21 Del. C. §2118, when in fact Nationwide contends or will contend that they are entitled to just the minimum PIP limits required by statute. A more detailed specification of the prospective class is alleged below.

### The Parties

3. Thomas A. and Roberta L. Eames are natural persons residing at 14908 Concord Road, Seaford, Delaware 19973. They are named insureds under Nationwide "Auto Policy" 52A733616, which policy was in effect when, on February 7, 2003, they were injured in an automobile collision. Both Thomas A. Eames and Roberta L. Eames have tendered claims for PIP benefits under the subject policy to Nationwide.

4. Plaintiff Tammy Eames is a natural person residing at 14908 Concord Road, Seaford, Delaware 19973. She was an occupant of the Eames's family vehicle at the time of the February 7, 2003 collision, and suffered injuries in that

collision; and she is thus entitled to PIP benefits under the subject Nationwide policy.

5. Defendant Nationwide Mutual Insurance Company is a mutual company whose principal place of business is Ohio. It is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

### Factual Background Applicable to the Proposed Plaintiffs' Class

6. Nationwide is among the largest and wealthiest business entities in the world. It is a prolific underwriter of automobile insurance, including first-party medical benefits for persons injured while driving or occupying motor vehicles.

7. At all times relevant to this action, Nationwide has been among the most prolific underwriters of automobile insurance (including PIP coverage) in the State of Delaware, and has derived substantial revenues and profits from the sale of automobile insurance in Delaware.

### Nationwide's Wrongful Conduct

8. Under 21 Del. C. §2118, every owner of a motor vehicle registered in this State must maintain specified forms of insurance in specified minimum amounts. Among these is PIP coverage, defined under the statute as "[c]ompensation to injured persons for reasonable and

112729

A-4

necessary expenses incurred within two years from the date of the accident" for medical services, lost earnings and other expenses. The statute further requires that PIP coverage be provided in the minimum amount of "$15,000 for any 1 person and $30,000 for all persons injured in any 1 accident."

9. Nationwide, acting with and through its agents in Delaware, has misrepresented to large numbers of Delaware insureds (including the proposed class representatives) the limits of liability of their PIP coverage. Specifically, Nationwide has sold (and, on information and belief, continues to sell) automobile insurance policies in Delaware that expressly state, in policy declarations, memoranda of insurance or other policy documentation, that the purchased limits of liability for PIP coverage are "full" limits; when in fact Nationwide intends by this representation to provide only the minimum statutory limits of $15,000 per person and $30,000 per accident. When insureds to whom Nationwide has falsely described PIP limits as "full" tender their claims for PIP coverage to Nationwide, Nationwide takes the position that the available limits of liability for such coverage are limited to the minimum statutory amount. Similarly, when Nationwide has occasion to pay PIP benefits to such

SEP 21 2004 11:58 FR NATIONWIDE INSURANCE    3023258930 TO 912152994301    P.10/24

insureds, it treats their PIP limits as exhausted once the minimum statutory amount has been paid.

10. Nationwide's practice of characterizing minimum PIP limits as "full" limits is purposefully misleading, unlawful, and injurious to those insureds (including the proposed class representatives) who are targets of the practice. Nationwide knows that such insureds may, if they so request, purchase from Nationwide additional PIP limits in excess of the statutory minimum. (Such additional PIP limits are sometimes referred to, in the jargon of insurance, as "APIP.") By falsely characterizing the minimum limits as "full" limits, Nationwide leads insureds to believe that they have purchased the fullest PIP limits or PIP coverage available; the purpose being to discourage them from seeking to purchase additional (and relatively inexpensive) PIP limits.

11. Whatever Nationwide's intent in characterizing minimum PIP limits as "full", that characterization is ambiguous on its face and as applied. Under Delaware law, it must therefore be construed in favor of the insureds, and against Nationwide.

### Allegations Specific to the
### Proposed Class Representatives

12. Plaintiffs Thomas A., Roberta L. and Tammy Eames were injured in an automobile collision on or about February 7, 2003. As alleged above, all three qualify as insureds under Nationwide "Auto Policy" 52A733616, and for purposes of their claims for PIP benefits arising from the February 7, 2003 collision.

