IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES, and TAMMY EAMES, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>  Defendant. | Civil Action No. 04-1324-KAJ |

## ORDER OF SPECIAL DISCOVERY MASTER

This Order of the Special Discovery Master ("SDM") addresses the Motion for a Protective Order of Defendant Nationwide Mutual Insurance Company ("Nationwide") to maintain as "CONFIDENTIAL MATERIAL" under the Stipulated Protective Order of October 4, 2005 (D.I. 108) certain documents bearing Bates numbers NW000001-00000344 ("the documents"). It also addresses the scheduling of the deposition of the Defendant pursuant to Fed. R. Civ. P. 30(b)(6), and certain objections to specified areas of inquiry. The SDM has reviewed the submissions of the parties and heard oral argument from both sides.

The Court approved the parties' Stipulated Protective Order on October 4, 2005. It provides at paragraph 2 that "[a]ny party in this action may, *in good faith,* designate documents, materials, data or information disclosed, produced, or filed by that party . . . as CONFIDENTIAL MATERIAL." (D.I. 108 ¶ 2.) (emphasis added). But under paragraph 1, only documents that are genuinely confidential are properly eligible for

designation as Confidential Material. (Id. ¶ 1.) (defining "Confidential Material" as *"confidential* commercial, financial, trade-secret and/or other proprietary business documents, materials, data or information") (emphasis added). The exercise of good faith under paragraph 2 is thus directed to the designating party's determination that a particular document is genuinely confidential. Paragraph 12 of the Order permits any party to object in writing to its adversary's designation of documents as Confidential Material. (Id. ¶ 12.) Once an objection is raised, the designating party must move to uphold its claim of secrecy. (Id.) Such motions turn on the moving party's showing of good cause for continued secrecy. (Id.)

During the week of January 9, 2006, Nationwide produced 344 pages of documents that were labeled NW000001-344. Many pages of the production were attached as Exhibits B, C, and D to the plaintiffs' submission.

Nationwide conceded at argument that it bears the burden of proving that the designated documents are justifiably categorized as Confidential Material although its motion argued at one point that the burden lies with the plaintiffs to show with "specificity" why the subject documents should *not* be kept secret (D.I. 145 at 8) and elsewhere suggested that it "will produce these documents to the Court or Special Discovery Master for review and inspection . . . ." (D.I. 145 at 3.) It is not for the challenging party to make a showing as to why litigation documents should *not* be secret. Rather, such documents are subject to a "strong presumption of openness," not easily "overcome by the secrecy interests of private litigants." Leucadia, Inc. v. Applied Extrusion Technologies., Inc., 998 F.2d 157, 167 (3d Cir. 1993); see also Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (noting that the party claiming secrecy faces a

"heavy" procedural burden). Nor is it the Court's task to sift through a litigant's document production page by page, attempting to search out the particularized showing that the litigant itself failed to offer. Regrettably, Nationwide's motion is so devoid of specificity, and so completely lacking in the required showing that one wonders why it bothered filing it at all, and why it has burdened the Court to occupy its time in addressing Nationwide's woefully insufficient arguments.

Defendant also conceded at argument that the governing legal standards are those set out by plaintiffs and repeated below.

Limitations on public access to litigation records are never imposed automatically. Rather, two separate bodies of law are implicated, and each involves important policy considerations. The first is the common law right of public access to judicial proceedings and court records, recognized by the United States Supreme Court in Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). The other is the First Amendment.

Under the common law right of public access, a "good cause" standard applies. Joint Stock Soc'y v. UDV N. Am., Inc., 104 F. Supp.2d 390, 395 (D. Del. 2000). This requires the party claiming secrecy to make

> a "particularized showing of the need for continued secrecy" by specifically demonstrating that the disclosure of these materials would cause them to suffer a "clearly defined and serious injury."

Id. at 395 (quoting from special master's report and recommendations; other citations omitted). The Third Circuit has characterized this particularized showing as a "heavy burden." Miller, 16 F.3d at 551. But blunderbuss confidentiality designations require an even greater showing: "A party who seeks to seal an entire record faces an even heavier

burden." Id. The Third Circuit has thus required a process of "careful fact finding and balancing of competing interests" before "the strong presumption of openness can be overcome by the secrecy interests of private litigants." Leucadia, 998 F.2d at 167.

First Amendment considerations impose a more rigorous standard still. See Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1073 (3d Cir. 1984). Under this standard, public access can be restricted only on a showing of "'an overriding interest based on findings that [secrecy] is essential to preserve higher values and is narrowly tailored to serve that interest.'" Id. at 1073 (quoting United States v. Criden, 648 F.2d 814, 824 (3d Cir. 1981)).

Taken as a whole, these standards make clear that 1) courts should not treat a party's documents as presumptively confidential; 2) confidentiality should be recognized only on a detailed, compelling showing; and 3) where permitted, secrecy must be drawn as narrowly as possible. And this is true even more so where the documents are of public interest. See Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 664 (3d Cir. 1991) (access to records is important in civil cases that have a "public character").

Faced with the "heavy burden" of a "particularized showing" of the need for secrecy (to borrow from Miller and Joint Stock Society), Nationwide made no showing at all, much less a particularized one. Its motion referenced no specific document, and its motion did not attach a single one of the designated documents.[1] It offered no affidavit

---

[1] Nationwide argued that it chose not to make any of the subject documents a part of the record on this motion "in order to maintain their 'Confidential' status." D.I. 145 at 3. The Stipulated Protective Order clearly provides for the filing of Confidential Material under seal; and such filings do nothing to waive or impair the confidentiality of the documents so filed. D.I. 108.

4

testimony on the nature and content of the documents. It identified no "clearly defined" injury that might arise from disclosure, nor any explanation as to how that injury might occur.

