# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) C.A. No. 04-CV-1324KAJ ) TRIAL BY JURY DEMANDED |
| v. | ) ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

### AMENDED CLASS ACTION COMPLAINT[1]

Plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy Eames, on behalf of themselves and all others similarly situated, allege as follows:

### Introduction: Nature of the Action and Summary of Facts

1.   This is an action seeking recovery of compensatory damages, punitive damages~~,~~ and ~~declaratory and~~ other relief arising from defendant's ~~breaches of insurance contracts, bad faith breaches of insurance contracts,~~ violations of 6 Del. C. §2513, civil conspiracy and otherwise wrongful conduct, all in connection with the ~~failure of~~ defendant Nationwide Mutual Insurance Company<u>'s</u> ("Nationwide")

---

[1] Deletions from the text of the original complaint are shown by striking; additions are underscored.

misrepresentation of the scope and amount of insurance
coverage provided ~~to honor its contractual obligations~~
under certain policies of automobile insurance issued by
Nationwide to members and representatives of the plaintiff
class.

2.    This is a class action brought on behalf of those
of Nationwide's Delaware insureds to whom Nationwide has
represented, as part of an auto policy ~~declarations page~~
"rate quote", memorandum of insurance or otherwise, that
they enjoy "full" limits of liability for Personal Injury
Protection (or "PIP") coverage under 21 Del. C. §2118, when
in fact Nationwide contends or will contend that they are
entitled to just the minimum PIP limits required by
statute.    A more detailed specification of the prospective
class is alleged below.

### The Parties

3.    Thomas A. and Roberta L. Eames are natural persons
residing at 14908 Concord Road, Seaford, Delaware 19973.
They are named insureds under Nationwide "Auto Policy"
52A733616, which policy was in effect when, on February 7,
2003, they were injured in an automobile collision.    Both
Thomas A. Eames and Roberta L. Eames have tendered claims
for PIP benefits under the subject policy to Nationwide.

4.    Plaintiff Tammy Eames is a natural person residing at 14908 Concord Road, Seaford, Delaware 19973. She was an occupant of the Eames's family vehicle at the time of the February 7, 2003 collision, and suffered injuries in that collision; and she is thus entitled to PIP benefits under the subject Nationwide policy.

5.    Defendant Nationwide Mutual Insurance Company is a mutual company whose principal place of business is Ohio. It is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

**Factual Background Applicable
to the Proposed Plaintiffs' Class**

6.    Nationwide is among the largest and wealthiest business entities in the world. It is a prolific underwriter of automobile insurance, including first-party medical benefits for persons injured while driving or occupying motor vehicles.

7.    At all times relevant to this action, Nationwide has been among the most prolific underwriters of automobile insurance (including PIP coverage) in the State of Delaware, and has derived substantial revenues and profits from the sale of automobile insurance in Delaware.

## Nationwide's Wrongful Conduct

8.    Under 21 <u>Del. C.</u> §2118, every owner of a motor
vehicle registered in this State must maintain specified
forms of insurance in specified minimum amounts.  Among
these is PIP coverage, defined under the statute as
"[c]ompensation to injured persons for reasonable and
necessary expenses incurred within two years from the date
of the accident" for medical services, lost earnings and
other expenses.  The statute further requires that PIP
coverage be provided in the minimum amount of "$15,000 for
any 1 person and $30,000 for all persons injured in any 1
accident."

9.    Nationwide, acting with and through its agents in
Delaware, has misrepresented to large numbers of Delaware
insureds (including the proposed class representatives) the
limits of liability of their PIP coverage.  Specifically,
Nationwide has ~~sold~~ <u>stated</u> (and, on information and belief,
continues to ~~sell~~ <u>state</u>) ~~automobile insurance policies in~~
~~Delaware that expressly state, in policy declarations~~
<u>within "rate quotes",</u> memoranda of insurance or other
~~policy~~ documentation, that the purchased limits of
liability for PIP coverage are "full" limits; when in fact
Nationwide intends by this representation to provide only
the minimum statutory limits of $15,000 per person and

$30,000 per accident.  When insureds to whom Nationwide has falsely described PIP limits as "full" tender their claims for PIP coverage to Nationwide, Nationwide takes the position that the available limits of liability for such coverage are limited to the minimum statutory amount. Similarly, when Nationwide has occasion to pay PIP benefits to such insureds, it treats their PIP limits as exhausted once the minimum statutory amount has been paid.

