# Exhibit B

*2003 Del. Super. LEXIS 268, \**

DUANE ADAM THOMAS, Plaintiff, v. HARFORD MUTUAL INSURANCE COMPANY and CONCENTRA MANAGED CARE, INC., Defendants.

C.A. No. 01C-01-046 HDR

SUPERIOR COURT OF DELAWARE, KENT

2003 Del. Super. LEXIS 268

May 16, 2003, Submitted
July 25, 2003, Decided

**SUBSEQUENT HISTORY:** Summary judgment denied by Thomas v. Harford Mut. Ins. Co., 2004 Del. Super. LEXIS 151 (Del. Super. Ct., Apr. 7, 2004)

**PRIOR HISTORY:** Thomas v. Harford Mut. Ins. Co., 2003 Del. Super. LEXIS 36 (Del. Super. Ct., Jan. 31, 2003)

**DISPOSITION:** [\*1] Plaintiff Thomas' Motion for Reargument & Clarification GRANTED IN PART.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In plaintiff claimant's workers' compensation claimant's suit against defendants, a workers' compensation insurer and the insurer's case manager, the trial court granted the claimant's motion to reargue. The claimant moved to vacate the grant of summary judgment to the manager on his claims (1) of intentional infliction of emotional distress; (2) for Consumer Fraud Act (CFA), Del. Code Ann. tit. 6, § 2511-2527, violations; and (3) for negligence.

**OVERVIEW:** The claimant's CFA claim was not a claim covered by the CFA. The claim did not assert that the manager made statements in connection with the sale, lease, or advertisement of services. The manager was the only manager with which the insurer had contracted to serve as its case manager. Therefore, the claimant's relationship to the manager was deemed too attenuated to support a CFA claim. The manager's alleged misrepresentations did not fall within the constructs of the CFA. The manager's duty to the claimant was described as the same as the insurer's duty to the claimant. The duties were not made greater because the insurer contracted with the manager. The insurer's, and thus the manager's, duty was limited to a contractual duty. There was no tort duty for breach of the covenant of good faith and fair dealing since the insurer and manager did not have a fiduciary duty to the claimant. The manager's duty was to manage the claim in compliance with the insurer's contractual obligation of good faith and fair dealing. There had been an insufficient factual basis for the award of summary judgment to the manager on the intentional infliction of emotional distress claim.

**OUTCOME:** The trial court granted the motion and vacated summary judgment for the manager on the intentional creation of emotional distress claim, since there had been an insufficient factual basis for it to grant summary judgment, and denied the motion and refused to vacate summary judgment for the manager on the CFA and negligence claims.

**CORE TERMS:** duty, intentional infliction of emotional distress, advertisement, reargument, negligence claim, lease, fair dealing, administer, vacated, insurer, pled, privity of contract, bodily harm, misrepresentation, then-attorney, concealment, suppression, omission, survive, workers' compensation, severe emotional distress, fiduciary relationship, worker's compensation, insurance contract, outrageous conduct, reckless conduct, intentionally, recklessly, remainder, overrule

### LexisNexis(R) Headnotes

Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices
HN1 ⬇    See Del. Code Ann. tit. 6, § 2513(a).

Business & Corporate Entities > Agency > Duties & Liabilities > Authorized Acts of Agents
HN2 ⬇    The principle-agent relationship is a legally significant relationship. An individual may appoint an agent to perform a duty, which results in the same legal consequences by the performance of an act as if he himself had personally acted.

Insurance Law > Claims & Contracts > Contract Formation
Insurance Law > Claims & Contracts > Fiduciary Responsibilities
HN3 ⬇    With respect to the origin of the duty an insurer owes to an insured, absent some relationship of trust and confidence, contract principles govern actions on insurance contracts.

Insurance Law > Claims & Contracts > Good Faith & Fair Dealing
Insurance Law > Claims & Contracts > Fiduciary Responsibilities
HN4 ⬇    Although relationships of trust have been held to arise along with certain professional relationships, such as that between an attorney and a client, no such fiduciary relationship exists between a worker's compensation insurer and an employee. Absent a fiduciary relationship, the Delaware Supreme Court has declined to allow recovery in tort for a breach of the duty of good faith and fair dealing associated with a workers' compensation insurance contract.

Contracts Law > Remedies > Foreseeable Damages
HN5 ⬇    Recovery for breach of contract is limited to those damages that arise naturally from the breach or that are reasonably foreseeable at the time the contract is made.

