# Exhibit D

*1999 Del. Super. LEXIS 132, **

Pamela **Sachetta** v. Bellevue Four, Inc., Unity Construction Co. and Kershaw Industries, Inc.; Jennifer Kenton and Kenneth Kenton v. Bellevue Four, Inc., Unity Construction Co. and Kershaw Industries, Inc.

C.A. No. 97C-07-042-WTQ, C.A. No. 97C-07-041-WTQ

SUPERIOR COURT OF DELAWARE, NEW CASTLE

1999 Del. Super. LEXIS 132

April 23, 1999, Date Argued
June 9, 1999, Date Decided

**SUBSEQUENT HISTORY:  [*1]**

Released for Publication July 1, 1999.

**DISPOSITION:** Defendants' Motions for Summary Judgment DENIED IN PART AND GRANTED IN PART.

**CASE SUMMARY:**

 **PROCEDURAL POSTURE:** Defendants moved for summary judgment in plaintiffs' action for failure to perform work in a workmanlike manner, negligent misrepresentation, consumer fraud, and breach of contract.

 **OVERVIEW:** Plaintiffs brought suit against defendant developer, defendant contractor, and defendant subcontractor for breach of contract, negligent misrepresentation, failure to perform work in a workmanlike manner, and consumer fraud after plaintiffs became dissatisfied with defendants' work in building their houses. Defendants moved for summary judgment, and the court granted the motions, in part, and denied them, in part. The court granted defendant subcontractor's motion with respect to plaintiffs' contract claim because plaintiffs were not in privity with defendant subcontractor. The court granted all defendants' motions with respect to plaintiffs' claim for defendants' alleged oral promises to save trees on the building sites because the sales agreement was fully integrated and, thus, defendants' promises were unenforceable. The court denied defendants' motions with respect to plaintiffs' claims for negligence, failure to build their houses in a workmanlike manner, and consumer fraud because the language of the sales agreement did not cover relevant points.

 **OUTCOME:** The court granted summary judgment to defendant subcontractor on the contract claim for lack of privity, and it granted summary judgment to all defendants on the claim for damage done to trees because defendants' alleged oral promises to save the trees were not enforceable. The court denied summary judgment on all other claims because the contract's language did not preclude suit on those claims.

**CORE TERMS:** tree, grading, workmanlike, dirt, fill, spreading, sounding,

destruction, conformity, built, site, warranty, save, integration clause, standing to bring, encountered, contractual, settlement, construct, privity, issues of material fact, workmanship, enforceable, contractor, genuine, builder, negligent misrepresentation, process of construction, absolute discretion, structural defects

## LexisNexis(R) Headnotes

Civil Procedure > Summary Judgment > Summary Judgment Standard

*HN1* ⬇︎    When considering a motion for summary judgment, the court's function is to examine the record to determine whether genuine issues of material fact exist. If after viewing the record in a light most favorable to the non-moving party, the court finds that there are no genuine issues of material fact, summary judgment is appropriate. Summary judgment is not granted if the record indicates that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.

Contracts Law > Types of Contracts > Personal Service Agreements

*HN2* ⬇︎    The law in Delaware recognizes an implied builder's warranty of good quality and workmanship. If a person holds himself out as a competent contractor to perform labor of a certain kind, the law presumes that he possess the requisite skill to perform such labor in a proper manner and implies as a part of his contract that the work shall be done in a skillful and workmanlike manner.

Contracts Law > Contract Interpretation > Parol Evidence Rule

*HN3* ⬇︎    If a contract is unambiguous, extrinsic evidence may not be used to interpret the intent of the parties, to vary the terms of the contract or create ambiguity.

**COUNSEL:** Jeffrey K. Martin, Esquire, Wilmington, DE.

Jeffrey M. Weiner, Esquire, Wilmington, DE, Mary Anne McLane, Esquire, Murphy Spadaro & Landon, Wilmington, DE.

**JUDGES:** WILLIAM T. QUILLEN, JUDGE.

**OPINIONBY:** William T. Quillen

**OPINION:** *Letter Opinion and Order on Defendants' Motions for Summary Judgment*

This is the Court's Opinion on all Defendants' Motions for Summary Judgment. For the reasons stated herein, the Motions are DENIED in part and GRANTED in part.

