# EXHIBIT F

00071306.DOC

```
 1                IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

    THOMAS A. EAMES, on behalf of
 4  themselves and all others        :    CIVIL ACTION
    similarly situated; ROBERTA L.   :
 5  EAMES, on behalf of themselves   :
    and all others similarly         :
 6  situated; TAMMY EAMES, on behalf :
    of themselves and all others     :
 7  similarly situated;              :
                                     :
 8          Plaintiffs,              :
                                     :
 9      v                            :
                                     :
10  NATIONWIDE MUTUAL INSURANCE      :
    COMPANY,                         :
11                                   :
            Defendant.                    NO. 04-1324 (KAJ)
12                              - - -

13                     Wilmington, Delaware
                Tuesday, November 8, 2005 at 9:00 a.m.
14             ORAL ARGUMENT - MOTION TO DISMISS

15                              - - -

16  BEFORE:    HONORABLE KENT A. JORDAN, U.S.D.C.J.

17                              - - -

    APPEARANCES:
18

19          MURPHY, SPADARO & LANDON
            BY:  JOHN S. SPADARO, ESQ., and
20               PHILIP T. EDWARDS, ESQ.

21                  Counsel for Plaintiffs

22

            SWARTZ CAMPBELL, LLC
23          BY:  NICHOLAS E. SKILES, ESQ.

24              and

25
                             Brian P. Gaffigan
                             Registered Merit Reporter
```

```
 1   gravamen of the complaint or not?
 2              MR. CHEYNEY:  I would agree that that is the
 3   gravamen of the complaint.  I'm not here to quibble over
 4   that.  That is basically what they're saying.  Although I
 5   don't think that that follows, but that is what they're
 6   saying.
 7              THE COURT:  Okay.  Now, assume for our
 8   discussion that I feel that takes me to a place where, you
 9   know, I have to look then -- here is a better way to say it.
10   Is there that a theory on which they could prevail?
11              MR. CHEYNEY:  No, because it is not ambiguous.
12   You have to first find the contract has an ambiguity.  Even
13   with the word "full," give it to them.  It's full $15,000.
14   It's not fuller than $15,000.  It's not the fullest
15   available.  It's just full.  And when it's looked at in the
16   totality -- and let me read the quote for Your Honor because
17   this comes from the McCastle vs. Hartford (phonetic) case, a
18   federal case:
19              Because possible ambiguity lurks in every word,
20   sentence and paragraph in the eyes of a skilled advocate,
21   absent a showing that the word "full" in this case has
22   acquired a special meaning, not a conjured up meaning, the
23   question is not whether there could be an ambiguity in the
24   metaphysical sense but whether the language in the contract
25   has only one reasonable meaning when construed, not in a
```