# EXHIBIT G

# Murphy Spadaro & Landon

**ATTORNEYS**

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

302.472.8101

PHONE 302.472.8100

jspadaro@msllaw.com

FAX 302.472.8135

October 24, 2005

**BY FACSIMILE AND U.S. MAIL**
Curtis P. Cheyney, III, Esq.
Swartz Campbell LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103

> **RE: Eames v. Nationwide Mut. Ins. Co.**
> **C.A. No.: 04-CV-1324KAJ**

Dear Curt:

I write to address serious deficiencies in Nationwide's October 17, 2005 responses to our initial interrogatories.

*Interrogatory No. 1.* This interrogatory asks Nationwide to simply state whether it has engaged in the disputed practice within the State of Delaware since August 20, 2001. It employs our special definition of the term "disputed practice" (set forth in Definition No. 4):

> References to the "disputed practice" are to the characterization of
> any aspect of PIP (whether it be limits of liability, deductibles or
> otherwise) as "full", where such characterization is set forth in
> documents shared by Nationwide or its insurance agents with
> actual or prospective purchasers of automobile insurance, and
> regardless of whether Nationwide contends that such
> characterization is innocent or lawful.

This definition was written in recognition of the fact that while we contend that Nationwide's use of the modifier "full" signals full limits of liability, Nationwide contends that it refers to the absence of a deductible. We employed this definition so that Nationwide could not honestly avoid the interrogatory simply by claiming a disagreement on the merits of the case.

Nationwide's response meets our lowest expectations. That is, Nationwide says that it "has not 'characterized' PIP as 'full'"; and on this basis, Nationwide refuses to answer.

We both know, meanwhile, that Nationwide (through its agents) routinely uses the modifier "full" in the line entry for PIP on rate quotes, memoranda of insurance and the like. Indeed, we have both seen abundant evidence of that practice in scores of documents produced

125194

Curtis P. Cheyney, III, Esq.
October 24, 2005
Page 2

by Nationwide's insurance agents pursuant to subpoena. Nationwide's response is thus knowingly false, and I respectfully urge you to amend it immediately.

Nationwide goes on to say that it does not control "what documents and materials may or may not be shared by" its insurance agents with consumers. That observation (the truth or falsity of which we pass over for the moment) is not responsive. Rather, a responsive answer must state unequivocally that Nationwide does or does not engage in the disputed practice as defined by our interrogatory. An **honest** answer, of course, would necessarily be in the affirmative.

Nationwide next says that "[e]very sale or prospective sale of insurance involves separate and unique individual circumstances." This observation, too, is wholly nonresponsive. Does Nationwide engage in the disputed practice as defined, or not?

Please supplement Nationwide's responses, and provide us with an honest and nonevasive answer immediately.

*Interrogatory No. 2.* This interrogatory is triggered only by an affirmative response to Interrogatory No. 1. But again, no truthful response to Interrogatory No. 1 is possible that is not also affirmative.

In any event, this interrogatory asks Nationwide to identify all persons with knowledge of the genesis, development, inception or origins of the disputed practice (as defined). Nationwide responds that the Delaware Department of Insurance "has in the past issued suggested forms." It next identifies a single Nationwide employee with knowledge of this alleged circumstance. But the circumstance itself is not responsive; and the attempt to limit identification to a single Nationwide witness is unacceptable.

That is, Nationwide attempts a sleight of hand whereby the practice in question becomes one employed by state regulators rather than by Nationwide itself. But that is not the interrogatory's focus. The interrogatory focuses, rather, on *Nationwide's* use of the modifier "full."

If Nationwide began using the PIP-related modifier "full" on rate quotes, memoranda of insurance and the like because the Department of Insurance suggested that it do so, then Nationwide could properly respond to this interrogatory by identifying all persons (not one person) with knowledge of that circumstance. But as we both know, Nationwide's rate quotes and memoranda of insurance are not government forms: they are not printed, promulgated or required by any regulation of the Delaware Department of Insurance.

Rather, Nationwide employs the modifier "full" in these documents on its own initiative. We therefore ask Nationwide to supplement its response, to provide us with a compete and truthful answer.

Curtis P. Cheyney, III, Esq.
October 24, 2005
Page 3

*Interrogatory No. 3.* This interrogatory asks Nationwide to identify all documents that refer or relate to the genesis, etc. of the disputed practice. Nationwide identifies no such documents, but simply incorporates its prior (nonresponsive) answers.

The documents sought by this interrogatory are critical evidence. We ask that Nationwide identify them immediately.

*Interrogatory No. 3.* This interrogatory asks whether Nationwide has ever communicated with its Delaware insurance agents on the content or form of the specific form documents that were attached at Tab A of the interrogatories. Nationwide's response admits that it communicates with its agents regarding "certain documents" -- hardly a revelation. But Nationwide refuses to provide any fuller response until the Eames plaintiffs "properly identify and request relevant information regarding particular documents."

This remarkable response ignores the fact that the "particular documents" were actually attached to the interrogatories themselves. As you know, they were produced by Mr. Leoni, as counsel for Nationwide's insurance agents, in response to our subpoenas; and they were characterized by Mr. Leoni himself as *form documents*. The 150 policyholder files produced by these same insurance agents confirms this: the documents in question are forms that Nationwide routinely employs in the process of placing automobile insurance in Delaware.

Nationwide's response is thus willfully evasive. Please supplement it immediately.

*Interrogatory No. 5.* This interrogatory asks Nationwide to identify all persons with knowledge of the drafting, preparation, creation, etc. of the form documents to which Interrogatory No. 4 refers. In response, Nationwide identifies just a single person. Please supplement Nationwide's response to identify all persons with the requisite knowledge. If you contend that such an identification process would be too burdensome, please particularize that burden for us.[1] If you wish to suggest any alternatives for compromise, we will certainly consider them.

*Interrogatory No. 6.* This interrogatory asks Nationwide to identify all documents that refer or relate to the drafting, preparation, etc. of the form documents to which Interrogatory No. 4 refers. Nationwide's response fails to identify even a single document, instead relying on its response to Interrogatory No. 5.

For the reasons explained above, this response is evasive and unacceptable. Please supplement it immediately.

\*\*\*

---

[1] When we speak of "particularizing" Nationwide's claim of burden, we mean that Nationwide should state in detail the logistical problems (if any) that a full response would entail, and provide us with a specification of the anticipated expense of such a response.

Curtis P. Cheyney, III, Esq.
October 24, 2005
Page 4

---

The history of Nationwide's disclosures is one of persistent evasion and bad faith. Now Nationwide has offered at least one verified interrogatory response that we all know is false. If Nationwide does not supplement and correct its responses immediately, we will move for sanctions.

Very truly yours,

John S. Spadaro

JSS/slr

125194