# EXHIBIT H

00071306.DOC

Swartz Campbell LLC
1601 Market Street Fl 34
Philadelphia PA 19103-2316

voice (215) 299-4304
facsimile (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

Curtis P. Cheyney, III
*Attorney at Law*

November 14, 2005

**VIA EMAIL**

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE  19805

      RE:   Eames v. Nationwide Mutual Insurance Company
              Our File No.: 0547-107521

Dear Mr. Spadaro:

      This letter responds to your October 24 correspondence regarding our client's recent interrogatory responses, and also addresses your objection to these responses being designated as confidential.

      **Interrogatory No. 1.** The interrogatories state that "references to the 'disputed practice' are to the characterization of any aspect of PIP . . . as 'full', where such characterization is set forth in documents shared by Nationwide or its insurance agents with actual or prospective purchasers of automobile insurance . . ." While this definition is vague and ambiguous, Nationwide does not agree with your clients apparent position that it "characterizes any aspect of PIP as full." Accordingly, subject to asserted objections, Nationwide has properly responded that it has not "characterized" PIP as "full."

      We understand that you do not agree with Nationwide's response. But that does not make the response "false" or "dishonest" as stated in your letter. Moreover, given your purported definition as set forth above, the remainder of Nationwide's response is certainly responsive.

      **Interrogatory Nos. 2 and 3.** As set forth above, Nationwide does not agree that it engages in the "disputed practice" as you self define that term. Accordingly, there are not persons "with knowledge of the genesis, development, inception or origins of the disputed practice." Nationwide has nevertheless provided information in an effort to be cooperative. The remainder of your comments regarding these interrogatories merely argue your apparent position in response to this information. While we do not agree with your statements, we need not address them in this context.

John S. Spadaro, Esquire
November 14, 2005
Page 2

      **Interrogatory Nos. 4, 5 and 6.** We believe that Nationwide's objections to these overbroad and undefined interrogatories are proper. Nationwide has nevertheless provided information in an effort to be cooperative. Moreover, Nationwide remains willing to respond to properly defined inquiries as stated in its responses.

      We also note that you have objected to Nationwide's responses to these interrogatories being designated confidential under the Stipulated Protective Order entered in this case. Nationwide does not object to the responses being used in connection with this case. Nationwide will also agree that the responses can be filed in this case, without the necessity of filing them under seal. If you objected because you wish to use or disclose the responses in some other context, please advise us of your intended use or disclosure. We can then further address this with you in an effort to resolve the issue short of Court intervention.

      We remain available to confer with you regarding the matters addressed in this letter.

      Very truly yours,

      SWARTZ CAMPBELL LLC

      BY: _____
          Curtis P. Cheyney, III

CPC/dd

cc: John P. Marino, Esq. (via email)

2376891