# Murphy Spadaro & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210
WILMINGTON, DELAWARE 19805

PHONE 302.472.8100
FAX 302.472.8135

302.472.8101
jspadaro@msllaw.com

April 4, 2006

**BY HAND DELIVERY AND ELECTRONIC FILING**
James W. Semple, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

       RE: Eames v. Nationwide Mut. Ins. Co.
       C.A. No.: 04-CV-1324KAJ

Dear Master Semple:

    During today's teleconference with the SDM, Nationwide's counsel made representations of fact that were knowingly false. Acknowledging that circumstance may be unpleasant, and dealing with it even more so; but to simply let it pass strikes us as wrong -- wrong because it leads to a repetition of the misconduct, and wrong because it is so obviously unfair to the party that (whatever the merits of his argument) sticks to the truth.

    I therefore take this opportunity to note on the docket the following:

1. In my January 5, 2006 e-mail message to Mr. Cheyney, I asked:

> Does Nationwide contend that tomorrow's planned document production will include all documents in its possession, custody or control that relate to the genesis of Nationwide's use of the modifier "full" in connection with any aspect of PIP? If not, will the planned production include any such documents?

Mr. Cheyney responded the same day, as follows: "Nationwide's exhaustive search did not locate documents specifically outlining or reflecting a genesis for the use of the word full as set forth in your question." Copies of both my e-mail and Mr. Cheyney's are enclosed.

130516

James W. Semple, Esq.
April 4, 2006
Page 2

      During today's teleconference with the SDM, Your Honor asked Mr. Cheyney directly whether the same document production included documents referring or relating to the genesis of the disputed practice. Mr. Cheyney answered unequivocally that it did.

      2. Also during today's teleconference, Mr. Cheyney asserted unequivocally that the "Auto Memorandum of Insurance" attached as Exhibit A to our Motion to Compel Responses to Plaintiffs' First Set of Interrogatories is "not a form." Nationwide knows this is false, as Mr. Marino confirmed when he conceded minutes later that the document *is* a form. As I indicated during the hearing, I am prepared to share numerous examples from the accounts of multiple policyholders to further confirm that the document is in fact a form document.

      These episodes are reminiscent of Nationwide's telling Judge Jordan that it had not limited its e-mail search to the geographic limits of Delaware -- a representation that we all now know to be false.

***

      During today's teleconference, Your Honor stated that if our account of the January 5 e-mails were shown to be accurate, the SDM would find it disturbing. I hope the SDM can appreciate how disturbing this problem is to the plaintiffs.

      In any event, we hope the SDM will take this opportunity to regulate the course of discovery-related events, and address the problem decisively. In a case as contentious as this one, of course, killing the messenger may have its appeal. But there are real root causes for the atmosphere of contention, and as shown above, they have yet to be fully addressed.

                                              Respectfully,

                                              /s/ John S. Spadaro

                                              John S. Spadaro

Encl.
cc: Curtis P. Cheyney, III, Esq. (by electronic filing)
    Philip T. Edwards, Esq.

130516

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-CV-1324KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

                        MURPHY SPADARO & LANDON

                        /s/ John S. Spadaro
                        John S. Spadaro, No. 3155
                        1011 Centre Road, Suite 210
                        Wilmington, DE 19805
                        (302) 472-8100

                        Attorneys for plaintiffs
                        Thomas A. Eames, Roberta L. Eames and
                        Tammy Eames (on behalf of themselves and
April 4, 2006              all others similarly situated)

130517