## John S. Spadaro

**From:** "John S. Spadaro" <jspadaro@msllaw.com>
**To:** <ccheyney@swartzcampbell.com>
**Cc:** <nskiles@swartzcampbell.com>; <jmarino@fowlerwhite.com>
**Sent:** Thursday, January 05, 2006 12:41 PM
**Subject:** Eames v. Nationwide; Nationwide's planned document production

Curt:

Thank you again for your message of yesterday, reiterating Nationwide's plans to produce documents on January 6. We will review the documents with interest when they arrive.

Just a couple of questions, if you're willing to entertain them:

1. Will tomorrow's planned document production total over 100,000 pages (as I believe you indicated at the December 14, 2005 hearing before the SDM? Stated differently, will all those pages be produced tomorrow?

2. Does Nationwide contend that tomorrow's planned document production will include all documents in Nationwide's possession, custody or control that relate to the genesis of Nationwide's use of the modifier "full" in connection with any aspect of PIP? If not, will the planned production include any such documents?

Answers to these questions might help us avoid further disputes, so I hope you're comfortable providing them.

Finally, you'll recall that Nationwide was ordered to answer the written questions we raised in anticipation of the parties' October 3, 2005 meeting on discovery issues. Those questions were set forth in my e-mail of September 16, 2005. They included questions numbered 6, 7 and 8, as follows:

6. Are there occasions when Nationwide's management issues instructions, guidance or suggestions to its insurance agents regarding the content or form of documents to be used in the sale of auto insurance products? If so, from whom do those instructions, etc. typically come? In cases where the instructions, etc. are in writing, how and by whom are they stored?

7. Are there occasions when Nationwide's management issues instructions, etc. to its underwriting staff regarding the form or content of documents to be used in the sale of auto insurance products? What persons would typically be involved in such an exchange? How and where would records of such an exchange be found?

8. How are form underwriting documents for auto products developed? Who at Nationwide would be a likely custodian for such documents? How and where would records of such activity be found?

Nationwide was unable to answer questions at the October 3 meeting; but Nationwide agreed at the meeting (and has reiterated its agreement since) to follow up promptly with information on each question. And again, Nationwide was ordered to answer these questions by Judge Jordan. (As you know, we feel that Judge Jordan ordered Nationwide to bring to the October 3 meeting all persons necessary to address these questions; and that by failing to do so, Nationwide deliberately violated that order. I understand that Nationwide has a different view of the matter, so I'll set that particular dispute aside for the moment.)

Please provide me with answers to questions 6, 7 and 8 from my September 16, 2005 e-mail. Having supplied Nationwide with the questions nearly three months ago, we would appreciate receiving answers before close of business on Thursday of next week, January 12, 2006. John

## John S. Spadaro

**From:** "Curtis P. Cheyney" <ccheyney@swartzcampbell.com>
**To:** "John S Spadaro" <jspadaro@msllaw.com>
**Sent:** Thursday, January 05, 2006 5:37 PM
**Subject:** Eames v. Nationwide

John,

We are responding to your earlier email. Tomorrow's production will not total nearly the number of pages referenced in your message. As we have expalined, the email search used extremely broad and no-specific terms such as "full", "PIP", "Personal Injury Protection", etc. Because these search terms were so broad and non-specific, the great majority of emails identified through the search were "false hits," or in other words, were not responsive and had nothing to do with the issues in the case.

Nationwide's exhaustive search did not locate documents specifically outlining or reflecting a genesis for the use of the word full as set forth in your question. However, the forms, communications and other documents identified relating to PIP and using the word full are being produced.

We will further respond to your remaining questions on or before next Thursday as you requested.

Curt

-----------------------------------
Curtis P. Cheyney, III
Swartz Campbell LLC
1601 Market St Fl 34
Philadelphia PA 19103

(215) 299-4304 (voice)
(215) 299-4301 (facsimile)
ccheyney@swartzcampbell.com
http://www.swartzcampbell.com/