Swartz Campbell LLC
1601 Market St Fl 34
Philadelphia PA 19103-2316

(voice) (215) 299-4304
(facsimile) (215) 299-4301
ccheyney@swartzcampbell.com
www.swartzcampbell.com

**Curtis P. Cheyney, III**
*Attorney At Law*

April 10, 2006

**VIA EMAIL**

James W. Semple, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

**Re:   Thomas A. Eames, et al. v. Nationwide Mutual Insurance Company**
      **C.A. No.:  04-CV-1342KAJ**

Dear Discovery Master Semple:

We have represented our client and conducted ourselves in this case in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, all orders of this Court and all Delaware rules and regulations (including but not limited to the rules, laws and traditions of the Delaware Bar regarding the ethical practice of the law in this state by ethical lawyers such as we).  We will continue to do so.

We have just received Mr. Spadaro's April 4, 2006 letter.  This letter was not requested by Your Honor.  Mr. Spadaro also filed this letter with the District Court, again without any authority or authorization to do so.  Given the untrue, improper and unwarranted accusations contained in the letter, we are compelled to respond.

To say that the letter is offensive to us, in the extreme, is an understatement.  The letter misrepresents and presents out of context the dialogue and communications that occurred.  Nevertheless, we will continue to act as professionals.  We will not engage in personal attacks and similar tactics.

To date we have tried to look beyond these continued tactics of using unsolicited letters and other unauthorized filings, containing unwarranted and untrue personal accusations against us and our client.  We have filed no motions or

James W. Semple, Esquire
April 10, 2006
Page 2

"letters" with this Court regarding this misuse of the filing process; however, we are now compelled to respond and request the policing assistance of the Court. These antics should no longer be tolerated.

As Your Honor has already recognized, the scheduling order contains a procedure for informally addressing discovery disputes. It is designed to avoid the very unnecessary and unwarranted time, expense and burdens on the parties, their counsel and the Court that keep occurring in this case given the continued employment of these types of tactics.

With regard to the April 4, 2006 letter itself, the statements contained in the letter misrepresent and present the relevant communications out of context. The transcript and record show that I never made any knowingly false statements. I have never done so in my many years of professional practice, and will never do so in this or any other case. The topic of the January 6, 2006 exchange of email comments was plaintiffs' legal theory of a so-called "disputed practice" of/by Nationwide. As I advised Mr. Spadaro, the prior production did not display the "genesis documents" of plaintiffs' legal theory which he apparently believes exist. The subject of the April 4, 2006 telephone conference was Form A; the previous production was the product of a search which took into account, among other things, the genesis and creation of Form A. There were no inconsistencies, and certainly no knowing falsehoods. I responded straightforward and honestly in both contexts based upon what I understood was being asked of me. Contrary to counsel's unwarranted accusations, we are not liars, and I am not a liar.

Mr. Spadaro's letter also misrepresents and quotes other portions of the telephonic conference out of context. There were no knowing falsehoods or inconsistencies in our efforts to respond to Your Honor's questioning. We responded candidly, honestly, and to the best of our abilities. Mr. Spadaro made these same types of statements and accusations during the teleconference. Your Honor pointed out that the transcript will show what it shows, and that you were not sure it is that stark. The transcript, when read fairly and not selectively referred to out of context, shows that we responded to Your Honor's questions candidly, honestly, and to the best of our abilities.

We realize that Mr. Spadaro disagrees with Nationwide's positions and defense to what remains of this case. He is certainly entitled to do so, and to support his clients' positions. But this does not entitle him to continue to accuse Nationwide and its counsel with accusations of knowing falsehoods. It does not give him license to continue to lodge unwarranted and personal attacks upon Nationwide and its counsel.

James W. Semple, Esquire
April 10, 2006
Page 3

      We remain troubled by these unnecessary and unwarranted tactics. They continue to cause the parties, their counsel, Your Honor and the Court unnecessary distraction, expense, and anguish. Nevertheless, we will continue to conduct ourselves professionally and show restraint. And we will continue to make every possible effort to avoid these unnecessary distractions in the future and have what remains of this case determined on its merits.

      There is no need for this case to be as contentious as it has become. We hope that the Special Discovery Master will take this opportunity to regulate the course of discovery-related events and address these ongoing tactics. We remain committed to litigating this case and representing our client honorably and professionally, and will continue to do so.

      Respectfully submitted,

      SWARTZ CAMPBELL LLC

      BY: _____
          Curtis P. Cheyney III

CPC/rds

cc:    John S. Spadaro, Esq. (via email)
       John P. Marino, Esq. (via email)
       Nicholas Skiles, Esq. (via email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>    Plaintiffs<br>  v.<br><br>Nationwide Mutual Insurance Company,<br><br>    Defendant | CIVIL ACTION NO.  04-1324-KAJ |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to plaintiffs' counsel, John Spadaro, Esquire.  This will also certify that on this date we have also served plaintiffs' counsel, John Spadaro, Esquire, with a copy of the foregoing document via email.

    Swartz Campbell LLC

    /s/ Nicholas Skiles
    Nicholas Skiles, No. 3777
    Swartz Campbell LLC
    300 Delaware Ave., Suite 1130
    P.O. Box 330
    Wilmington, DE  19899

    Attorneys for Defendant, Nationwide Mutual Insurance Company

April 10, 2006