IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-CV-1324KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## EAMES PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION OF THE COURT'S APRIL 6, 2006 ORDER

The Eames plaintiffs respectfully move for clarification or reconsideration of the Court's April 6, 2006 Order adopting the Special Discovery Master's January 4, 2006 Report and Recommendations. Specifically, the Eames plaintiffs seek clarification or reconsideration on one discrete issue: whether Nationwide should bear the cost of the SDM's services in connection with the subject motion to compel.

The Court announced its decision to appoint an SDM during a September 13, 2005 teleconference with the parties. At that time, the Court stated clearly that if the SDM found one party to have been the bad actor, that party would pay "the full freight" for the SDM's services:

> So both sides, I want a discussion from you about who will be a good neutral . . . . *** And in the first instance, we'll be splitting it 50/50 but I'm going to be asking that person "who is a bad actor here?" And if they say "you know what? I think Nationwide really is jerking them around," you are going to pay the full freight; not 75 percent, the whole wad.

130816

Ex. A at 25-26. This is entirely consistent with Rule 53, which requires the Court to allocate payment of a Master's compensation among the parties "after considering the nature and amount of the controversy, the means of the parties, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(h)(3).

There are compelling reasons why the Eames plaintiffs should not be made to pay a one-half share (roughly $8,000) of the SDM's fees related to the motion to compel. First, the Court's own representation on this issue -- that the bad actor would pay "the full freight" -- can only be honored if the bad actor pays the full freight. The SDM found that Nationwide engaged in repeated, prolonged and willful misconduct, leaving no doubt as to the bad actor's identity. For example, the SDM found that:

- Nationwide's written responses to the Eames plaintiffs' document requests were "incomplete and evasive."

- Nationwide "clearly misinterpreted the proper scope and purpose of discovery."

- Nationwide "repeatedly refused to follow the Court's Default Standard for Electronic Discovery, which was incorporated by reference into the Court's March 28, 2005, Scheduling Order."

- After the Eames plaintiffs served their discovery in April 2005, it took four months before Nationwide "started to make a meaningful response."

- Overall, Nationwide provided "delayed, incomplete and evasive responses to Plaintiffs' requests."

- Nationwide "spent months providing incomplete or evasive responses . . . ."

- Nationwide employed "hyper technical (sic) interpretations of Plaintiffs' requests . . . ."

- Nationwide "even refused to acknowledge that there was electronic discovery."

- Nationwide engaged in what might reasonably be characterized as "a calculated effort to stay discovery long enough for the Court to hear its motion to dismiss" -- and this even after the Court expressly rejected such a stay.

- Nationwide failed to "even identify how many potentially responsive documents were to be reviewed and when they might be produced" until December 2005, eight months after the discovery was served.

- In "eight months of discovery," Nationwide produced just two documents.

D.I. 132 at 6-8. Contrast this with the SDM's characterization of the Eames plaintiffs' conduct:

> Here, Plaintiffs' counsel made repeated attempts to resolve this dispute without court action. *** These communications from Plaintiffs' counsel to Nationwide's counsel represent only a sample of the many attempts made by plaintiffs' counsel to resolve the dispute without the Court's intervention.

Id. at 8. Just as the Court predicted, then, the SDM has clearly identified the bad actor.

Rule 53, meanwhile, requires the Court to consider the parties' respective financial means. The contrast is a stark one. Nationwide is a multibillion-dollar corporate giant -- in the SDM's words, "a sophisticated company with an expert legal team . . . ." Id. Mr. and Mrs. Eames are an ordinary husband and wife from Seaford, Delaware. They are represented by a six-lawyer firm on a contingency fee basis.

The Court's April 6 Order rightly characterizes the parties' discovery disputes as "continuous and contentious." From the Court's perspective, a "pox on both your houses" approach may have appeal. But the SDM's findings -- clearly establishing that one side tried repeatedly to compromise the dispute without Court intervention, while the other side engaged in months of deliberate delay for perceived tactical advantage -- do not support a 50-50 allocation. Neither do the parties' respective resources.

130816                                     3

The question raised on this motion, then, is whether ordinary individuals who come before this Court can expect equal justice under law even when they are opposed by powerful corporate interests. It may be a delicate question, but its answer is obvious: on the record here, equal justice would necessarily mean that 1) the Court's earlier commitment (to allocate the SDM's fees to the bad actor) would be honored, and 2) Rule 53's "means and fault" analysis would be followed. If that were to occur, Nationwide would pay "the full freight."

## CONCLUSION

For the reasons set forth above, the Eames plaintiffs respectfully request that the Court's April 6, 2006 Order be clarified or modified to provide that Nationwide should bear the full costs of the SDM's services in connection with the issues resolved by his January 4, 2006 Report and Recommendations.

        Respectfully submitted,

        MURPHY SPADARO & LANDON

        /s/ John S. Spadaro
        John S. Spadaro, No. 3155
        1011 Centre Road, Suite 210
        Wilmington, DE 19805
        (302)472-8100

April 13, 2006        Attorneys for the Eames plaintiffs

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-CV-1324KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

                                                 MURPHY SPADARO & LANDON

                                                 /s/ John S. Spadaro
                                                 John S. Spadaro, No. 3155
                                                 1011 Centre Road, Suite 210
                                                 Wilmington, DE 19805
                                                 (302) 472-8100

                                                 Attorneys for plaintiffs
                                                 Thomas A. Eames, Roberta L. Eames and
                                                 Tammy Eames (on behalf of themselves and
April 13, 2006                                 all others similarly situated)

130819