IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>   Plaintiffs,<br> v.<br><br>Nationwide Mutual Insurance Company,<br><br>   Defendant. | CIVIL ACTION NO.  04-1324-KAJ |

**DEFENDANTS' ANSWER TO PLAINTIFFS' MOTION FOR CLARIFICATION OR
RECONSIDERATION OF THE COURT'S APRIL 6, 2006 ORDER**

Nicholas Skiles, Esq. (Del. Bar # 3777)
Swartz Campbell LLC
300 Delaware Avenue
Suite 1130
Wilmington, DE 19801
Tel. No. (302) 656-5935
Fax: (302) 656-1434
Attorneys for Defendant,
Nationwide Mutual Insurance Company

April 27, 2006

## **TABLE OF CONTENTS**

I.    NATURE AND STAGE OF PROCEEDING ............................................................... 4

II.   SUMMARY OF ARGUMENT ................................................................................... 4

III.  STATEMENT OF FACTS .......................................................................................... 5

IV.   ARGUMENT ............................................................................................................... 5

     A  the Court's Order is Clear and Needs No Clarification ............................................ 6

     B. Plaintiffs' Motion Merely Rehashes an Argument Which Has Been Fully
        Briefed by the Parties and Considered and Decided by the Court. ..........................7

     C.  Plaintiffs Fail to Meet Any Standard for Reconsideration. ......................................7

V.    CONCLUSION ............................................................................................................7

## TABLE OF CITATIONS

**Cases**

*Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D. Del. 1990)........................................ 6

*Corning Incorporated v. SRU Biosytems,* Slip Copy, 2006 WL 155255, *1 (D. Del. 2006)......5, 6

*In re DaimlerChrysler AG Securities Litigation*, 200 F.Supp. 2d 439, 441 (D. Del. 2002)...........5

*Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del. 1990)................................................................6

*Max's Seafood Café v. Ouinteros,* 176 F.3d 669, 677 (3d Cir. 1999).........................................5, 6

*Sports/Medical Products, Inc. v. Groupe Procycle, Inc.*, 25 F. Supp 2d 270, 292 (D.Del. 1998) .6

**Rules**

Delaware Local Rule 7.1.5....................................................................................................5

Federal Rule of Civil Procedure 59(e)..................................................................................5

I.  **NATURE AND STAGE OF PROCEEDING**

Plaintiffs filed their original complaint in October of 2004. (D.I. 1). The Court's February 2, 2006 order dismissed Plaintiffs' original complaint. (D.I. 150). Plaintiffs' contractual and declaratory claims were dismissed with prejudice. Plaintiffs were given leave to amend their statutory fraud and civil conspiracy claims.

Plaintiffs filed their amended complaint on February 10, 2006. (D.I. 158). Nationwide Mutual Insurance Company ("Nationwide") filed a dispositive motion to dismiss Plaintiffs' Amended Complaint on February 27, 2006. (D.I. 167). This motion has been fully briefed and remains pending.

On April 6, 2006 the Court entered its Order Adopting Special Discovery Master's January 4, 2006 Report and Recommendation (the "Court's Order"). (D.I. 184). Plaintiffs filed a motion for clarification or reconsideration of the Court's Order on April 13, 2006. (D.I. 186). This is Nationwide's answer in opposition to that motion.

II.  **SUMMARY OF ARGUMENT**

Plaintiffs' motion is an effort to keep a discovery dispute ongoing that has been resolved by the Special Discovery Master and the Court. Despite the Court's clear ruling, Plaintiffs continue to pursue an order requiring Nationwide to pay Plaintiffs' share of the Special Discovery Master's fees in connection with the underlying motion. This was previously requested by Plaintiffs, fully briefed by the parties, and considered and decided by the Court. Plaintiffs' motion should be denied because:

1. The Court's Order is clear and needs no clarification;

2. Plaintiffs' motion merely rehashes an argument which has been fully briefed by the parties and considered and decided by the Court; and

3. Plaintiffs fail to meet any standard for reconsideration.

### III.  STATEMENT OF FACTS

As discussed above, the Court's order adopting the Special Discovery Master's January 4, 2006 report and recommendation was entered on April 6, 2006. (D.I. 184). Plaintiffs now ask the Court to clarify or reconsider its order, and direct Nationwide to pay Plaintiffs' share of the Special Discovery Master's fees in connection with the resolution of the underlying motion.

