IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, )<br><br>Defendant. ) | C.A. No. 04-CV-1324KAJ |

## EAMES PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION OR RECONSIDERATION OF THE COURT'S APRIL 6, 2006 ORDER

Plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy Eames (the "Eames plaintiffs") respectfully submit this reply in support of their pending motion for clarification or reconsideration of the Court's April 6, 2006 Order (adopting the Special Discovery Master's January 4, 2006 Report and Recommendations).

Nationwide's response concedes that reconsideration would be appropriate to avoid clear error and manifest injustice. On the record here, that standard is met. Specifically, Rule 53 requires a mandatory allocation of the SDM's compensation based on the parties' financial means and the extent to which one party bears greater responsibility for the dispute. These requirements are set forth in mandatory, not permissive, terms:

> **Allocation.** The court *must* allocate payment of the master's compensation among the parties after considering the nature and amount of the controversy, the means of the parties, and the extent to which any party is more responsible than other parties for the reference to a master.

131450

Fed. R. Civ. P. 53(h)(3) (emphasis added). Yet the April 6 Order makes no allocation of the SDM's compensation, and includes no assessment of the parties' financial means or relative fault. Since Rule 53 requires these findings, their absence from the Order is clear error.

The record is equally clear on the question of manifest injustice. As shown in the Eames plaintiffs' opening submission, the Court assured the parties that if the SDM found Nationwide to be the "bad actor," Nationwide would bear the entirety of the SDM's compensation. In the wake of that assurance, the SDM issued a lengthy and detailed account of Nationwide's misconduct, criticizing Nationwide for its willful and calculated effort to avoid its legitimate discovery obligations, delay the case, and frustrate the Court's efforts at case management. In that very same document, the SDM vindicated the Eames plaintiffs' efforts to compromise the dispute without Court intervention. At the risk of stating the obvious, it would be manifestly unjust to impose a 50/50 allocation on this record.

                Respectfully submitted,

                MURPHY SPADARO & LANDON

                /s/ John S. Spadaro
                John S. Spadaro, No. 3155
                1011 Centre Road, Suite 210
                Wilmington, DE 19805
                (302)472-8100

May 3, 2006              Attorneys for the Eames plaintiffs

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, )<br><br>Defendant. ) | C.A. No. 04-CV-1324KAJ |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

                                      MURPHY SPADARO & LANDON

                                      /s/ John S. Spadaro
                                      John S. Spadaro, No. 3155
                                      1011 Centre Road, Suite 210
                                      Wilmington, DE 19805
                                      (302) 472-8100

                                      Attorneys for plaintiffs
                                      Thomas A. Eames, Roberta L. Eames and
May 3, 2006                          Tammy Eames (on behalf of themselves and
                                        all others similarly situated)

131451