# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1026904 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
CC INVESTORS CORP., on behalf of itself and all others similarly situated, Plaintiff,
v.
RAYTHEON COMPANY, Raytheon Travel Air Company, Flight Options, LLC, and Flight Options International, Inc., Defendants.
No. Civ.A. 03-114-JJF.

April 22, 2005.

Barry M. Klayman, and Todd C. Schiltz, of Wolf, Block, Schorr and Solis-Cohen LLP, Wilmington, Delaware, Theodore R. Mann, of Wolf, Block, Schorr and Solis-Cohen LLP, Philadelphia, PA, Michael D. LiPuma, of the Law Office of Michael LiPuma, Philadelphia, PA, for Plaintiff and the Putative Class, of counsel.
Jesse A. Finkelstein, and Richard P. Rollo, of Richards, Layton & Finger, P.A., Wilmington, Delaware, R. Stan Mortenson, David A. Super, Steven M. Silver, and Benjamin E. Kringer, of Baker BottsL.L.P., Washington, D.C., for Defendants Raytheon Company and Raytheon Travel Air Company, of counsel.
Richard L. Horwitz, and Erica L. Niezgoda, of Potter Anderson & Corroon LLP, Wilmington, Delaware, Mark A. Phillips, and Craig L. Moore, of Benesch Friedlander Coplan & Aronoff LLP, Cleveland, Ohio, for Defendants Flight Options LLC and Flight Options International, Inc., of counsel.

MEMORANDUM OPINION
FARNAN, J.
*1 Presently before the Court is a Motion For Class Certification (D.I. 64) filed by Plaintiff, CC Investors Corp. ("CCI") on behalf of itself and all similarly situated plaintiffs. For the reasons discussed, CCI's Motion For Class Certification has been denied. To the extent that CCI has requested leave to amend its Amended Class Action Complaint (the "Amended Complaint"), the Court will grant CCI's request.

BACKGROUND

CCI brought this action on behalf of itself and the putative class members against Raytheon Travel Air Company ("Travel Air"); Travel Air's parent company, Raytheon Company ("Raytheon") (collectively, "the Raytheon Defendants"); Flight Options, LLC and Flight Options International, Inc. (collectively, the "Flight Options Defendants") alleging claims for breach of contract and common law fraud resulting from a business combination between the Raytheon Defendants and Flight Options, International, Inc. which resulted in the formation of Flight Options, LLC.

Various motions, including motions to dismiss, stay discovery and transfer venue were filed and adjudicated by the Court. Travel Air also moved for leave to file its first amended answer and counterclaim. By separate Memorandum Opinion and Order, the Court granted Travel Air's Motion.

By its Motion, CCI requests the Court to certify this action as a class action pursuant to Federal Rule of Civil Procedure 23. The Raytheon Defendants and the Flight Options Defendants have filed briefs in opposition to CCI's motion, and CCI has filed a Reply Brief. With the parties' mutual consent and the Court's approval, the Raytheon Defendants have filed a Surreply (D.I.85) and CCI has responded to the Surreply (D.I.86). Oral argument has been held on the motion, and the Court has issued an Order denying CCI's Motion For Class Certification. The reasons for the Court's decision to deny CCI's Motion follow.

DISCUSSION

I. Standard For Class Certification

The party seeking class certification bears the burden of establishing that certification is warranted under the circumstances. *In re ML-Lee Acquisition Fund II, L.P. Sec. Litig.,* 848 F.Supp. 527, 557 (D.Del.1994). Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for certification of a class. Pursuant to Rule 23(a), four requirements must be met in order for a class to be certified. *Anchor Prods. Inc. v. Windsor,* 521 U.S. 591, 613 (1997). These requirements are:
(1) the class is so numerous that joinder of all

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-01324-JJF-LPS    Document 206-2    Filed 05/24/2006    Page 3 of 6

Not Reported in F.Supp.2d                                                                                                                    Page 2
Not Reported in F.Supp.2d, 2005 WL 1026904 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

In addition to the four requirements of Rule 23(a), a plaintiff seeking class certification must also satisfy one of the three requirements in Rule 23(b). In this case, the applicable requirement is Rule 23(b)(3), which requires the Court to find that: "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

II. Whether CCI Has Satisfied The Requirements For Class Certification Under Rule 23(b)(3) For Its Claims Against The Flight Options Defendants

*2 Rule 23(b)(3) requires the party seeking class certification to prove that common issues of law and fact predominate over any issues that may be particular to individual class members. *See Georgine v. Amchem Prods., Inc., 83 F.3d 610, 626 (3d Cir.1996), aff'd sub nom. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997).* In this regard, the court must examine, "whether the class is sufficiently cohesive to warrant certification." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 187 (3d Cir.2001).* "The predominance requirement is not met when there exists a great number of significant questions peculiar to the individual members of the class." *Weikel v. Tower Semiconductor Ltd., 183 F.R.D. 377, 400 (D.N.J.1988)* (citing *Georgine, 83 F.3d at 624).*

