# EXHIBIT A

00071306.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES, and TAMMY EAMES, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-1324-KAJ<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

---

John S. Spadaro, Esq., Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805; Counsel for Plaintiffs.

Nicholas E. Skiles, Esq., Curtis P. Cheyney, III, Esq., Swartz Campbell LLC, 300 Delaware Avenue, Suite 1130, P.O. Box 330, Wilmington, Delaware 19899; Counsel for Defendant.

---

August 29, 2006
Wilmington, Delaware


JORDAN, District Judge

## I.   INTRODUCTION

This is a proposed class action involving insurance contracts. The proposed class representatives, Thomas A. Eames, Roberta L. Eames, and Tammy Eames (collectively "Plaintiffs"), allege that Nationwide Mutual Insurance Company ("Nationwide") misrepresented to class members the limits of liability for Personal Injury Protection ("PIP") coverage included in Nationwide insurance policies. (Docket Item ["D.I."] 158, "Amended Complaint" at ¶ 9.)

Before me now is Nationwide's Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 167; the "Motion".) For the reasons that follow, the Motion will be granted in part. Importantly, the dismissal of some of Plaintiffs' claims raises a question as to whether the remaining claims are for less than the amount in controversy required for this court to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, I will reserve decision on the remaining issues raised by Nationwide's Motion, and I will likewise reserve decision on Plaintiffs' Motion for Class Certification (D.I. 196). I will order the parties to brief the issue of subject matter jurisdiction over the remaining claims.

## II.   BACKGROUND[1]

### A.   *The Original Complaint*

Plaintiffs filed their original complaint in Delaware Superior Court on August 20, 2004. (D.I. 1 at A6-A23, "Original Complaint".) As described in that complaint, this case arises from Nationwide's underwriting of PIP insurance coverage. (*Id.* at ¶ 9.)

---

[1] The following background information is based on plaintiff's allegations, which are assumed to be true for the purposes of this 12(b)(6) motion.

Delaware law requires motor vehicle owners to maintain minimum levels of insurance coverage, including coverage that provides "[c]ompensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident." 21 *Del. C.* § 2118(a)(2)(a). That type of coverage is known as PIP coverage. The minimum amount of PIP coverage an owner is required to have is "$15,000 for any 1 person and $30,000 for all persons injured in any 1 accident." *Id.* at § 2118(a)(2)(b).

According to Plaintiffs, Nationwide misrepresented the liability limits for PIP coverage by using the term "full" to refer to PIP policies that only provided for the statutory minimum of $15,000 per person and $30,000 per accident. *Eames v. Nationwide Mut. Ins. Co.*, 412 F. Supp. 2d 431, 433 (D. Del. 2006). Plaintiffs contended that the use of "full" was a misrepresentation in two respects. First, Plaintiffs argued that "full" referred to the maximum amount of PIP coverage Nationwide offered, which was $100,000 per person and $300,000 per accident. *Id.* "Thus, according to Plaintiffs, consumers are led to believe that they have purchased coverage with those maximum limits, and so the insurance policies must be interpreted to provide for those limits." *Id.* Second, Plaintiffs argued that the use of the term "full" misleads consumers into believing "that they have purchased the fullest PIP limits or PIP coverage available; the purpose being to discourage them from seeking to purchase additional (and relatively inexpensive) PIP limits." *Id.*

As proposed class representatives in this action, Plaintiffs alleged that they were insured under Nationwide Auto Policy 52A733616 and claimed PIP benefits pursuant to

2

that policy for injuries suffered in an automobile collision on February 7, 2003. (Original Complaint at ¶¶ 3-4, 12.) According to Plaintiffs, Nationwide has taken the position that the limits on PIP coverage under that policy are $15,000/$30,000. (Id. at ¶ 13.) Arguing that the contract included documents that described the PIP coverage as "full," Plaintiffs made breach of contract claims and sought a declaratory judgment that their insurance contract provided for either the maximum PIP limits available from Nationwide or full coverage for the statutory two-year period for PIP claims. *Eames*, 412 F. Supp. 2d at 435. Plaintiffs also claimed that Nationwide was liable for consumer fraud under 6 *Del. C.* § 2513 and for civil conspiracy. *Id.*

B.  *The Motion to Remand*

Nationwide removed the case on October 1, 2004, asserting that this court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (D.I. 1.) Plaintiffs moved to remand the case (D.I. 6), arguing that while the parties had diverse citizenship, the amount in controversy was less than the $75,000 required by § 1332. *Eames v. Nationwide Mut. Ins. Co.*, No. Civ.A.04-1324, 2005 WL 1385130, at *2 (D. Del. Apr. 27, 2005). According to Plaintiffs, the amount in controversy was "the difference in the value of two hypothetical insurance policies," one providing for $15,000/$30,000 limits and the other, based on Plaintiffs' interpretation of the term full, providing for $100,000/$300,000 limits. *Id.* Plaintiffs estimated that the difference in the value of those two policies would be, at most, a few hundred dollars. *Id.* at *2, n.1. Thus, according to Plaintiffs, the amount in controversy was less than the jurisdictional amount, and this court did not have subject matter jurisdiction over the case.

