IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-CV-1324KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EAMES PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE COURT'S AUGUST 29, 2006 MEMORANDUM OPINION**

Plaintiffs Thomas A. Eames, Roberta L. Eames and Tammy Eames respectfully move for reconsideration of the Court's August 29, 2006 Memorandum Opinion and Order, dismissing as time-barred one of two alternative theories of recovery.

1. In its Memorandum Opinion, the Court correctly identifies the two alternative theories of recovery that the Eames plaintiffs pled in their Amended Complaint:

> First, Plaintiffs argued that "full" referred to the maximum amount of PIP coverage Nationwide offered, which was $100,000 per person and $300,000 per accident. "Thus, according to Plaintiffs, consumers are led to believe that they have purchased coverage with those maximum limits, and so the insurance policies must be interpreted to provide for those limits." Second, Plaintiffs argued that the use of the term "full" misleads consumers into believing "that they have purchased the fullest PIP limits or PIP coverage available; the purpose being to discourage them from seeking to purchase additional (and relatively inexpensive) PIP limits."

Memorandum Opinion at 2 (quoting Eames v. Nationwide Mut. Ins. Co., 412 F. Supp.2d 432, 433 (D. Del. 2006)) (Ex. A). The Court goes on to dismiss the first theory -- what we may refer

134665

to as the "maximum limit" theory -- as time-barred under the applicable three-year statute of limitations. Memorandum Opinion at 7-9.

2. The Court determined that Nationwide's March 1994 issuance of the policy text, with its explicit reference to PIP limits of $15,000 per person and $30,000 per accident, gave the Eames plaintiffs reason to know of the alleged misrepresentation under the "maximum limit" theory. This, the Court reasoned, set the three-year limitations period running; with the result that the statute expired in March 1997 (seven years prior to the commencement of this lawsuit):

> Having received the unambiguous policy document, Plaintiffs had reason to know that any statement by Nationwide that those limits were other than $15,000/$30,000 was false. Therefore, Plaintiffs' claim that Nationwide misrepresented the PIP limits as something greater than $15,000/$30,000 . . . arose when they received the policy in 1994, and the three-year period to bring the claim ended in 1997.

Id. at 8.

3. Elsewhere in the Memorandum Opinion, however, the Court notes that the Eames plaintiffs have alleged multiple misrepresentations under their "maximum limit" theory: "According to Plaintiffs, Culver employees [as agents of Nationwide] made subsequent representations that PIP limits were "full" on February 8, 2003 and June 17, 2003." Id. at 5 (citing Amended Compl. ¶13(e)). In their briefing on class certification, the Eames plaintiffs showed that the second of these two (2003) representations was made in connection with the sale of new coverage for a new family car. See D.I. 209 at 6-7 (Ex. B). Both 2003 representations were clearly pled as sources of the "maximum limit" theory. Amended Compl. ¶¶9, 10, 13(e), 17(d), 23.

4. By barring the prosecution of the "maximum limit" theory in connection with the 2003 representations, the Court has held that the statute of limitations for those representations expired

134665

2

in 1997, *six years before the offending representations were made*. This is, with all respect, clear error: the applicable limitations period cannot possibly begin to run (much less expire) before the cause of action to which it applies has even accrued.

5. Nationwide may argue that on the merits of the "maximum limit" theory, any reason to know of the 1994 deception negates a claim of deception for the 2003 representations. If made, that argument (which is nowhere adopted in the Memorandum Opinion) should be rejected. *First*, the disclosure of the policy text in 1994 is simply too remote in time to constitute "reason to know" in 2003 -- particularly in the context of a consumer transaction. *Second*, statutory consumer fraud requires no proof of reliance. Stephenson v. Capano Development, Inc., 462 A.2d 1069, 1074 (Del. 1983). Though "reason to know" may have relevance to a statute-of-limitations analysis, it has no bearing on the merits of a consumer fraud claim, which must properly be tried without regard to the consumer's mental state. *Third*, the 2003 representations were made in connection with the sale of separate and distinct renewal policies, including the sale of new insurance for a new car. They thus reflect separate and distinct transactions from the 1994 policy sale. Montalvo v. Tower Life Building, 426 F.2d 1135, 1141-42 (5th Cir. 1970). *Fourth*, "reason to know" is not the same as actual knowledge. Even if the 1994 disclosure had some relevant nexus to the elements of consumer fraud (which it decidedly does not), it could never determine the outcome of the "maximum limit" theory as a matter of law.

6. It thus appears that in deciding the limitations issue (as it relates to the "maximum limit" theory) the Court simply overlooked the 2003 representations. But unless Nationwide has somehow conquered the space-time continuum, the statute of limitations with respect to the 2003 representations cannot possibly expire in 1997.

134665

3

## CONCLUSION

For the reasons set forth above, plaintiffs Thomas L. Eames, Roberta A. Eames and Tammy Eames respectfully request that the Court's August 29, 2006 Memorandum Opinion and Order be modified to confirm that that part of their statutory consumer fraud claim that relies on the "maximum limit" theory is not time-barred, at least with respect to the 2003 representations.

                         Respectfully submitted,

                         MURPHY SPADARO & LANDON

                         /s/ John S. Spadaro
                         John S. Spadaro, No. 3155
                         1011 Centre Road, Suite 210
                         Wilmington, DE 19805
                         (302)472-8100

August 31, 2006                 Attorneys for the Eames plaintiffs

134665                         4

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-CV-1324KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

                         MURPHY SPADARO & LANDON

                         /s/ John S. Spadaro
                         John S. Spadaro, No. 3155
                         1011 Centre Road, Suite 210
                         Wilmington, DE 19805
                         (302) 472-8100

                         Attorneys for plaintiffs
                         Thomas A. Eames, Roberta L. Eames and
                         Tammy Eames (on behalf of themselves and
August 31, 2006              all others similarly situated)

134704