IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>   Plaintiffs,<br>v.<br><br>Nationwide Mutual Insurance Company,<br><br>   Defendant. | CIVIL ACTION NO. 04-1324-KAJ |

**DEFENDANT'S MEMORANDUM REGARDING SUBJECT MATTER
JURISDICTION OVER PLAINTIFFS' REMAINING CLAIMS**

Nicholas Skiles, Esq. (Del. Bar # 3777)
Swartz Campbell LLC
300 Delaware Avenue
Suite 1130
Wilmington, DE 19801
Tel. No. (302) 656-5935
Attorneys for Defendant,
Nationwide Mutual Insurance Company

Date: September 12, 2006

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDING ........................................................ 1

II. SUMMARY OF ARGUMENT ........................................................................... 2

III. STATEMENT OF FACTS ................................................................................. 2

IV. ARGUMENT ..................................................................................................... 3

A. The Court Properly Determined that the Amount in Controversy Was Satisfied at the Time This Case Was Filed and Removed ................................... 3

B. Governing Authority Establishes that the Subsequent Dismissal of Claims Does Not Affect the Court's Subject Matter Jurisdiction. ................................... 4

V. CONCLUSION ................................................................................................... 8

## TABLE OF CITATIONS

### CASES

*Adorno Enter., Inc. v. Federated Department Stores, Inc.*, 629 F. Supp. 1565 (D.R.I. 1986) .............................................................................................. 6, 7

*Advanced Tubular Products, Inc. v. Solar Atmospheres, Inc.*, 149 Fed. Appx. 81 (3d Cir. 2005) ............................................................................................. 5

*Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc.*, 417 F.2d 129 (5th Cir. 1969) ................................................................................................................ 6

*Kovacs v. Chesley*, 406 F.3d 393 (6th Cir. 2005) ............................................................. 6

*Lindsay v. Zeccola & Sons, Inc.*, 26 F.3d 1236 (3d Cir. 1994) ......................................... 5

*Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) ............................................. 6

*Nationwide Mutual Fire Insurance Company v. T & D Cottage Auto Parts & Service, Inc.*, 705 F.2d 685 (3d Cir. 1983) ............................................................. 6

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ....................................... 7

*Porter v. Hollander*, 494 F. Supp. 151 (D.Del. 1980) ..................................................... 3

*Seafoam, Inc. v. Barrier Systems, Inc.*, 830 F.2d 62 (5th Cir. 1987) ................................ 6

*St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 58 S.Ct. 586 (1938) ......................................................................................... 3, 4, 5

*Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006 (3d Cir. 1987) ................................................................................................................... 6, 7

*Suber v. Chrysler Corporation*, 104 F.3d 578 (3d Cir. 1997) .......................................... 5

### STATUTES

28 U.S.C. § 1447(c) .......................................................................................................... 7

I.  **NATURE AND STAGE OF PROCEEDING**

Plaintiffs originally filed this case in Delaware state court in August of 2004. Defendant Nationwide Mutual Insurance Company ("Nationwide") timely removed the case to this Court. (D.I. 1). The Court denied Plaintiffs' motion to remand this case to state court. (D.I. 56). Plaintiffs then sought review of the Court's order denying their motion to remand in the United States Court of Appeals for the Third Circuit. The Third Circuit denied review.

The Court's February 2, 2006 order dismissed Plaintiffs' original complaint. (D.I. 150 and 151). Plaintiffs' contractual and declaratory claims were dismissed with prejudice. Plaintiffs were given leave to amend their statutory fraud and civil conspiracy claims.

Plaintiffs filed their amended complaint on February 10, 2006. (D.I. 158). Nationwide filed a dispositive motion to dismiss Plaintiffs' amended complaint, with its supporting memorandum, on February 27, 2006. (D.I. 167 and 168). On August 29, 2006, the Court entered an Order and Memorandum Opinion granting Nationwide's motion to dismiss the amended complaint in part (the "Dismissal Order"). (D.I. 216 and 217). The Court granted the motion as to Plaintiffs' claims that are based on the alleged misrepresentation that the limits of the insurance policy purchased by Plaintiffs were different than $15,000/$30,000.

The Court's Dismissal Order directs the parties to submit argument addressing the issue of subject matter jurisdiction over Plaintiffs' remaining claims. The Court therefore reserved decision as to the remaining issues raised by Nationwide's motion to dismiss.

1

This is Nationwide's memorandum regarding subject matter jurisdiction over Plaintiffs' remaining claims.[1]

## II. SUMMARY OF ARGUMENT

The Court continues to have subject matter jurisdiction over Plaintiffs' remaining claims because:

1. The Court properly determined that the amount in controversy was satisfied at the time this case was filed and removed; and

2. Governing authority establishes that the amount in controversy is determined as of the time of removal, and the subsequent dismissal of claims (even if the remaining claims are below the jurisdictional amount) does not affect the Court's subject matter jurisdiction.

