IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

C.A. No. 04-CV-1324KAJ

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE COURT'S AUGUST 29, 2006 MEMORANDUM OPINION**

Nicholas Skiles, Esq. (Del. Bar # 3777)
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
Wilmington, DE 19801
Tel. No. (302) 656-5935
Attorneys for Defendant,
Nationwide Mutual Insurance Company

September 15, 2006

## TABLE OF CONTENTS

I. **NATURE AND STAGE OF PROCEEDING** ................................................... 1

II. **SUMMARY OF ARGUMENT** ........................................................................ 2

III. **STATEMENT OF FACTS** ............................................................................... 2

IV. **ARGUMENT** .................................................................................................... 3

A. **Plaintiffs Purchased Additional PIP Insurance in 2003** ...................... 4

B. **The Alleged 2003 Communications are Not Actionable.** .................... 5

C. **Plaintiffs Allege No Harm Arising From the Alleged 2003 Communications.** 7

D. **Plaintiffs Fail to Satisfy Any Standard for Reconsideration** …………………8

V. **CONCLUSION** ................................................................................................ 8

# TABLE OF CITATIONS

**Cases**

*Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D. Del. 1990) .......................... 4

*Corning Incorporated v. SRU Biosytems,* Slip Copy, 2006 WL 155255, *1 (D. Del. 2006) 3

*Harsco Corp. v. Zlotnick,* 779 F.2d 906, 909 (3d Cir. 1985) ........................................... 3

*In re DaimlerChrysler AG Securities Litigation*, 200 F.Supp. 2d 439, 441 (D. Del. 2002) 3

*Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del. 1990) ................................................. 3, 4

*Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) ........................... 3, 4

*Norman Gershman's Things to Wear v. Mercedes-Benz,* 558 A.2d 1066, 1074 (Del. Super. Ct. 1989) ........................................................................................................ 6

*See Sports/Medical Products, Inc. v. Groupe Procycle, Inc.,* 25 F. Supp 2d 270, 292 (D.Del. 1998) ................................................................................................................. 1

*Thomas v. Hartford Mutual Insurance Company,* 2003 WL 220511, *4 (Del. Super. Ct. 2003) ............................................................................................................................ 6

**Statutes**

6 Del. C. § 2513 (a) ........................................................................................................ 5

**Rules**

Delaware Local Rule 7.1.5 ........................................................................................... 1, 3

Federal Rule of Civil Procedure 59(e) ............................................................................ 3

## I. <u>NATURE AND STAGE OF PROCEEDING</u>

Plaintiffs filed their original complaint in October of 2004. (D.I. 1). The Court's February 2, 2006 order dismissed Plaintiffs' original complaint. (D.I. 150). Plaintiffs' contractual and declaratory claims were dismissed with prejudice. Plaintiffs were given leave to amend their statutory fraud and civil conspiracy claims.

Plaintiffs filed their amended complaint on February 10, 2006. (D.I. 158). Nationwide Mutual Insurance Company ("Nationwide") filed a dispositive motion to dismiss Plaintiffs' amended complaint on February 27, 2006. (D.I. 167). On August 29, 2006 the Court entered an Order and Memorandum Opinion granting Nationwide's motion to dismiss the amended complaint in part (the "Dismissal Order"). (D.I. 216 and 217). The Court granted the motion as to Plaintiffs' claims that are based on the alleged misrepresentation that the limits of the insurance policy purchased by Plaintiffs were different than $15,000/$30,000.[1]

Plaintiffs filed a motion for reconsideration of the Court's Dismissal Order on August 31, 2006. (D.I. 218). This is Nationwide's answer in opposition to Plaintiffs' motion for reconsideration.[2]

---

[1] The Court's Dismissal Order directs the parties to submit argument addressing the issue of subject matter jurisdiction over Plaintiffs' remaining claims. The Court therefore reserved decision as to the remaining issues raised by Nationwide's motion to dismiss. Nationwide has submitted its memorandum regarding subject matter jurisdiction over Plaintiffs' remaining claims. (D.I. 219).

[2] Under Local Rule 7.1.5, this motion is to be decided on Plaintiffs' motion and Nationwide's answer only. *See Sports/Medical Products, Inc. v. Groupe Procycle, Inc.,* 25 F. Supp 2d 270, 292 (D.Del. 1998) (Local Rule 7.1.5 permits filing of only one brief per side with an emphasis on brevity). Plaintiffs are therefore not permitted to file a reply.

