# EXHIBIT B

Westlaw.

Not Reported in A.2d                                                                 Page 1

Not Reported in A.2d, 1981 WL 15097 (Del.Ch.)
**(Cite as: Not Reported in A.2d)**

**H**
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Court of Chancery of Delaware.
SCHWARTZ et al
v.
CENTENNIAL INSURANCE CO. et al.
**CIVIL ACTION No. 5350.**

Submitted: Feb. 27, 1981.
Decided: April 1, 1981.

On Defendants' Motion for Summary Judgment:
denied.

Frederick T. Haase, Jr., Roeberg & Associates,
P.A., Wilmington.
Richard Galperin, Flanzer and Isaacs, Wilmington.
Robert W. Ralston, Prickett, Jones, Elliott, Kristol
& Schnee, Wilmington.
David S. Lank, Theisen, Lank, Mulford and
Goldberg, P.A., Wilmington.
Richard A. Levine, Young, Conaway, Stargatt &
Taylor, Wilmington.

HARTNETT, Vice-Chancellor.
*1 This is my decision on defendants Travelers
Indemnity Company's ("Travelers") and James S.
Kemper & Company's ("Kemper") motion for
summary judgment which must be denied.

I

The essential facts are not in dispute. On June 8,
1975, the plaintiff, Ruth Schwartz and her husband,
Sidney Schwartz, were driving in Maryland on U.S.
Route 301 when they were involved in a collision
with an automobile operated by Henry Baker.
Henry Baker had liability insurance at the time of
the collision with Aetna Casualty and Surety
Company, in the amount of $10,000 per person,

$20,000 per accident. Sidney Schwartz was killed
in the crash and the plaintiff was seriously injured.

At the time of the collision, Sidney Schwartz was
operating an automobile owned by Allstate Auto
Leasing Company and leased to Schmidt Baking
Company. Schmidt procured insurance from
Centennial Insurance Company covering the
automobile operated by Sidney Schwartz.

At the time of the collision, Sidney and Ruth
Schwartz were also insureds under a Travelers'
automobile insurance policy. The contract of
insurance was originally entered into on March 21,
1972 to become effective April 8, 1972 and it is this
policy which gives rise to the present motion.

Under terms of the policy as issued (No.
0075798131011) Travelers provided personal
injury protection ("PIP") of $10,000 per person,
$20,000 per accident, (10/20) and uninsured
motorists' coverage ("UM") in the same amounts.

II

At issue is the uninsured motorist statute, 18 *Del.C.*
§ 3902. 18 *Del.C.* § 3902(a) requires that every
automobile liability insurance policy contain
uninsured motorist insurance, if such policy is
delivered or issued for delivery in Delaware with
respect to automobiles registered in Delaware or
principally garaged in Delaware. The one
exception is if an insured rejects such insurance in
writing. The amount of UM coverage required by
18 *Del.C.* § 3902(a) is $10,000 per person, $20,000
per accident (10/20).

In addition, the third sentence of 18 *Del.C.* §
3902(b) provides: "Each insured shall be offered
the option to purchase additional coverage for
personal injury or death up to a limit of $300,000,
but not to exceed the limits for personal injuries set
forth in the basic policy."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.