# EXHIBIT D

00071306.DOC

2003 WL 21742143, Thomas v. Harford Mut. Ins. Co., (Del.Super. 2003)   Page 1

\*21742143   Only the Westlaw citation is currently available.

UNPUBLISHED OPINION.  CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.

**Duane Adam THOMAS, Plaintiff,**
v.
**HARFORD MUTUAL INSURANCE COMPANY and Concentra Managed Care, Inc., Defendants.**

No. 01C-01-046 HDR.
Submitted May 16, 2003.

Decided July 25, 2003.

Upon Plaintiff Thomas' Motion for Reargument & Clarification. Granted in Part.

John S. Spadaro, and Roger D. Landon, Murphy Spadaro & Landon, Wilmington, Delaware, for Plaintiff.

Kevin J. Connors, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware and John C. Sullivan, Post & Schell, P.C., Philadelphia, Pennsylvania, for Defendant Harford Mutual Insurance Company.

James C. Strum, Stradley, Ronon, Stevens & Young, LLP, Wilmington, Delaware and Joseph D. Cronin, and Catherine A. Pajakinas, Stradley, Ronon, Stevens & Young, LLP, Philadelphia, Pennsylvania, for Defendant Concentra Managed Care, Inc.

OPINION

RIDGELY, President J.

\*\*1 The Court has granted reargument on Defendant's Summary Judgment Motion on the claim of intentional infliction of emotional distress, the Consumer Fraud Act claims, and the simple negligence claim against Concentra. The facts are fully set forth in the court's written opinion on the Summary Judgment Motions, and will not be restated here. (FN1)

For the reasons stated below, Summary Judgment for Defendants on Plaintiff's claim of intentional infliction of emotional distress is hereby vacated. The remainder of Plaintiff's motion is denied.

A. Consumer Fraud Act

Plaintiff's reargument on the Consumer Fraud Act (FN2) ("CFA") claims against both Harford and Concentra simply restates his former assertions that Concentra's statements in a letter to Thomas' then-attorney are sufficient to state a claim under the CFA and insists that the CFA does not require privity of contract. However, the Court did not dismiss the CFA claim based on privity of contract. The CFA claim cannot survive because Thomas fails to produce facts sufficient to meet an element the Act does require: that the statements be made "in connection with the sale, lease, or advertisement" of the services. (FN3)

Thomas bases his CFA claim on a letter from Concentra to his then-attorney confirming a conversation in which the attorney refused Concentra any direct contact with Thomas. Concentra was employed by Harford to assist in managing Thomas' "case;" Thomas had no choice of case managers and he could not opt out of Concentra's participation in the management of his case. Thomas' relationship with Concentra was not that of a consumer to vendor; there was no sale, lease, or advertisement as relates to Thomas. The only advertisement or sale by Concentra was the advertisement and sale of its services as a case management provider to Harford. The relationship of Thomas to Concentra is too attenuated to support a CFA claim.

In the only case on point to reach the Supreme Court, *Norman Gershman's Things to Wear Inc. v. Mercedes-Benz of North America, Inc.*, (FN4) the court held that representations by defendants relating to repeated repairs on an automobile following its sale to the plaintiff could not provide the basis for a CFA claim. (FN5) To hold that the statements alleged in the case at bar constitute a violation of the CFA would be to overrule the decision in *Gershman's*.

Because the alleged misrepresentations do not fall within the constructs of the Consumer Fraud Act, the claims must fail.

B. Negligence

© 2006 Thomson/West. No claim to original U.S. Govt. works.

Plaintiff argues that the simple negligence claim against Concentra should survive based on a generalized duty to exercise care in preventing harm to others. Plaintiff arrives at this by divorcing Concentra from its principal-agent relationship with Harford, a relationship that is necessary to the bad faith claim and which Plaintiff specifically pled in his amended complaint (FN6) and affirmed at oral argument.

The principle-agent relationship, such as that present between Harford and Concentra, is a legally significant relationship. An individual may appoint an agent to perform a duty, which results in "the same legal consequences by the performance of an act as if he himself had personally acted." (FN7) When Harford contracted with Concentra to perform Harford's duties under the workers' compensation insurance contract, Concentra was vested with the same duties as Harford, namely, to administer the claim under the contract, observing the duty of good faith and fair dealing that attaches to every contract. (FN8) The relationship between Concentra and Thomas remains a contractual relationship; the legal consequences of Concentra's acts are the same as they would be if Harford had performed the case management services. The duty is not increased by the addition of an agent to administer the claims.

