IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomas A. Eames, Roberta L. Eames, and Tammy Eames, on behalf themselves and all others similarly situated,<br><br>      Plaintiffs,<br>  v.<br><br>Nationwide Mutual Insurance Company,<br><br>      Defendant. | CIVIL ACTION NO. 04-1324-KAJ |

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S  MOTION TO STRIKE PLAINTIFFS' UNAUTHORIZED REPLY BRIEF AND LETTER OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY**

SWARTZ CAMPBELL LLC

Nicholas Skiles, Esquire (Del. Bar # 3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19801
Tel. No. (302) 656-5935
Attorneys for Defendant,
Nationwide Mutual Insurance Company

September 21, 2006

# TABLE OF CONTENTS

**MOTION** ……………………………………………………………………………1

**SUPPORTING BRIEF** ……………………………………………………………..1

    **I.**    **NATURE AND STAGE OF PROCEEDING** ………………………..1

    **II.**   **SUMMARY OF ARGUMENT** …………………………………………2

    **III.**  **STATEMENT OF FACTS** …………………………………………...2

    **IV.**  **ARGUMENT** ……………………………………………………….3

**CERTIFICATE OF COUNSEL** …………………………………………………..4

**CONCLUSION** …………………………………………………………………..5

## TABLE OF CITATIONS

**Cases**

*Ogelsby v. Penn Mutual Life Ins. Co.*, 877 F.Supp. 872, 892 (D.Del. 1995)…………….4

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.,*
2006 WL 2435084, Slip Copy at *2 (D. Del. August 6, 2006)…………………………3, 4

*Sports/Medical Products, Inc. v. Groupe Procycle, Inc.,* 25 F. Supp 2d 270, 292 (D.Del.
    1998)…………………………………………………………………………………..3

**Rules**

Delaware Local Rule 7.1.1 ……………………………………………………………….4

Delaware Local Rule 7.1.5……………………………………….………………………..2, 3

**MOTION**

Defendant, Nationwide Mutual Insurance Company ("Nationwide"), respectfully moves the Court for entry of an order (i) striking the Eames Plaintiffs' Reply on Motion for Reconsideration of the Court's August 29, 2006 Memorandum Opinion, (ii) striking the further argument submitted by letter to the Court on September 19, 2006, and (iii) granting such further relief as the Court deems proper. In the alternative, should these unauthorized filings not be stricken, Nationwide requests leave to file a sur-reply.

The grounds for and authority supporting this motion are set forth in the following brief, which is incorporated as part of this motion.

**SUPPORTING BRIEF**

I.  **NATURE AND STAGE OF PROCEEDING**

Plaintiffs filed their amended complaint on February 10, 2006. (D.I. 158). Nationwide filed a dispositive motion to dismiss Plaintiffs' amended complaint on February 27, 2006. (D.I. 167). On August 29, 2006 the Court entered an Order and Memorandum Opinion granting Nationwide's motion to dismiss the amended complaint in part (the "Dismissal Order"). (D.I. 216 and 217). The Court granted the motion as to Plaintiffs' claims that are based on the alleged misrepresentation that the limits of the insurance policy purchased by Plaintiffs were different than $15,000/$30,000.

Plaintiffs filed a motion for reconsideration of the Court's Dismissal Order on August 31, 2006. (D.I. 218). Nationwide's filed answer in opposition to Plaintiffs' motion for reconsideration on September 15, 2006 (D.I. 220).

Without seeking leave or otherwise being granted any authority to do so, Plaintiffs filed a reply brief on their motion for reconsideration on September 19, 2006. (D.I. 223). Plaintiffs

1

then, again without seeking leave or otherwise being granted any authority to do so, also submitted yet further argument in their September 19, 2006 letter to the Court. (D.I. 224).

This is Nationwide's motion to strike these unauthorized filings. In the alternative, should these unauthorized filings not be stricken, Nationwide requests leave to file a sur-reply.

II.  **SUMMARY OF ARGUMENT**

Local Rule 7.1.5, and this Court's decisions directly on point, do not permit the filing of a reply brief (or other unauthorized argument) on a motion for reconsideration. Plaintiffs' unauthorized filings should therefore be stricken as established below.

