Slip Copy    Page 1
Slip Copy, 2006 WL 2435084 (D.Del.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
POWER INTEGRATIONS, INC., a Delaware corporation, Plaintiff,
v.
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and Fairchild Semiconductor Corporation, a Delaware corporation, Defendants.
No. C.A. 04-1371-JJF.

Aug. 22, 2006.

William J. Marsden, Jr., Sean Paul Hayes, Fish & Richardson, P.C., John M. Seaman, Bouchard, Margules & Friedlander, P.A., Wilmington, DE, for Plaintiff.

John G. Day, Steven J. Balick, Lauren E. Maguire, Ashby & Geddes, Wilmington, DE, Bas De Blank and George Guy Guy, III, Pro Hac Vice, for Defendants.

*MEMORANDUM ORDER*

FARNAN, J.

*1 Pending before the Court is a letter motion and brief (D.I.275) for reconsideration filed by Plaintiff, Power Integrations, Inc., requesting the Court to reconsider its June 2, 2006 Order granting Defendants Motion For Partial Summary Judgment Of Limitation On Damages Under 35 U.S.C. 287 (Failure to Mark). Specifically, Plaintiff requests the Court to reconsider the portion of the Order granting Defendants' request to limit actual damages calculations to conditions occurring on or after the October 20, 2004 notice date. In addition, Defendants have filed a Motion To Strike Unauthorized Reply Brief requesting the Court to strike the reply letter filed by Plaintiffs in the context of the motion for reconsideration, pursuant to Local Rule 7.1.5.

By their letter motion, Plaintiffs contend that the Court erred in failing to make a distinction between the calculation of damages and the recovery of damages under 35 U.S.C. § 287. Plaintiffs contend that the marking statute precludes recovery of damages from prior to the notice period, but does not preclude Plaintiffs from using pre-October 20, 2004 sales data to calculate the rate of price erosion. Plaintiffs further contend that the Court's reliance on *Johnson Electric North America, Inc. v. Mabuchi Motor America Corp.,* 103 F.Supp.2d 268, 280 (S.D.N.Y.2000) was misplaced, because *Johnson Electric* was wrongly decided.

Relying on the plain language of Section 287(a) and the Federal Circuit's decision in *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1440 (Fed.Cir.1998), Defendants contend that Section 287(a) limits pre-complaint damages "however measured." Defendants also contend that none of the cases cited by Plaintiffs involve price erosion damages under Section 287, and that Section 287's policy goal of providing competitors with constructive notice of patent protection so they can make informed decision regarding sales of competing products is frustrated if the Court allows the amount of recoverable price erosion damages to be calculated using prenotice data. Thus, Defendants contend that they should not be held liable for alleged price erosion that occurred prior to the filing of Plaintiffs' Complaint.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). The purpose of the motion for reconsideration is not to "rehash arguments already briefed." *Dentsply Int'l. Inc. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385, 419 (D.Del.1999). In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d at 677. "As a general rule, motions for reconsideration should be granted 'sparingly.' " *Karr v. Castle,* 768 F.Supp. 1087, 1090

Slip Copy
Slip Copy, 2006 WL 2435084 (D.Del.)
**(Cite as: Slip Copy)**

(D.Del.1991).

**\*2** The Court has reviewed the parties respective arguments in light of the applicable law and the purpose of Section 287 and concludes that Plaintiff has not established that reconsideration of the Court's June 2 Order is warranted. The Court cannot conclude that the position taken by the court in *Johnson Electric* is clearly erroneous, and Plaintiff has not demonstrated any other circumstances justifying reconsideration of the Court's Order.

