IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | C.A. No. 04-CV-1324KAJ |
| ) | |
| v. ) | |
| ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

## EAMES PLAINTIFFS' RESPONSE TO NATIONWIDE'S MOTION TO STRIKE

The Eames plaintiffs respectfully oppose Nationwide's motion to strike their September 19, 2006 reply in support of their pending motion for reconsideration. Because Nationwide has now effectively conceded that the policy text is not an unambiguous source of the actual PIP limits (as shown by Nationwide's admission that the Eames's policy, whose text sets forth the minimum limit, is today subject to higher limits), we respectfully ask the Court to elevate substance over form and revisit these important issues.

### I. THE ISSUES WARRANT CLOSER REVIEW

Earlier in the case Nationwide defeated the Eames plaintiffs' contract claims on the basis that the policy unambiguously establishes the precise amount of available PIP limits. More recently, Nationwide overcame our "maximum limit" theory (as to the disputed 1994 representations) by once again arguing that the policy is an unambiguous source of the PIP limits. But in response to our pending motion for reconsideration, Nationwide now concedes that the policy's *stated* PIP limits and the *actual* PIP limits *are not the same*; that though the

135388

policy continues to "unambiguously" recite the $15,000/$30,000 minimum limit (at page N2), the current PIP limits are in fact $100,000/$300,000.

This is a crucial development in the life of this complex case. In disposing of our contract claims as a matter of law, and again in concluding that the policy's reference to the minimum limit constituted "reason to know" sufficient to start the limitations period running in 1994, this Court expressly relied on Nationwide's characterization of the policy as an unambiguous source of the actual PIP limits. Now it is clear that the policy is *not* such a source; that rather, the policy text *always* sets forth the minimum limits, while other, extraneous documents establish the actual PIP limits.

Procedure has its place, and the Eames plaintiffs welcome any orderly process for sorting out these issues. But if the ultimate goal is the administration of justice, then one way or another they *must* be sorted out. The law of the case cannot properly stand on a false foundation.

## II. THE PROCEDURAL CIRCUMSTANCES ARE EXTRAORDINARY

This is not a case in which a superfluous reply was filed for the sake of emphasis only. Rather, this is a case in which Nationwide completely ignored the issue raised by our motion for reconsideration -- whether the statute of limitations for representations made in 2003 could properly expire in 1997 -- and instead seized the opportunity to file a phantom summary judgment motion on other issues. In pursuing that phantom motion, Nationwide revealed just how fast and loose it has played with this Court: having overcome contract claims and other claims by characterizing the policy as a clear and definitive source of PIP limits, it now seeks more litigation victories by arguing that the actual PIP limits are *other than* as stated in the policy.

2

Properly understood, then, the Eames plaintiffs' reply is only nominally a reply. In truth, it is more like an answering brief on summary judgment. But this procedural tangle would never have come about if Nationwide had been candid from the first.

Consider this: as we have elsewhere shown, the Eames plaintiffs argued from the first that the policy is not a definitive source of the PIP limits. Rather, we consistently argued that the policy always sets forth the minimum limits, with the actual PIP limits supplied by documents outside the policy text. How might the Court have ruled on Nationwide's original motion to dismiss (with respect to contract claims) if Nationwide had responded differently? If instead of insisting that the policy was an unambiguous statement of the existing PIP limits, Nationwide had admitted that a policy's actual PIP limits are often greater than as stated at page N2 of the standard policy form?

Certainly it is not too late to right the situation. After all, "merits" discovery has not yet begun, and the Court has not yet decided the class certification issue. But if the Court elevates procedure over these crucial issues of substance, the chance to set things right will be irretrievably lost (at least in the trial court). We respectfully urge the Court to seize that chance.

### III. REPLIES ARE NOT STRICTLY PROHIBITED ON MOTIONS FOR RECONSIDERATION

Nationwide cites Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., C.A. No. 04-1371-JJF, 2006 WL 2435084 (D. Del. Aug. 22, 2006) for the proposition that reply briefs are never permitted on motions for reconsideration. The passage that Nationwide quotes from Power Integrations shows, however, that the Court was prepared to consider a reply had the circumstances warranted such consideration. Specifically, the Court observed that it was "not persuaded that Plaintiff's reply brief [was] needed to correct genuine inaccuracies in Defendants'

3

answering brief . . . ." Power Integrations, slip op. at *2.[1] This passage obviously suggests that had the equities warranted a reply, the Court was ready to entertain one.

Here, of course, the equities cry out for a closer review of the issues. By effectively conceding that the existing PIP limits are other than as stated at page N2 of the policy, Nationwide has (unwittingly) called into question not just the August 29, 2006 Memorandum Opinion, but the Court's earlier decision dismissing the Eames's contract claims. Not only does this circumstance justify the filing of a reply brief, it warrants a ground-up revisiting of the issues on Nationwide's two motions to dismiss.

We should also note that though Local Rule 7.1.5 makes no express provisions for reply briefs, it also sets forth no prohibition on replies. D. Del. LR 7.1.5. Local Rule 7.1.2, meanwhile, expressly provides for reply briefs on "all motions":

> Unless otherwise ordered by the Court, the briefing and affidavit schedule for presentation of all motions shall be: (1) the opening brief and accompanying affidavit(s) . . . ; (2) the answering brief and accompanying affidavit(s) . . . ; (3) the reply brief and accompanying affidavit(s) . . . .

D. Del. LR 7.1.2(a). Given the plain meaning of the word "all", we respectfully submit that a blanket prohibition on reply briefs in support of motions for reconsideration is difficult to sustain.[2]

---

[1] A copy of the Power Integrations decision was attached to Nationwide's motion to strike.

[2] In fact, this Court has noted the tension between Nationwide's reading of Local Rule 7.1.5 and the plain meaning of Local Rule 7.1.2(a). Garrison v. Town of Bethany Beach, C.A. No. 99-451GMS, 2001 WL 640799, slip op. at *1 n.1 (D. Del. April 11, 2001) (Ex. A).

4

## CONCLUSION

For the reasons sets forth above, the Eames plaintiffs respectfully request that Nationwide's motion to strike be denied. They respectfully urge the Court to revisit the relevant issues in light of Nationwide's disclosure that the policy's existing PIP limits are other than as set forth at page N2 of the policy form.

                                          Respectfully submitted,

                                          MURPHY SPADARO & LANDON

                                          /s/ John S. Spadaro
                                          John S. Spadaro, No. 3155
                                          1011 Centre Road, Suite 210
                                          Wilmington, DE 19805

September 25, 2006                      Attorneys for the Eames plaintiffs

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | ) | C.A. No. 04-CV-1324KAJ |
| v. | )<br>) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | )<br>)<br>) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Nicholas E. Skiles, Esq.
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

MURPHY SPADARO & LANDON

/s/ John S. Spadaro
John S. Spadaro, No. 3155
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for plaintiffs
Thomas A. Eames, Roberta L. Eames and
Tammy Eames (on behalf of themselves and
all others similarly situated)

September 25, 2006

135112