# EXHIBIT A

Case 1:04-cv-01324-JJF-LPS   Document 227-2   Filed 09/25/2006   Page 1 of 5

00071306.DOC

Not Reported in F.Supp.2d                                                                                      Page 18
Not Reported in F.Supp.2d, 2001 WL 640799 (D.Del.)
(Cite as: 2001 WL 640799 (D.Del.))

H

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Glena D. GARRISON, Plaintiff,
v.
TOWN OF BETHANY BEACH, Defendant.
No. CIV.A. 99-451-GMS.

April 11, 2001.

MEMORANDUM AND ORDER

SLEET, District J.

*1 On March 2, 2001, the court issued a memorandum opinion granting an informal motion for summary judgment brought by the defendant, The Town of Bethany Beach ("the Town") (D.I.41). The court subsequently entered judgment in favor of the Town (D.I.42). The plaintiff, Glenda D. Garrison timely moved for reconsideration on March 12, 2001 (D.I.43). The Town filed an answering brief (D.I.45) and Garrison waived filing a **reply brief** (D.I.46). [FN1] Since the court did not misunderstand Garrison's arguments, overlook facts which would alter its decision, or materially misapprehend the record, it will deny Garrison's motion for reconsideration.

> FN1. The court notes that the parties dispute whether the Local Rules provide for **reply briefs** in motions for reconsideration (D.I. 47 and 48). Compare Local Rule 7.1.2 with Local Rule 7.1.5. The court declines to rule on the issue since Garrison did not actually file a **reply brief** in this case.

As the cases Garrison cites demonstrate, motions for reconsideration should be granted "sparingly." See Karr v. Castle, 768 F. Supp 1087, 1090 (D. Del 1991). In this district, motions for reconsideration are only granted if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension. See, e.g., Shering Corp. v. Amgen, Inc., 25 F.Supp.2d 293, 295 (D.Del.1998); Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del 1990) (citing Above the Belt, Inc v. Mel Bonhannan Roofing, Inc., 99 F.R.D. 101

(E.D.Va.1983)); see also Karr, 768 F.Supp. at 1090 (citing same). Moreover, even if the court had committed one of these errors, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision. See Pirelli Cable Corp. v. Ciena Corp., 988 F.Supp. 424, 445 (D. Del 1998).

Furthermore, motions for reconsideration "should not be used to rehash arguments already briefed." See Dentsply Int'l, Inc. v. Kerr Manu Co., 42 F.Supp.2d 385, 419 (D.Del.1999). A guiding principle in applying the limitations on reargument under Local Rule 7.1.5 is that a motion for reargument will only be allowed when it is patently clear the judge has committed error. Any lesser constraint would only serve to encourage "a never ending polemic between litigants and the Court [sic]." See Shering Corp., 25 F.Supp.2d at 295. Thus, "[i]t follows that grant of reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued, and decided." See id.

Garrison offers five grounds to support his position that the court should reconsider its grant of summary judgment. First, the court wrongly assumed that Garrison knew he did not need a right to sue letter to file a complaint against the Town. Second, the court incorrectly stated that Garrison was represented by an attorney throughout his interaction with the Equal Employment Opportunity Commission (the "E.E.O.C."). Third, in deciding the motion for summary judgment, the court did not consider certain telephone records. Fourth, the court mistakenly found that the Town had notice of Garrison's lawsuit before July 16, 1999. Fifth, the record shows that Garrison does not know when he received his entire file from the E.E.O.C. Since the court has no wish to restate its reasoning for its decision, it will confine itself to explaining why the above mentioned bases are inadequate for reconsideration.

