IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-CV-1324-KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY REGARDING SUBJECT MATTER
JURISDICTION OVER PLAINTIFFS' REMAINING CLAIMS**

Defendant, Nationwide Mutual Insurance Company ("Nationwide"), pursuant to the Court's August 29, 2006 Order, submits this Reply Regarding Subject Matter Jurisdiction Over Plaintiffs' Remaining Claims.

**I.   BACKGROUND**

The Court's August 29, 2006 Order and Memorandum Opinion grants Nationwide's motion to dismiss Plaintiffs' amended complaint in part (the "Dismissal Order"). (D.I. 216 and 217). The Court granted the motion as to Plaintiffs' claims that are based on the alleged misrepresentation that the limits of the insurance policy purchased by Plaintiffs in 1994 were different than $15,000/$30,000.

1

The Court's Dismissal Order directs the parties to submit argument addressing the issue of subject matter jurisdiction over Plaintiffs' remaining claims. The Court therefore reserved decision as to the remaining issues raised by Nationwide's motion to dismiss.

Nationwide submitted its Memorandum Regarding Subject Matter Jurisdiction Over Plaintiffs' Remaining Claims ("Nationwide's Memorandum") on September 12, 2006. (D.I. 219). Plaintiffs filed their Submission on Subject Matter Jurisdiction ("Plaintiffs' Response") on September 18, 2006. (D.I. 222). This is Nationwide's reply on this issue.

## II.  ARGUMENT

The Court's Order directed Nationwide to submit "argument addressing the issue of subject matter jurisdiction over Plaintiffs' remaining claims." *See* August 29, 2006 Order. (D.I. 217). The Court's Memorandum Opinion similarly ordered Nationwide to "submit argument addressing the issue of subject matter jurisdiction over Plaintiffs' Remaining Claims." *See* August 29, 2006 Memorandum Opinion, pg. 10 (D.I. 216). Contrary to Plaintiffs' assertion, Nationwide did exactly what the Court ordered. It addressed the issue of subject matter jurisdiction over Plaintiffs' remaining claims.

Nationwide's Memorandum establishes that the Court properly determined that the amount in controversy was satisfied at the time this case was filed and removed. Nationwide's Memorandum further outlines the governing authority establishing that the amount in controversy is determined as of the time of removal, and that the subsequent dismissal of claims does not affect the Court's subject matter jurisdiction. *See* Nationwide's Memorandum, pgs. 3 through 8. (D.I. 219).

### A. Plaintiffs Agree that the Court Continues to Have Subject Matter Jurisdiction.

Plaintiffs agree that the Court continues to have subject matter jurisdiction over the remaining claims in this case:

> "Nationwide's cases are compelling on that point [the point that the Court's original ruling on subject matter jurisdiction should remain unchanged], and leave us no choice but to agree: nothing in the Memorandum Opinion changes (or should change) the Court's prior analysis on subject matter jurisdiction. To the extent that analysis was correct in the first instance, it remains correct now."

*See* Plaintiffs' Response, pg. 2 (D.I. 222). Plaintiffs are correct. Nothing in the Court's recent rulings changes the Court's prior analysis on subject matter jurisdiction. The Court therefore continues to have subject matter jurisdiction over Plaintiffs' remaining claims.

### B. Plaintiffs Continue to Pursue the Dismissed Claims.

Additionally, even though they have been properly dismissed, Plaintiffs nevertheless continue to attempt to pursue the dismissed claims. Plaintiffs filed a motion for reconsideration of the Court's Memorandum Opinion on August 31, 2006. (D.I. 218).[1] Moreover, Plaintiffs' Response appears to argue that even their remaining claims exceed the jurisdictional minimum.[2]

---

[1] Nationwide filed its answer brief in opposition to Plaintiffs' motion for reconsideration on September 15, 2006. (D.I. 220). Contrary to Local Rule 7.1.5, and without seeking leave or being granted any authority to do so, Plaintiffs then submitted further argument through both a reply brief and a letter to the Court. (D.I. 223 and 224). Nationwide filed a motion to strike these unauthorized filings on September 21, 2006. (D.I. 226).

[2] It is not necessary for Nationwide to address the additional issues and arguments raised in Plaintiffs' Response in this context. Nationwide will therefore not burden the Court with unnecessary briefing. However, Nationwide reserves the right to address these issues and arguments at an appropriate stage should Plaintiffs' remaining claims ultimately survive dismissal.

### III. CONCLUSION

The Court has subject matter jurisdiction over Plaintiffs' remaining claims as established above and in Nationwide's Memorandum. The Court should therefore proceed with adjudicating the remaining claims and issues in this case.

Respectfully submitted,

SWARTZ CAMPBELL LLC


*/s/Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (I.D. 3777)
Curtis P. Cheyney, III, Esquire
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935

September 25, 2006                    Attorneys for Nationwide Mutual Insurance Co.