IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-CV-1324-KAJ |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
REPLY IN SUPPORT OF MOTION TO STRIKE
<u>PLAINTIFFS' UNAUTHORIZED REPLY BRIEF AND LETTER</u>**

SWARTZ CAMPBELL LLC

Nicholas E. Skiles, Esq. (DE Bar # 3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE  19801
(302) 656-5935
Attorneys for Defendant,
September 28, 2006                     Nationwide Mutual Insurance Company

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF PROCEEDING AND
STATEMENT OF FACTS …………………………………………...............1

II.    SUMMARY OF ARGUMENT …………………………………………………2

III.    ARGUMENT ………………………………………………………………….2

    A.    The Declaraciones are Part of the Governing Policy  ……………….3

    B.    PIP and APIP are Separate Coverages…………………………….....5

    C.    Plaintiffs' Subsequent Purchase of Additional PIP Has No
Bearing on the Coverage in Effect at the Time of the
February 2003 Accident……………………………………………6

IV.    CONCLUSION ……………………………………………………………….7

# TABLE OF CITATIONS

### Cases

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.,* 2006
   WL 2435084, Slip Copy at *2 (D. Del. August 6, 2006) ………………………2, 3, 7


*Sports/Medical Products, Inc. v. Groupe Procycle, Inc.,* 25 F. Supp 2d 270, 292
   (D.Del.1998)……………………………………………………………………….2

### Rules

Delaware Local Rule 7.1.5……………………………………………………………….2

I.  **NATURE AND STAGE OF PROCEEDING AND STATEMENT OF FACTS**

Plaintiffs filed their amended complaint on February 10, 2006. (D.I. 158). Nationwide filed a dispositive motion to dismiss Plaintiffs' amended complaint on February 27, 2006. (D.I. 167). On August 29, 2006 the Court entered an Order and Memorandum Opinion granting Nationwide's motion to dismiss the amended complaint in part. (D.I. 216 and 217). The Court granted the motion as to Plaintiffs' claims that are based on the alleged misrepresentation that the limits of the insurance purchased by Plaintiffs were different than $15,000/$30,000.

Plaintiffs filed a motion for reconsideration of the Court's Dismissal Order on August 31, 2006 ("Motion for Reconsideration") (D.I. 218). Nationwide filed its answer in opposition to Plaintiffs' Motion for Reconsideration on September 15, 2006 (D.I. 220). Without seeking leave or otherwise being granted any authority to do so, Plaintiffs filed a reply brief on their motion for reconsideration on September 19, 2006. (D.I. 223). Plaintiffs then, again without seeking leave or otherwise being granted any authority to do so, also submitted yet further argument in their September 19, 2006 letter to the Court. (D.I. 224).

Nationwide filed its motion to strike these unauthorized filings and supporting memorandum ("Motion to Strike") on September 21, 2006. (D.I. 225). In the alternative, should these unauthorized filings not be stricken, Nationwide requested leave to file a sur-reply. Plaintiffs then submitted yet even more argument in a response to Nationwide's Motion to Strike. (D.I. 227). This is Nationwide's reply in support of its Motion to Strike.

II. **SUMMARY OF ARGUMENT**

The unauthorized submissions and arguments which Plaintiffs continue to improperly file are both factually and legally without merit. And based upon these unauthorized and meritless

1

arguments, Plaintiffs are now accusing Nationwide of playing "fast and loose" and not being candid with the Court. Plaintiffs' assertions are both false and contrived. Accordingly, Nationwide is compelled to briefly respond.

Nationwide's Motion to Strike should be granted (and Plaintiffs' Motion for Reconsideration should be denied) because:

1. As established in Nationwide's Motion to Strike, Local Rule 7.1.5 and this Court's decisions directly on point do not permit the filing of a reply brief or other unauthorized argument on a motion for reconsideration.

2. Plaintiffs' arguments are both factually and legally without merit. Plaintiffs completely ignore and fail to acknowledge three controlling facts: (1) as the Court has ruled in this case, the applicable Declarations and any endorsements are part of the governing policy; (2) PIP and Additional PIP are separate coverages; and (3) Plaintiffs' subsequent purchase of Additional PIP has no bearing on the coverage in effect at the time of the February 2003 accident at issue in this case.

