# John Sheehan Spadaro, LLC

ATTORNEY AT LAW

724 YORKLYN ROAD, SUITE 375
HOCKESSIN, DELAWARE 19707

TELEPHONE: 302.235.7745
FACSIMILE: 302.235.2536
JSPADARO@JOHNSHEEHANSPADARO.COM

January 16, 2008

**BY ELECTRONIC FILING**
Magistrate Judge Leonard P. Stark
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

RE: *Eames v. Nationwide Mut. Ins. Co.*
C.A. No.: 04-1324-\*\*\*-LPS

Dear Magistrate Judge Stark:

At the January 18, 2008 hearing, and with the Court's permission, the Eames plaintiffs may refer to two decisions that were rendered by this Court after the close of briefing on the pending motions: *Johnson v. GEICO Cas. Co.*, 516 F. Supp.2d 351 (D. Del. 2007) and *Homsey v. Vigilant Ins. Co.*, 496 F. Supp.2d 433 (D. Del. 2007).

*Johnson* and *Homsey* both hold that a particularity requirement applies to the pleading of claims under Delaware's Consumer Fraud Act -- a point that, in light of these holdings, we now concede. Importantly, both decisions also offer guidance on how that requirement may be satisfied; and we offer them for the Court's consideration on that issue.

Copies of the *Johnson* and *Homsey* decisions are enclosed for the Court's convenience.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr
cc: Curtis P. Cheyney, III, Esq. (by electronic filing)
    Nicholas E. Skiles, Esq. (by electronic filing)
    John P. Marino, Esq. (by electronic filing)

1707

Westlaw.

516 F.Supp.2d 351                                                          Page 1

516 F.Supp.2d 351
(Cite as: 516 F.Supp.2d 351)

**C**
Johnson v. GEICO Cas. Co.
D.Del.,2007.

United States District Court,D. Delaware.
Kerry JOHNSON and Sharon Anderson, on behalf
of themselves and all others similarly situated,
Plaintiffs,
v.
GEICO CASUALTY COMPANY, Geico General
Insurance Company, and Geico Indemnity
Company.
**Civil Action No. 06-408-JJF.**

Sept. 27, 2007.

**Background:** Insureds brought action in state
court against automobile insurers, alleging breach
of contract, bad faith, breach of duty of fair dealing,
common law fraud, deceptive trade practices, and
other claims, in connection with insurer's denial of
personal injury protection (PIP) benefits. Action
was removed to federal court. Insurers moved to
dismiss, and insureds moved for leave to amend
complaint.

**Holdings:** The District Court, Joseph J. Farnan
, J., held that:

(1) District Court would defer its ruling on
automobile insurers' motion to dismiss for lack of
standing;

(2) allegations stated breach of contract claim;

(3) allegations were sufficient to plead fraud
with **particularity**, for purpose of bad faith and
breach of duty of fair dealing claims;

(4) allegations were sufficient to meet
**particularity** requirements for pleading fraud under
Delaware law;

(5) insureds could not maintain private cause of
action under the Delaware Deceptive Trade
Practices Act (DTPA);

(6) insureds could not maintain private cause of
action under the Delaware Unfair Practices in the
Insurance Business Act; and

(7) allegations did not state civil Racketeer
Influenced and Corrupt Organizations Act (RICO)
claim.

Motions granted in part, and denied in part.

West Headnotes

**[1] Federal Civil Procedure 170A ☞828.1**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak828 Discretion of Court
                170Ak828.1 k. In General. Most Cited
Cases
The grant or denial of a motion to amend the
pleadings is within the discretion of the court.
Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ☞824**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak824 k. Time for Amendment in
General. Most Cited Cases

**Federal Civil Procedure 170A ☞834**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak834 k. Injustice or Prejudice. Most

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351

516 F.Supp.2d 351
**(Cite as: 516 F.Supp.2d 351)**

Cited Cases

**Federal Civil Procedure 170A �köø851**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(E) Amendments
         170Ak851 k. Form and Sufficiency of
Amendment. Most Cited Cases
A motion for leave to amend the pleadings should
be freely granted unless there is an apparent reason
for denying a request such as undue delay, bad
faith, dilatory motive, undue prejudice, or futility of
the claims. Fed.Rules Civ.Proc.Rule 15(a), 28
U.S.C.A.

**[3] Federal Civil Procedure 170A ⊆›1772**

170A Federal Civil Procedure
   170AXI Dismissal
      170AXI(B) Involuntary Dismissal
         170AXI(B)3 Pleading, Defects In, in
General
           170Ak1772 k. Insufficiency in
General. Most Cited Cases
Although a complaint does not need detailed factual
allegations, in order to avoid dismissal on a motion
to dismiss for failure to state a claim, the plaintiff
has an obligation to provide the grounds of his
entitlement to relief, and that obligation requires
more than labels, conclusions, and a formulaic
recitation of the elements of a cause of action.
Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[4] Federal Civil Procedure 170A ⊆›1828**

170A Federal Civil Procedure
   170AXI Dismissal
      170AXI(B) Involuntary Dismissal
         170AXI(B)5 Proceedings
           170Ak1827 Determination
              170Ak1828 k. Time of
Determination; Reserving Decision. Most Cited
Cases
District Court would defer its ruling on automobile
insurers' motion to dismiss for lack of standing
insured's action for breach of contract and related
claims, pending further discovery, where complaint
treated all insurance companies as single entity,

since they were all affiliates that marketed insurance
products under same name, and it was unclear
which insurer actually provided coverage for
insureds. Fed.Rules Civ.Proc.Rule 12(b)(6), 28
U.S.C.A.

**[5] Federal Civil Procedure 170A ⊆›175**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)2 Proceedings
           170Ak175 k. Time for Proceeding and
Determination. Most Cited Cases
District Court would decline to address automobile
insurers' arguments against class certification, in
action alleging breach of contract and related
claims, where insureds had not yet filed motion for
class certification and had not yet conducted any
discovery regarding the class certification issue.
Fed.Rules Civ.Proc.Rule 23(a), 28 U.S.C.A.

**[6] Declaratory Judgment 118A ⊆›5.1**

118A Declaratory Judgment
   118AI Nature and Grounds in General
      118AI(A) In General
         118Ak5 Discretion of Court
           118Ak5.1 k. In General. Most Cited
Cases
The district court has discretion to decide whether
or not to entertain a declaratory judgment action.
28 U.S.C.A. § 2201(a).

**[7] Contracts 95 ⊆›326**

95 Contracts
   95VI Actions for Breach
      95k326 k. Grounds of Action. Most Cited
Cases
Under Delaware law, to establish a claim for breach
of contract, the plaintiff must demonstrate: (1) the
existence of a contract, whether express or implied,
(2) the breach of an obligation imposed by that
contract, and (3) resulting damages to the plaintiff.

**[8] Insurance 217 ⊆›3543**

217 Insurance

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351

516 F.Supp.2d 351
(Cite as: 516 F.Supp.2d 351)

217XXXI Civil Practice and Procedure
   217k3543 k. Grounds of Action. Most Cited Cases

**Insurance 217 &#x21DD;3571**

217 Insurance
   217XXXI Civil Practice and Procedure
   217k3571 k. Pleading. Most Cited Cases
Allegations by insureds that they entered into automobile insurance contracts with insurers, that the insurers denied them personal injury protection (PIP) benefits expressly provided in those contracts, and that insureds were harmed by the denial of PIP benefits, specifically by demands for payment from medical providers, referral of claims to collection agencies, and denial of medical care, stated claim for breach of contract against insurers, under Delaware law.

**[9] Insurance 217 &#x21DD;1867**

217 Insurance
   217XIII Contracts and Policies
   217XIII(H) Relations Between Parties; Implied Terms
   217k1867 k. Good Faith and Fair Dealing. Most Cited Cases
Under Delaware law, insurance companies owe a duty of good faith and fair dealing to their insureds.

