# John Sheehan Spadaro, LLC

ATTORNEY AT LAW

724 YORKLYN ROAD, SUITE 375

HOCKESSIN, DELAWARE 19707

TELEPHONE: 302.235.7745

FACSIMILE: 302.235.2536

JSPADARO@JOHNSHEEHANSPADARO.COM

January 17, 2008

**BY ELECTRONIC FILING**
Honorable Magistrate Judge Leonard P. Stark
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

    RE: *Eames v. Nationwide Mut. Ins. Co.*
        C.A. No.: 04-1324-\*\*\*-LPS

Dear Magistrate Judge Stark:

    At the January 18, 2008 hearing, and with the Court's permission, the Eames plaintiffs may refer to another decision that was rendered only after the close of briefing on the pending motions: *Kerr v. American Indep. Ins. Co.*, C.A. No. 06C-06-012, 2007 WL 642072 (Del. Super. Ct. Feb. 28, 2007). We note without argument that we may refer in particular to the following passage:

> There are two categories of claims under §2513. A plaintiff could allege:
>
> (1) The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation in connection with the sale, lease or advertisement of any merchandise, or
>
> (2) The concealment, suppression, or mission of any material fact with intent that others rely upon such concealment, suppression or omission in connection with the sale, lease or advertisement of any merchandise.
>
> The first category would require a plaintiff to allege (1) the prohibited conduct, and (2) that it was done in connection with the sale, lease or advertisement of any merchandise. The second category would require a plaintiff to allege (1) the prohibited

1708

Hon. Magistrate Judge Leonard P. Stark
January 17, 2008
Page 2

>   conduct, (2) the required state of mind, and (3) that both were done in connection with the sale, lease or advertisement of any merchandise.

*Kerr*, slip op. at *2 (footnotes omitted).

A copy of the *Kerr* decision is enclosed for the Court's convenience.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr
cc: Curtis P. Cheyney, III, Esq. (by electronic filing)
    Nicholas E. Skiles, Esq. (by electronic filing)
    John P. Marino, Esq. (by electronic filing)

2007 WL 642072, Kerr v. American Independent Ins. Co., (Del.Super. 2007)           Page 1

*642072    Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware,
Sussex County.

Re: Mario T. KERR
v.
AMERICAN INDEPENDENT INS. COMPANY.

C.A. No. 06C-06-012.
Submitted: Oct. 20, 2006.

Feb. 28, 2007.

John S. Spadaro, Esquire, Murphy, Spadaro & Landon, P.A., Wilmington, DE.

Nicholas E. Skiles, Esquire, Swartz Campbell, L.L.C., Wilmington, DE.

E. SCOTT BRADLEY, Judge.

**1 Dear Counsel:

This is my decision on defendant American Independent Insurance Company's ("AIIC") motion to dismiss count five of the complaint filed by plaintiff Mario T. Kerr ("Kerr") in this dispute over the allegedly untimely payment by AIIC of Kerr's claims for personal injury protection ("PIP") benefits.

*Background*

Kerr is a named-insured under an AIIC automobile insurance policy. He was injured in an automobile accident. Kerr submitted claims for PIP benefits to AIIC. AIIC has, according to Kerr, not paid his claims in accordance with the requirements of 21 *Del.C.* § 2118B. This statute requires an insurer to either pay or deny a claim for PIP benefits within 30 days of the receipt of it. It also requires an insurer to pay interest on a claim that should have been paid within 30 days. Kerr filed a complaint against AIIC, seeking class certification and alleging, among other things, in count five that AIIC's actions violated 6 *Del.C.* § 2513. This statute makes certain things done in connection with the sale, lease or advertisement of any merchandise an unlawful practice. AIIC filed a motion to dismiss, arguing that Kerr failed to state a claim for a violation of 6 *Del.C.* § 2513.

*Standard of Review*

The standards for a Superior Court Civil Rule 12(b)(6) motion to dismiss are clearly defined. The Court must accept all well-pled allegations as true. (FN1) The Court must then determine whether the plaintiff may recover under any reasonable set of circumstances that are susceptible of proof. (FN2) Dismissal will not be granted if the complaint "gives general notice as to the nature of the claim asserted against the defendant." (FN3) "A claim will not be dismissed unless it is clearly without merit, which may be either a matter of law or fact." (FN4) Vagueness or lack of detail in the pleaded claim are insufficient grounds upon which to dismiss a complaint under Rule 12(b)(6). (FN5) If there is a basis upon which the plaintiff may recover, the motion must be denied. (FN6)

AIIC and Kerr have, in their respective legal memorandums, engaged in a lengthy dispute over (1) whether AIIC's alleged failure to pay claims for PIP benefits is connected to the advertisement or sale of insurance policies for the purposes of § 2513, (2) whether the complaint complies with Superior Court Civil Rule 9, (3) whether Kerr failed to allege the particular harm he suffered as a result of AIIC's alleged violations of § 2513, and (4) whether the relief sought by Kerr meets the requirements of Superior Court Civil Rule 23(b)(2). I do not need to resolve the first three issues because Kerr's failure to state a claim for a violation under § 2513 is obvious. I do not need to resolve the fourth issue because it is premature. (FN7)

*Discussion*

Superior Court Civil Rule 8(a) sets forth the general rules for pleading a claim for relief. It requires a complaint to contain (1) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (2) a demand for judgment for relief. To show entitlement of relief as required by Rule 8(a), the complaint must cover either the necessary elements of a cause of action or facts which would entitle the plaintiff to relief under what he alleged. (FN8)

**2 § 2513(a) states, in applicable part, that:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that

© 2007 Thomson/West. No claim to original U.S. Govt. works.

others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

There are two categories of claims under § 2513. (FN9) A plaintiff could allege:

> (1) The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation in connection with the sale, lease or advertisement of any merchandise, or

> (2) The concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission in connection with the sale, lease or advertisement of any merchandise.