13. In connection with their claims for PIP benefits, the proposed class representatives have been subjected by Nationwide to the practices complained of above, including the practices alleged in paragraphs 9 and 10 above. Specifically, Nationwide has represented to one or more of the proposed class representatives that the subject policy provides "full" limits of liability for PIP coverage; and it has thereafter taken the position that such limits have been exhausted by payment of the minimum statutory amount.

### Class Certification Allegations

14. This action is brought and may properly be maintained as a class action pursuant to Superior Court Civil Rules 23(a) and (b)(1)(A), (2) and (3). Plaintiffs Thomas A., Roberta L. and Tammy Eames bring this action on behalf of themselves and all others similarly situated, as representatives of the following class and subclass:

a. All of Nationwide's Delaware insureds to whom Nationwide has represented, at any time since August 20, 2001, that they enjoy "full" limits of liability for PIP coverage under 21 Del. C. §2118, where Nationwide in fact contends or will contend that they are entitled only to the minimum PIP limits required by that statute.

b. All of Nationwide's Delaware insureds who are part of the proposed class described within subpart (a) of this paragraph, and who have been advised by Nationwide that (according to Nationwide) their available PIP limits have been exhausted by virtue of Nationwide's payment of the minimum statutory amount.

15. Specifically excluded from the proposed class are those persons who have already secured recovery against Nationwide in connection with the practices complained of, whether by settlement or judgment; and Nationwide's officers, directors, employees, agents, or legal representatives, or the successors or assigns of any of them.

16. *Numerosity of the Class (Super. Ct. Civ. R. 23(a)(1))*. The proposed class is so numerous that the individual joinder of all its members is impracticable. Nationwide has been, at all relevant times, among Delaware's most prolific underwriters of PIP coverage; and

Case 1:04-cv-01324-JJF-LPS   Document 168-4   Filed 02/27/2006   Page 9 of 20
SEP 21 2004 11:51 FR NATIONWIDE INSURANCE    3023258930 TO 912152994301    P.12/24

a. All of Nationwide's Delaware insureds to whom Nationwide has represented, at any time since August 20, 2001, that they enjoy "full" limits of liability for PIP coverage under 21 Del. C. §2118, where Nationwide in fact contends or will contend that they are entitled only to the minimum PIP limits required by that statute.

b. All of Nationwide's Delaware insureds who are part of the proposed class described within subpart (a) of this paragraph, and who have been advised by Nationwide that (according to Nationwide) their available PIP limits have been exhausted by virtue of Nationwide's payment of the minimum statutory amount.

15. Specifically excluded from the proposed class are those persons who have already secured recovery against Nationwide in connection with the practices complained of, whether by settlement or judgment; and Nationwide's officers, directors, employees, agents, or legal representatives, or the successors or assigns of any of them.

16. *Numerosity of the Class (Super. Ct. Civ. R. 23(a)(1))*. The proposed class is so numerous that the individual joinder of all its members is impracticable. Nationwide has been, at all relevant times, among Delaware's most prolific underwriters of PIP coverage; and

112729        A-8

it remains so today. While the exact number and identities of the proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 200 members.

17. *Existence and Predominance of Common Questions of Law and Fact (Super. Ct. Civ. R. 23(a)(2), 23(b)(3))*. Common questions of law and fact exist as to all members of the proposed class, and they predominate over any individualized legal or fact questions. These common questions of law and fact include, without limitation, the following:

   a. Whether Nationwide has represented to members of the proposed class that they enjoy "full" limits of liability for PIP coverage;

   b. Whether Nationwide contends, has contended or will contend that such proposed class members are actually entitled to just the minimum statutory limits of liability for PIP coverage;

   c. Whether, under these circumstances, Nationwide's characterization of PIP limits as "full" is ambiguous on its face or as applied;

   d. Whether a reasonable purchaser of insurance would expect Nationwide's characterization of PIP limits as