The Stipulated Protective Order requires only that the challenging party communicate its objection in writing; at no point in the process, however, is that party under any procedural burden whatever, other than the implied requirement that the challenge be made in good faith. Once the objection is made, the designating party must move to preserve secrecy. The moment it does so, it assumes the "heavy burden" required under Miller for ordinary claims of secrecy, the "even heavier burden" that Miller imposes for blunderbuss designations, and the still heavier burden imposed under the First Amendment. See Miller, 16 F.3d at 551; Criden, 648 F.2d at 824.

Because Nationwide has not seriously attempted any particularized showing of the need for continued secrecy, it cannot possibly overcome the "strong presumption of openness" under the Third Circuit precedents. See Leucadia, 998 F.2d at 167. Its motion should be denied.

The heavy burden of a particularized showing under Miller, Joint Stock Society and the other cases is directed to the need for secrecy on the one hand, and the presence of "clearly defined and serious injury" on the other. Joint Stock Soc'y, 104 F. Supp.2d at 395; Miller, 16 F.3d at 551. Nationwide identified no clearly defined injury, but argued only a hypothetical prospect of vague, undefined injury with no specific link to any identified documents.

The following passage is the fullest expression of Nationwide's effort to show a clearly defined injury:

5

> It does not take great business savvy to realize that if a company can find out what another company is doing behind closed doors to generate or support a product or service in the market place, then that same company can take that information to try to better its own business and undercut the other companies.

(D.I. 145 at 7.) But Nationwide identifies not a single document from among the 344 pages it designated as confidential—or even a single passage from such a document—that contains confidential information regarding its "generation" or "support" of any product or service. Further, Nationwide sells its product in the public domain, through form policy wordings in adhesion insurance contracts, the terms of which are regulated by (and often drawn from) state statutes.

Similarly, Nationwide offers no explanation as to how any competitor might use even a single one of the 344 pages to "better its own business" or "undercut" Nationwide. The law requires a particularized showing; Nationwide has offered a conclusory one. The law demands a showing of objective need for secrecy; Nationwide has answered only with its own subjective aspirations for secrecy. The law requires proof of clearly defined and serious injury; Nationwide has offered only allegations of hypothetical, unspecified injury with no link to particular documents.

Moreover, Paragraph 2 of the Stipulated Protective Order permits a party to designate documents as Confidential Material only "in good faith." (D.I 108 ¶ 2.) Nationwide has clearly violated this provision: apparently not inclined to incur the time and effort needed to assess each document produced, it simply stamped everything as confidential. For example, there is obviously no good-faith basis for claiming secrecy with respect to the pages of documents attached as Exhibits B ,C and D. To avoid any repetition of this misconduct, the SDM reiterates that the good-faith requirement under

6

paragraph 2 is not symbolic and that its breach constitutes a violation of the Court's Order. The SDM is aware that it is not uncommon to make such blanket designations in an effort to save time and money. Yet, even if one can arguably excuse such conduct at the time of the initial designation, when an adversary files a notice of objection, good faith requires that the designating party either reassess its designations or meet its burden of proving that the designated documents are CONFIDENTIAL MATERIAL. Nationwide has done neither.

For the reasons set out in the Eames Plaintiffs' Opposition to Nationwide's Motion for a Protective Order, the Special Discovery Master finds that Nationwide has failed miserably to meet its burden of proving "good cause" and has failed to prove that the documents constitute "CONFIDENTIAL MATERIAL" under the Stipulated Protective Order of October 4, 2005.

In seeking to prevent plaintiffs from conducting the Rule 30(b)(6) deposition, Nationwide continues to put the cart before the horse and resist discovery simply because it contests the legal sufficiency of the plaintiffs' amended complaint and theory of recovery. The Court has made clear in its prior rulings that such an approach will not be countenanced. Nationwide may be correct that it may ultimately prevail in this action. Yet, that is not a legal basis to resist discovery, particularly where the Court has already ruled so. The SDM has considered the objections of Nationwide, the arguments of the parties on these issues, and rules that the deposition will go forward, be scheduled by March 15, and be completed by March 31, 2006. The objections to the specific areas of inquiry raised by Nationwide are overruled with two exceptions. Permitting the depositions to go forward by itself is not an admission by Nationwide of any material fact

or any principle of law. Moreover, inquiry into the "loss ratio" issues is subject to the confidential material provisions of the Stipulated Protective Order. Consequently, the Special Discovery Master has entered the Order set out below.

### ORDER

1. Nationwide has failed to meet its burden of proving that the documents constitute "CONFIDENTIAL MATERIAL" under the Stipulated Protective Order of October 4, 2005.

2. The documents shall no longer be treated or deemed to be "CONFIDENTIAL MATERIAL" under the Stipulated Protective Order of October 4, 2005.

3. The parties shall agree upon, and report to the SDM, a date, time and place for the Rule 30(b)(6) deposition of Nationwide on or before March 15, 2006, and the deposition shall be completed on or before March 31, 2006.

4. The objections to the specific areas of inquiry raised by Nationwide are overruled with two exceptions. Permitting the depositions to go forward is not an admission by Nationwide of any material fact or any principle of law. Moreover, inquiry into the "loss ratio" issues is subject to the confidential material provisions of the Stipulated Protective Order.

5. Nationwide shall pay the expenses of the plaintiffs, including the attorneys fees, court reporter fees, and SDM fees otherwise allocable to the plaintiffs, occasioned by the motions and issues addressed in this Order.

IT IS SO ORDERED this 28TH day of February, 2006:

_____
James W. Semple (#396)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19899
(302) 888-6800
Special Discovery Master