10.  Nationwide's practice of characterizing minimum PIP limits as "full" limits is purposefully misleading, unlawful, and injurious to those insureds (including the proposed class representatives) who are targets of the practice.  Nationwide knows that such insureds may, if they so request, purchase from Nationwide additional PIP limits in excess of the statutory minimum. (Such additional PIP limits are sometimes referred to, in the jargon of insurance, as "APIP.")  By falsely characterizing the minimum limits as "full" limits, Nationwide leads insureds to believe that they have purchased the fullest PIP limits or PIP coverage available; the purpose being to discourage them from seeking to purchase additional (and relatively inexpensive) PIP limits. Nationwide pursues this purpose because its loss ratio on PIP claims has historically been unfavorable.

11.   Whatever Nationwide's intent in characterizing
minimum PIP limits as "full", that characterization is
ambiguous on its face and as applied.  Under Delaware law,
it must therefore be construed in favor of the insureds,
and against Nationwide.

### Allegations Specific to the
### Proposed Class Representatives

12.   Plaintiffs Thomas A., Roberta L. and Tammy Eames
were injured in an automobile collision on or about
February 7, 2003.  As alleged above, all three qualify as
insureds under Nationwide "Auto Policy" 52A733616, and for
purposes of their claims for PIP benefits arising from the
February 7, 2003 collision.

13.   In connection with their claims for PIP benefits,
the proposed class representatives have been subjected by
Nationwide to the practices complained of above, including
the practices alleged in paragraphs 9 and 10 above.
Specifically, Nationwide has represented to one or more of
the proposed class representatives that the subject policy
provides "full" limits of liability for PIP coverage; and
it has thereafter taken the position that such limits have
been exhausted by payment of the minimum statutory amount.:

a.   In approximately March 1994 Nationwide, acting
through its agent Culver Insurance Agency of Seaford,

Delaware (now known as Muncie Insurance & Financial Services, Inc.), sold the subject policy to Mr. and Mrs. Eames. On or about March 14, 1994, and in connection with that sale, the Culver agency (acting for Nationwide) represented that the policy would provide "full" limits of liability for PIP coverage.

b. On information and belief, the document attached as Exhibit A (or one or more documents substantially identical to it) was shown to Mr. or Mrs. Eames, or both, by a representative of the Culver agency, and at the time the policy was purchased in March 1994.

c. On information and belief, one or more representatives of the Culver agency represented orally to Mr. or Mrs. Eames (or both) that the subject policy would provide "full" limits of liability for PIP coverage. These representations were made on behalf of Nationwide, and at the time the policy was sold to Mr. and Mrs. Eames in or about March 1994.

d. On information and belief, the offending representations were made by Culver employees Keith Culver, Linda Sanders or both. They may also have been made by other representatives of the Culver agency.

e. The nature of insurance is such that representations may be deemed to have been made in

128680                                   7

connection with the insurance's sale even after (and long after) the payment of an initial premium or the initial issuance of policy-related documents.[2]  Representatives of the Culver agency have made such representations to Mr. and Mrs. Eames (on Nationwide's behalf) subsequent to March 1994.  These representations are reflected, in whole or part, by the document attached as Exhibit B (dated February 8, 2003, and in which the Culver agency represented "PIP" as "FULL"); and by the separate document attached as Exhibit C (issued on or about June 17, 2003, and in which the Culver agency represented "PERSONAL INJURY PROTECTION" as "FULL.")

f.  On or about June 13, 2003 (and in the aftermath of the February 7, 2003 collision) Nationwide advised Mr. Eames by letter that he had "exhausted his/her benefits under the PIP/NO FAULT portion of this insurance policy" (meaning the policy issued by Nationwide to Mr. and Mrs. Eames).  A copy of this letter is attached as Exhibit D.

g.  Despite its repeated representations to the contrary, Nationwide contends that Mr. and Mrs. Eames's policy provides only the minimum statutory PIP limits (of $15,000 per person and $30,000 per accident).