Business & Corporate Entities > Agency > Duties & Liabilities > Authorized Acts of Agents
Insurance Law > Claims & Contracts > Good Faith & Fair Dealing
HN6 ⬇    It is settled that bad faith failure to pay insurance benefits claims

        are contract claims and the duty of an agent acting under the contract is the same as the duty of the principle.

Torts > Intentional Torts > Intentional Infliction of Emotional Distress
HN7 With respect to intentional infliction of emotional distress, recovery is permitted where the defendant's extreme and outrageous conduct has intentionally or recklessly caused severe emotional distress to another.

Torts > Intentional Torts > Intentional Infliction of Emotional Distress
HN8 Intentional infliction of emotional distress is defined as follows under the heading "outrageous conduct causing severe emotional distress." One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

**COUNSEL:** John S. Spadaro, Esq. and Roger D. Landon, Esq., Murphy Spadaro & Landon, Wilmington, Delaware, for Plaintiff.

Kevin J. Connors, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware and John C. Sullivan, Esq., Post & Schell, P.C., Philadelphia, Pennsylvania, for Defendant Harford Mutual Insurance Company.

James C. Strum, Esq., Stradley, Ronon, Stevens & Young, LLP, Wilmington, Delaware and Joseph D. Cronin, Esq. and Catherine A. Pajakinas, Esq., Stradley, Ronon, Stevens & Young, LLP, Philadelphia, Pennsylvania, for Defendant Concentra Managed Care, Inc.

**JUDGES:** Henry duPont Ridgely, President Judge.

**OPINIONBY:** Henry duPont Ridgely

**OPINION:**

RIDGELY, President Judge

The Court has granted reargument on Defendant's Summary Judgment Motion on the claim of intentional infliction of emotional distress, the Consumer Fraud Act claims, and the simple negligence claim against Concentra. The facts are fully set forth in the court's written opinion on the Summary Judgement Motions, and will not be restated here. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The opinion of the court appears at 2003 Del. Super. LEXIS 36.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*2]

For the reasons stated below, Summary Judgment for Defendants on Plaintiff's claim of intentional infliction of emotional distress is hereby vacated. The remainder of Plaintiff's motion is denied.

**A. Consumer Fraud Act**

Plaintiff's reargument on the Consumer Fraud Act n2 ("CFA") claims against both Harford and Concentra simply restates his former assertions that Concentra's statements in a letter to Thomas' then-attorney are sufficient to state a claim under the CFA and insists that the CFA does not require privity of contract. However, the Court did not dismiss the CFA claim based on privity of contract. The CFA claim cannot survive because Thomas fails to produce facts sufficient to meet an element the Act does require: that the statements be made "in connection with the sale, lease, or advertisement" of the services. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 6 *Del. C.* §§ 2511-2527.

n3 6 *Del. C.* § 2513(a). The section in its entirety reads:
HN1(a) The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*3]

Thomas bases his CFA claim on a letter from Concentra to his then-attorney confirming a conversation in which the attorney refused Concentra any direct contact with Thomas. Concentra was employed by Harford to assist in managing Thomas' "case;" Thomas had no choice of case managers and he could not opt out of Concentra's participation in the management of his case. Thomas' relationship with Concentra was not that of a consumer to vendor; there was no sale, lease, or advertisement as relates to Thomas. The only advertisement or sale by Concentra was the advertisement and sale of its services as a case management provider to Harford. The relationship of Thomas to Concentra is too attenuated to support a CFA claim.

In the only case on point to reach the Supreme Court, *Norman Gershman's Things to Wear Inc. v. Mercedes-Benz of North America, Inc.*, n4 the court held that representations by defendants relating to repeated repairs on an automobile following its sale to the plaintiff could not provide the basis for a CFA claim. n5 To hold that the statements alleged in the case at bar constitute a violation of the CFA would be to overrule the decision in *Gershman's*.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 558 A.2d 1066 (Del. Super. Ct. 1989) *aff'd*, 596 A.2d 1358 (Del. 1991). **[*4]**

n5 *Id.* at 1075.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Because the alleged misrepresentations do not fall within the constructs of the Consumer Fraud Act, the claims must fail.