FACTS

This case arises from new home construction. The primary issues involve defects in the homes and damages to various trees surrounding the homes.

In November 1993, Plaintiff Pamela **Sachetta ("Sachetta")** and Ms. Elizabeth

Manley executed a Sale Agreement with Defendant Bellevue Four Incorporated ("Bellevue") to purchase a newly constructed home. In that same month, Plaintiff Kenneth Kenton ("Kenton") also executed a similar Sale Agreement for an adjoining property. All parties went to settlement on their properties in July 1994. In December 1994, Ms. Manley conveyed her interest in the property back to Ms. **[*2]** **Sachetta,** making Ms. **Sachetta** the sole owner of the property. Mr. Kenton, who was engaged at the time he purchased his property, subsequently conveyed a half interest to his wife, Mrs. Jennifer Kenton.

Both Plaintiffs filed suit in July 1997 against Bellevue, Unity Construction Company ("Unity"), and Kershaw Industries, Inc. ("Kershaw"), alleging defects in the construction of their residences. n1 Bellevue, as developer, owned the properties prior to sale. Unity, a construction company, built the homes, and Kershaw, a sub-contractor, provided excavation services during the construction process. Each Plaintiff argues that there were numerous defects with their homes, including structural defects and improper grading. Both Plaintiffs also contend that Kershaw, at the direction of Bellevue and Unity, wrongfully damaged trees on the properties in violation of Plaintiffs' oral understanding with Bellevue that the trees would be unharmed. They claim that the excavated fill dirt from the property was spread around the remainder of their lots, instead of being hauled away, damaging the tree's root systems and causing the trees to die.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Both Complaints allege similar facts and claims. For this reason, the Motions are being consolidated. One distinction, however, is that the Kentons' Complaint alleges that Bellevue represented that their house would meet Delmarva Power & Light's Super E standard, while **Sachetta's** does not.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*3]**

The Sale Agreements stated that: "It is understood that the subject property will be built and finished . . . in substantial conformity with the plans and specifications attached hereto." With respect to grading and trees, the Sale Agreement stated that: The location of driveways, patios, walks, steps, grading scheme and other site details are subject to change at the absolute discretion of the SELLER, depending in each case upon the site conditions encountered. . . . SELLER may remove such trees from the lots as the SELLER deems necessary to construct the dwelling and the SELLER shall not be responsible for any damage or destruction of remaining trees during the process of construction. PURCHASER assumes full responsibility for the trees on their lot at the time of settlement.

Neither Unity nor Kershaw were parties to the Sale Agreement.

The bulk of the Plaintiffs' alleged damages arises from the loss of the trees on their respective properties. Plaintiffs have filed claims against all Defendants, sounding in both tort and contract (Counts I, II, III and VI), for the loss of the trees. These claims rest on allegations that Defendants improperly spread fill dirt **[*4]** around the property, causing the trees to die. Plaintiffs further claim that Defendants Bellevue and Unity breached the Sale Agreement by failing to construct the homes,



and grade the properties, in a workmanlike manner (Counts I and II). Plaintiffs also claim that Defendants Bellevue and Unity committed acts of negligent misrepresentation and consumer fraud by representing that the houses were constructed properly and that the trees on the lots would survive (Counts IV and V). In addition to compensatory damages, Plaintiffs also seek punitive damages.

Defendant Unity previously filed a Motion for Summary Judgment stating, *inter alia,* that because Unity was not in privity with the Plaintiffs, all claims sounding in contract against Unity should be dismissed. This Court dismissed all contractual claims against Unity for lack of privity. **Sachetta** Dkt. No. 27, Kenton Dkt. No. 36. Preliminarily, it can be said that the same reasoning applies to the contract claim against Kershaw. Defendant Kershaw's Motion for Summary Judgment as to Count VI is GRANTED.