Plaintiffs previously requested this exact same relief. Moreover, they relied on the same arguments to the Court that they now make, yet again, in their motion for clarification or reconsideration. *See* Eames Plaintiffs' Motion for Adoption and Supplementation of the SDM's January 4, 2006 Report and Recommendation (D.I. 142, pgs. 19-20); Eames Plaintiffs' Reply in Support of Their Motion for Adoption and Supplementation of the SDM's January 4, 2006 Report and Recommendation (D.I. 155, pgs. 10-12.)[1]

### IV.  ARGUMENT

"A motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered [sic] is considered the 'functional equivalent' of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e)." *Corning Incorporated v. SRU Biosytems,* Slip Copy, 2006 WL 155255, *1 (D. Del. 2006); *In re DaimlerChrysler AG Securities Litigation*, 200 F.Supp. 2d 439, 441 (D. Del. 2002). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Ouinteros,* 176 F.3d 669, 677 (3d Cir. 1999).[2]

---

[1] Nationwide disagrees with Plaintiffs' positions and arguments. However, there is no need to address these issues yet again in this response. Nationwide therefore will not unnecessarily burden the Court by doing so.

[2] Nationwide notes that, under Local Rule 7.1.5, this motion is to be decided on Plaintiffs' motion and Nationwide's answer only. *See Sports/Medical Products, Inc. v. Groupe Procycle, Inc.,* 25 F. Supp 2d 270, 292 (D.Del. 1998) (Local Rule 7.1.5 permits filing of only one brief per side with an emphasis on brevity).

"Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Corning Incorporated* at *1; *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del. 1990); *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D. Del. 1990). Thus, a court may only grant reconsideration if there is: (1) a change in controlling law; (2) newly available evidence; or (3) the clear need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood,* 176 F.3d at 677.

### A. The Court's Order is Clear and Needs No Clarification.

There is nothing unclear or ambiguous about the Court's Order. It specifically states in no uncertain terms: "The Eames Plaintiffs' Motion for Adoption and Supplementation . . . is therefore GRANTED in part, to the extent that it seeks adoption of the recommendations made by the SDM, and is DENIED in all other respects." This is obviously straightforward and can only be interpreted one way. There is nothing to clarify.

Plaintiffs essentially acknowledge that there is nothing to clarify. They do not point to anything in the Court's Order that is unclear. Rather, they simply reargue what the Court has already considered and decided.

### B. Plaintiffs' Motion Merely Rehashes an Argument Which Has Been Fully Briefed by the Parties and Considered and Decided by the Court.

The briefing on this matter was exhaustive. The Court considered and decided the issue. Plaintiffs' motion simply rehashes the same arguments that the Court considered and decided.

The Court has recognized the Special Discovery Master's report and recommendation as a balanced approach and adopted it in its entirety. Nationwide has therefore accepted the Special Discovery Master's and the Court's rulings and moved on. Plaintiffs obviously refuse to do the

same. Rather, they are again asserting the same arguments (with the same level of rhetoric) that the Court has already considered and decided.

The fact that Plaintiffs are not happy with all aspects of the rulings does not entitle them to continue to endlessly pursue the same arguments. This is not a proper use of a motion for reconsideration as established above. The Court should therefore reject Plaintiffs' tactics.

### C. Plaintiffs Fail to Meet Any Standard for Reconsideration.

Plaintiffs do not argue that they meet any legal standard for reconsideration. They point to no change in controlling law. Similarly, they come forward with no newly available evidence. And they identify no clear error of law or fact by the Court.

The reason for this is obvious – none of these circumstances exist. Plaintiffs have therefore clearly failed to meet their burden of establishing an appropriate ground for reconsideration. Their motion must therefore be denied.

## V. CONCLUSION

The Court's Order is clear and direct. There is nothing to clarify. Moreover, Plaintiffs have clearly failed to satisfy any legal standard for reconsideration. Plaintiffs' motion should therefore be denied.

Respectfully submitted,

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (DE ID#3777)
300 Delaware Avenue, Suite 1130
P. O. Box 330
Wilmington, DE 19801
Attorneys for Defendant,
Nationwide Mutual Insurance Company