In addition, Rule 23(b)(3) requires the party moving for class certification to demonstrate the class action is superior to other methods of adjudicating the controversy. The superiority inquiry is related to the question of whether common questions of law and fact predominate because, "[t]he greater the number of individual issues that exist, the less likely superiority can be established." *Costano v. American Tobacco Co., 84 F.3d 734, 745 (5th Cir.1996).* If the requirements of Rule 23(b)(3) cannot be satisfied, the court need not address the Rule 23(a) requirements of numerosity, commonality, typicality and adequacy of representation. *See Young v. Jo-Ann's Nut House, Inc., 1980 WL 1987, *5 (D.N.J. Dec. 16, 1980).*

A. *Whether Count III Alleging A Claim For Common Law Fraud Against The Flight Options Defendants Should Be Certified As A Class Action*

Reviewing CCI's claim of common law fraud in light of the applicable legal standards, the parties' arguments and the circumstances of this case, the Court concludes that CCI has not demonstrated that common questions of law and fact predominate, because a significant number of individualized questions exist related to the issues of reliance, waiver and choice of law. Although the question of justifiable reliance is not always a bar to class certification, the Court finds that numerous fact questions exist in this case which require a plaintiff-by-plaintiff analysis. Specifically, CCI needs to establish whether each member of the putative class reviewed the March 11 and March 15 letters and the M & T report; justifiably disregarded statements in the M & T Report indicating that the MIA was being updated to reflect the 2002 Interchange Rates for Flight Options LLC; reviewed and justifiably disregarded the Amended MIA; signed the Acknowledgment and Power of Attorney forms; objected to the MIA; reviewed and justifiably disregarded Exhibit B to the amended MIA; interchanged aircraft and paid the costs associated with the interchanges.

In addition, an individualized analysis is required to determine whether the putative class members waived their rights to pursue damages for fraud. Further, choice of law questions exist with respect to CCI's common law fraud claims, and the putative class members are located in 47 states and the District of Columbia. To determine which law applies, the Court, sitting in diversity, needs to apply Delaware's choice of law rule which is referred to as the "most significant relationship test." The most significant relationship test places considerable emphasis on the place where the injury occurred, and the Court needs to apply this test to each of the putative class members' fraud claims. *Niemann v. Rogers, 802 F.Supp. 1154, 1156 n. 1 (D.Del.1992).* Although it is true, as CCI point out, that choice of law questions do not bar class certification unless the differences in the state law constitute "insuperable obstacles," an "extensive analysis" of the state law variations is required for the Court to make this determination. *Lyon v. Caterpillar, Inc., 194 F.R.D. 206, 219 (E.D.Pa.2000).* In this case, CCI has failed

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-01324-JJF-LPS   Document 206-2   Filed 05/24/2006   Page 4 of 6

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 1026904 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

to provide such an extensive analysis, and the Flight Options Defendants have demonstrated significant variations in the potentially applicable state laws, beginning with perhaps the most basic inquiry of what standard of proof to apply to CCI's common law fraud claims. Given these variations, along with the individualized questions related to the issues of reliance and waiver,[FN1] the Court has concluded that class certification of CCI's common law fraud claims is inappropriate.

> FN1. *See e.g. In re Ford Motor Company Vehicle Paint Litigation,* 182 F.R.D. 214, 221-224 (E.D.La.1998) (holding that variations in state law and questions of reliance, as well as the presence of fact specific defenses, precluded certification of class).

B. *Whether Count I Alleging A Claim For Breach Of Contract Against The Flight Options Defendants Should Be Certified As A Class Action*

*3 As for CCI's breach of contract claims against the Flight Options Defendants, the Court also concludes that these claims raise a significant number of individualized legal and factual issues. Although a form contract was used as the starting point, the evidence adduced thus far demonstrates that, at least some of the individual plaintiffs, including CCI, negotiated for different terms which impact the substantive breach of contract question and the damages question necessitating a plaintiff-by-plaintiff analysis. Further, individual fact questions exist regarding whether individual class members received the Amended MIA and Exhibit B thereto; objected to the Amended MIA; upgraded or downgraded their aircrafts to several different models and paid the costs associated with those upgrades or downgrades. The answers to these questions also impact the defenses of the Flight Options Defendants including whether the putative class members have waived their claims and whether and to what extent they suffered damages. In addition, there are individual questions concerning whether the proposed class members terminated their contracts, and whether those who terminated entered into Repurchase Agreements which may have resulted in the release of any claims they might have against the Flight Options Defendants. Because of the number and extent of individualized issues raised by CCI's claims, the Court also concludes that CCI cannot demonstrate that a class action is superior to other methods of adjudicating the controversy alleged in Count I of the Amended Complaint.