I disagreed with Plaintiffs' interpretation. *Id.* at *3-*4. In their complaint, Plaintiffs claimed that their insurance contract provided for $100,000/$300,000 PIP limits and demanded that they receive coverage up to $300,000 for their accident. *Id.* at *3. That demand placed in controversy the difference in coverage (i.e., $300,000 minus $30,000), rather than the hypothetical difference in premium. *Id.* (citing *State Farm Fire & Cas. Co. v. Sweat*, 547 F. Supp. 233, 238-39 n.13 (N.D. Ga. 1982)). Therefore, based on Plaintiffs' claims as originally filed, I determined that the amount in controversy requirement was satisfied, and I denied Plaintiffs' motion to remand. *Id.* at *4.

### C. The First Motion to Dismiss

Nationwide moved to dismiss the Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 3.) I dismissed the breach of contract and declaratory judgment claims with prejudice because Plaintiffs' insurance policy[2] unambiguously provided for PIP limits of $15,000/$30,000. *Eames*, 412 F. Supp. 2d at 435-37. Accordingly, Nationwide did not breach the insurance contract by denying Plaintiffs greater coverage. I dismissed the remaining claims for consumer fraud and civil conspiracy without prejudice. *Id.* at 437-39. The fact that the contract was unambiguous did not, on its own, foreclose Plaintiffs' consumer fraud and civil conspiracy claims. *Id.* at 437-38. However, the fraud allegations used to support those

---

[2]Even though it was provided by Nationwide, the insurance policy, in the form of a renewal, was properly considered on a 12(b)(6) motion, because Plaintiffs relied on the policy to support their claim for insurance coverage. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

4

claims in the Original Complaint failed to meet the particularity requirement of Federal Rule of Civil Procedure 9(b). *Id.* at 438-39 & n.4. Plaintiffs were given leave to amend the consumer fraud and civil conspiracy allegations to meet the heightened pleading standard. *Id.*

    D.    *The Amended Complaint*

In the Amended Complaint, Plaintiffs support their claims for consumer fraud and civil conspiracy with the following allegations. "In approximately March 1994[,] Nationwide, acting through its agent Culver Insurance Agency of Seaford, Delaware . . . sold the subject policy [52A733616] to Mr. And Mrs. Eames." (Amended Complaint at ¶ 13.a.) "On or about March 14, 1994, and in connection with that sale, the Culver agency (acting for Nationwide) represented that the policy would provide 'full' limits of liability for PIP coverage." (*Id.*) Plaintiffs allege that those representations in March 1994 were in the form of documents and oral statements by Culver employees. (*Id.* at ¶¶ 13.b-13.d.) According to Plaintiffs, Culver employees made subsequent representations that PIP limits were "full" on February 8, 2003 and June 17, 2003. (*Id.* at ¶ 13.e.)

Based on those allegations, Plaintiffs claim that Nationwide has committed consumer fraud under 6 *Del. C.* § 2513. (Amended Complaint at ¶¶ 22-24.) As a result, according to Plaintiffs, the members of the proposed class:

    a) have been deprived of the benefit of insurance coverage for which premiums were paid,
    b) have been deprived on the benefit of their bargain in the sale and purchase of automobile insurance,
    c) have been deprived of necessary medical care, or confronted with the genuine risk of a loss of necessary medical care,

5

      d) have been led to believe that they purchased PIP limits higher than the statutory minimum, or that the statutory minimum limits were the highest PIP limits available for purchase, and
      e) have been discouraged from purchasing adequate PIP limits or otherwise prevented from making fully informed decisions regarding their purchase of such limits.

(*Id.* at ¶ 24.) Plaintiffs also claim that Nationwide has committed civil conspiracy by combining with one or more persons in unlawful acts in furtherance of a conspiracy to misrepresent PIP limits. (*Id.* at ¶¶ 25-28.)

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a court to accept as true all material allegations of the complaint. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (internal citation omitted). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* (internal citation omitted). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

### IV.  DISCUSSION

In their pending Motion, Nationwide argues that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because (1) Plaintiffs' claims are barred by the statute of limitations, (2) Plaintiffs have failed to plead fraud with the necessary particularity, (3) Plaintiffs have failed to plead harm, (4) Plaintiffs fail to state a claim for civil conspiracy, and (5) Tammy Eames has no standing to bring the asserted claims. (D.I. 168 at 2.) As discussed below, I conclude that Plaintiffs' claims are time-barred to

the extent that they rely on the allegation that Plaintiffs believed they had purchased coverage with PIP limits other than $15,000/$30,000. Because that conclusion raises a question as to whether the amount in controversy is still more than $75,000, I will reserve my decision on the remaining grounds for dismissal and require the parties to address the jurisdictional issue.