## III. STATEMENT OF FACTS

The Court ruled that "Plaintiffs' claims are time-barred to the extent that they rely on the allegation that Plaintiffs believed they had purchased coverage with PIP limits other than $15,000/$30,000." Memorandum Opinion, pgs. 6 and 7 (D.I. 216). The Court further found that whether or not Plaintiffs' only remaining claim is time-barred cannot be determined from the face of the amended complaint, so must be determined from the record that develops:

> Nationwide has not shown based on the Amended Complaint that Plaintiffs had reason to know prior to August 2001 that coverage with higher PIP limits was available from Nationwide. Thus, Plaintiffs' claim that Nationwide misrepresented the $15,000/$30,000 limits as the fullest

---

[1] Substantial class proceedings have also been completed before this Court. The class issue has been fully briefed and argued. The parties and the Court have devoted substantial resources to the class proceedings before this Court.

2

> PIP limits available . . . may or may not be time-barred, depending on the record that may develop.

*Id.* at pgs. 8 and 9 (citations omitted). The Court therefore held that this sole remaining claim will not be dismissed at this stage of the litigation. *Id.*

The Court further stated that it was "unclear from the Amended Complaint whether the resulting damages [from Plaintiffs' only remaining claim] would still be greater than $75,000, as required under § 1332." *Id.* at pg. 9. The Court therefore ordered the parties to submit argument addressing the Court's continuing subject matter jurisdiction.

## IV. ARGUMENT

"It is well settled that the amount in controversy is determined as of the time an action is filed and that defenses or events which occur subsequent to filing which reduce the amount recoverable to less than the statutory limit do not oust jurisdiction." *Porter v. Hollander*, 494 F.Supp. 151, 152, (D.Del. 1980) (citing *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938).

### A. The Court Properly Determined that the Amount in Controversy Was Satisfied at the Time This Case Was Filed and Removed.

The Court properly determined that the amount in controversy was satisfied at the time that this case was filed and removed. The Court's Memorandum Opinion succinctly summarizes the Court's prior findings:

> In their complaint, Plaintiffs claimed that their insurance contract provided for $100,000/$300,000 PIP limits and demanded that they receive coverage up to $300,000 for their accident. . . . That demand placed in controversy the difference in coverage (i.e., $300,000 minus $30,000), rather than the hypothetical difference in premium. . . . Therefore, based on Plaintiffs' claims as originally filed, I determined that the amount in

3

controversy requirement was satisfied, and I denied Plaintiffs' motion to remand.

Memorandum Opinion, pg. 4 (D.I. 216) (citations omitted). Accordingly, the Court found that the amount in controversy was satisfied when the case was filed and removed.

### B. Governing Authority Establishes that the Amount in Controversy is Determined as of the Time of Removal, and the Subsequent Dismissal of Claims Does Not Affect the Court's Subject Matter Jurisdiction.

In *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 58 S.Ct. 586 (1938), the Supreme Court held that "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *Id.* at 288, 58 S.Ct. at 590. The Court further found that "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust jurisdiction." *Id.* at 289, 58 S.Ct. at 590.

The Supreme Court applied this rule in a removed case, to hold that a plaintiff who had put a certain amount in controversy could not oust the district court's jurisdiction by limiting the amount claimed post-removal. *Id.* In reaching its holding, the Supreme Court made clear that the amount in controversy is determined at the time the case is filed, and that subsequent events or rulings in the case do not affect the Court's jurisdiction:

> [T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, *or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement will not justify remand.* And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the court of jurisdiction.

> ***Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.***

Id. at 292-293, 58 S.Ct. at 592. (emphasis added).

The Third Circuit recently applied the rule from *Red Cab* in *Advanced Tubular Products, Inc. v. Solar Atmospheres, Inc.*, 149 Fed. Appx. 81, n.4 (3d Cir. Sept. 16, 2005). The Third Circuit affirmed the summary judgment issued by the district court on the grounds that a contractual limitation of liability clause maximized the plaintiff's recovery at $27,000. However, the Third Circuit held that the district court erred in concluding that the summary judgment divested the court's jurisdiction because the original sum claimed in excess of the jurisdictional threshold was made in "good faith." *Id.*

The Third Circuit also directly addressed this issue in *Lindsay v. Zeccola & Sons, Inc.*, 26 F.3d 1236 (3d Cir. 1994). In *Lindsay*, the Third Circuit affirmed the district court's dismissal of one claim, but reversed the dismissal of a second claim. The remaining claim was therefore remanded to the district court. Although the remaining claim was for less than the jurisdictional amount, the Third Circuit specifically noted that the district court retained jurisdiction:

> Although the remaining claim is less than $50,000, the district court retains diversity jurisdiction. When diversity exists at the time the case is filed, it is not affected by the dismissal of one of the claims even though the amount recoverable on the remaining claim is less than the required $50,000.[2]

*Id.* at 1244. *See also Suber v. Chrysler Corporation*, 104 F.3d 578, 583 (3d Cir. 1997) ("Once a good faith pleading of the amount in controversy vests the district court with

---

[2] The minimum amount in controversy was $50,000 at the time of this case.