## II. SUMMARY OF ARGUMENT

Plaintiffs' motion is merely an effort to continue arguing issues that the Court has considered and decided. The arguments in Plaintiffs' motion for reconsideration have been fully briefed by the parties, and considered and decided by the Court. Plaintiffs' motion should be denied because:

1. Plaintiffs purchased additional PIP insurance in 2003;

2. The alleged 2003 communications are not actionable;

3. Plaintiffs allege no harm arising from the alleged 2003 communications; and

4. Plaintiffs fail to satisfy any standard for reconsideration.

## III. STATEMENT OF FACTS

As discussed above, the Court dismissed Plaintiffs' claims in the amended complaint that are based on the alleged misrepresentation that the limits of the insurance policy purchased by Plaintiffs were different than $15,000/$30,000. Accordingly, Plaintiffs' only remaining claim at this stage is that Nationwide misrepresented the $15,000/$30,000 limits as the highest PIP limits available for purchase. Memorandum Opinion, pgs. 8 and 9 (D.I. 216). The Court further noted that this remaining claim "may or may not be time-barred, depending on the record that may develop." *Id.* at pg. 9. Plaintiffs now argue that the Court committed "clear error." They attempt to base their motion for reconsideration on alleged communications that occurred after the accident at issue in this case (and therefore could not have been connected to the sale of insurance that provided coverage for the accident). Although not alleged in their amended complaint, they also now attempt to argue that these alleged post-accident communications "were made in connection with the sale of

separate and distinct renewal policies, including the sale of new insurance for a new car." Plaintiffs' Motion for Reconsideration, pg. 3 (D.I. 218).

The Court committed no error, and Plaintiffs' arguments are without merit, for the reasons established below. But what is more troubling is that Plaintiffs continue to attempt to ignore (and continue to fail to disclose) a very material fact. As established below and as Plaintiffs are well aware, they did not purchase minimum PIP limits in 2003 when they added the new car to their policy. Rather, in addition to the minimum PIP limits required by law, they purchased additional PIP coverage. In fact, they purchased the maximum additional coverage available.

## IV.  ARGUMENT

"A motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered [sic] is considered the 'functional equivalent' of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e)." *Corning Incorporated v. SRU Biosytems,* Slip Copy, 2006 WL 155255, *1 (D. Del. 2006); *In re DaimlerChrysler AG Securities Litigation*, 200 F.Supp. 2d 439, 441 (D. Del. 2002). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *quoting Harsco Corp. v. Zlotnick,* 779 F.2d 906, 909 (3d Cir. 1985).

"Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Corning Incorporated* at *1; *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del. 1990); *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D. Del. 1991).

Thus, a court may only grant reconsideration if there is: (1) a change in controlling law; (2) newly available evidence; or (3) the clear need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood,* 176 F.3d at 677.

      A.    **Plaintiffs Purchased Additional PIP Insurance in 2003.**

Although not alleged in the amended complaint, Plaintiffs are now attempting to argue that "the 2003 representations were made in connection with the sale of separate and distinct renewal policies, including the sale of new insurance for a new car." They argue that "the second of these (2003) representations was made in connection with the sale of new coverage for a new family car." Plaintiffs' Motion for Reconsideration, pgs. 2 and 3. Plaintiffs continue to ignore the fact that these alleged 2003 communications occurred after the accident at issue in this case.

But even more troubling, Plaintiffs also continue to ignore another critical fact: **Plaintiffs purchased additional PIP coverage in 2003**. On June 17, 2003 (when they added the new family car to their policy), Plaintiffs elected to purchase additional PIP coverage. In fact, they elected to purchase the maximum additional PIP coverage available.

The Declarations and Endorsement for Plaintiffs' policy effective June 17, 2003 (attached to the appendix filed with this response) confirm that Plaintiffs purchased the additional personal injury protection. As the Court can see, they purchased additional PIP (or "APIP") with limits of $85,000/$270,000. When added to their $15,000/$30,000 coverage required by law, this gave Plaintiffs the maximum combined PIP available - - $100,000/$300,000. *See* Appendix to Defendant Nationwide Mutual Insurance Company's Answer to Plaintiffs' Motion for Reconsideration of the Court's August 29, 2006 Memorandum Opinion, pgs B1-B4.

Plaintiffs and their counsel must certainly know what coverage they purchased. Moreover, documents have been produced through discovery which confirm that Plaintiffs elected the additional PIP coverage in June of 2003. Finally, this was specifically addressed and referenced during oral argument on class certification. *See* Transcript of Hearing on Class Certification, pgs. 48 through 50 (D.I. 215). Nationwide is therefore at a loss as to how Plaintiffs can, in good faith, continue to make arguments that ignore the fact that they purchased additional PIP in 2003. But in any event, this obviously negates Plaintiffs' arguments.

      **B**.    **The Alleged 2003 Communications Are Not Actionable.**

The alleged 2003 communications are also not actionable because they occurred after the accident at issue in the amended complaint. Plaintiffs' amended complaint acknowledges that the auto accident, which gave rise to the disputed coverage issue, occurred on February 7, 2003. Amended Complaint, ¶¶ 3, 4 and 12 (D.I. 158). The amended complaint further confirms that the alleged 2003 communications that Plaintiffs are now somehow attempting to rely upon occurred on February 8, 2003 and June 17, 2003. *Id*. at ¶ 13(e).