**2 The relationship between a worker's compensation claimant and the insurer was defined in *Pierce*, where the Supreme Court examined the origin of the duty an insurer owes to an insured and found that "absent some relationship of trust and confidence, contract principles govern actions on insurance contracts." (FN9) The Supreme Court held that, although relationships of trust have been held to arise along with certain professional relationships, such as that between an attorney and a client, no such fiduciary relationship exists between a worker's compensation insurer and an employee. (FN10) Absent a fiduciary relationship, the Court declined to allow recovery in tort for a breach of the duty of good faith and fair dealing associated with a workers' compensation insurance contract. (FN11)

Recovery for breach of contract is limited to "those damages that arise naturally from the breach or that were reasonably foreseeable at the time the contract was made." (FN12) It is settled that bad faith failure to pay insurance benefits claims are contract claims (FN13) and the duty of an agent acting under the contract is the same as the duty of the principle.

Concentra's duty, therefore, is coextensive with Harford's, which is the duty to administer the claim in compliance with its obligations of good faith and fair dealing. (FN14) Because Concentra's obligations lie in contract, not tort, Defendant is entitled to summary judgment on the negligence claim. For this court to hold otherwise would be to overrule *Pierce*.

C. Intentional Infliction of Emotional Distress

Delaware has adopted the Restatement (Second) of Torts definition of intentional infliction of emotional distress. (FN15) Recovery is permitted where the defendant's extreme and outrageous conduct has intentionally or recklessly caused severe emotional distress to another. (FN16) On reargument, Plaintiff asserts that reckless conduct was pled in addition to intentional conduct on the part of defendants. While inartfully pled, upon further review of the complaint it does appear that Plaintiff did include an allegation of reckless conduct. It is the Court's function to determine whether the alleged conduct rises to the level that could permit recovery under the theory of intentional infliction of emotional distress. (FN17) A more thorough inquiry into the facts is warranted, therefore summary judgement for Defendants on Plaintiff's claim for infliction of emotional distress is vacated.

D. Conclusion

Therefore, for the foregoing reasons, Summary Judgment for Defendants on Plaintiff's claim for intentional infliction of emotional distress is hereby *vacated*. The remainder of Plaintiff's Motion for Reargument is *denied*.

IT IS SO ORDERED.

(FN1.) The opinion of the court appears at 2003 Del.Super. LEXIS 36.

(FN2.) 6 *Del. C.* §§ 2511-2527.

(FN3.) 6 *Del. C.* § 2513(a). The section in its entirety reads:

(a) The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or

© 2006 Thomson/West. No claim to original U.S. Govt. works.

omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

(FN4.) 558 A.2d 1066 (Del.Super.Ct.1989) aff'd, 596 A.2d 1358 (Del.1991).

(FN5.) Id. at 1075.

(FN6.) "At all times relevant hereto, Concentra acted as the agent of Harford in connection with Plaintiff's Workers' Compensation Claims." Amended Complaint at para. 24.

(FN7.) RESTATEMENT (SECOND) OF AGENCY, § 17, Comment a.

(FN8.) Pierce v. International Ins. Co., 671 A.2d 1361, 1366 (Del.1996).

(FN9.) Pierce at 1367, citing Tackett v. State Farm Fire & Casualty Ins. Co., 653 A.2d 254, 264 (Del.1995); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 216-18, (1985) (analyzing Wisconsin's "tort of bad faith" and concluding that this tort is essentially a "way to plead a certain kind of contract violation.")

(FN10.) Cummings v. Pinder, 574 A.2d 843, 845 (Del.1990).

(FN11.) Pierce, 671 A.2d at 1366, citing Tackett, 653 A.2d at 264.

(FN12.) Tackett at 265, citing Hadley v. Baxendale, 156 Eng. Rep. 145 (1854).

**2 (FN13.) Pierce at 1367.

(FN14.) Tackett at 264.

(FN15.) Fahey-Hosey v. Capano, 1999 Del.Super. LEXIS 351 at *7-8,citing Mattern v. Hudson, 532 A.2d 85 (Del.Super.Ct.1987). The Restatement defines intentional infliction of emotional distress as follows:

Outrageous Conduct Causing Severe Emotional Distress (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Restatement (Second) of Torts § 46.

(FN16.) Id.

(FN17.) Fahey-Hosey at *8.

© 2006 Thomson/West. No claim to original U.S. Govt. works.