III.  **STATEMENT OF FACTS**

Nationwide's answer brief in opposition to Plaintiffs' motion for reconsideration specifically points out that reply briefs on motions for reconsideration are not permitted under the governing Local Rules. *See* Nationwide's Answer to Plaintiffs' Motion for Reconsideration of the Court's August 29, 2006 Memorandum Opinion, pg. 1, n. 2 (D.I. 220). Nationwide pointed this out in its answer brief in an effort to avoid the exact situation at issue in this motion.

Despite Nationwide specifically referring Plaintiffs to the governing Local Rule (as well as case law interpreting the rule), Plaintiffs nevertheless ignored the rule. Without seeking leave or being granted any authority to do so, Plaintiffs filed an unauthorized reply brief as referenced above. However, Plaintiffs did not stop with their unauthorized reply brief. As also referenced above, and again without seeking any leave or being granted any authority to do so, Plaintiffs improperly submitted additional argument in a letter to the Court.

These unauthorized filings should be stricken pursuant to the authority established below.

IV.    **ARGUMENT**

Under Local Rule 7.1.5, the pending motion for reconsideration is to be decided on Plaintiffs' motion and Nationwide's answer only. *See Sports/Medical Products, Inc. v. Groupe Procycle, Inc.,* 25 F. Supp 2d 270, 292 (D.Del. 1998) (Local Rule 7.1.5 permits filing of only one brief per side with an emphasis on brevity).

This Court addressed this exact issue just last month in *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.,* 2006 WL 2435084 (D. Del. August 6, 2006). Judge Farnan's Memorandum Order specifically ackowledges that Local Rule 7.1.5 does not contemplate the filing of a reply brief in the context of a motion for reconsideration, and strikes the unauthorized filing. *Id.* at *2. Judge Farnan further further specifically addresses why reply briefs on motions for reconsideration are not permitted:

> "As for Defendant's Motion To Strike Unauthorized Reply Brief, the Court agrees with Defendants that Local Rule 7.1.5 does not contemplate the filing of a reply brief in the context of a motion for reconsideration. Indeed, motions for reconsideration may not be used to allow a 'never-ending polemic between litigants and the Court.' *Ogelsby v. Penn Mutual Life Ins. Co.*, 877 F.Supp. 872, 892 (D.Del. 1995). In the Court's view, the filing of a reply brief frustrates that principle and encourages a cycle of endless litigation on issues already decided by the Court, as evidenced by Defendants desire to file a sur-reply in the event that the Court allow the reply brief to stand. Further, the Court is not persuaded that Plaintiff's reply brief is needed to correct genuine inaccuracies in Defendants' answering briefing, as it purports to do. Rather, the reply brief here is, as it states, a means of 're-focus[ing] the Court' on the argument which Plaintiff seeks to advance. Such re-focusing is not needed in the context of a motion for reconsideration, as Plaintiff's opening brief should be sufficient to frame the issues it wishes to present. Accordingly, the Court will strike Plaintiff's letter reply brief for failing to comply with Local Rule 7.1.5, which governs briefing for motions for reconsideration."

*Id.* at *2 (citations omitted). The unauthorized reply brief and letter should be stricken for the same reasons in this case.

This matter was fully briefed and decided by the Court. Plaintiffs' nevertheless filed a motion for reconsideration, which was likewise fully briefed as provided under the governing rules. As Judge Farnan recognized just last month, allowing Plaintiffs' tactics to stand would result in "a never-ending polemic between litigants and the Court" and "encourage a cycle of endless litigation on issues already decided by the Court." These unauthorized filings should therefore be stricken.

## CERTIFICATE OF COUNSEL

The undersigned counsel for Nationwide, pursuant to Local Rule 7.1.1, conferred with Plaintiffs' counsel in an effort to reach agreement on the matters set forth in this motion. Counsel were unable to reach agreement.

## CONCLUSION

Plaintiffs' unauthorized reply brief, and Plaintiffs' further additional unauthorized argument submitted by letter to the Court, should be stricken for the reasons established above. Alternatively, should these unauthorized filings not be stricken, Nationwide should be granted leave to file a sur-reply.

Respectfully submitted,

*/s/ Nicholas E. Skiles, Esquire*
Nicholas Skiles, Esquire (Del. Bar # 3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19801
Tel. No. (302) 656-5935
Attorneys for Defendant,
Nationwide Mutual Insurance Company