As for Defendant's Motion To Strike Unauthorized Reply Brief, the Court agrees with Defendants that Local Rule 7.1.5 does not contemplate the filing of a reply brief in the context of a motion for reconsideration. Indeed, motions for reconsideration may not be used to allow a "never-ending polemic between litigants and the Court." *Ogelsby v. Penn Mutual Life Ins. Co.,* 877 F.Supp. 872, 892 (D.Del.1995). In the Court's view, the filing of a reply brief frustrates that principle and encourages a cycle of endless litigation on issues already decided by the Court, as evidenced by Defendants desire to file a sur-reply in the event that the Court allow the reply brief to stand. Further, the Court is not persuaded that Plaintiff's reply brief is needed to correct genuine inaccuracies in Defendants' answering briefing, as it purports to do. Rather, the reply brief here is, as it states, a means of "re-focus[ing] the Court" (D.I. 295 at 1) on the argument which Plaintiff seeks to advance. Such re-focusing is not needed in the context of a motion for reconsideration, as Plaintiff's opening brief should be sufficient to frame the issues it wishes to present. Accordingly, the Court will strike Plaintiff's letter reply brief for failing to comply with Local Rule 7.1.5, which governs briefing for motions for reconsideration.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's letter motion for reconsideration (D.I.275) of the Court's June 2, 2006 Order granting Defendants' request to limit actual damages calculations to conditions occurring on or after the October 20, 2004 notice date is *DENIED.*

2. Defendants' Motion To Strike Unauthorized Reply Brief (D.I.297) is *GRANTED.*

D.Del.,2006.
Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.
Slip Copy, 2006 WL 2435084 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1813959 (Trial Motion, Memorandum and Affidavit) Intersil Corporation's Opening Brief in Support of its Motion to Quash Subpoena and for Protective Order (May 26, 2006) Original Image of this Document (PDF)

• 2006 WL 1199891 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Defendants' Motion for Summary Judgment of Unenforceability and Invalidity of U.S. Patent Nos. 6,107,851 and 6,229,366 (Mar. 24, 2006) Original Image of this Document (PDF)

• 2006 WL 1199892 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Defendants' Motion for Partial Summary Judgment of Non-Infringement (Foreign Sales) (Mar. 24, 2006) Original Image of this Document (PDF)

• 2006 WL 1199893 (Trial Motion, Memorandum and Affidavit) Opening Brief Insupport of Defendants' Motion for Summary Judgment of Invalidity of Claim 1 of the '876 Patent (Mar. 24, 2006) Original Image of this Document (PDF)

• 2006 WL 1199894 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Defendants' Motion for Partial Summary Judgment of Limitation on Damages under 35 U.S.C. |287 (Failure to Mark) (Mar. 24, 2006) Original Image of this Document (PDF)

• 2006 WL 1199888 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Defendants' Motion for Summary Judgment of Invalidity of Claims 1 and 5 of U.S. Patent No. 4,811,075 (Mar. 23, 2006) Original Image of this Document (PDF)

• 2006 WL 1199889 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 4,811,075 (Mar. 23, 2006) Original Image of this Document (PDF)

• 2006 WL 1199890 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

and Affidavit) Opening Brief in Support of Defendants' Motion for Summary Judgment of Noninfringement of Claims 17-19 of U.S. Patent No. 6,249,876 (Mar. 23, 2006) Original Image of this Document (PDF)

• 2006 WL 1199887 (Trial Pleading) Plaintiff Power Integrations, Inc.'s Answer to Defendants' First Amended Counterclaims (Mar. 15, 2006) Original Image of this Document (PDF)

• 2006 WL 809151 (Trial Pleading) Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation's First Amended Answer and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement and Demand for Jury Trial (Feb. 23, 2006) Original Image of this Document (PDF)

• 2006 WL 809150 (Trial Motion, Memorandum and Affidavit) Paul Horowitz's Response and Objections to Subpoena (Feb. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 809149 (Trial Pleading) Plaintiff's Answer to Defendants' Motion to Compel the Continued Depositions of Leif Lund and Balu Balakrishnan (Feb. 2, 2006) Original Image of this Document (PDF)

• 2005 WL 3666891 (Trial Motion, Memorandum and Affidavit) Plaintiff's Consolidated Opposition to Defendants' Expedited Motion to Amend the Schdule and Motion to Shorten Time (Oct. 28, 2005) Original Image of this Document (PDF)

• 2004 WL 3606399 (Trial Pleading) First Amended Complaint for Patent Infringement (Oct. 20, 2004) Original Image of this Document (PDF)

• 1:04cv01371 (Docket) (Oct. 20, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.