*2 In his first ground for relief, Garrison attempts to find ambiguity in his deposition testimony through attorney argument. To support his position, Garrison highlights his statement that "I could acquire an attorney even without the letter" to suggest that although he knew he could hire a lawyer, he did not

Not Reported in F.Supp.2d
(Cite as: 2001 WL 640799, *2 (D.Del.))

know he did not need a right to sue letter to file suit. *See* D.I. 44 at 8; *see also Garrison v. Town of Bethany Beach*, Civ.A.No. 99-4510-GMS, 2001 WL 214050, at *2, n. 7 (D.Del. Mar. 2, 2001). The next sentence, however, states, "If I just took it upon myself to hire an attorney, *file suit* against the Town, *I wouldn't have needed the letter* and let or him do whatever they needed to do." *See id.* (emphasis added). Contrary to Garrison's contentions, the court believes this statement unambiguously establishes the fact that Garrison not only knew he did not need a right to sue letter to hire an attorney, but also that he could file suit against the Town as well. Since the court already considered--and rejected--Garrison's argument, this ground in inappropriate for reconsideration.

Second, Garrison proffers both new and old evidence to suggest that the court incorrectly assumed that Garrison was represented by counsel prior to April 19, 1999. Although the affidavit by Garrison's attorney is improper (and will not be considered), Garrison's deposition testimony does suggest that he did not hire an attorney prior to April, 1999. This discrepancy, however, is immaterial and hardly serves as the basis for the grant of a motion for reconsideration. First, the court is not aware of a pro se exception for parties seeking a right to sue letter from E.E.O.C. [FN2] Second, there is no dispute that Garrison consulted with an attorney prior to April 19, 1999, whether or not he actually hired one. [FN3] Even if the court was incorrect in its assertion of when Garrison hired an attorney, this fact is immaterial to the resolution of the motion and would not alter the court's initial decision. [FN4]

> FN2. On the contrary, the court's experience is that most claimants before the E.E.O.C. are pro se. Regardless of whether Garrison retained counsel or not, it was his responsibility, not that of the Town or the E.E.O.C. to ensure he properly received his right to sue letter.

> FN3. Garrison stated that he consulted with an attorney prior to October 21, 1998. There is no record evidence, however, that he did not speak with an attorney until April, 1999. On the contrary, the deposition testimony of his co-worker, John Boyer, reveals that he and Garrison discussed getting money together to hire an attorney to sue the Town. Later in his deposition, Boyer states that he believed that "[a]fter you got the letter, we had, I guess, 90 days to come up with the money." Garrison may not use this passage to suggest that he did not know he could sue without a right to sue letter. First, this statement is a surmise of Garrison's thoughts by another. Second, Boyer later states in his deposition that he did not file suit because he did not feel like it, rather than because of a lack of awareness of a time limit. At minimum, the record shows that, at some point, Garrison contacted an attorney prior to April, 1999.

> FN4. As the court noted in its memorandum opinion, there were other bases for its decision that Garrison does not challenge. *See Garrison*, 2001 WL 214050, at *4, n. 10.

The third basis of Garrison's motion is that the court "misunderstood" the facts since it "adopted an interpretation of facts advanced by the Town, not Garrison." In contrast to Garrison's assertions, the court did consider Garrison's errata sheet to his November 5, 1999 deposition, his telephone records, his January 12, 2000 affidavit and DeCoursey's December 16, 1999 affidavit. The court did not wholesale adopt Garrison's interpretation of the events since the telephone records do not demonstrate what he claims they do. On the contrary, the telephone records merely state when Garrison called various E.E.O.C. employees and the length of the calls rather than indicate the substance of the conversations. The court believes that the timeline of events proffered by Garrison's attorney is based on an assumption of what transpired, not record evidence of what actually happened. [FN5] Furthermore, the telephone records to not show calls from the E.E.O.C. to Garrison; the interpretation Garrison's attorney offers may not be the complete picture. [FN6] Although Garrison spends much time again attempting to convince the court that the telephone records demonstrate a genuine issue of material fact, the court has already considered this argument and rejected it.

> FN5. For example, the telephone records indicate that Garrison called DeCoursey on March 15, 2000. This is not inconsistent with the court's statement that DeCoursey and Garrison spoke at the "end of February or the beginning of March" and told him that he did not need a right to sue letter to file suit.

> FN6. As Garrison admits in his deposition,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DeCoursey returned some of his calls. It is not for the court to guess the substance of these conversations. Instead, it must rely on record evidence.