### III. ARGUMENT

Under Local Rule 7.1.5, Plaintiffs' Motion for Reconsideration is to be decided on Plaintiffs' motion and Nationwide's answer only. A reply brief and other further argument are not permitted. Nationwide's Motion to Strike cites decisions from this Court which are directly on point. *See Sports/Medical Products, Inc. v. Groupe Procycle, Inc.,* 25 F. Supp 2d 270, 292 (D.Del. 1998); *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.,* 2006 WL 2435084 (D. Del. August 6, 2006); Nationwide's Motion to Strike, pgs. 3 and 4. (D.I. 225).

Plaintiffs' latest improper tactics are, put simply, a desperate effort to resurrect issues already properly decided by the Court. Moreover, as established below, the unauthorized submissions and arguments that Plaintiffs continue to improperly file are both factually and legally without merit.

     **A.    The Declarations are Part of the Governing Policy.**

Plaintiffs attempt to argue that "Nationwide concedes that the policy's stated limits and the actual PIP limits are not the same." Nothing could be further from the truth. Nationwide has conceded nothing of the sort. Just as the Court has ruled, the governing policy in this case unambiguously defines the applicable PIP limits.

Plaintiffs are also attempting to argue (once again) that "extraneous documents establish the actual PIP limits." This argument was incorrect and legally insufficient when Plaintiffs first asserted it back when they filed their original complaint, and it remains incorrect and legally insufficient today. The Court properly rejected this argument when Plaintiffs first asserted it, and the Court's ruling remains correct today.

The Court's Memorandum Opinion dismissing Plaintiffs' original complaint specifically recognizes that the applicable Declarations and any applicable endorsements to the policy are part of the governing policy. *See* February 2, 2006 Memorandum Opinion, pgs. 3 and 4. (D.I. 150). Accordingly, the Court properly ruled that the policy governing this case (which Plaintiffs purchased in 1994 and was in effect at the time of the February 2003 accident) unambiguously provides for liability limits of $15,000/$30,000 for PIP coverage:

> Starting with the language in the policy text, the liability limits for PIP coverage are stated to be "$15,000 for bodily injury per insured in one accident, and up to $30,000 in total if two or more insureds are injured in one accident." (D.I. 4 at A35.) The Nationwide Auto Policy Declarations, which by their own terms are "part of the policy," direct the reader to "SEE POLICY" to determine the liability

3

> limits for PIP coverage, which points to the $15,000/$30,000 limits set forth therein. (*Id*. at 20.) Further, those Declarations warn (1) that coverage may be limited to the minimum required by law and (2) that it is important to read the policy carefully. *(Id.)* Thus, based on the policy text and accompanying Declarations, the policy unambiguously provides for limits of $15,000/$30,000 for PIP coverage.

February 2, 2006 Memorandum Opinion at pg. 7. (D.I. 150). Moreover, the Court further acknowledged and ruled that:

> Furthermore, those Declarations state: "These Declarations are part of the policy named above and identified by the policy number below. They supersede any Declarations issued earlier." (*Id*. at A20.) Finally, the policy terms may not be changed "except by endorsement or policy revision." (*Id*. at A45.) Thus only the Declarations enclosed with the policy are part of the contract, any earlier Declarations are superseded, and any later documents do not change the terms of the policy unless they fit a narrow category of revisionary documents not relevant here.

February 2, 2006 Memorandum Opinion at pg. 8. (D.I. 150).

As the Court ruled, the policy - - and thus the coverage afforded - - is defined by (i) the policy form, (ii) the most recent Declarations, and (iii) any applicable endorsements. Thus, the Court properly considered the policy governing the accident at issue in this case and determined that it unambiguously defined the applicable coverage. Similarly, the policy as amended in June 2003 is comprised of the policy form, the June 2003 Declarations and the applicable endorsements, all of which applied ***prospectively***. Plaintiffs' assertion that Nationwide is now relying on documents extraneous to the policy is therefore both contrived and meritless.

Accordingly, the fact that Plaintiffs subsequently amended their policy to add Additional PIP coverage (which as discussed below is a separate non-mandatory coverage) in June of 2003 shows one thing for certain: Plaintiffs' apparent contention that they did not know that this additional coverage was available due to some alleged misrepresentation in June of 2003 is both

factually and legally baseless. But it obviously has no bearing on Plaintiffs' purchase in 1994 of the coverage (and the governing policy) that governs this case.