**[10] Federal Civil Procedure 170A &#x21DD;636**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
   170AVII(A) Pleadings in General
   170Ak633 Certainty, Definiteness and Particularity
   170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
The purpose of federal rule of civil procedure requiring fraud claims to be pleaded with particularity is to provide defendants with notice of the precise nature of the claim against them, not to test factual allegations of the claim. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[11] Federal Civil Procedure 170A &#x21DD;636**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
   170AVII(A) Pleadings in General
   170Ak633 Certainty, Definiteness and Particularity
   170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
Although date, place, and time allegations may fulfill the pleading with **particularity** requirements, these types of allegations are not necessarily required, so long as the circumstances of the alleged fraud are plead sufficiently to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[12] Federal Civil Procedure 170A &#x21DD;636**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
   170AVII(A) Pleadings in General
   170Ak633 Certainty, Definiteness and Particularity
   170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
Allegations by insureds that automobile insurers responsible for payment of personal injury protection (PIP) benefits conducted an arbitrary bill reduction, without medical review or any accepted process or procedure, referring to some discrete medical bills that they contended were denied without medical or procedural review, and that insured made bill reductions based on medical opinions despite not having performed any medical evaluation of the insureds, were sufficient to plead fraud with **particularity**, for purpose of insureds' claims for bad faith breach of contract, and breach of duty of fair dealing, under Delaware law. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[13] Fraud 184 &#x21DD;3**

184 Fraud
   184I Deception Constituting Fraud, and Liability Therefor
   184k2 Elements of Actual Fraud
   184k3 k. In General. Most Cited Cases

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351
**(Cite as: 516 F.Supp.2d 351)**

Under Delaware law, to state a claim for common law fraud, a plaintiff must allege: (1) a false representation made by the defendant, (2) the defendant knew that the representation was false, (3) the defendant intended the plaintiff to rely upon the false statement, (4) the plaintiff reasonably relied upon the false statement, to his detriment, and (5) damages resulted from that reliance.

**[14] Federal Civil Procedure 170A ⇐636**

170A Federal Civil Procedure
  170AVII Pleadings and Motions
    170AVII(A) Pleadings in General
      170Ak633 Certainty, Definiteness and **Particularity**
        170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
Allegations by insureds that automobile insurers sold insurance policies to them with the express promise that its policies would save its insured money and that its policies would cover reasonable and necessary personal injury protection (PIP) benefits, that the policies contained misrepresentations of fact, that the policies provided PIP benefits, and that reasonable and necessary medical expenses, would be paid, that insurers knew that the representations were false, that insureds were induced by the representations to purchase insurance and pay premiums, and that insureds were injured as a result, were sufficient to meet **particularity** requirements for pleading common law fraud under Delaware law. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[15] Action 13 ⇐3**

13 Action
  131 Grounds and Conditions Precedent
    13k3 k. Statutory Rights of Action. Most Cited Cases

**Antitrust and Trade Regulation 29T ⇐290**

29T Antitrust and Trade Regulation
  29TIII Statutory Unfair Trade Practices and Consumer Protection
    29TIII(E) Enforcement and Remedies
      29TIII(E)1 In General

        29Tk287 Persons Entitled to Sue or Seek Remedy
          29Tk290 k. Private Entities or Individuals. Most Cited Cases
The Delaware Consumer Fraud Act (CFA) provides a private cause of action for violations by an insurance company. 6 West's Del.C. § 2513(a).

**[16] Action 13 ⇐3**

13 Action
  131 Grounds and Conditions Precedent
    13k3 k. Statutory Rights of Action. Most Cited Cases

**Antitrust and Trade Regulation 29T ⇐290**

29T Antitrust and Trade Regulation
  29TIII Statutory Unfair Trade Practices and Consumer Protection
    29TIII(E) Enforcement and Remedies
      29TIII(E)1 In General
        29Tk287 Persons Entitled to Sue or Seek Remedy
          29Tk290 k. Private Entities or Individuals. Most Cited Cases
Insureds could not maintain private cause of action against automobile insurers under the Delaware Deceptive Trade Practices Act (DTPA). 6 West's Del.C. §§ 2531, 2533(d).

**[17] Action 13 ⇐3**

13 Action
  131 Grounds and Conditions Precedent
    13k3 k. Statutory Rights of Action. Most Cited Cases

**Insurance 217 ⇐3379**

217 Insurance
  217XXVII Claims and Settlement Practices
    217XXVII(C) Settlement Duties; Bad Faith
      217k3378 Actions
        217k3379 k. In General. Most Cited Cases
Insureds who were denied benefits could not maintain private cause of action against automobile insurers under the Delaware Unfair Practices in the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351

Page 5

516 F.Supp.2d 351
(Cite as: 516 F.Supp.2d 351)

Insurance Business Act; the Act created an administrative remedy directing and empowering that Insurance Commissioner to investigate and discipline violators. 18 West's Del.C. § 2301 et seq.

**[18] Racketeer Influenced and Corrupt Organizations 319H ⬅16**

319H  Racketeer  Influenced  and  Corrupt Organizations
   319HI Federal Regulation
      319HI(A) In General
        319Hk4 Racketeering or Criminal Activity
         319Hk16 k. Investment or Use of Funds Derived from Racketeering or Criminal Activity. Most Cited Cases

**Racketeer Influenced and Corrupt Organizations 319H ⬅63**

319H  Racketeer  Influenced  and  Corrupt Organizations
   319HI Federal Regulation
      319HI(B) Civil Remedies and Proceedings
        319Hk56 Persons Entitled to Sue or Recover
         319Hk63 k. Separate or Distinct Racketeering or Criminal Enterprise Injury. Most Cited Cases
To state a civil claim for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) section prohibiting use or investment of racketeering income, a plaintiff must allege (1) that the defendant received money from a pattern of racketeering activity, (2) invested that money in an enterprise, (3) the enterprise affected interstate commerce, and (4) an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. 18 U.S.C.A. § 1962.

**[19] Racketeer Influenced and Corrupt Organizations 319H ⬅75**

319H  Racketeer  Influenced  and  Corrupt Organizations
   319HI Federal Regulation
      319HI(B) Civil Remedies and Proceedings
        319Hk68 Pleading

         319Hk75 k. Injury; Causation. Most Cited Cases
Allegations by insured that automobile insurers were an enterprise, or affiliate of an enterprise, that affected interstate commerce by the sale of automobile insurance, that the enterprise was ongoing, that insurers acted in capacities outside the alleged fraudulent activities, that insurers acted systematically, arbitrarily and unreasonably denied full payment of personal injury protection (PIP) benefits to insureds, and that they used the United States mail in furtherance of their scheme of unlawfully denying full PIP benefits, did not state civil claim for Racketeer Influenced and Corrupt Organizations Act (RICO) violations, absent allegations that insureds' injuries resulted from the investment of the income derived from the alleged racketeering activity. 18 U.S.C.A. § 1962.

*354 Richard H. Cross, Jr., Esquire; Christopher P. Simon, Esquire; Kristen Healey Cramer, Esquire and Kevin S. Mann, Esquire of Cross & Simon, LLC, Wilmington, DE, for Plaintiffs.
George M. Church, Esquire and Laura A. Cellucci, Esquire of Miles & Stockbridge P.C., Baltimore, MD, Gary Alderson, Esquire; Dawn L. Becker, Esquire of The Law Offices of Dawn L. Becker, Wilmington, DE, for Defendants.

### MEMORANDUM OPINION

JOSEPH J. FARNAN, District Judge.
   Pending before the Court are Defendants' Motion To Dismiss For Failure To State A Claim (D.I.3), and Plaintiffs' Motion For Leave To Amend Complaint (D.I.11). For the following reasons, both Motions will be granted in part and denied in part.

## I. BACKGROUND

   Plaintiffs Kerry Johnson and Sharon Anderson filed this action on behalf of themselves and all others similarly situated against Defendants GEICO Casualty Insurance Company ("GEICO Casualty"), GEICO General Insurance Company ("GEICO

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351
**(Cite as: 516 F.Supp.2d 351)**

General"), and GEICO Indemnity Insurance Company ("GEICO Indemnity") (collectively, " Defendants") in the Superior Court of the State of Delaware in and for New Castle County. By their Complaint, Plaintiffs seek declaratory judgment that Defendants violated 21 *Del. C.* §§ 2118 and breached their automobile insurance contracts with Plaintiffs (Count I). Plaintiffs also assert claims for breach of contract (Count II); bad faith breach of contract (Count III); breach of the duty of fair dealing (Count IV); common law fraud (Count V); consumer fraud in violation 6 *Del. C.* § 2513 (Count VI); uniform deceptive trade practices in violation of 6 *Del. C.* § 2532 (Count VII); violations of 18 Del. C. § 2301 et seq. based on untrue, deceptive and misleading advertisements (Count VIII); and racketeering activity in violation of 18 U.S.C. § 1962 (Count IX). As relief, Plaintiffs request compensatory damages, punitive damages, treble damages, and reasonable attorneys' fees.