The first category would require a plaintiff to allege (1) the prohibited conduct, and (2) that it was done in connection with the sale, lease or advertisement of any merchandise. The second category would require a plaintiff to allege (1) the prohibited conduct, (2) the required state of mind, and (3) that both were done in connection with the sale, lease or advertisement of any merchandise.

§ 2513 focuses on certain improper practices done in connection with the sale, lease or advertisement of any merchandise. Kerr's complaint contains 50 paragraphs. It describes, in great detail, the alleged failure of the insurance industry in general, and AIIC in particular, to timely pay claims for PIP benefits. The complaint alleges that Kerr is a named-insured under an AIC insurance policy. However, it does not contain any allegations about the circumstances surrounding the advertisement or sale by AIIC of insurance policies. This is surprising given the focus of § 2513. Indeed, only paragraphs 6, 7, 8 and 26 mention the sale of insurance policies by AIIC. They state:

> 6. Defendant American Independent Insurance Company is a Pennsylvania corporation with offices at 633 Germantown Pike, Suite 208, Plymouth Meeting, PA 19462. It is engaged in the business of insurance, and regularly sells automobile insurance within the State of Delaware.

> 7. AIIC is a prolific underwriter of automobile insurance in Delaware, including first-party medical benefits for persons injured while driving or occupying motor vehicles.

> 8. Since at least June 2003, AIIC has enjoyed an annual market share totaling approximately seven percent of the Delaware automobile insurance market. At all times relevant to this case, AIIC has derived substantial revenues and profits from the sale of automobile insurance products in Delaware.

> 26. *Numerosity of the Class* (Super.Ct.Civ. R. 23(a)(1)). The proposed class is so numerous that the individual joinder of all its members is impracticable. AIIC has been, at all relevant times, among Delaware's most prolific underwriters of PIP coverage; and it remains so today. While the exact number and identities of the proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 1,000 members.

**3. Paragraphs 16 and 17, under the heading "AIIC's Wrongful Conduct," state:

> 16. AIIC routinely fails to pay covered PIP claims, including claims for medical expenses and lost earnings, within the thirty-day statutory period under 21 *Del.C.* § 2118B.

> 17. In addition to violating the statutory requirement of payment for covered PIP claims within thirty days, AIIC routinely ignores its obligation to pay the statutory interest owed in such cases. AIIC thus owes to the plaintiff Mr. Kerr, and to all members of the proposed class, interest under 21 *Del.C.* § 2118B(c).

The alleged violations of 6 *Del.C.* § 2513 are set forth in Count V. It has three paragraphs. Paragraph 48 merely repeats paragraphs 1 through 47. Paragraphs 49 and 50 state:

> 49. AIIC's conduct, as alleged above, is in violation of 6 *Del.C.* § 2513.

> 50. As a direct result of AIIC's violations of 6 *Del.C.* § 2513, plaintiff Mario T. Kerr and all others similarly situated have suffered and will suffer injury as heretofore alleged.

The other 43 paragraphs of the complaint do not allege anything about AIIC's advertisement or sale of

© 2007 Thomson/West. No claim to original U.S. Govt. works.

insurance policies.

It is not difficult to properly plead a claim under § 2513. Kerr's complaint contains many allegations about AIIC's alleged untimely payment of claims for PIP benefits. While these allegations may be evidence of the type of unlawful practices that § 2513 was enacted to address, it would be quite a leap to conclude, from this alone, that Kerr has properly alleged a violation of § 2513. In any event, Kerr's complaint does not allege anything at all about AIIC's conduct in connection with the advertisement or sale of insurance policies, let alone the other elements of a claim under § 2513. This is a fatal deficiency under Rule 8.

### Conclusion

AIIC's motion to dismiss count five of the complaint is granted.

IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

(FN1.) *Spence v. Funk,* 396 A.2d 967, 968 (Del.1978).

(FN2.) *Id.*

(FN3.) *Diamond State Telephone Co. v. University of Delaware,* 269 A.2d 52, 58 (Del.1970).

(FN4.) *Id.* at 58.

(FN5.) *Id.*

(FN6.) *Id.*

(FN7.) *Robinson v. Metro-North Commuter R.R. Co.,* 267 F.3d 147, 164 (2d. Cir.2001), *cert. denied,* 535 U.S. 951 (2002).

(FN8.) *American Ins. Co. v. Material Transit, Inc.,* 446 A.2d 1101, 1104 (1982).

(FN9.) *State ex rel. M. Jane Brady v. Gardiner,* 2000 WL 973304, at *4 (Del.Super.)

© 2007 Thomson/West. No claim to original U.S. Govt. works.