"full" to entitle such purchaser to the maximum PIP limits made available by Nationwide in Delaware at the time of the policy's issuance or most recent renewal;

e. Whether a reasonable purchaser of insurance would expect Nationwide's characterization of PIP limits as "full" to entitle such purchaser to coverage of all reasonable and necessary medical expenses arising from any covered automobile accident, subject to the statutory (two-year) period for PIP coverage under 21 Del. C. §2118(a)(2);

f. Whether Nationwide engages in the practices complained of in paragraphs 9 and 10 above as a matter of regular business practice;

g. Whether Nationwide's conduct is in violation of 6 Del. C. §2513;

h. Whether Nationwide's conduct is in violation of 18 Del. C. §2504;

i. Whether Nationwide has engaged in deliberately deceptive and dishonest conduct;

j. Whether Nationwide has engaged in one or more acts of civil conspiracy;

k. Whether Nationwide has evinced a conscious indifference to the rights of the proposed class members;

l. Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages;

m. Whether the proposed class is entitled to punitive damages, and if so, the amount of such damages.

18. *Typicality of Claims (Super. Ct. Civ. R. 23(a)(3)).* The claims of plaintiffs Thomas A., Roberta L. and Tammy Eames are typical of the claims of other members of the proposed class. Nationwide expressly represented to these plaintiffs, in writing, that the subject automobile insurance policy provided or would provide "full" limits of liability for PIP coverage. As alleged above, however, Nationwide has taken the position that such PIP limits have been exhausted through payment of just the minimum statutory amount.

19. *Adequacy of Representation (Super. Ct. Civ. R. 23(a)(4)).* The proposed class representatives are under no actual or potential conflict of interest with respect to other members of the proposed class, and will fairly and adequately protect their interests. They have retained counsel experienced in the prosecution of complex litigation, complex coverage litigation, PIP-related litigation, and PIP-related class action litigation.

112729                             A-11

20. *Superiority of Class Action (Super. Ct. Civ. R. 23(b)(3))*. A class action is superior to other available methods of adjudication for this dispute, because individual joinder of all members of the proposed class is impracticable, and no other method of adjudication of the claims asserted herein is more efficient and manageable. Further, the damages suffered by individual members of the proposed class may be relatively modest, so that the burden and expense of prosecuting individual actions would make it difficult or impossible for such members to obtain relief. The prosecution of such individual actions would also impose a substantial burden on the Delaware courts, and on this Court in particular. At the same time, individualized litigation would entail a significant risk of varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the courts, by requiring multiple trials for the same issues. By contrast, the class action mechanism presents fewer case-management problems; conserves the resources of the parties and the courts; and protects the rights of each member of the proposed class. The proposed class members thus have little interest in individually controlling the prosecution of separate actions; and to counsel's knowledge, there has been no substantial litigation of this dispute in any

forum. It is not anticipated that the prosecution of this dispute as a class action will entail any special case-management difficulties; and notice of the pendency of this action, and of any resolution of the same, can be provided to the proposed class by publication and/or individual notice.

21. *Other Grounds for Certification.* This action is also certifiable under Superior Court Civil Rules 23(b)(1) and (2) because:

a. The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for Nationwide; and

b. Nationwide has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

## COUNT I

### Declaratory Judgment

22. Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 21 above.

23. Nationwide's characterization of minimum PIP limits as "full" is misleading, deceptive and ambiguous, on its face and as applied.

24. Nationwide's false, misleading and ambiguous characterization of PIP limits entitles the proposed class members and class representatives to a construction of the term "full" (as applied to such PIP limits) that favors such proposed class members and class representatives, and disfavors Nationwide. That construction should be effected by judicial declaration, to the effect that the proposed class members and class representatives are entitled to the maximum PIP limits made available by Nationwide in Delaware at the time the affected insurance contract was issued, or at the time of its most recent renewal (whichever amount is greater); or, alternatively, that such proposed class members and class representatives are entitled to full coverage of all reasonable and necessary medical expenses incurred within the statutory (two-year) period for PIP claims, and arising from covered automobile accidents.