---

[2] *See Montalvo v. Tower Life Building*, 426 F.2d 1135, 1141-2 (5th Cir. 1970).

## Class Certification Allegations

14.   This action is brought and may properly be maintained as a class action pursuant to Superior Court Civil Rules 23(a) and (b)(1)(A), (2) and (3).   Plaintiffs Thomas A., Roberta L. and Tammy Eames bring this action on behalf of themselves and all others similarly situated, as representatives of the following class and subclass:

a.   All of Nationwide's Delaware insureds to whom Nationwide has represented, at any time since August 20, 2001, that they enjoy "full" limits of liability for PIP coverage under 21 Del. C. §2118, where Nationwide in fact contends or will contend that they are entitled only to the minimum PIP limits required by that statute.

b.   All of Nationwide's Delaware insureds who are part of the proposed class described within subpart (a) of this paragraph, and who have been advised by Nationwide that (according to Nationwide) their available PIP limits have been exhausted by virtue of Nationwide's payment of the minimum statutory amount.

15.   Specifically excluded from the proposed class are those persons who have already secured recovery against Nationwide in connection with the practices complained of, whether by settlement or judgment; and Nationwide's officers, directors, employees, agents, or legal

representatives, or the successors or assigns of any of
them.

16.  *Numerosity of the Class (Super. Ct. Civ. R.
23(a)(1))*.  The proposed class is so numerous that the
individual joinder of all its members is impracticable.
Nationwide has been, at all relevant times, among
Delaware's most prolific underwriters of PIP coverage; and
it remains so today.  While the exact number and identities
of the proposed class members is presently unknown, and can
only be determined through investigation and discovery,
plaintiff is informed and believes that the proposed class
includes over ~~200~~ 500 members.

17.  *Existence and Predominance of Common Questions of
Law and Fact (Super. Ct. Civ. R. 23(a)(2), 23(b)(3))*.
Common questions of law and fact exist as to all members of
the proposed class, and they predominate over any
individualized legal or fact questions.  These common
questions of law and fact include, without limitation, the
following:

a.    Whether Nationwide has represented to members of
the proposed class that they enjoy "full" limits of
liability for PIP coverage;

b.    Whether Nationwide contends, has contended or will
contend that such proposed class members are actually

entitled to just the minimum statutory limits of liability for PIP coverage;

    c.  Whether, under these circumstances, Nationwide's characterization of PIP limits as "full" is ambiguous on its face or as applied;

    d.  Whether a reasonable purchaser of insurance would expect Nationwide's characterization of PIP limits as "full" to entitle such purchaser to the maximum PIP limits made available by Nationwide in Delaware at the time of the policy's issuance or most recent renewal;

    e.  Whether a reasonable purchaser of insurance would expect Nationwide's characterization of PIP limits as "full" to entitle such purchaser to coverage of all reasonable and necessary medical expenses arising from any covered automobile accident, subject to the statutory (two-year) period for PIP coverage under 21 <u>Del. C.</u> §2118(a)(2);

    f.  Whether Nationwide engages in the practices complained of in paragraphs 9 and 10 above as a matter of regular business practice;

    g.  Whether Nationwide's conduct is in violation of 6 <u>Del. C.</u> §2513;

    h.  Whether Nationwide's conduct is in violation of 18 <u>Del. C.</u> §2504;

i.  Whether Nationwide has engaged in deliberately deceptive and dishonest conduct;

j.  Whether Nationwide has engaged in one or more acts of civil conspiracy;

k.  Whether Nationwide has evinced a conscious indifference to the rights of the proposed class members;

l.  Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages;

m.  Whether the proposed class is entitled to punitive damages, and if so, the amount of such damages.