**B. Negligence**

Plaintiff argues that the simple negligence claim against Concentra should survive based on a generalized duty to exercise care in preventing harm to others. Plaintiff arrives at this by divorcing Concentra from its principal-agent relationship with Harford, a relationship that is necessary to the bad faith claim and which Plaintiff specifically pled in his amended complaint n6 and affirmed at oral argument.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

N6 "At all times relevant hereto, Concentra acted as the agent of Harford in connection with Plaintiff's Workers' Compensation Claims." Amended Complaint at para. 24.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

*HN2* The principle-agent relationship, such as that present between Harford and Concentra, is a legally significant relationship. An individual may appoint an agent to perform a **[*5]** duty, which results in "the same legal consequences by the performance of an act as if he himself had personally acted." n7 When Harford contracted with Concentra to perform Harford's duties under the workers' compensation insurance contract, Concentra was vested with the same duties as Harford, namely, to administer the claim under the contract, observing the duty of good faith and fair dealing that attaches to every contract. n8 The relationship between Concentra and Thomas remains a contractual relationship; the legal consequences of Concentra's acts are the same as they would be if Harford had performed the case management services. The duty is not increased by the addition of an agent to administer the claims.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n7 RESTATEMENT (SECOND) OF AGENCY, § 17, Comment a.

n8 *Pierce v. International Ins. Co.*, 671 A.2d 1361, 1366 (Del. 1996).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The relationship between a worker's compensation claimant and the insurer was defined in *Pierce*, where the Supreme Court examined <sup>HN3</sup>the origin of the duty [*6] an insurer owes to an insured and found that "absent some relationship of trust and confidence, contract principles govern actions on insurance contracts." n9 The Supreme Court held that, <sup>HN4</sup>although relationships of trust have been held to arise along with certain professional relationships, such as that between an attorney and a client, no such fiduciary relationship exists between a worker's compensation insurer and an employee. n10 Absent a fiduciary relationship, the Court declined to allow recovery in tort for a breach of the duty of good faith and fair dealing associated with a workers' compensation insurance contract. n11

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n9 *Pierce* at 1367, citing *Tackett v. State Farm Fire & Casualty Ins. Co.*, 653 A.2d 254, 264 (Del. 1995); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 216-18, 85 L. Ed. 2d 206, 105 S. Ct. 1904, (1985) (analyzing Wisconsin's "tort of bad faith" and concluding that this tort is essentially a "way to plead a certain kind of contract violation.")

n10 *Cummings v. Pinder*, 574 A.2d 843, 845 (Del. 1990).

n11 *Pierce*, 671 A.2d at 1366, citing *Tackett*, 653 A.2d at 264.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*7]

<sup>HN5</sup>Recovery for breach of contract is limited to "those damages that arise naturally from the breach or that were reasonably foreseeable at the time the contract was made." n12 <sup>HN6</sup>It is settled that bad faith failure to pay insurance benefits claims are contract claims n13 and the duty of an agent acting under the contract is the same as the duty of the principle. Concentra's duty, therefore, is coextensive with Harford's, which is the duty to administer the claim in compliance with its obligations of good faith and fair dealing. n14 Because Concentra's obligations lie in contract, not tort, Defendant is entitled to summary judgement on the negligence claim. For this court to hold otherwise would be to overrule *Pierce*.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n12 *Tackett* at 265, citing *Hadley v. Baxendale*, 156 Eng. Rep. 145 (1854).

n13 *Pierce* at 1367.

n14 *Tackett* at 264.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

### C. Intentional Infliction of Emotional Distress

Delaware has adopted the Restatement (Second) of Torts definition of intentional infliction **[*8]** of emotional distress. n15 <sup>HN7</sup>Recovery is permitted where the defendant's extreme and outrageous conduct has intentionally or recklessly caused severe emotional distress to another. n16 On reargument, Plaintiff asserts that reckless conduct was pled in addition to intentional conduct on the part of defendants. While inartfully pled, upon further review of the complaint it does appear that Plaintiff did include an allegation of reckless conduct. It is the Court's function to determine whether the alleged conduct rises to the level that could permit recovery under the theory of intentional infliction of emotional distress. n17 A more thorough inquiry into the facts is warranted, therefore summary judgement for Defendants on Plaintiff's claim for infliction of emotional distress is vacated.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n15 *Fahey-Hosey v. Capano*, 1999 Del. Super. LEXIS 351 at *7-8, *citing Mattern v. Hudson*, 532 A.2d 85 (Del. Super. Ct. 1987). The Restatement defines <sup>HN8</sup> intentional infliction of emotional distress as follows:

Outrageous Conduct Causing Severe Emotional Distress (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Restatement (Second) of Torts § 46. **[*9]**

n16 *Id.*

n17 *Fahey-Hosey* at *8.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

### D. Conclusion

Therefore, for the foregoing reasons, Summary Judgment for Defendants on Plaintiff's claim for intentional infliction of emotional distress is hereby ***vacated***. The remainder of Plaintiff's Motion for Reargument is ***denied***.

**IT IS SO ORDERED.**

/s/ Henry duPont Ridgely

President Judge