Bellevue and Unity have filed a subsequent Motion for Summary Judgment, as has Kershaw. Defendants Unity and Bellevue contend that **[*5]** the Amended Complaint should be dismissed for a myriad of reasons. The two Defendants claim that: (1) neither party has standing to bring an action; (2) the language of the Sale Agreement does not create an obligation to construct the homes in a workmanlike manner; (3) the Sale Agreement precludes claims based on improper grading; (4) the Sale Agreement precludes claims based on "trees;" (5) the integration clause listed in Article 9 of the Sale Agreement bars any alleged representations; (6) the Plaintiffs have not stated a claim for consumer fraud; and (7) the Plaintiffs have failed to show that Unity owed a duty to the Plaintiffs. Kershaw has also filed a Motion for Summary Judgment, stating, in addition to no privity of contract, the Plaintiffs have failed to demonstrate that Kershaw owed any duty to the Plaintiffs.

STANDARD OF REVIEW

*HN1* When considering a Motion for Summary Judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist. *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* Del. Super., 312 A.2d 322, 325 (1973). If after viewing the record in a light most favorable to the non-moving party, the Court finds that **[*6]** there are no genuine issues of material fact, Summary Judgment will be appropriate. *Id.* Summary Judgment will not be granted if the record indicates that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances. *Ebersole v. Lowengrub,* Del. Supr., 54 Del. 463, 180 A.2d 467 (1962).

DISCUSSION

Standing

Defendants first contend that because one of the properties was deeded to Ms. Pamela **Sachetta** and Ms. Elizabeth Manley, that Ms. Manley is an indispensable party. After the initial purchase of the property, Ms. **Sachetta** purchased Ms. Manley's entire interest in the property, thus becoming the sole owner of the property. This is evidenced by the deed conveying all interest in the property to Ms. **Sachetta.** Accordingly, Ms. **Sachetta** has standing to bring the claims.

Defendants contend that because the other property was deeded only to Mr. Kenton, and not Mrs. Kenton (who was engaged to Mr. Kenton at the time of the purchase),

that Mrs. Kenton is not a proper party. Since Mrs. Kenton was not a party to the Sale Agreement, she does not have standing to bring claims sounding in **[*7]** contract. She does, however, as a current joint-owner of the property, have the right to bring actions sounding in tort. She, as a subsequent owner, is certainly within a foreseeable class of victims of negligent construction. Accordingly, Mrs. Kenton is not entitled to receive damages sounding in contract, although Mr. Kenton is. The Court notes that it sees no practical value in dismissing Mrs. Kenton from certain claims, but the Defendants raised the issue and are entitled to a determination.

Workmanlike Manner

*HN2*The law in Delaware recognizes an implied builder's warranty of good quality and workmanship. *Smith v. Berwin Builders, Inc.,* Del. Super., 287 A.2d 693, 695 (1972). If a "person holds himself out as a competent contractor to perform labor of a certain kind, the law presumes that he possess the requisite skill to perform such labor in a proper manner, and implies as a part of his contract that the work shall be done in a skillful and workmanlike manner." *Bye v. George McCaulley & Son Co.,* Del. Super., 23 Del. 115, 76 A. 621, 622 (1908); *See also Bryson v. Alvarez,* Del. Ch., C.A. No. 520, Marvel, C. (Mar. 28, 1979) (stating that there are implied warranties that **[*8]** a home be built in a workmanlike manner).

Defendants claim that Article 5(c) of the Sale Agreement precludes any contract claim by Plaintiffs against Bellevue asserting that the homes need to be constructed in a workmanlike manner. Article 5(c) states that "the subject property will be built and finished . . . in substantial conformity with the plans and specifications attached hereto." This language relates to the conformity of construction with the plans, it does not touch upon issues related to the quality of workmanship. Implied warranties may only be disclaimed by express statements, and this language, relating to "conformity," falls nowhere near such an expression. Accordingly, claims arising from the implied warranty to perform work in a workmanlike manner are not precluded by Article 5(c) and Defendants' Motion for Summary Judgment with respect to Counts I and II is DENIED.