During oral argument regarding both its claim for common law fraud and its claim for breach of contract, CCI suggested that the issues raised by Defendants could be handled through the mechanism of subclasses. However, the Court is persuaded that given the extent of issues raised necessitating individual inquiries, the proposed subclasses would be difficult to manage and possibly confusing, particularly for a jury. Accordingly, the Court has denied CCI's motion for class certification of both Counts I and III on the grounds that CCI cannot establish the requirements of Rule 23(b)(2).

II. *Whether CCI Has Satisfied The Requirements For Class Certification Under Rule 23(b)(3) and 23(a) For Its Claims Against The Raytheon Defendants*

In Count II, CCI alleges a claim for breach of contract against the Raytheon Defendants based on the alleged breach by the Raytheon Defendants of the provision limiting assignments to those "fully qualified and capable" of fulfilling the contracts' obligations. Reviewing this claim in light of the legal standards governing the application of Rule 23(b)(3) and Rule 23(a), the parties' arguments and the circumstances of this case, the Court concludes that CCI has not demonstrated that class certification is appropriate. In the Court's view, CCI has not established the requirement of Rule 23(b)(3) that common questions of law and fact predominate over the issues pertaining to the individual putative class members. As discussed in the context of the claims against the Flight Options Defendants, a number of putative class members modified the form contracts to add different provisions which impact the claims asserted in this case. With respect to the Raytheon Defendants in particular, the breach of contract claim asserted by CCI is premised upon a violation of the "fully qualified and capable provision," a provision which is not provided for in the standard contract, but was separately negotiated by only 22 class members. Of these 22 putative class plaintiffs, at least 9 have terminated their contracts. As such, the question raised by CCI's claim of whether this provision has been breached does not predominate over the vast majority of the putative class since only about 2% of the proposed class have contracts containing this provision.[FN2]

> FN2. In addition, the Court concludes that CCI has not established the numerosity

Case 1:04-cv-01324-JJF-LPS    Document 206-2    Filed 05/24/2006    Page 5 of 6

Not Reported in F.Supp.2d                                                          Page 4
Not Reported in F.Supp.2d, 2005 WL 1026904 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

requirement with respect to Count II against the Raytheon Defendants, because only 22 members of the putative class negotiated for the contract clause at issue and CCI has not demonstrated that joinder is impracticable for this small number of potential plaintiffs. Indeed, courts have been reluctant to certify a class containing less than 30 members. *See e.g. CL-Alexanders Laing & Cruickshank v. Goldfeld*, 127 F.R.D. 454, 455 (S.D.N.Y.1989); *Johnson v. Gross*, 125 F.R.D. 169, 170-171 (W.D.Okla.1989).

*4 CCI contends that the legal questions associated with its breach of contract claims permeate all class members because the contracts at issue are personal service contracts, which are not assignable, regardless of any express provision in 22 of the contracts limiting assignments to those "fully qualified and capable." However, CCI's Amended Complaint does not allege that the contracts at issue were non-assignable personal services contracts. Further, CCI's contract permits assignments subject to the "fully capable and qualified" language of the contract, a provision which only CCI and 21 other putative plaintiffs had in their contracts. Thus, even if the remaining contracts are personal service contracts that are not assignable as CCI contends, the Court concludes that class certification is not appropriate because CCI cannot establish the typicality element required under Rule 23(a)(3).

To satisfy the typicality requirement, the plaintiff must show that the class representatives are "part of the class and 'possess the same injury' as the class members." *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citations omitted). "A representative's claim is typical if it arises from the same event, practice, or conduct that gives rise to the claim of the other class members, and is based on the same legal theory." *Wilmington Firefighters Local 1590 v. City of Wilmington*, 109 F.R.D. 89, 93 (D.Del.1985) (citations omitted). The purpose of the typicality requirement is to ensure that the interests of the named plaintiffs are aligned with the absent members of the class, so as to ensure that the absent members of the class will be fairly represented in the litigation. *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir.1994). Because CCI's breach of contract claim against the Raytheon Defendants is based upon a legal predicate different than that of the vast majority of plaintiffs, the Court concludes that CCI cannot establish the typicality element requirement for class certification.[FN3]

FN3. In addition, CCI is also subject to a unique claim by Travel Air which was not brought against any other plaintiff. Specifically, Travel Air alleges that CCI breached the Kansas Uniform Trade Secrets Act based on the alleged misappropriation of Travel Air's trade secrets by Travel Air's former contracts manager. Part of the relief Travel Air seeks in this counterclaim is to prevent CCI from sharing the information allegedly improperly obtained with other members of the putative class. In addition, Travel Air asserts that proposed lead counsel may need to testify on the issue of the counterclaim. Thus, the presence of this counterclaim also weighs against a finding that CCI has established the typicality and adequacy of representation requirements for class certification under Rule 23(a). *See In re ML-Lee*, 848 F.Supp. at 560 (stating that for purposes of determining whether adequacy of representation has been satisfied, "[c]ourt may find antagonism between the interests of the [p]laintiffs and those of the class when [d]efendants assert unique defenses against the named plaintiff, or when the plaintiff's situation is unique").