A.   *Statute of Limitations*

The parties agree that Plaintiffs' statutory consumer fraud claim is governed by the three-year statute of limitations set forth in 10 *Del. C.* § 8106. (D.I. 168 at 16; D.I. 170 at 23.) Nationwide argues that that three-year period has run because, according to the Amended Complaint, Plaintiffs purchased their insurance policy in March 1994, and a consumer fraud claim based on misrepresentations made in connection with that sale must have been brought by March 1997.[3] (D.I. 168 at 16-17.) In response, Plaintiffs argue that their cause of action for consumer fraud did not arise until they knew or reasonably should have known that Nationwide's representations were false, and that they only discovered that they did not have "full" PIP limits when they were denied coverage following their accident.. (D.I. 170 at 23-24.)

---

[3]Plaintiffs contend that Nationwide has waived this argument by not raising it in its first motion to dismiss. (D.I. 170 at 26-27.) Plaintiffs rely on Rule 12(g), which provides that "[I]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." Fed. R. Civ. P. 12(g). Plaintiffs' argument fails because the statute of limitations defense was raised in direct response to the allegation in the Amended Complaint that Plaintiffs purchased their insurance policy in 1994. The defense was not, therefore, apparent on the face of the Original Complaint.

The time of discovery rule has been applied to Delaware statutory fraud claims, *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 650-51 (Del. 1985), delaying the start of the limitations period until the plaintiff "has reason to know that a wrong has been committed," *id.* at 650. However, agreeing for the sake of argument that the time of discovery rule applies in this case, Plaintiffs' allegations demonstrate that the statute of limitations has run for any claim based on the theory that "full" PIP coverage meant anything other than PIP limits of $15,000/$30,000. That is because insurance policy 52A733616, which Plaintiffs purchased in March 1994 (Amended Complaint at ¶ 13.a), unambiguously provides for PIP limits of $15,000/$30,000. *Eames*, 412 F. Supp. 2d at 435-37. Having received the unambiguous policy document, Plaintiffs had reason to know that any statement by Nationwide that those limits were other than $15,000/$30,000 was false. Therefore, Plaintiffs' claim that Nationwide misrepresented the PIP limits as something greater than $15,000/$30,000 (Amended Complaint at ¶¶ 9, 24) arose when they received the policy in 1994, and the three-year period to bring the claim ended in 1997. Because the complaint was not filed until August 2004, that claim is time-barred and will be dismissed. The civil conspiracy claim, which "is not an independent cause of action, and . . . must be predicated on an underlying wrong," *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42, 74 (D. Del. 2002), will also be dismissed to the extent it is based on the alleged misrepresentation that the policy limits were different than $15,000/$30,000.

However, Nationwide has not shown based on the Amended Complaint that Plaintiffs had reason to know prior to August 2001 that coverage with higher PIP limits was available from Nationwide. Thus, Plaintiffs' claim that Nationwide misrepresented

8

the $15,000/$30,000 limits as the fullest PIP limits available (Amended Complaint at ¶¶ 10, 24) may or may not be time-barred, depending on the record that may develop. Thus, that consumer fraud claim, and the civil conspiracy claim to the extent that it relies on that claim, will not be dismissed at this stage of the litigation.

    B.    *Amount in Controversy*

After a case has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The court has a continuing duty to assess whether it has subject matter jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Adorno Enter. v. Federated Dep't Stores*, 629 F. Supp. 1565 (D.R.I. 1986), for the proposition that jurisdiction must be monitored after removal). "It remains the defendant's burden to show the existence and continuance of federal jurisdiction. That burden continues through judgment if not beyond." *Id.* (internal citations omitted).

My conclusion that some of Plaintiffs' claims are time-barred raises a question as to whether this case should be remanded. As discussed above, I have concluded that Plaintiffs may not assert a claim that Nationwide represented that PIP limits were anything other than the $15,000/$30,000 provided by the policy. The remaining claims are based on the allegation that Plaintiffs were misled into believing that those were the highest limits they could buy. It is unclear from the Amended Complaint whether the resulting damages would still be greater than $75,000, as required for diversity jurisdiction under § 1332. Since the parties have not fully addressed that issue in the briefing for this Motion, or for Plaintiffs' Motion for Class Certification, I will order

9

Nationwide, who bears the burden of showing the existence of subject matter jurisdiction, to submit arguments on the issue, due two weeks from the date of this opinion and accompanying order. Plaintiffs will have two weeks to respond, and Nationwide will have one week to reply. I will reserve my decision on the other issues raised by Nationwide's Motion until after the jurisdictional issue has been resolved.

## V.   CONCLUSION

For the reasons set forth herein, I will grant in part Nationwide's Motion to Dismiss to the extent that Plaintiffs' claims are based on the representation that the policy limits were different than $15,000/$30,000. I will order Nationwide to submit argument addressing the issue of subject matter jurisdiction over Plaintiffs' remaining claims. An appropriate order will issue.