5

diversity jurisdiction, the court retains jurisdiction even if the plaintiff cannot ultimately prove all the counts of the complaint or does not actually recover damages in excess of $50,000."); *Nationwide Mutual Fire Insurance Company v. T & D Cottage Auto Parts & Service, Inc.*, 705 F.2d 685, 687 (3d Cir. 1983) (Mootness of an interpleader complaint, which reduced the amount in controversy below the jurisdictional minimum, did not affect jurisdiction over the remaining counterclaim).

Other Circuit Courts have applied the amount in controversy rule where certain claims were barred by the applicable statute of limitations:

> It is well established law that the jurisdiction of a federal court sitting in diversity is determined as of the time of filing of the complaint. Subsequent events such as a bar by a statute of limitations raised as a defense will not serve to deprive the court of jurisdiction.

*Seafoam, Inc. v. Barrier Systems, Inc.*, 830 F.2d 62, 66 (5th Cir. 1987); *See also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1332 n.9 (11th Cir. 2006) (rejecting district court's consideration of applicable statute of limitations in determining amount in controversy); *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005) ("Whereas a court considering a summary judgment motion could examine defenses, such as qualified immunity, res judicata, or the application of a statute of limitations, a court considering a dismissal for failure to meet the amount in controversy cannot."); *Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc.*, 417 F.2d 129, 131 (5th Cir. 1969) ("The availability of the [statute of limitations] defense to [defendant], even if apparent upon the face of [the plaintiff's] complaint, does not operate to deprive the federal court of jurisdiction.").

The Court's Memorandum Opinion cites *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) and *Adorno Enter., Inc. v. Federated Dep't Stores, Inc.*, 629 F. Supp. 1565 (D.R.I. 1986) for the proposition that the Court has

6

a continuing duty to assess whether it has subject matter jurisdiction. Memorandum Opinion, pg. 9 (D.I. 216). While these cases stand for this proposition, they are otherwise inapplicable. Both of these cases addressed situations where the addition of parties destroyed diversity of citizenship.

Whereas the amount in controversy inquiry focuses on the time of filing and removal (as established above), complete diversity of citizenship must be maintained throughout the action. *See* 28 U.S.C. § 1447(c). The *Steel Valley* and *Adorno Enter.* decisions dealt with circumstances arising from the addition of parties that would destroy complete diversity. Specifically, the *Steel Valley* decision dealt with the situation where a nondiverse party was indispensable, holding that:

> when a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated where federal subject matter jurisdiction depends on diversity jurisdiction.

*Steel Valley*, 809 F.2d at 1010-1011. The *Adorno Enter.* decision dealt with a party who was not fraudulently joined, but who arguably was not indispensable. *Adorno Enter.*, 629 F.Supp. at 1565, 1573. After finding that the defendant waived many of its objections to dismissal by not opposing the joinder, the court remanded the action. By comparison, the Supreme Court subsequently held that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

The foregoing decisions clarify that the focus of the diversity of citizenship inquiry is different from the amount in controversy inquiry. Accordingly, since the only inquiry in this case is the amount in controversy (and the Court has already ruled that the

7

amount in controversy was satisfied at the time of filing and removal), the Court clearly has continuing jurisdiction over Plaintiffs' remaining claims.

Finally, even though they have been properly dismissed, Plaintiffs nevertheless continue to pursue the recently dismissed claims. Plaintiffs filed a motion for reconsideration of the Court's Memorandum Opinion on August 31, 2006. (D.I. 218). Accordingly, despite the Court's ruling, Plaintiffs continue to attempt to pursue the dismissed claims.[3]

## V. **CONCLUSION**

Governing authority establishes that the Court retains jurisdiction over Plaintiffs' remaining claims. The Court should therefore properly proceed with adjudicating the remaining claims and issues in this case.

Respectfully submitted,

Swartz Campbell LLC

*/s/Nicholas E. Skiles, Esquire*
Nicholas Skiles, Esq. (Del. Bar # 3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19801
Tel. No. (302) 656-5935
Attorneys for Defendant,
Nationwide Mutual Insurance Company

---

[3] The arguments in Plaintiffs' motion for reconsideration are without merit and fail to satisfy any standard for reconsideration. Nationwide reserves all arguments in response to this motion, and will timely respond pursuant to Local Rule 7.1.5.

8