Delaware's Consumer Fraud Act specifically requires that, to be actionable under the Act, the alleged misrepresentation be "in connection with the sale, lease or advertisement of any merchandise." 6 Del. C. § 2513 (a). Delaware law therefore requires that courts restrict application of 6 Del. C. § 2513:

> First, [Defendant] argues that the statute by its own wording does not apply to post-sale representations. [Plaintiff] argues that the inclusion of post-sale representations under the statute would be consistent with the liberal construction of the Act called for by the legislature. Although [Plaintiff]

5

> correctly notes that the provisions of the Consumer Fraud Act are to be liberally construed, this Court cannot ignore the clear language of the statute which restricts its application to deceptive practices "in connection with the sale or advertisement" of the merchandise. Given this statutory limitation, it is clear that post-sale representations which are not connected to the sale or advertisement of the [merchandise] do not constitute consumer fraud under the Act.

*Norman Gershman's Things to Wear v. Mercedes-Benz,* 558 A.2d 1066, 1074 (Del. Super. Ct. 1989). *See also Thomas v. Hartford Mutual Insurance Company,* 2003 WL 220511, *4 (Del. Super. Ct. 2003) ("Given the clear language of the statute, this Court must hold that post-sale representations made by Concentra were not connected to the sale or advertisement of the policy, and therefore do not fall within the constructs of the Consumer Fraud Act.").

Under the foregoing authority, the representations on which Plaintiffs now try to rely cannot be actionable because they occurred *after* the sale of the policy that provided coverage for the accident. A policy that provides coverage for an accident must obviously have been sold *before* the accident. Otherwise, it would not be in place to provide coverage for the accident.

Moreover, the alleged representations on which Plaintiffs now attempt to rely not only occurred after the sale, they also occurred after the accident at issue. Coverage under the policy is triggered by the occurrence of an accident arising out of the use of a motor vehicle. The available coverage, and any concommitant rights and obligations, were therefore vested on the date of the accident.

Accordingly, no representations made after the date of the accident -- February 7, 2003 -- could possibly modify or otherwise have any affect on the terms of coverage pertaining to that accident. Likewise, alleged representations made after the accident could not have misled Plaintiffs in any way that could have possibly caused actual or proximate

6

harm as to what coverage they had in place, or arguably would have purchased, prior to the accident. Accordingly, the alleged post-accident communications are not actionable.

### C. Plaintiffs Allege No Harm Arising From the Alleged 2003 Communications.

Plaintiffs' arguments also fail because they have not alleged any harm arising from the alleged 2003 communications. Although Plaintiffs make no such allegation in the amended complaint, assuming for argument sake that these post-accident communications could somehow be considered in connection with a new sale, Plaintiffs nevertheless allege no harm arising from these "new sales."

Plaintiffs do not allege that they were in an accident, sought coverage, and were denied coverage in connection with a renewal period that occurred following the alleged February 8, 2003 communication. Plaintiffs similarly do not allege that they were in an accident, sought coverage, and were denied coverage in connection with a renewal period that occurred following the alleged June 17, 2003 communications.

Plaintiffs have not alleged (and cannot allege) any such harm for two simple reasons. First, there were no accidents and coverage sought, and therefore no possible harm. Second, as established above, Plaintiffs purchased additional PIP limits in 2003. Since they in fact purchased the highest combined limits of PIP that were available, Plaintiffs obviously could not have been misled into purchasing minimum PIP limits.

### D. Plaintiffs Fail to Meet Any Standard for Reconsideration.

Plaintiffs do not meet any legal standard for reconsideration. They point to no change in controlling law. Similarly, they come forward with no newly available evidence. And there was no clear error of law or fact by the Court as established above.

The fact that Plaintiffs are not happy with the Court's rulings does not entitle them to continue to endlessly pursue the same arguments. It similarly does not entitle them to attempt to make new arguments. This is particularly so when, as in this case, the arguments have no factual foundation as established above. The Court should therefore reject Plaintiffs' tactics.

## V. CONCLUSION

Plaintiffs can't have it both ways. They have based their amended complaint on a policy that they admittedly purchased in 1994 that provided coverage for an accident that admittedly occurred on February 7, 2003. They cannot now at the same time attempt to rely upon alleged communications that occurred years after the policy was sold, and after the accident at issue occurred. Plaintiffs are merely desperately attempting to save claims that are clearly time barred. These tactics should be rejected.

Plaintiffs have further failed to satisfy any legal standard for reconsideration. Plaintiffs' motion should therefore be denied.

SWARTZ CAMPBELL LLC


*/s/Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (I.D. 3777)
Curtis P. Cheyney, III, Esquire
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935

September 15, 2006      Attorneys for Nationwide Mutual Insurance Co.