*3 Garrison's fourth ground for reconsideration is unavailing for two reasons. First, it relies on additional evidence offered after the court already ruled on the motion for summary judgment without explaining why the affidavit could not be procured earlier. [FN7] Second, it is irrelevant. Even if the Town knew of Garrison's impending lawsuit prior to July 16, 1999, the fact remains that he did not file a complaint with the court until July 16, 1999 (D.I.1). Contrary to Garrison's assertions, the end period on the statute of limitations is not when the employer receives notice of a lawsuit but rather when it is filed with the court. [FN8] The issue before the court was when *Garrison* had notice of his right to sue and when he chose to exercise it, not what the Town knew and when it knew it. Therefore, Garrison's fourth ground does not merit reconsideration by the court.

> FN7. On the contrary, the affidavit filed by Garrison's attorney describes events which happened well before the onset of this action. That the evidence was not submitted at that time speaks to its materiality to the issue on summary judgment; if Garrison's attorney considered the timing of her retention material, she presumably would have highlighted it in her brief. In any event, even if the court were to consider the affidavit, it would not change its ruling.

> FN8. Garrison does not dispute that the Town did not have a copy of the final complaint against it prior to July 16, 1999.

Garrison's final ground for relief is his claim that he does not know when he received his file from the E.E.O.C. Not only is this an inappropriate basis for reconsideration (the court already discussed it in its ruling), but there is no record evidence to support his assertion. There is no dispute that the E.E.O.C. file was postmarked as mailed on April 8, 1999. As the court noted in its opinion, in the absence of evidence to the contrary, the court must presume Garrison received the file three days after it was sent. In response, Garrison states that he "does not know" when he received the E.E.O.C. file. This is not sufficient evidence for him to overcome the presumption of mailing. The court already addressed--and dismissed--the argument that since his right to sue letter was at the end of his "voluminous" E.E.O.C. file the court should overlook evidence of its actual receipt by Garrison. The court declines to revisit this issue.

Garrison's motion for reconsideration does not present the court with any instances that establish that it misunderstood his arguments or materially misapprehended the record. Garrison's arguments illustrate exactly what motions for reconsideration are not supposed to be; he offers nothing more than a rehash of arguments and identification of facts that invite the court to explain anew its ruling. Furthermore, Garrison had notice that his arguments about his interaction with the E.E.O.C. would not change the court's result. As the court stated in its memorandum opinion "[e]ven if the court were to overlook the oral notice Garrison received regarding the issuance of his right to sue letter and the attendant rights, the record demonstrates that Garrison actually received a copy of his right to sue letter on or about April 8, 1999 ." *See Garrison,* 2001 WL 214050, at *5. Since the receipt of the right to sue letter prior to April 18, 1999 is--at the end of the day--not in dispute, [FN9] the court will not reconsider its grant of summary judgment in favor of the Town. Garrison's remedy, if any, must come from the Third Circuit.

> FN9. By "not in dispute" the court does not suggest that Garrison agrees with this date. Rather, as mentioned above, the court finds that Garrison has not proffered sufficient evidence to overcome the presumption of receipt of his E.E.O.C. file within three days of April 8, 1999.

*4 Therefore, IT IS HEREBY ORDERED that:

1. Garrison's Motion for Reconsideration (D.I.43) is DENIED.

Not Reported in F.Supp.2d, 2001 WL 640799 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

KeyCite                                                                                                           Page 21

Date of Printing: SEP 20,2006

## KEYCITE

**H Garrison v. Town of Bethany Beach, 2001 WL 640799 (D.Del., Apr 11, 2001) (NO. CIV.A. 99-451-GMS)**
History
Direct History

   1  Garrison v. Town of Bethany Beach, 131 F.Supp.2d 585  (D.Del. Mar 02, 2001) (NO. CIV. A. 99-451 GMS)
      *Reconsideration Denied by*
=> 2  **Garrison v. Town of Bethany Beach**, 2001 WL 640799  (D.Del. Apr 11, 2001) (NO. CIV.A. 99-451-GMS)

© Copyright 2006 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.