Nationwide is therefore at a loss as to how Plaintiffs can (once again) argue that specific coverage endorsements and/or Declarations are "extraneous" to the policy. This completely ignores, and flies directly in the face of, the Court's prior rulings in this case as established above.

### B. PIP and APIP are Separate Coverages.

Plaintiffs' recent filings also ignore and fail to acknowledge that PIP coverage and Additional PIP coverage are separate coverages. PIP provides the statutorily mandated coverage with $15,000/$30,000 limits. This is the coverage that Plaintiffs purchased in 1994 and was in effect at the time of the February 2003 accident. As the Court has ruled, the governing policy specifically and unambiguously defined these limits.

Additional PIP (also referred to as "APIP") is a separate coverage that is not required to be offered or sold in Delaware. This coverage supplements PIP coverage as set forth in the endorsement incorporated into a policy when Additional PIP is purchased. Plaintiffs added this additional separate coverage (with limits of $85,000/$270,000) in June 2003 - - well after the accident at issue in this case. Moreover, this additional coverage was issued and became part of Plaintiffs' policy in June 2003 in the exact manner that the Court referenced in its February 2, 2006 Memorandum Opinion: new Declarations and an endorsement were issued. *See* Appendix to Nationwide's Answer to Plaintiffs' Motion for Reconsideration, pgs. B1 through B4. (D.I. 221).

### C. Plaintiffs' Subsequent Purchase of Additional PIP Has No Bearing on the Coverage in Effect at the Time of the February 2003 Accident.

Although not alleged in the amended complaint, Plaintiffs Motion for Reconsideration argues that "the 2003 representations were made in connection with the sale of separate and distinct renewal policies, including the sale of new insurance for a new car." Plaintiffs argue that "the second of these (2003) representations was made in connection with the sale of new coverage for a new family car." *See* Plaintiffs' Motion for Reconsideration, pgs. 2 and 3. (D.I. 218).

Accordingly, Plaintiffs' Motion for Reconsideration characterizes the June 2003 purchase as "the sale of new coverage." Yet Plaintiffs' subsequent unauthorized filings inexplicably (and obviously inconsistently) attempt to assert that Plaintiffs' subsequent June 2003 purchase of Additional PIP coverage could somehow have some bearing on the coverage in effect at the time of the February 2003 accident.

These attempted arguments are not only factually baseless, but also defy logic. Coverage that was not purchased by Plaintiffs until months after the accident at issue in this case could not possibly have any bearing on the 1994 purchase of the coverage that was in effect at the time of the February 2003 accident. And it similarly has no bearing on the unambiguous terms of the policy that provided that coverage.

As the Court has ruled, the governing policy specifically and unambiguously defines the governing PIP limits in this case.[1] Nothing in Plaintiffs' continued submissions of unauthorized argument (which is both factually and legally meritless) changes this simple fact.

---

[1] Nationwide's answer in opposition to Plaintiffs' Motion for Reconsideration further establishes that the alleged 2003 communications are not actionable and Plaintiffs allege no harm arising from these alleged communications. *See* Nationwide's Answer to Plaintiffs' Motion for Reconsideration, pgs. 5 through 7. (D.I. 220).

6

## IV. CONCLUSION

This matter was fully briefed and decided by the Court. Plaintiffs nevertheless filed a motion for reconsideration, which was likewise fully briefed as provided under the governing rules. Plaintiffs have since then submitted three more filings (an unauthorized reply brief, a letter to the Court and a response to Nationwide's Motion to Strike) containing yet even more argument.

These continued tactics have resulted in exactly what Judge Farnan warned against just last month: "a never-ending polemic between litigants and the Court" which "encourages a cycle of endless litigation on issues already decided by the Court." *See Power Integration,* 2006 WL 2435084 at *2. Moreover, Plaintiffs' latest desperate arguments have no factual or legal merit as established above.

These unauthorized filings should therefore be stricken, and Plaintiffs' Motion for Reconsideration should be denied.

Respectfully submitted,

SWARTZ CAMPBELL LLC

*/s/Nicholas E. Skiles, Esquire*
Nicholas Skiles, Esq. (DE Bar # 3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE  19801
(302) 656-5935
Attorneys for Defendant,
Nationwide Mutual Insurance Company

September 28, 2006