By their Complaint, Plaintiffs allege that Defendants have wrongly denied benefits under Personal Injury Protection ("PIP") coverage issued as part of Defendants' insurance contracts, without obtaining any independent medical or expert opinions to justify their decisions. Specifically Plaintiffs contend that Defendants systematically delay or deny full payment of PIP benefits to Delaware claimants, without any reasonable basis. They further allege that Defendants routinely fail to pay the PIP claims of Delaware claimants within the prescribed statutory period.

On June 27, 2006, Defendants removed this case from the Delaware Superior Court to this Court. Thereafter, Defendants filed the instant Motion To Dismiss. Plaintiffs responded with an Answering Brief in Opposition to the Motion and the pending Motion For Leave To Amend The Complaint (D.I.11).

**\*355 II. LEGAL STANDARDS**

*A. Plaintiffs' Motion To Amend Pursuant To Rule*

*15(a)*

**[1][2]** Rule 15(a) of the Federal Rules of Civil Procedure provides that, if a responsive pleading has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Fed.R.Civ.P.* 15(a). The grant or denial of a motion to amend is within the discretion of the Court. *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). However, the United States Supreme Court has cautioned that leave should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Adams v. Gould, Inc.,* 739 F.2d 858 (3d Cir.1984).

*B. Defendant's Motion To Dismiss Pursuant To Rule 12(b)(6)*

**[3]** Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Although a complaint does not need detailed factual allegations, the plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief,' " and that obligation requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). To state a claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Stated another way, heightened fact pleading is not required, but enough facts must be alleged to state a claim to relief that is plausible on its face. *Id.* at 1974. In addition, the Court is not required to accept legal conclusions alleged or inferred from the pleaded facts. "[O]nce a claim has been stated adequately, it may be supported by

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351
**(Cite as: 516 F.Supp.2d 351)**

showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. The burden of demonstrating that dismissal is appropriate rests on the movant.

## III. DISCUSSION

A. *Plaintiffs' Motion For Leave To File Amended Complaint*

By their Motion To Amend, Plaintiffs seek leave to supplement the factual allegations of the original Complaint, identify that Plaintiff Johnson contracted with GEICO Indemnity while Plaintiff Anderson contracted with Government Employees Insurance Company, and add three additional corporate defendants, Government Employees Insurance Company, Criterion Insurance Agency, and Colonial County Mutual Insurance Company. (D.I.11).

Defendants do not object to the factual amendments proposed by Plaintiffs and do not object to the addition of Government Employees Insurance Company as a defendant. However, Defendants contend that Plaintiffs lack standing to continue this lawsuit as it pertains to GEICO General or GEICO Casualty.[FN1] Specifically, Defendants contend that Plaintiffs never purchased PIP coverage from either GEICO General or GEICO Casualty, and *356 therefore, Plaintiffs cannot establish any compensable injury or damage as a result of any breach of contract or omission by these defendants.

> FN1. Defendants also contend that Plaintiffs lack standing to sue Criterion Insurance Agency and Colonial County Mutual Insurance Company. However, Plaintiffs have agreed, in their Reply Brief, not to pursue this action against those defendants.

In their Reply Brief, Plaintiffs contend that they have standing to sue GEICO General and GEICO Casualty under the juridical link doctrine. Plaintiffs contend that all three companies, GEICO General, GEICO Casualty and GEICO Indemnity, are admitted or authorized to issue automobile insurance in Delaware. Plaintiffs further contend that all three companies are affiliates of Government Employees Insurance Company and that all three companies market their insurance products under the same name. Plaintiffs point out that all three companies are named on the correspondence to Plaintiffs concerning their PIP claims, and Plaintiffs contend that it is "at best, unclear at this juncture which party-if not each-is responsible for the administration of PIP benefits to Delaware insureds." (D.I. 21 at 5).

In the alternative, Plaintiffs contend that Defendants, including GEICO General and GEICO Casualty, relied on their combined payments of PIP benefits to Delaware residents to justify the removal of this action to federal court. Thus, Plaintiffs contend that Defendants should not be permitted to "cast off parties they used to support their procedural maneuvering." (*Id.*)

[4] The Court has reviewed the parties' arguments in the context of the allegations of the Amended Complaint and concludes that dismissal for lack of standing is not warranted at this juncture. In reaching this conclusion, the Court does not base its rationale upon the juridical link doctrine. Courts considering that doctrine have concluded that it does not apply to questions of standing raised at the pleading stage. *See e.g., In re Franklin Mut. Funds Fee Litigation,* 388 F.Supp.2d 451, 462 n. 7 (D.N.J.2005) (collecting cases). Instead, the juridical link doctrine is most appropriately considered in the context of class certification analysis under Federal Rule of Civil Procedure 23. *Id.* Rather, the Court decision to defer ruling on the question of standing is premised on the need for further discovery. Plaintiffs' Amended Complaint appears to treat all GEICO Defendants as a single entity. As Plaintiffs point out, all these companies are affiliates who market their insurance products under the same name, and it is unclear to the Court what role each entity plays with respect to the allegations of the Complaint. Accordingly, the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351

516 F.Supp.2d 351
(Cite as: 516 F.Supp.2d 351)

Page 8

Court concludes that discovery on the issue of standing is warranted before the Court entertains the question of whether GEICO General and GEICO Casualty should be dismissed from this action.

In sum, the Court will grant Plaintiffs' Motion For Leave To Amend to the extent that it seeks to supplement the facts alleged and add Government Employee Insurance Company as a defendant. The Motion will be denied as moot to the extent that it seeks to add Criterion Insurance Agency and Colonial Mutual Insurance Company as defendants. The issue of standing will be addressed after discovery in the context of summary judgment proceedings.

B. *Defendants' Motion To Dismiss The Complaint*

By their Motion, Defendants request dismissal of the Amended Complaint on two grounds. First, Defendants contend that the Amended Complaint must be dismissed because Plaintiffs fail to allege, and will never be able to sufficiently allege, the required class action criteria pursuant to Fed.R.Civ.P. 23(a). Second, Defendants contend that Plaintiffs have failed to state a claim pursuant to the requirements of *357 Federal Rules of Civil Procedure 12(b)(6) and 9(b).

[5] At this juncture, Plaintiffs have not filed a motion for class certification and have not conducted any discovery regarding the class certification issue. Given the early stage of this proceeding, the Court concludes that Defendants' arguments under Rule 23 are premature, and therefore, the Court declines to address Defendants' class certification arguments at this time. Accordingly, the Court will deny Defendants' Motion to dismiss as it pertains to Rule 23, with the understanding that such issues will be taken up by the Court in the context of class certification proceedings. The Court will address each of Defendants' remaining arguments in turn.

1. Count I-Declaratory Judgment

Plaintiffs seek a declaratory judgment that Defendants violated 21 *Del. C.* § 2118 and breached their contracts with their policy holders. *Id.* Defendants contend that dismissal of this claim is warranted, because it is subsumed into Plaintiffs' other substantive claims. Defendants also contend that the Amended Complaint fails to identify the specific justiciable controversy that requires relief.

[6] The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (1994). The Court has discretion to decide whether or not to entertain a declaratory judgment action. *See e.g., Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citing *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

The Court has reviewed Plaintiffs' Amended Complaint and concludes that the allegations are sufficient to place Defendants on notice concerning the nature of their claim for declaratory relief. However, the Court acknowledges that there may be some overlap between Plaintiffs' substantive claims and their declaratory judgment claims. At this juncture, however, Plaintiffs remaining claims have not been fully developed, and therefore, the Court cannot fully evaluate the extent of the overlap so as to determine whether declaratory judgment would serve no useful purpose in clarifying the legal rights and relationships at issue. Accordingly, the Court will deny Defendants' Motion To Dismiss as it pertains to Plaintiffs' declaratory judgment claims alleged in Count I.