25. An actual controversy of a justiciable nature exists between plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated (on the one hand) and Nationwide (on the other), concerning the parties' rights and obligations under the

subject Nationwide insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

26. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Breach Of Contract

27. Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 26 above,

28. Nationwide has breached the subject contracts of insurance by promising to provide or make available, but failing to provide or make available, limits of liability for PIP coverage that are genuinely "full."

29. As a direct result of Nationwide's breaches of the subject insurance contracts, plaintiffs Thomas A., Roberta L. and Tammy Eames and all others similarly situated have been deprived of the benefit of insurance coverage for which premiums were paid under those contracts. As a further result of Nationwide's breaches of contract, plaintiffs Thomas A., Roberta L. and Tammy Eames and all others similarly situated have been deprived of

SEP 21 2004 11:52 FR NATIONWIDE INSURANCE    3023258930 TO 912152994301    P.20/24

necessary medical care, with resulting pain and suffering and exacerbation of injury.

### COUNT III

### Bad Faith Breach of Contract

30. Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 29 above.

31. Nationwide's false and deceptive characterization of PIP limits, as heretofore alleged, has been without reasonable justification.

32. Nationwide's false and deceptive characterization of PIP limits, as heretofore alleged, has been knowingly dishonest.

33. Nationwide's false and deceptive characterization of PIP limits, as heretofore alleged, has been in bad faith.

34. As a direct result of Nationwide's bad faith breaches of the subject insurance contracts, plaintiffs Thomas A., Roberta L. and Tammy Eames and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT IV

### Consumer Fraud

35. Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 34 above.

36. Nationwide's conduct, as alleged above, is in violation of 6 Del. C. §2513.

37. As a direct result of Nationwide's violations of 6 Del. C. §2513, plaintiffs Thomas A., Roberta L. and Tammy Eames and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT V

### Civil Conspiracy

38. Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 37 above.

39. As alleged above, Nationwide has misrepresented the amount of PIP limits available under its Delaware auto policies through the services of its agents in Delaware, including insurance agents.

40. By purposefully misrepresenting PIP limits through the use of agents, Nationwide has combined with one

or more persons in unlawful acts done in furtherance of a conspiracy.

41. As a direct result of Nationwide's acts of civil conspiracy, plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

WHEREFORE, plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy Eames, on behalf of themselves and all others similarly situated, respectfully request that this Court enter judgment as follows:

a. Entering an Order certifying the plaintiff class, appointing plaintiffs Thomas A., Roberta L. and Tammy Eames as representatives of that class, and appointing their counsel to represent the class, all pursuant to Superior Court Civil Rule 23;

b. Declaring the parties' rights, duties, status or other legal relations under the disputed insurance contracts;

c. Awarding to plaintiffs and all others similarly situated compensatory damages, including incidental and consequential damages, for Nationwide's breaches of its insurance contracts;

d. Awarding to plaintiffs and all others similarly situated punitive damages for Nationwide's bad faith breaches of its insurance contracts;

112729

17

e. Awarding to plaintiffs and all others similarly situated compensatory and punitive damages for Nationwide's violations of 6 Del. C. §2513;

f. Awarding to plaintiffs and all others similarly situated compensatory and punitive damages for Nationwide's acts of civil conspiracy;

g. Awarding to plaintiffs and all others similarly situated all costs of this action; and

h. Awarding such other and further relief as this Court deems just and appropriate.

> Respectfully submitted,
> MURPHY SPADARO & LANDON
>
> John S. Spadaro
> 1011 Centre Road, Suite 210
> Wilmington, DE 19805
> (302) 472-8100
>
> and
>
> Clayton E. Bunting
> Wilson Halbrook & Bayard
> 107 West Market Street
> P.O. Box 690
> Georgetown, DE 19947
> (302) 856-0015
>
> Attorneys for plaintiffs
> Thomas A. Eames, Roberta L.
> Eames and Tammy Eames (on
> behalf of themselves and all
> others similarly situated)

August 20, 2004