18.  *Typicality of Claims (Super. Ct. Civ. R. 23(a)(3)).* The claims of plaintiffs Thomas A., Roberta L. and Tammy Eames are typical of the claims of other members of the proposed class.  Nationwide expressly represented to these plaintiffs, orally and/or in writing, that the subject automobile insurance policy provided or would provide "full" limits of liability for PIP coverage.  As alleged above, however, Nationwide has taken the position that such PIP limits have been exhausted through payment of just the minimum statutory amount.

19.  *Adequacy of Representation (Super. Ct. Civ. R. 23(a)(4)).*  The proposed class representatives are under no actual or potential conflict of interest with respect to

other members of the proposed class, and will fairly and
adequately protect their interests.  They have retained
counsel experienced in the prosecution of complex
litigation, complex coverage litigation, PIP-related
litigation, and PIP-related class action litigation.

     20.  *Superiority of Class Action (Super. Ct. Civ. R.
23(b)(3)).*  A class action is superior to other available
methods of adjudication for this dispute, because
individual joinder of all members of the proposed class is
impracticable, and no other method of adjudication of the
claims asserted herein is more efficient and manageable.
Further, the damages suffered by individual members of the
proposed class may be relatively modest, so that the burden
and expense of prosecuting individual actions would make it
difficult or impossible for such members to obtain relief.
The prosecution of such individual actions would also
impose a substantial burden on the Delaware courts~~, and on
this Court in particular~~.  At the same time, individualized
litigation would entail a significant risk of varying,
inconsistent or contradictory judgments, and would magnify
the delay and expense to all parties and the courts, by
requiring multiple trials for the same issues.  By
contrast, the class action mechanism presents fewer case-
management problems; conserves the resources of the parties

and the courts; and protects the rights of each member of
the proposed class.  The proposed class members thus have
little interest in individually controlling the prosecution
of separate actions; and to counsel's knowledge, there has
been no substantial litigation of this dispute in any
forum.  It is not anticipated that the prosecution of this
dispute as a class action will entail any special case-
management difficulties; and notice of the pendency of this
action, and of any resolution of the same, can be provided
to the proposed class by publication and/or individual
notice.

    21.  *Other Grounds for Certification*.  This action is
also certifiable under Superior Court Civil Rules 23(b)(1)
and (2) because:

    a.   The prosecution of separate actions by the
individual members of the proposed class would create a
risk of inconsistent or varying adjudications with respect
to such individual class members, thus establishing
incompatible standards of conduct for Nationwide; and

    b.   Nationwide has acted or refused to act on grounds
generally applicable to the class, thereby making
appropriate declaratory relief with respect to the class as
a whole.

## ~~COUNT I~~

### ~~Declaratory Judgment~~

~~22.   Thomas A., Roberta L. and Tammy Eames, on behalf
of themselves and all others similarly situated, repeat and
incorporate by reference the allegations set forth in
paragraphs 1 through 21 above.~~

~~23.   Nationwide's characterization of minimum PIP
limits as "full" is misleading, deceptive and ambiguous, on
its face and as applied.~~

~~24.   Nationwide's false, misleading and ambiguous
characterization of PIP limits entitles the proposed class
members and class representatives to a construction of the
term "full" (as applied to such PIP limits) that favors
such proposed class members and class representatives, and
disfavors Nationwide.  That construction should be effected
by judicial declaration, to the effect that the proposed
class members and class representatives are entitled to the
maximum PIP limits made available by Nationwide in Delaware
at the time the affected insurance contract was issued, or
at the time of its most recent renewal (whichever amount is
greater); or, alternatively, that such proposed class
members and class representatives are entitled to full
coverage of all reasonable and necessary medical expenses~~

incurred within the statutory (two-year) period for PIP claims, and arising from covered automobile accidents.

25. An actual controversy of a justiciable nature exists between plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated (on the one hand) and Nationwide (on the other), concerning the parties' rights and obligations under the subject Nationwide insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

26. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

### COUNT II

### Breach Of Contract

27. Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 26 above.

28. Nationwide has breached the subject contracts of insurance by promising to provide or make available, but failing to provide or make available, limits of liability for PIP coverage that are genuinely "full."