Site Grading Details

The Defendants claim that the contract precludes suit for any claims regarding the grading of the property. The contract does state that the "grading scheme and other site details are subject to change at the absolute discretion of the SELLER." But the additional phrase, "depending **[*9]** in each case upon the site conditions encountered," demonstrates a more limited purpose for the contractual provision. It appears to be designed to give the contractor flexibility if adverse conditions were encountered. On Summary Judgment, the Plaintiffs are entitled to a favorable inference. Accordingly, Partial Summary Judgment with respect to improper grading (Part of Counts I and II) is DENIED as to all Defendants.

Destruction or Damage to Trees

The Sale Agreement states that "SELLER shall not be responsible for any damage or destruction of remaining trees *during the process of construction.* PURCHASER assumes full responsibility for the trees on their lot at the time of settlement." (Emphasis supplied). This language absolves Defendants of liability arising from the destruction of trees during construction. This clause would seem to apply to situations where one runs into a tree while pouring a basement or where one

damages a root structure while excavating. That is, damages that are incident to normal construction operations. This Court does not, however, read this language to cover damages caused by spreading fill dirt around the property instead of hauling it away. This **[*10]** act is not something incident to construction, it is instead a conscious choice on the part of the excavator and/or builder. Accordingly, the language of the Sales Agreement does not preclude a suit for damages associated with the intentional spreading of fill dirt about the properties and Defendants' Motion for Summary Judgment with respect to such damages (Count III) is DENIED.

Integration Clause

Article 9 of the Sale Agreement contains an integration clause. The clause states that the Agreement is a contract that contains the final and entire agreement of the parties. Under this clause, the parties must reduce their agreement to writing before any modification of the contract can be accomplished.

Here, the Plaintiffs assert that they had an oral modification of the Sale Agreement with the Defendants. They state that they were given oral promises that the trees would not be damaged. The Kentons also assert that Defendants represented that their home would meet Delmarva Power & Light's Super E standard. These oral promises cannot be enforceable if the parties have agreed otherwise in the Sale Agreement. The Sale Agreements speaks in detail regarding trees. If a representation was **[*11]** made to save the trees, it is the type of thing that would have been in the contract. *HN3* If a contract is unambiguous, extrinsic evidence may not be used to interpret the intent of the parties, to vary the terms of the contract or create ambiguity. *Eagle Industries v. DeVilbiss Health Care,* Del. Supr., 702 A.2d 1228, 1232 (1997). Here, without a written instrument modifying the contract, the alleged oral promise to save any trees is not enforceable and Defendants' Motion for Summary Judgment with respect to such representations (Count IV) is GRANTED.

Details of efficiency, however, are not discussed in detail and therefore not covered by the Sale Agreement. As such, the Sale Agreement is not truly integrated on that subject and parole evidence concerning representations of Super E standards are admissible. Accordingly, Defendants' Motion for Summary Judgment with respect to such representations (Count V of the Kenton Amended Complaint) is DENIED.

Kershaw as a Party

Kershaw, a sub-contractor, was not in privity with the Plaintiffs. As such, Plaintiffs cannot bring contractual claims against Kershaw. Plaintiffs can, however, bring claims against Kershaw which sound in tort. Kershaw, **[*12]** as an excavator, should certainly foresee that the eventual owners of these properties might be affected by any negligent actions on their part, including the spreading of fill dirt about the properties. Whether or not Kershaw knew, or should have known, that such spreading would damage the trees must be resolved by a jury. Additionally, whether Kershaw was simply doing what it was instructed to do must also be resolved by a jury. Accordingly, while the contractual claims against Kershaw are dismissed, the tort claims survive. Defendant Kershaw's Motion for Summary Judgment with respect to Count III is DENIED.

Conclusion

All three Defendants will go to trial on negligence claims arising from the damages

caused to trees by spreading fill dirt. Bellevue only will go to trial on the issue of breach of contract, including the warranty to perform work in a workman like manner. This will include all claims relating to structural defects in both homes. All claims related to improper grading remain. All claims relating to negligent misrepresentation and fraud with respect to workmanlike manner construction and Super E standards will go to the jury, while representations concerning Defendants **[*13]** promise to save the trees will not.

The following Counts are dismissed: Count IV and Count VI. All other Counts remain. IT IS SO ORDERED.

William T. Quillen