CCI also contends that Count II of its Amended Complaint should be construed to raise Count I against the Raytheon Defendants, as well as the Flight Options Defendants, so that the Raytheon Defendants are not only alleged to have breached the "fully qualified and capable" provision of the contract, but also to be liable for the alleged breaches by the Flight Options Defendants. In support of its argument, CCI directs the Court to the incorporation by reference provisions contained in its Amended Complaint. However, the Court is not persuaded that the Amended Complaint should be read in the manner suggested by CCI, particularly where, as here, the Counts specifically state against whom they are brought.

To the extent that the Amended Complaint is not read to allege Count I against the Raytheon Defendants, CCI urges the Court to grant it leave to amend the Amended Complaint. Pursuant to Federal Rule of Civil Procedure 15, leave to amend "shall be freely given when justice so requires." Denial of leave to amend is reviewed for an abuse of discretion. Leave to amend should be granted, unless the " 'plaintiff's delay in seeking amendment is undue made in bad faith, prejudicial to the opposing party, or [the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-01324-JJF-LPS    Document 206-2    Filed 05/24/2006    Page 6 of 6

Not Reported in F.Supp.2d                                                                                           Page 5
Not Reported in F.Supp.2d, 2005 WL 1026904 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

amendment] fails to cure the jurisdictional defect." ' *Alvin v. Suzuki,* 227 F.3d 108, 121 (3d Cir.2000) (quoting *Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 886 (3d Cir.1992).* Ordinarily the passage of time alone is not sufficient to deny leave to amend and a showing of prejudice is required. Defendants have alleged some prejudice based on the 20 month delay, the fact that motions to dismiss have been litigated, and full written discovery has been conducted. However, depositions have not been conducted and documents have been gathered but not produced. In the Court's view, these circumstances suggest a "borderline" scenario, and therefore, the Court will err in favor of allowing CCI to amend its Amended Complaint.

*5 However, even considering the amendment proposed by CCI, the Court concludes that class certification is inappropriate for the reasons discussed with respect to Count I as it applied to the Flight Options Defendants. Further, the Court is persuaded that CCI's novation theory, which is the legal basis for applying Count I to the Raytheon Defendants, is not suited for class certification. As the law cited by CCI explains, "[a]n obligor is discharged by substitution of a new obligor only if the contract so provides *or if the obligee makes a binding manifestation of assent to the substitution,* forming a novation." *Security Ben. Life Ins. Co. v. FDIC,* 804 F.Supp. 217, 225 (D.Kan.1992) (emphasis added). The existence of a novation "may be inferred, like any other contract, from the facts, circumstances and conduct of the parties." *Elliot v. Whitney,* 524 P.2d 699, 703 (1974). Defendants acknowledge that a customer's failure to object to new rates could be deemed a novation; however, Defendants contend that the conduct of each customer is unique and should be evaluated individually. In this regard, Defendants pointed out at oral argument, the various factual questions that might arise in determining whether each customer agreed to a novation. Because the Court agrees with Defendants that the novation issue raises several questions which require a plaintiff-by-plaintiff analysis, the Court concludes that CCI's claim against the Raytheon Defendants, as to be amended to include the allegations of Count I, is not suited for class certification.

In sum, the Court concludes that CCI has not established the requirements for class certification of its claims against the Raytheon Defendants. CCI has not established that common questions of law and fact predominate under Rule 23(b) and has not established the typicality and numerosity requirements of Rule 23(a). Accordingly, the Court has denied CCI's motion for class certification of the claims alleged in Count II against the Raytheon Defendants.

CONCLUSION

For the reasons discussed, the Court has denied CCI's motion for class certification. An Order codifying the Court's decision has been entered; however, a separate Order will be entered with this Memorandum Opinion granting CCI's request for leave to amend its Amended Complaint.

*ORDER*

At Wilmington, this *22* day of April 2005, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. CCI's request for leave to amend its Amended Complaint is GRANTED.

2. CCI shall file its Second Amended Complaint within twenty (20) days of the date of this Order.

D.Del.,2005.
CC Investors Corp. v. Raytheon Co.
Not Reported in F.Supp.2d, 2005 WL 1026904 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00114 (Docket) (Jan. 23, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.