2. Count II-Breach of Contract

Defendants next contend that dismissal of Count II is warranted because Plaintiffs have failed to identify which of the three Defendants insured them or which sections of the insurance contracts at issue were breached. Defendants also contend that dismissal of this count is required because Plaintiffs cannot demonstrate actual damages flowing from Defendants' alleged breach of contract.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351

516 F.Supp.2d 351
(Cite as: 516 F.Supp.2d 351)

Page 9

[7][8] To establish a claim for breach of contract, the plaintiff must demonstrate: (1) the existence of a contract, whether express or implied, (2) the breach of an obligation imposed by that contract, and (3) resulting damages to the plaintiff. *VLIW Tech., LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 612 (Del.2003). Here, Plaintiffs allege a breach of the insurance contracts between Defendants and themselves for the delay, reduction and/or denial of PIP benefits. Specifically, Plaintiffs allege that (1) they entered into contracts with Defendants GEICO Indemnity and Government Employees Insurance Company; (2) Defendants denied PIP benefits expressly provided in those contracts, and (3) Plaintiffs have been harmed by these breaches. As to the third element, Plaintiffs have alleged specific damages resulting *358 from Defendants' alleged breach, such as demands for payment, referral of claims to collection agencies, and denial of medical care. Moreover, Plaintiffs have alleged that they have been deprived of the benefit of the insurance coverage for which they contracted and paid. In light of these contentions, the Court concludes that Plaintiffs have sufficiently pled the requirements for a breach of contract claim so as to withstand dismissal. Accordingly, the Court will deny Defendants' Motion To Dismiss as it pertains to Plaintiffs' breach of contract claim alleged in Count II.

3. Counts III and IV-Bad Faith Breach of Contract, Breach of the Duty of Fair Dealing

Defendants request dismissal of Counts III and IV on the grounds that Plaintiffs' Amended Complaint fails to comply with the requirements of Rule 9(b). Defendants contend that Counts III and IV are based on allegations of fraud, and therefore, Plaintiffs are required to plead these claims with **particularity.**

[9] "Under Delaware law, insurance companies owe a duty of good faith and fair dealing to their insureds." *Crowthorn v. Nationwide Mut. Ins. Co.,* 2001 Del.Super. LEXIS 358, *13 (Jan 16, 2001). " The standard by which the duties of good faith and fair dealing are evaluated is whether the insurance company acted with 'reasonable justification' in dealing with the insureds." *Id.*

[10][11] In pertinent part, Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with **particularity.** Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). The purpose of Rule 9(b) is to provide defendants with notice of the precise nature of the claim against them, not to test factual allegations of the claim. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984). Although date, place and time allegations may fulfill the pleading with **particularity** requirements, these types of allegations are not required to satisfy Rule 9(b), so long as the circumstances of the alleged fraud are plead sufficiently "to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Id.*

[12] The Court has reviewed the allegations of the Amended Complaint in light of this standard and the substantive requirements of the claims and concludes that the allegations are sufficient to satisfy the requirements of Rule 9(b). Plaintiffs allege that Defendants conduct an arbitrary bill reduction, "without medical review or any accepted process or procedure." (D.I. 9 at 24). Plaintiffs have referred to at least some discrete bills of Plaintiff Johnson and Plaintiff Anderson that they contend were denied without medical or procedural review. Plaintiffs further allege that Defendants make bill reductions based on "medical opinions" despite not having performed any medical evaluation of the insured. Because the Court concludes that these allegations are sufficient to withstand dismissal at this juncture, the Court will deny Defendants' Motion as it pertains to Plaintiffs' claims for bad faith breach of contract and breach of the duty of fair dealing as set forth in Counts III and IV of the Amended Complaint.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351

516 F.Supp.2d 351
**(Cite as: 516 F.Supp.2d 351)**

Page 10

4. Count V-Common Law Fraud

[13] Defendants also seek dismissal of Plaintiffs' common law fraud claim for failure to plead with specificity as required by Rule 9(b). To state a claim for common law fraud, a plaintiff must allege: (1) a false *359 representation made by the defendant; (2) the defendant knew that the representation was false; (3) the defendant intended the plaintiff to rely upon the false statement; (4) the plaintiff reasonably relied upon the false statement, to his detriment; and (5) damages resulted from that reliance. *Stephenson v. Capano Development, Inc.,* 462 A.2d 1069, 1074 (Del.1983).

[14] The Court has reviewed the allegations of the Amended Complaint in light of Rule 9(b) and the substantive requirements for pleading fraud and concludes that the allegations are sufficient to withstand dismissal at this juncture. Plaintiffs allege that Defendants sold policies to insureds " with the express promise that its policies would save its insured money and that its policies would cover reasonable and necessary claims submitted by PIP."Plaintiffs go on to state that the insurance contracts "contained representations of fact. Among them was the representation mandated by 21 *Del. C.* 2118 and 2118B-that covered PIP benefits, including reasonable and necessary medical expenses, would be paid." Plaintiffs plead additional implied representations of fact, and further plead that these representations were false, that Defendants knew that they were false, that Plaintiffs were induced to purchase insurance and pay their premiums as a result of these representations, and that Plaintiffs were injured. Accordingly, the Court will deny Defendants' Motion to the extent that it seeks dismissal of Plaintiffs' claim for common law fraud set forth in Count V.

5. Count VI-Consumer Fraud

In addition to requesting dismissal of Plaintiffs' consumer fraud count on Rule 9(b) grounds, Plaintiffs also contend that the Delaware Consumer Fraud Act ("CFA") only applies to "merchandising practices." Because Plaintiffs' claims concern the claims handling practice, Defendants contend that the CFA is inapplicable.

[15] In pertinent part, the Delaware Consumer Fraud Act provides that:
any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

6 *Del. C.* § 2513(a). The CFA provides a private cause of action for violations by an insurance company. *Eames v. Nationwide Mut. Ins. Co.,* 412 F.Supp.2d 431 (D.Del.2006) (citations omitted). The Delaware Supreme Court has interpreted this act consistently with common law definitions and principles related to fraud and deceit with the following three exceptions: "(1) 'a negligent misrepresentation is sufficient to violate the statute,' (2) a violation of the statute 'is committed regardless of actual reliance by the plaintiff,' and (3) the plaintiff need not show 'intent [by the defendant] to induce action or inaction by the plaintiff.' "*Id.* (quoting *Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1074 (Del.1983)). In addition, this Court has concluded that the requirements of Rule 9(b) apply to claims brought under the CFA. *Homsey v. Vigilant Ins. Co.,* 496 F.Supp.2d 433, (D.Del.2007).

Reviewing the allegations of the Amended Complaint in light of the requirements of Rule 9(b) and the substantive requirements of the CFA, the Court concludes that the allegations of Plaintiffs' Amended Complaint are sufficient to withstand dismissal. Like the claims here, the claims in *Homsey* concerned the manner in which the insured's claims were processed. Further, Plaintiffs here have made allegations *360 related to the sale and merchandising of the insurance contracts, including that Plaintiffs were induced into purchasing these contracts by the alleged misrepresentations. Plaintiffs CFA claims are

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351
**(Cite as: 516 F.Supp.2d 351)**

based on the same allegations supporting their claims of common law fraud and bad faith breach of contract and the Court has concluded that those claims are sufficiently pled. Accordingly, the Court will deny Defendants' Motion as it pertains to Plaintiffs' claims under the CFA.

### 6. *Count VII-Uniform Deceptive Trade Practices Act*

[16] Defendants contend that the Delaware Deceptive Trade Practices Act, 6 *Del. C.* §§ 2531 et seq. ("DTPA") does not provide for a private cause of action, and therefore, the Court should dismiss Count VII of Plaintiffs' Amended Complaint. In response, Plaintiffs contend that this count should not be dismissed because the DTPA redresses harm to "individual retail purchasers and consumers of goods, services or merchandise," and therefore, the DTPA applies to both vertical and horizontal relationships. 6 *Del. C.* § 2533(d); *see also Brady v. Fallon,* No. 96A-12-010-RRC, 1998 WL 283438, *4 (Del.Super.1998).