~~29.  As a direct result of Nationwide's breaches of the subject insurance contracts, plaintiffs Thomas A., Roberta L. and Tammy Eames and all others similarly situated have been deprived of the benefit of insurance coverage for which premiums were paid under those contracts.  As a further result of Nationwide's breaches of contract, plaintiffs Thomas A., Roberta L. and Tammy Eames and all others similarly situated have been deprived of necessary medical care, with resulting pain and suffering and exacerbation of injury.~~

### ~~COUNT III~~

### ~~Bad Faith Breach of Contract~~

~~30.  Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 29 above.~~

~~31.  Nationwide's false and deceptive characterization of PIP limits, as heretofore alleged, has been without reasonable justification.~~

~~32.  Nationwide's false and deceptive characterization of PIP limits, as heretofore alleged, has been knowingly dishonest.~~

~~33.   Nationwide's false and deceptive characterization~~
~~of PIP limits, as heretofore alleged, has been in bad~~
~~faith.~~

~~34.   As a direct result of Nationwide's bad faith~~
~~breaches of the subject insurance contracts, plaintiffs~~
~~Thomas A., Roberta L. and Tammy Eames and all others~~
~~similarly situated have suffered and will suffer injury as~~
~~heretofore alleged.~~

**COUNT ~~IV~~ I**

**Consumer Fraud**

~~35~~ 22.   Plaintiffs Thomas A., Roberta L. and Tammy
Eames, on behalf of themselves and all others similarly
situated, repeat and incorporate by reference the
allegations set forth in paragraphs 1 through ~~34~~ 21 above.

~~36~~ 23.   Nationwide's conduct, as alleged above, is in
violation of 6 <u>Del. C.</u> §2513.

~~37~~ 24.   As a direct result of Nationwide's violations
of 6 <u>Del. C.</u> §2513, plaintiffs Thomas A., Roberta L. and
Tammy Eames and all others similarly situated ~~have suffered~~
~~and will suffer injury as heretofore alleged.~~ <u>a) have been</u>
<u>deprived of the benefit of insurance coverage for which</u>
<u>premiums were paid, b) have been deprived of the benefit of</u>
<u>their bargain in the sale and purchase of automobile</u>
<u>insurance, c) have been deprived of necessary medical care,</u>

or confronted with the genuine risk of a loss of necessary medical care, d) have been led to believe that they purchased PIP limits higher than the statutory minimum, or that the statutory minimum limits were the highest PIP limits available for purchase, and e) have been discouraged from purchasing adequate PIP limits or otherwise prevented from making fully informed decisions regarding their purchase of such limits.

COUNT ~~V~~ II

Civil Conspiracy

~~38~~ 25.  Plaintiffs Thomas A., Roberta L. and Tammy Eames, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through ~~37~~ 24 above.

~~39~~ 26.  As alleged above, Nationwide has misrepresented the amount of PIP limits available under its Delaware auto policies through the services of its agents in Delaware, including insurance agents.

~~40~~ 27.  By purposefully misrepresenting PIP limits through the use of agents, Nationwide has combined with one or more persons in unlawful acts done in furtherance of a conspiracy.

~~41~~ 28.  As a direct result of Nationwide's acts of civil conspiracy, plaintiffs and all others similarly

situated have suffered and will suffer injury as heretofore alleged.

WHEREFORE, plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy Eames, on behalf of themselves and all others similarly situated, respectfully request that this Court enter judgment as follows:

a.   Entering an Order certifying the plaintiff class, appointing plaintiffs Thomas A., Roberta L. and Tammy Eames as representatives of that class, and appointing their counsel to represent the class, all pursuant to Superior Court Civil Rule 23;

~~b.   Declaring the parties' rights, duties, status or other legal relations under the disputed insurance contracts;~~

~~c.   Awarding to plaintiffs and all others similarly situated compensatory damages, including incidental and consequential damages, for Nationwide's breaches of its insurance contracts;~~