Delaware Courts have routinely held that the DTPA does not create a cause of action for individual consumers. *See Ewing v. Bice,* 2001 WL 880120, **7-8, 2001 Del.Super. LEXIS 278, *20-21 (Del.Super.Ct.2001); *Wright v. Dumizo,* 2002 WL 31357891, 2002 Del.Super. LEXIS 271 (Del.Super.Ct.2002); *Grand Ventures, Inc. v. Whaley,* 632 A.2d 63 (Del.1993). Plaintiffs' citation to *Fallon* is inapposite because *Fallon* concerned an action brought by the Attorney General of the State of Delaware. Accordingly, the Court concludes that Plaintiff cannot maintain a private cause of action under the DTPA, and therefore, the Court will dismiss Count VII.

### 7. *Count VIII-Unfair Practices In The Insurance Business*

[17] Defendants also contend that dismissal of Count VIII is required because a private cause of action does not exist under the Unfair Practices in

the Insurance Business Act, 18 *Del. C.* §§ 2301 *et seq.* ("UPIB"). In their Amended Complaint, Plaintiffs have alleged violations of Sections 2304(1), (2), and (16) of the UPIB.

After reviewing the applicable statutory language and case law, the Court concludes that the UPIB does not provide for a private cause of action. The UPIB describes numerous prohibited acts, and then empowers the Insurance Commissioner to investigate and determine whether an insurer has engaged in any prohibited behavior. 18 *Del. C.* § 2306. The Commissioner is further empowered to, among other things, prosecute violations of the UPIB, hold hearings, issue cease and desist orders, issue monetary penalties against violators, and suspend and/or revoke a violator's licence. *Id.* at §§ 2307-2308. Moreover, any person subject to an order of the Commissioner, or with a pecuniary interest affected by the Commissioner's failure or refusal to hold a hearing on a matter, may appeal to the Delaware Court of Chancery. *Id.* at § 2309. In the Court's view, these provisions, taken as a whole, suggest that the legislature did not intend to create a private cause of action under the UPIB, but rather intended for the statute to create an administrative remedy directing and empowering the Insurance Commissioner to investigate and discipline violators. The Court's conclusion is consistent with the conclusion reached by the Delaware Superior Court in considering whether private causes of action may be brought under various sections of the UPIB. *See e.g., Moses v. State Farm Fire & Casualty Ins. Co.,* 1991 WL 269886 (Del.Super.Nov.20, 1991). Accordingly,*361 the Court will dismiss Count VIII of the Amended Complaint.

### 8. *Count IX-Racketeering Activity*

Defendants request dismissal of Count IX on the grounds that Plaintiffs have failed to meet the pleading with **particularity** requirement of Rule 9(b). Based on the allegations of the Amended Complaint, it appears to the Court that Plaintiffs' racketeering claim is premised upon 18 U.S.C. § 1962(a).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351
**(Cite as: 516 F.Supp.2d 351)**

[18] In pertinent part, Section 1962 provides:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

To establish a claim under this Section, a plaintiff must allege (1) that the defendant received money from a pattern of racketeering activity; (2) invested that money in an enterprise; (3) the enterprise affected interstate commerce; and (4) an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir.1993). The causation requirement is particularly important because Section 1962 is specifically directed at the use or investment of racketeering income, and therefore, the plaintiff's injury must be caused by the use or investment of income in the enterprise. *Id.* (citing *Brittingham v. Mobil Corp.*, 943 F.2d 297, 303 (3d Cir.1991)).

[19] Reviewing the allegations of the Amended Complaint in light of the substantive requirements of the claim and Rule 9(b), the Court concludes that Plaintiffs have sufficiently alleged all but the last element required for a Section 1962 claim. Plaintiffs have alleged that Defendants are an enterprise, or affiliate of an enterprise, that affects interstate commerce by the sale of automobile insurance in Delaware. Plaintiffs have alleged that the enterprise is ongoing and that Defendants have acted in capacities outside the alleged fraudulent activities. Plaintiffs have also alleged that Defendants have systematically, arbitrarily and unreasonably denied full payment of PIP benefits to Plaintiffs, and that they have used the United States mail in furtherance of their "scheme of unlawfully denying full PIP benefits" by marketing their insurance products, collecting premiums from their customers and dealing with claims. However, Plaintiffs have not alleged that their injuries resulted

from the investment of the income derived from the alleged racketeering activity. Accordingly, the Court will dismiss Count IX of the Amended Complaint without prejudice and grant Plaintiffs leave to file a Second Amended Complaint so as to state a claim under Section 1962.

## IV. CONCLUSION

For the reasons discussed, the Court will grant Defendants Motion To Dismiss to the extent that it seeks dismissal of Counts VII, VIII, and IX of the Amended Complaint, and deny the Motion To Dismiss in all other respects. At this juncture, the Court will also grant Plaintiffs' Motion For Leave To Amend The Complaint to the extent that it seeks to add certain factual allegations and add Government Employee Insurance Co. as a defendant. The Motion will be denied as moot to the extent that it seeks to add seeks to add Criterion Insurance Agency and Colonial County Mutual Insurance Company as **\*362** defendants. The Amended Complaint shall be deemed filed. Plaintiffs will be given twenty days leave to file a Second Amended Complaint. If a Second Amended Complaint is not filed, the Court will proceed with this action on the basis of Counts I through VI of the Amended Complaint.

An appropriate Order will be entered.

## ORDER

At Wilmington this 27th day of September 2007, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS ORDERED that:

1. Plaintiffs' Motion For Leave To File Amended Complaint (D.I.11) is *GRANTED* to the extent that it seeks to supplement the facts alleged and add Government Employee Insurance Company *as a* defendant, *andDENIED* as moot to the extent

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 F.Supp.2d 351                                                                         Page 13

516 F.Supp.2d 351
**(Cite as: 516 F.Supp.2d 351)**

that it seeks to add Criterion Insurance Agency and Colonial County Mutual Insurance Company as defendants.

2. Defendants' Motion To Dismiss For Failure To State A Claim (D.I.3) is *GRANTED* with respect to Counts VII, VIII, and *DENIED* in all other respects.

3. The Amended Complaint is deemed filed.

4. Plaintiff is given leave to file a Second Amended Complaint within **twenty days** of the date of this Order. If a Second Amended Complaint is not filed, the Court will proceed with this action on the basis of Counts I through VI of the Amended Complaint.

D.Del.,2007.
Johnson v. GEICO Cas. Co.
516 F.Supp.2d 351

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Date of Printing: JAN 16,2008

## KEYCITE

**C** Johnson v. GEICO Cas. Co., 516 F.Supp.2d 351 (D.Del., Sep 27, 2007) (NO. CIV.A.06-408-JJF)

**History**

=>   1   Johnson v. GEICO Cas. Co., 516 F.Supp.2d 351 (D.Del. Sep 27, 2007) (NO. CIV.A.06-408-JJF)

**Court Documents**
**Trial Court Documents (U.S.A.)**

**D.Del. Trial Pleadings**

    2   Kerry JOHNSON and Sharon Anderson, on behalf of themselves and all others similarly situated, Plaintiffs, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Geico Casualty Company, Geico General Insurance Company, Geico Indemnity Company, Criterion Insurance Agency, Inc., and Colonial County Mutual Insurance, Defendants., 2006 WL 2727464 (Trial Pleading) (D.Del. Aug. 24, 2006) **First Amended Class Action Complaint** (NO. 106-CV408, JJF) ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

    3   Kerry JOHNSON and Sharon Anderson, on behalf of themselves and all others similarly situated, Plaintiffs, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Geico Casualty Company, Geico General Insurance Company, andÙ Geico Indemnity Company, Criterion Insurance Agency, Inc., and Colonial County Mutual Insurance, Defendants., 2006 WL 5051354 (Trial Pleading) (D.Del. Aug. 24, 2006) **Class Action** (NO. 106CV0040811-11)

    4   Kerry JOHNSON and Sharon Anderson, on behalf of themselves and all others similarly situated, Plaintiffs, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Geico Casualty Company, Geico General Insurance Company, Geico Indemnity Company, Criterion Insurance Agency, Inc., and Colonial County Mutual Insurance, Defendants., 2007 WL 4425970 (Trial Pleading) (D.Del. Sep. 27, 2007) **First Amended Class Action Complaint** (NO. 06-CV408, JJF)

    5   Kerry JOHNSON, et al., Plaintiffs, v. GEICO CASUALTY COMPANY, et al., Defendants., 2007 WL 4425971 (Trial Pleading) (D.Del. Oct. 22, 2007) **Answer to First Amended Class Action Complaint** (NO. 06-CV-408)

**Dockets (U.S.A.)**

**D.Del.**

    6   JOHNSON ET AL v. GEICO CASUALTY COMPANY ET AL, NO. 1:06cv00408 (Docket) (D.Del. Jun. 27, 2006)

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

Westlaw.