~~d.   Awarding to plaintiffs and all others similarly situated punitive damages for Nationwide's bad faith breaches of its insurance contracts;~~

~~e~~ b.   Awarding to plaintiffs and all others similarly situated compensatory and punitive damages for Nationwide's violations of 6 Del. C. §2513;

~~f~~ c.  Awarding to plaintiffs and all others similarly situated compensatory and punitive damages for Nationwide's acts of civil conspiracy;

~~g~~ d.  Awarding to plaintiffs and all others similarly situated all costs of this action; and

~~h~~ e.  Awarding such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
MURPHY SPADARO & LANDON

John S. Spadaro
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302)472-8100

and

Clayton E. Bunting
Wilson Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, DE 19947
(302)856-0015

Attorneys for plaintiffs
Thomas A. Eames, Roberta L.
Eames and Tammy Eames (on
behalf of themselves and all
others similarly situated)

~~August 20, 2004~~
February 10, 2006

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

THOMAS A. EAMES, ROBERTA L. EAMES )
and TAMMY EAMES, on behalf of )
themselves and all others )
similarly situated, )
)
               Plaintiffs, )    C.A. No. 04-CV-1324KAJ
)    TRIAL BY JURY DEMANDED
v. )
)
NATIONWIDE MUTUAL INSURANCE )
COMPANY, )
)
               Defendant. )

## NOTICE OF SERVICE

       I hereby certify that on this date, I electronically filed the foregoing document with the Clerk

of the Court using CM/ECF which will send notification of such filing(s) to the following:

       Nicholas E. Skiles, Esq.
       Swartz Campbell LLC
       300 Delaware Avenue, Suite 1130
       P.O. Box 330
       Wilmington, DE 19899

                      MURPHY SPADARO & LANDON

                      /s/ John S. Spadaro
                      John S. Spadaro, No. 3155
                      1011 Centre Road, Suite 210
                      Wilmington, DE 19805
                      (302) 472-8100

                      Attorneys for plaintiffs
                      Thomas A. Eames, Roberta L. Eames and
                      Tammy Eames (on behalf of themselves and
February 10, 2006                 all others similarly situated)

128690

# EXHIBIT A

**INSURANCE**
Nationwide is on your side

HOME OFFICE: ONE NATIONWIDE PLAZA · COLUMBUS, OHIO 43216

POLICY NUMBER  *5207A 733616*

<u>COVERAGES</u>

|  | VEH 1 | VEH 2 |
|---|---|---|
| COMPREHENSIVE | 100 $33.70 | 100 $29.80 |
| COLLISION | 250 $87.70 | 250 $84.50 |
| BODILY INJURY | 100/300 $150.30 | 100/300 $109.30 |
| PROPERTY DAMAGE | 50000 $49.70 | 50000 $36.20 |
| PERSONAL INJURY PROTECTION | FULL $45.30 | FULL $33.00 |
| LOSS OF USE | BROAD $10.00 | BROAD $10.00 |
| TOTAL PREMIUM: | $376.70 | $302.80 |

```
*********************************************************************
```
POLICY COVERAGE
  UNINSURED MOTORIST-BODILY INJURY        100/300        $77.20
  UNINSURED MOTORIST-PROPERTY DAMAGE      10,000         INCLUDED
```
*********************************************************************
```

    TERM PREMIUM:   $756.70        INSTALLMENT PREMIUM:  $379.35
    PAY PLAN: O   OCP/PDP NUMBER: 0000NEWOCP  AMOUNT COLLECTED:  $252.23