496 F.Supp.2d 433

496 F.Supp.2d 433
**(Cite as: 496 F.Supp.2d 433)**

Page 1

**C**
Coleman Dupont **Homsey** v. **Vigilant** Ins. Co.
D.Del.,2007.

United States District Court,D. Delaware.
COLEMAN DUPONT **HOMSEY** and Ellen
**Homsey**, Plaintiffs,
v.
**VIGILANT** INSURANCE COMPANY, Defendant.
Civil Action No. 07-338-JJF.

July 31, 2007.

**Background:** Insureds sued insurer, challenging the timing and amount of payment on their claims for coverage under a credit card, forgery and counterfeiting provision arising from forged checks and stolen credit cards by the insureds' former daughter-in-law. Insurer removed the action from state court and moved to dismiss.

**Holdings:** The District Court, Farnan, J., held that:

(1) insureds stated a bad faith claim, and

(2) insureds' consumer fraud claim was pled with sufficient **particularity**.

Motion denied.

West Headnotes

**[1] Action 13 ☞27(1)**

13 Action
 13II Nature and Form
  13k26 Contract or Tort
   13k27 Nature of Action
    13k27(1) k. In General. Most Cited
Cases

**Insurance 217 ☞1867**

217 Insurance
 217XIII Contracts and Policies
  217XIII(H) Relations Between Parties; Implied Terms
   217k1867 k. Good Faith and Fair Dealing.
Most Cited Cases

**Insurance 217 ☞3419**

217 Insurance
 217XXVIII Miscellaneous Duties and Liabilities
  217k3416 Of Insurers
   217k3419 k. Bad Faith in General. Most
Cited Cases
Under Delaware law, a bad faith insurance claim sounds in contract and arises from the implied covenant of good faith and fair dealing.

**[2] Insurance 217 ☞3360**

217 Insurance
 217XXVII Claims and Settlement Practices
  217XXVII(C) Settlement Duties; Bad Faith
   217k3358 Settlement by First-Party Insurer
    217k3360 k. Duty to Settle or Pay.
Most Cited Cases

**Insurance 217 ☞3361**

217 Insurance
 217XXVII Claims and Settlement Practices
  217XXVII(C) Settlement Duties; Bad Faith
   217k3358 Settlement by First-Party Insurer
    217k3361 k. Investigations and
Inspections. Most Cited Cases
Under Delaware law, a bad faith breach of insurance claim requires the insurer to have failed in bad faith to investigate or process the claim or to have delayed in its payment obligation.

**[3] Insurance 217 ☞3336**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

496 F.Supp.2d 433

Page 2

496 F.Supp.2d 433
**(Cite as: 496 F.Supp.2d 433)**

217 Insurance
   217XXVII Claims and Settlement Practices
     217XXVII(C) Settlement Duties; Bad Faith
      217k3334 In General
        217k3336   k.   Reasonableness  of
Insurer's Conduct in General. Most Cited Cases
Under Delaware law, "bad faith" insurance claim
requires an insured to show that the insurer's denial
of benefits was clearly without any reasonable
justification.

**[4] Insurance 217 &#9758;3360**

217 Insurance
   217XXVII Claims and Settlement Practices
     217XXVII(C) Settlement Duties; Bad Faith
      217k3358 Settlement by First-Party Insurer
        217k3360 k. Duty to Settle or Pay.
Most Cited Cases
Under Delaware law, insureds stated a bad faith
claim against insurer regarding the timing and
amount of payment on their claims for coverage
under a credit card, forgery and counterfeiting
provision arising from forged checks and stolen
credit cards by the insureds' former daughter-in-law;
insureds pled that the insurer essentially ignored
their claim for over a year, and that the construction
used to support a payment of only $10,000 was
itself unreasonable in light of the plain and ordinary
meaning of the word "any" as used in the policy,
which provided for coverage up to $10,000 caused
by forgery or alteration of any check.

**[5] Federal Civil Procedure 170A &#9758;636**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
     170AVII(A) Pleadings in General
      170Ak633 Certainty, Definiteness and
**Particularity**
        170Ak636 k. Fraud, Mistake and
Condition of Mind. Most Cited Cases
Insureds' Delaware law consumer fraud claim was
pled with sufficient **particularity** to satisfy the
federal rule of procedure requiring that fraud claims
be pled with **particularity;** the insureds
successfully pled a breach of an express promise to
provide coverage under the policy, as well as
breaches of the implied promises of good faith and

fair dealing, and specified the conduct giving rise to
the alleged breaches, which consisted of both an
allegedly unreasonable delay in payment and an
allegedly unreasonable construction of the policy. 6
Del.C. § 2513; Fed.Rules Civ.Proc.Rule 9(b), 28
U.S.C.A.

**\*434** John S. Spadaro, Esquire of John Sheehan
Spadaro, LLC, Hockessin, DE, for Plaintiffs.
Denise Seastone Kraft, Esquire of Edwards Angell
Palmer & Dodge LLP, Wilmington, DE, for
Defendant.

### *MEMORANDUM OPINION*

FARNAN, District Judge.
   Pending before the Court is a Motion To
Dismiss Plaintiffs' Complaint Based Upon
Insufficiency Of Count III (Bad Faith) And Count
IV (Consumer Fraud) (D.I.3) filed by Defendant,
**Vigilant** Insurance Company ("**Vigilant**"). For the
reasons discussed, the Court will deny the Motion.

### BACKGROUND

   The factual background relevant to this action
is derived from the allegations of **\*435** Plaintiffs'
Complaint. According to Plaintiffs, **Vigilant**
issued to Plaintiff, Coleman DuPont Homsey, an
insurance policy identified as Chubb Masterpiece
Policy No. 12680929-01 (the "Policy"). (Cmplt. at
¶ 6.) Plaintiff, Ellen Homsey, is a "covered person
" under the Policy. (*Id.* at ¶ 7.) The Policy has
been in effect at all times relevant to this action and
includes, among its "extra coverages" for personal
liability, coverage related to "credit cards, forgery,
and counterfeiting." This coverage provision
provides:
   **Credit cards, forgery, and counterfeiting.**
   We cover a covered person's legal obligation,
up to a total of $10,000 for:
   -loss or theft of a credit or bank card issued to
you or a family member, provided that all the terms
for using the card are complied with;
   -loss caused by theft of a credit card number or

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

496 F.Supp.2d 433    Page 3

496 F.Supp.2d 433
(Cite as: 496 F.Supp.2d 433)

bank card number issued to you or a family member when used electronically, including use on the Internet, provided that all the terms for using the card are complied with;
-loss cause by forgery or alteration of any check or negotiable instrument; or
-loss caused by accepting in good faith any counterfeit paper currency.
We will defend a claim or suit against you or a family member for loss or theft of a credit card or bank card. We have the option to defend a claim or suit against you or a family member (or against a bank, with respect to this coverage) for forgery or counterfeiting.
We may investigate, negotiate and settle any such claim or suit at our discretion. Our obligation to defend ends when our payment for the loss equals $10,000.
In the event of a claim, the covered person shall comply with the duties described in Policy Terms, Property Conditions, Your duties after a loss and Policy Terms, Liability Conditions, Your Duties after a loss. In addition, the covered person shall notify the credit card service company or the issuing bank.
This coverage does not apply to losses covered under Identity fraud.

(*Id.* at ¶ 10.) The Policy, including the above provision, was drafted by **Vigilant** without negotiation by Plaintiffs. (*Id.* at ¶¶ 23-25.)

By letter dated December 29, 2005, Plaintiffs tendered to **Vigilant** a claim for coverage under the credit card, forgery and counterfeiting provision arising from forged checks and stolen credit cards by Plaintiffs' ex-daughter-in-law. (*Id.* at ¶ 31.) According to Plaintiffs, their ex-daughter-in-law forged checks from their checking account during 2003 and 2004 in an amount exceeding $218,000. (*Id.* at ¶¶ 13-16.) Their ex-daughter-in-law also misappropriated their Wilmington Trust Visa and their AT & T card resulting in losses exceeding $26,000 and $13,000 per card, respectively. (*Id.* at ¶¶ 17-19, 20-22.)