# EXHIBIT B

OCT. 13. 2004 11:00AM    WILSON. HALBROOK@BAYARD    NO. 1207  P. 2

*Claim # 5207A7336160207030l*

```
A06    52A733616           VEHICLE SCREEN                   TODAY 02/08/0:
EAMES, THOMAS A                              FROM 09/22/02  TO    03/22/0:
VEHICLE 2   ACTION                           RATE  HI      ADDTL  COST
VT MY MAKE  SERIES    BODY STYLE   VEHICLE ID NUMBER   SYMBOL PER PI  AMOUNT NEW
PP 92 FORD  TAURUS L  OT OTHER     1FALP50U7NA277289   13   13 N   0   NO

ENG              PASSIVE                  COMMUTE   ANNL              MLT SUB
SIZE  DAMAGE     RESTRAINT           USE  MILE/WK   MILE              CAR CLS:
      N NONE     AF AIR BAG F         P             10                Y   00

RATED   BIRTH      MART      DRVR RES  YD  GOOD      DEF CAR VEH       RATE
DRIVER  DATE   SEX STAT      TYPE CHLD ADLT STDT     DRVR POOL TIER SNR FCTR
  1     08/10/56 F  M          P   Y   N    N         N   N            N  0.80

COVERAGES
COMP    100      25.70          INSD
COLL    250      65.30          APIP
PD      50000    49.60          LOU     25/800    12.00
BI      100/300  117.50         T&L
DB                              CB
UMBI    100/300  82.00          PE
UMPD    10000    INCL
PIP     FULL     35.50

                                     TOTAL    387.60

                              INQUIRE  V3 (CH TO CHANGE)
```

PIP adjuster

~~Charlotte Lewis~~

302-325-8952

1-2 Bus. days

lisa p pepper

645-8337

- Rental Coverage - if needed

Jeanesse.

Rich Foskey

Field invest.

(678-7667

Agreasse Nationwide Ins

Linda Harvard-3202

877-724-3202

cell-302-242-1063

# EXHIBIT C

## AUTO MEMORANDUM OF INSURANCE

POLICY NUMBER: 52A733616
POLICY HOLDER: THOMAS A &/OR ROBERTA L EAMES

POLICY EFF DATE: 03/22/0
POLICY EXP DATE: 09/22/0

---

### IMPORTANT NOTICE

THIS MEMORANDUM OF INSURANCE PROVIDES BASIC INFORMATION REGARDING COVERAGE AND
INTERESTS PROTECTED BY YOUR POLICY AS OF 06/17/03.

---

## NATIONWIDE MUTUAL INSURANCE COMPANY   (23787)

VEHICLE #1
1999  FORD EXPLORER
1FMZU34EXXZA79505

| | |
|---|---|
| COMPREHENSIVE | 100 |
| COLLISION | 250 |
| PROPERTY DAMAGE | 50000 |
| BODILY INJURY | 100/300 |
| PERSONAL INJURY PROTECTION | FULL |

POLICY COVERAGE
| | |
|---|---|
| UNINSURED MOTORIST--BODILY INJURY | 100/300 |
| UNINSURED MOTORIST--PROPERTY DAMAGE | 10000 |

THIRD PARTY: LIENHOLDER
WILMINGTON TRUST CO
INSURANCE SERV CNTR
PO BOX 9289
RICHMOND, VA 23227-0289
LIEN EXP DATE: 04/15/2008

Culver Insurance Agency          6667          DATE
517 Bridgeville Road
Seaford, DE 19973
PHONE (302) 629-2510

THOMAS A &/OR ROBERTA L EAMES
14908 CONCORD ROAD
SEAFORD, DE 19973-8293

# EXHIBIT D

JUN 1 6 2003



P.O. BOX 249 * NASSAU, DE 19969-0249 * *

June 13, 2003

WILSON, HALBROOK AND BAYARD
CLAYTON E BUNTING
PO BOX 690
GEORGETOWN, DE 19947

**CLAIMANT NAME :** Thomas Eames
**OUR INSURED :** Thomas Eames
**OUR CLAIM NUMBER :** 52 07 A 733616 02072003 01
**DATE OF LOSS :** 02-07-2003

This letter is to notify you that the above claimant, Thomas Eames , has exhausted his/her benefits under the PIP/ NO FAULT portion of this insurance policy. All future billings should be directed elsewhere. For this reason we will be unable to consider the recently submitted for June 4, 2003.

Please call me with any questions or concerns. Thank you.

NATIONWIDE MUTUAL INSURANCE COMPANY
Lisa-Jo Pepper
Claims Department
(302)645-8337

0030 - 000312-01