Plaintiffs contend that **Vigilant** did not communicate with them about their claim for four months, from January *2006* through April 2006. (*Id.*

at ¶¶ 32, 34, 36, 38.) Plaintiffs also allege that **Vigilant** made no offer of payment to Plaintiffs on their claim for nearly a year. (*Id.* at ¶¶ 33, 35, 37, 39-46.)

On December 4, 2006, **Vigilant** tendered payment to Plaintiffs in the amount of $10,000 contending that this amount represents the " maximum payment" for credits cards, forgery and counterfeiting coverage under the Policy. (*Id.* at ¶ 47.) Plaintiffs contend that it took **Vigilant** an unreasonable amount of time to make this payment, and that the payment itself is unreasonable because it represents an unreasonable construction of the Policy language designed to minimize **Vigilant's** financial liability*436 at the expense of Plaintiffs, who are innocent victims of losses that should be covered by the Policy. (*Id.* at ¶¶ 48-51.) Specifically, Plaintiffs contend that the Policy refers to coverage up to $10,000 caused by "forgery or alteration of *any* check." (*Id.* at ¶ 48) (emphasis added.) Plaintiffs contend that "any check" means any *one* check and that **Vigilant's** construction, which allows for a single $10,000 payment for an aggregate group of multiple checks, is unreasonable and contrary to the standard English usage of the word "any." (*Id.* at 48-49.)

Plaintiffs' Complaint contains four counts. Count I seeks a declaratory judgment that the Policy requires **Vigilant** to pay Plaintiffs up to a total of $10,000 for *each* forged check. (*Id.* at ¶¶ 52-57.) Count II alleges a claim for breach of contract. (*Id.* at ¶¶ 58-61.) Count III alleges a claim for bad faith breach of contract (*id.* at ¶ 62-65), and Count IV alleges a claim for consumer fraud. (*Id.* at ¶¶ 66-72.)

**Vigilant** has not filed an Answer to the Complaint, but instead has moved to dismiss Counts III and IV of the Complaint contending that Plaintiffs cannot state a claim for either bad faith or consumer fraud. (D.I.3.) Specifically, **Vigilant** contends that Plaintiffs' Complaint acknowledges that there is a bona fide dispute concerning the Policy language, and therefore, **Vigilant** cannot have acted unreasonably in its construction. **Vigilant** also contends that Plaintiffs have failed to plead their consumer fraud claim with **particularity**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

496 F.Supp.2d 433
**(Cite as: 496 F.Supp.2d 433)**

. Thus, **Vigilant** requests dismissal of each of these claims, along with their related requests for punitive damages.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Although a complaint does not need detailed factual allegations, the plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief,' " and that obligation requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). To state a claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Stated another way, heightened fact pleading is not required, but enough facts must be alleged to state a claim to relief that is plausible on its face. *Id.* at 1974. In addition, the Court is not required to accept legal conclusions alleged or inferred from the pleaded facts. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. The burden of demonstrating that dismissal is appropriate rests on the movant.

## DISCUSSION

*1. Whether **Vigilant** Is Entitled To Dismissal Of Plaintiffs' Bad Faith Breach Of Contract Claim (Count III)*

By its Motion, **Vigilant** contends that Plaintiffs'

cannot state a claim for bad faith breach of contract. **Vigilant** contends that Plaintiffs have failed to allege any facts demonstrating that **Vigilant** denied or delayed payment without reasonable justification. **Vigilant** further contends that its construction of the disputed Policy provision is reasonable, and that Plaintiffs acknowledge that a bona fide dispute exists between the parties concerning the construction. **Vigilant** contends that the existence of such a bona fide dispute negates *437 the element of unreasonableness required to establish a bad faith claim.

[1][2][3] Under Delaware law, a bad faith insurance claim "sounds in contract and arises from the implied covenant of good faith and fair dealing." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 440 (2005) (citing *Tackett v. State Farm Fire & Cas. Co.*, 653 A.2d 254 (Del.1995)). A bad faith breach of insurance claim requires the insurer to have failed in bad faith to investigate or process the claim or to have delayed in its payment obligation. *Tackett*, 653 A.2d at 264. Bad faith requires the insured to show that the insurer's denial of benefits was "clearly without any, reasonable justification." *Id.*

[4] Reviewing the allegations of the Complaint in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have pleaded sufficient facts to plausibly state a bad faith breach of contract claim. Plaintiffs have pled the existence of a contract, and **Vigilant** has not sought to dismiss that count for any insufficiencies. Plaintiffs have further pled that **Vigilant** essentially ignored its claim for over a year, failing to make any payments until it issued its $10,000 check. Plaintiffs have further alleged that the construction used by **Vigilant** to support the alleged unreasonably low payment was itself unreasonable in light of the plain and ordinary meaning of the word "any" as used in the Policy. Specifically, Plaintiffs allege:

47. By letter dated December 4, 2006 (nearly one full year after Mr. and Mrs. **Homsey** tendered to **Vigilant** their claim for coverage under the Policy's Credit cards, forgery and counterfeiting coverage section) **Vigilant** tendered to Mr. **Homsey** the amount of $10,000, contending that this amount represents some "maximum payment" for "Credit

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

496 F.Supp.2d 433

Page 5

496 F.Supp.2d 433
(Cite as: 496 F.Supp.2d 433)

cards, forgery and counterfeiting" coverage. **Vigilant** has thus failed and refused to pay Mr. and Mrs. **Homsey** the full value of their claim, and has instead adopted a construction of the "Credit cards, forgery, and counterfeiting" coverage section that is designed to minimize **Vigilant's** financial liability on the claim.

48. **Vigilant's** construction of the "Credit cards, forgery, and counterfeiting" coverage section *is particularly unreasonable as applied to Mr. and Mrs. Homsey's claim for loss caused by forgery.* That is, the Policy expressly promises coverage up to $10,000 for loss caused by "forgery or alteration of any check ...." The reference to "any check" means **any one check** or **any single check.** *As a matter of standard English usage, it does not permit* **Vigilant** *to limit coverage to $10,000 for an aggregated group of multiple checks.*

49. **Vigilant's** handling of Mr. and Mrs. **Homsey's** claim for "Credit cards, forgery, and counterfeiting" coverage has thus been wrongful in two fundamental respects: *first, by virtue of the appalling delays in which* **Vigilant** *has engaged; and second, by virtue of its refusal to adopt a reasonable construction of its own Policy language.*

\* \* \* \* \* \*

63. By valuing Mr. and Mrs. **Homsey's** claim for "Credit cards, forgery, and counterfeiting" coverage at just $10,000, **Vigilant** has necessarily construed the reference to "any check" (within the " Credit cards, forgery, and counterfeiting" coverage section) to mean "all aggregated checks." *This is a willfully perverse and unreasonable construction, and contrary to the plain meaning of "any" as commonly understood by ordinary speakers of standard English (including small children). For* **Vigilant** *to adopt such a construction as a means of avoiding its coverage obligations is willful, dishonest, and without reasonable justification.*

**\*438** (Cmplt. at ¶¶ 47-49, 63) (underlined emphasis added, bold emphasis in original.)

Based on these allegations, Plaintiffs theory of bad faith is evident, at least by inference. Plaintiffs contend that given the relatively small amount of funds ultimately remitted by **Vigilant** and the

relatively uncomplicated theory supporting its basis for the payment, the delay in payment was unreasonable, as was the theory of construction used by **Vigilant** to support it. In the Court's view, these allegations are, in the circumstances of this case, sufficient to state a plausible claim for bad faith breach of contract.

The Court is also unpersuaded by **Vigilant's** argument that Plaintiffs' claim for declaratory judgment bars a claim for bad faith because it acknowledges a bona fide dispute over the Policy language. That a bona fide or actual dispute exists does not necessarily mean that the dispute is a reasonable one particularly where, as here, Plaintiffs repeatedly aver that **Vigilant's** delay and interpretation of the Policy language was unreasonable and designed to minimize **Vigilant's** financial responsibility on the claim. Accordingly, at this juncture, the Court concludes that Plaintiffs have adequately pled a claim of bad faith breach of contract, and therefore, the Court will deny **Vigilant's** Motion To Dismiss Count III.

II. *Whether* **Vigilant** *Is Entitled To Dismissal Of Plaintiffs' Consumer Fraud Claim (Count IV)*

[5] **Vigilant** next requests the Court to dismiss Plaintiffs' consumer fraud claim on the grounds that Plaintiffs failed to plead the claim with **particularity** as required by Federal Rule of Civil Procedure 9(b). **Vigilant** contends that there are no avrements of the time, place, nature of or any other specific information relating to fraud, and that Plaintiffs' allegations of fraud are conclusory and without a factual basis. **Vigilant** also contends that Plaintiffs aver that the Policy was a contract of adhesion, and thus, **Vigilant** contends that Plaintiffs cannot establish that they relied on the misrepresentation of any fact or were otherwise falsely induced to enter into the contract.

In pertinent part, the Delaware Consumer Fraud Act ("DCFA") provides:
The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

496 F.Supp.2d 433
(Cite as: 496 F.Supp.2d 433)

or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

6 Del. C. § 2513. This statute provides for a private cause of action against insurance companies. The Delaware Supreme Court has interpreted this act consistently with common law definitions and principles related to fraud and deceit with the following three exceptions: "(1) 'a negligent misrepresentation is sufficient to violate the statute,' (2) a violation of the statute ' is committed regardless of actual reliance by the plaintiff,' and (3) the plaintiff need not show 'intent [by the defendant] to induce action or inaction by the plaintiff.' "*Eames v. Nationwide Mut. Ins. Co.,* 412 F.Supp.2d 431, 437 (D.Del.2006) (Jordan, J.) (quoting *Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1074 (Del.1983)). In *Eames,* this Court previously concluded that claims under the DCFA must be pled with **particularity** under Rule 9(b). Although the Delaware Supreme Court has yet to address this issue, this conclusion is consistent with case law from the Delaware Superior Court. *439 *Crowhorn v. Nationwide Mut. Ins. Co.,* 2002 WL 1767529, *9 (Del.Super.Ct. July 10, 2002); *Rinaldi v. Iomega Corp.,* 1999 WL 1442014, *7 (Del.Super.Ct. Sept. 3, 1999).

Plaintiffs direct the Court to a decision by the Delaware Court of Chancery taking a different approach, *State ex. rel. Brady v. Publishers Clearing House,* 787 A.2d 111 (Del.Ch.2001). In *Publishers Clearing House,* the Chancery Court concluded that the heightened pleading standard of Rule 9 did not apply to claims brought under the DCFA. However, *Publishers Clearing House* did not address private causes of action under the statute. Rather, *Publishers Clearing House* specifically applied to actions brought by the Attorney General, and the Chancery Court recognized the distinction posed by such public enforcement actions in its rationale for declining to applying the Rule 9(b)**particularity** requirements. Specifically, the Chancery Court stated that:
the remedial goals of these two acts are

inconsistent with the application of the particularized pleading requirements of Rule 9(b)*to enforcement actions brought by the Attorney General to protect the consuming public.* Certainly equity's original reluctance to upset legal judgments on grounds of fraud or mistake is irrelevant in such an action. Similarly, claims under the two acts do not involve charges of moral turpitude and are unlikely to be brought by the State for purposes of harassment.

* * * * * *

On the contrary, a requirement that the State plead with **particularity** the "who, what, where, and when" of each and every one of the 750,000 violations alleged *would serve only to defeat the legislative mandate to the Attorney General in bringing actions such as these on behalf of the citizens of this State.*

787 A.2d at 117 (emphasis added). In light of the Chancery Court's rationale, the Court is not persuaded that *Publishers Clearing House* should be applied to the private cause of action under the DCFA brought here. Moreover, this action was originally brought by Plaintiffs in the Delaware Superior Court and removed to this Court. Accordingly, consistent with *Eames* and the relevant Superior Court precedent applying to private causes of action under the DCFA, the Court concludes that the heightened pleading requirements of Rule 9(b) apply to Plaintiffs' claim under the DCFA.

In *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.,* the Third Circuit explained that while date, place and time allegations may fulfill the pleading with **particularity** requirements, these types of allegations are not required to satisfy Rule 9 , so long as the circumstances of the alleged fraud are plead sufficiently "to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." 742 F.2d 786, 791 (3d Cir.1984). The Court has reviewed the allegations of the Complaint in light of this standard and concludes that they are sufficient to satisfy the Rule 9(b) requirements.[FN1]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

496 F.Supp.2d 433

496 F.Supp.2d 433
(Cite as: 496 F.Supp.2d 433)

Plaintiff have successfully pled a *440 breach of the express promise to provide coverage under the Policy, as well as breaches of the implied promises of good faith and fair dealing. Plaintiffs have specified, within the meaning of Rule 9(b), the conduct giving rise to these alleged breaches which consists of both an alleged unreasonable delay in payment, as well as an alleged unreasonable construction of the Policy. The Court concludes that these allegations, which are the same allegations that underlie their claim for bad faith breach of contract, are also sufficient to plead a claim under the DCFA. Accordingly, at this juncture, the Court will deny Vigilant's Motion To Dismiss Count IV.

    FN1. In support of their claim under the DCFA, Plaintiffs aver:
    67. The Policy contains Vigilant's promise of good faith and fair dealing in the handling of claims thereunder.
    68. By selling and issuing the Policy, Vigilant promised to handle claims thereunder in good faith, and to deal fairly with Mr. and Mrs. Homsey.
    69. By selling and issuing the Policy, Vigilant promised to provide "Credit card, forgery and counterfeiting" coverage consistent with the Policy's terms.
    70. By engaging in the conduct alleged in paragraphs 31 through 49 above, Vigilant has created a condition of falsity in the promises it made in the course of the Policy's sale.
    71. Vigilant's conduct, as alleged above, is in violation of 6 Del. C. § 2513.
    72. As a direct result of Vigilant's violation of 6 Del. C. § 2513, plaintiffs' Coleman DuPont Homsey and Ellen Homsey have suffered and will suffer injury as heretofore alleged.

### CONCLUSION

    For the reasons discussed, the Court will deny Vigilant's Motion To Dismiss Plaintiffs' Complaint Based Upon Insufficiency Of Count III (Bad Faith) And Count IV § Consumer Fraud.

An appropriate Order will be entered.

### ORDER

    At Wilmington, this 31 day of July 2007, for the reasons set forth in the Memorandum Opinion issued this date; IT IS HEREBY ORDERED that:

    1. The Motion To Dismiss Plaintiffs' Complaint Based Upon Insufficiency Of Count III (Bad Faith) And Count IV (Consumer Fraud) (D.I.3) filed by Defendant, Vigilant Insurance Company ("Vigilant") is DENIED.

    2. A Scheduling Teleconference will be held on Wednesday, August 22, 2007 at 1:15 p.m. Plaintiffs shall initiate the call

    3. A proposed Scheduling Order shall be submitted by the parties no later than 4:30 p.m. on Tuesday, August 21, 2007.

D.Del.,2007.
Coleman Dupont Homsey v. Vigilant Ins. Co.
496 F.Supp.2d 433

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Date of Printing: JAN 16,2008

### KEYCITE

**C Coleman Dupont Homsey v. Vigilant Ins. Co., 496 F.Supp.2d 433 (D.Del., Jul 31, 2007) (NO. CIV A 07-338-JJF)**

#### History

=>    1  **Coleman Dupont Homsey v. Vigilant Ins. Co.,** 496 F.Supp.2d 433 (D.Del. Jul 31, 2007) (NO. CIV A 07-338-JJF)

#### Court Documents
#### Trial Court Documents (U.S.A.)

**D.Del. Trial Pleadings**
      2  COLEMAN DUPONT HOMSEY and Ellen Homsey, Plaintiffs, v. VIGILANT INSURANCE COMPANY, Defendant., 2007 WL 4425616 (Trial Pleading) (D.Del. Aug. 10, 2007) **Vigilant Insurance Company's Amended Answer to the Complaint** (NO. 07-338, JJF)

#### Dockets (U.S.A.)

**D.Del.**
      3  HOMSEY ET AL v. VIGILANT INSURANCE COMPANY, NO. 1:07cv00338 (Docket) (D.Del. May 29, 2007)

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.