IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. EAMES, ROBERTA L. EAMES and TAMMY EAMES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 04-CV-1324-JJF-LPS |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S MARCH 31, 2008 REPORT AND RECOMMENDATION**

Nicholas Skiles, Esq. (Del. Bar # 3777)
Swartz Campbell LLC
300 Delaware Avenue
Suite 1130
Wilmington, DE 19801
Tel. No. (302) 656-5935
Fax: (302) 656-1434
Attorneys for Defendant,
Nationwide Mutual Insurance Company

May 22, 2008

TABLE OF CONTENTS

I.   NATURE AND STAGE OF PROCEEDING ………………………………… 1

II.  STATEMENT OF FACTS …………………………………………………... 2

III. SUMMARY OF ARGUMENT …………………………………………….4

IV.  ARGUMENT ……………………………………………………………….5

   A.   The Report and Recommendation Properly Concludes That
        Plaintiffs' Amended Complaint Fails Under Rule 9(b) ………………..5

   B.   The Delaware Motorists Protection Act Required Statement Was
   Properly Considered ……………………………………………………………… 7

   C.   The Report and Recommendation is Consistent With the Prior
        Rulings in This Case……………………………………………………..9

   D.   The Report and Recommendation Did Not Adjudicate the
   Merits…………………………………………………………………………10

   E.   Plaintiffs' Arguments Regarding Their Theories and Positions in
        This Case Do Not Cure Their Amended Complaint ……………………10

V.   CONCLUSION …………………………………………………………...10

i

TABLE OF CITATIONS

**Cases**

*Bell Atlantic Corp. v. Twombly*, -- U.S.--, 127 S.Ct. 1955, 1965 (2007)…………………..5

*Eames v. Nationwide Mut. Ins. Co.*, 412 F.Supp.2d 431 (D. Del. 2006)…………………..1

*Eames v. Nationwide Mut. Ins. Co.*, 2006 WL 2506640 (D.Del. Aug. 29, 2006)………...1

*Pension Benefit Guar. Corp. v. White Concol. Indus., Inc.,* 998 F.2d 1192
(3d Cir 1993)……………………………………………………………………………8

*Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)……………………………….5

**Rules**

Federal Rule of Civil Procedure 9(b)……………………………………...…1, 3, 4, 5, 6, 7

I.       **NATURE AND STAGE OF PROCEEDING**

Plaintiffs filed their original Complaint in Delaware Superior Court on August 20, 2004. (D.I. 1). Nationwide removed the case to this Court on October 1, 2004. *Id*.

Nationwide moved to dismiss Plaintiffs' original Complaint. (D.I. 3). On February 2, 2006, the Court entered an Order and Memorandum Opinion granting Nationwide's motion to dismiss Plaintiffs' original Complaint in its entirety, but giving Plaintiffs leave to amend their statutory fraud and civil conspiracy claims. *See Eames v. Nationwide Mut. Ins. Co.*, 412 F.Supp.2d 431 (D. Del. 2006) (D.I. 150) ("February Opinion" and/or "D.I. 150").

Plaintiffs filed their Amended Complaint on February 10, 2006. (D.I. 158). Nationwide filed a dispositive motion to dismiss Plaintiffs' Amended Complaint on February 27, 2006. (D.I. 167). On August 29, 2006, Judge Jordan entered an Order and Memorandum Opinion granting Nationwide's motion to dismiss Plaintiffs' Amended Complaint in part. (D.I. 216 and 217). The Court granted the motion as to Plaintiffs' claims that are based on the alleged misrepresentation that the limits of the insurance purchased by Plaintiffs were different than $15,000/$30,000. Judge Jordan deferred ruling on the remaining grounds raised for dismissal of the Amended Complaint, including whether the Amended Complaint pled fraud with particularity as required under Rule 9(b). *See Eames v. Nationwide Mut. Ins. Co.*, 2006 WL 2506640 (D.Del. Aug. 29, 2006) ("August Opinion" and/or D.I. 216).

Plaintiffs filed a motion for reconsideration of the Court's dismissal order on August 31, 2006 ("Motion for Reconsideration") (D.I. 218). Nationwide filed its answer in opposition to Plaintiffs' Motion for Reconsideration on September 15, 2006 (D.I. 220).

On March 31, 2008, Magistrate Judge Stark entered a Report and Recommendation. The Report and Recommendation recommends denial of Plaintiffs' Motion for Reconsideration. It further recommends granting Nationwide's Motion to Dismiss and dismissal of Plaintiffs' Amended Complaint, without leave to amend. (D.I. 247 at 20).[1]

On April 21, 2008 Plaintiffs objected to the portion of the Report and Recommendation that recommends dismissal of their Amended Complaint. (D.I. 249).[2] This is Nationwide's Response to Plaintiffs' objections to the Report and Recommendation.

**II.    STATEMENT OF FACTS**

Plaintiffs' original Complaint alleged that Nationwide misrepresented the limits of their Personal Injury Protection ("PIP") coverage by describing $15,000/$30,000 (the statutory minimum) as "full" PIP. Plaintiffs asserted counts for declaratory judgment (Count I), breach of contract (Count II), bad faith (Count III), Delaware statutory consumer fraud (Count IV), and civil conspiracy (Count V).

Nationwide moved to dismiss Plaintiffs' original Complaint. (D.I. 3). Judge Jordan's February Opinion granted Nationwide's motion and dismissed Plaintiffs' original Complaint in its entirety. Counts I through III were dismissed with prejudice. Count IV (for statutory

---

[1] Magistrate Judge Stark states that Plaintiffs should not be granted leave to amend in a third attempt to cure their failure to plead fraud with particularity. (D.I. at 20 n. 8). Magistrate Judge Stark also denied Nationwide's Motion to Strike as moot.

[2] Plaintiffs did not object to the recommendation that Plaintiffs' Motion for Reconsideration be denied.

2

consumer fraud) was dismissed without prejudice because the Complaint "fail[ed] to allege fraud with the particularity necessary to satisfy Rule 9(b)."[3] (D.I. 150 at 11-12).

Plaintiffs filed their Amended Complaint on February 10, 2006. (D.I. 158). Nationwide then moved to dismiss Plaintiffs' Amended Complaint. (D.I. 167, 168). Judge Jordan's August Opinion granted Nationwide's motion in part. Judge Jordan ruled that Plaintiffs' consumer fraud count, to the extent it was based on the "maximum limit" theory (by which Plaintiffs argued that Nationwide misled them into believing that they had purchased the maximum amount of PIP coverage available) was time-barred. (D.I. 216). Judge Jordan deferred ruling on the remaining grounds for dismissal, including whether Plaintiffs had pled fraud with the required particularity. *Id.*

Accordingly, the remaining issues for dismissal before Magistrate Judge Stark were: (1) whether Plaintiffs failed to plead fraud with particularity, (2) whether Plaintiffs failed to plead harm, (3) whether Plaintiffs failed to state a claim for civil conspiracy; and (4) whether Plaintiff Tammy Eames has standing. The Report and Recommendation concludes that Plaintiffs failed to plead fraud with particularity.[4]

---

[3] Count V (for civil conspiracy) was also dismissed without prejudice because it is not an independent cause of action and requires an underlying wrong.

[4] Because Plaintiffs failed to plead fraud with particularity, it was unnecessary for the Report and Recommendation to address the other remaining grounds for dismissal.

3

### III. SUMMARY OF ARGUMENT

Magistrate Judge Stark fully considered the parties' extensive briefing and the voluminous record in this case. He also scheduled and heard argument of counsel. He issued a well reasoned and thorough Report and Recommendation. The Report and Recommendation should be adopted because:

1. The Report and Recommendation properly concludes that Plaintiffs' Amended Complaint failed to plead fraud with particularity as required by Rule 9(b). Contrary to Plaintiffs' arguments, the Report and Recommendation does not recommend dismissal based upon grounds and arguments not asserted and properly before Magistrate Judge Stark. The Report and Recommendation specifically finds that Plaintiffs were required to plead fraud with particularity and failed to do so.

2. The Delaware Motorists Protection Act Required Statement ("Statement") was properly considered. Magistrate Judge Stark correctly found that "Plaintiffs' claims are based, in part, on the Statement, as the Statement constitutes a written representation to Plaintiffs at the time of their initial insurance purchase as to how much PIP was available for purchase and what "full" PIP means." (D.I. 247 at 15). Moreover, during oral argument Plaintiffs' counsel specifically agreed and acknowledged that the Statement should be considered.

3. The Report and Recommendation is consistent with the prior rulings in this case. Judge Jordan's prior order dismissed Plaintiffs' statutory fraud claim in the original Complaint because Plaintiffs failed to plead fraud with particularity. Judge Jordan never addressed whether the Amended Complaint pled fraud with the required particularity. Magistrate Judge Stark concluded that it did not.

4.     The Report and Recommendation did not adjudicate the merits.  Rather, Magistrate Judge Stark properly considered the arguments before the Court on the motion to dismiss, applied the appropriate standards and governing law, and concluded that the motion should be granted.

5.     Plaintiffs' arguments regarding their theories and positions in this case do not cure their Amended Complaint. Nothing in Plaintiffs' lengthy briefing outlining their numerous theories and positions changes the fact that their Amended Complaint fails as a matter of law.

## IV.   ARGUMENT

Magistrate Judge Stark fully considered the issues before him.  He thoroughly reviewed and analyzed the parties' submissions and the extensive record in this case.  He also scheduled and heard lengthy oral argument of counsel.  His Report and Recommendation should be adopted by the Court.

### A.   The Report and Recommendation Properly Concludes That Plaintiffs' Amended Complaint Fails Under Rule 9(b).

As set forth in the Report and Recommendation, "to survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, -- U.S.--, 127 S.Ct. 1955, 1965 (2007).  The Report and Recommendation also correctly concludes

5

that Federal Rule of Civil Procedure 9(b), which requires that fraud be pled with particularity, applies to Plaintiffs' consumer fraud claims.

Nationwide's motion to dismiss the Amended Complaint specifically raised Plaintiffs' failure to plead fraud with particularity. The Report and Recommendation thoroughly analyzed and evaluated these governing pleading standards. After analyzing and applying the governing standards, Magistrate Judge Stark concluded that Plaintiffs had once again failed to plead fraud with the required particularity. The Report and Recommendation very clearly states that:

> Plaintiffs must plead such misrepresentation or omission with particularity. In my view Plaintiffs have failed to do so.
>
> Even if this allegation is viewed as a misrepresentation, it is not pled with sufficient particularity to put Nationwide on notice as required by Rule 9(b).

(D.I. 247 at 16 and 20).

As discussed above, Plaintiffs' claims based upon their "maximum limit theory" (the theory that Plaintiffs were misled into believing that they had purchased the maximum amount of PIP coverage available) have been dismissed by Judge Jordan as time-barred. Accordingly, the only remaining claims relate to Plaintiffs' "fullest available limit theory" (the theory that Plaintiffs were misled into believing that they had purchased the most PIP available). The Report and Recommendation specifically addresses these allegations and concludes that they are insufficient:

> Notably, however, the only specific misrepresentation alleged in the Amended Complaint (as was true of the Original Complaint) has nothing to do with how much PIP coverage is available for purchase; the allegation merely is (as it was in the Original Complaint) that Nationwide is

6

> misleading consumers by using the term "full" to describe PIP limits of $15,000/$30,000.

(D.I. 247 at 4). The Report and Recommendation further finds that:

> If Nationwide made affirmative statements, verbally or in documents, to lead Plaintiffs to believe the most PIP they could purchase was $15,000/$30,000, Plaintiffs would likely state a claim under DCFA. However, nowhere does the Amended Complaint explain what statements Nationwide made, or when or in what format or by whom, to lead Plaintiffs to such a belief. As Plaintiffs' counsel conceded at the hearing before me, there is no allegation that Plaintiffs were ever told that $15,000/$30,000 was the most PIP that was available. Again, all that is alleged – with respect to the class and with respect to Plaintiffs themselves – is repeated representations that the $15,000/$30,000 purchased by Plaintiffs was "full" PIP limits. **This is not, in my opinion, a sufficient allegation that Nationwide misrepresented that no further PIP could be bought. Even if this allegation is viewed as a misrepresentation, it is not pled with sufficient particularity to put Nationwide on notice as required by Rule 9(b).**

*Id.* at 19 and 20 (emphasis added).

Accordingly, contrary to Plaintiffs' arguments, the Report and Recommendation does not recommend dismissal based upon grounds and arguments not asserted and properly before Magistrate Judge Stark. The Report and Recommendation specifically finds that Plaintiffs were required to plead fraud with particularity and failed to do so.

      B.    **The Delaware Motorists Protection Act Required Statement Was Properly Considered**.

Magistrate Judge Stark recognized that that in general a court is limited to the allegations in the complaint, the exhibits attached thereto and matters of public record in deciding a motion to dismiss. (D.I. 247 at 13). He further correctly noted that "it is well-settled, however, that certain additional materials may be considered without converting a motion to dismiss into a

7

motion for summary judgment. . . ." (D.I. 247 at 13) (citing *Pension Benefit Guar. Corp. v. White Concol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.")).

Magistrate Judge Stark correctly found that "Plaintiffs' claims are based, in part, on the Statement, as the Statement constitutes a written representation to Plaintiffs at the time of their initial insurance purchase as to how much PIP was available for purchase and what "full" PIP means." (D.I. 247 at 15). The Statement was therefore properly considered in ruling on Nationwide's motion to dismiss.

Moreover, it is undisputed that Plaintiffs' counsel specifically agreed that the Statement should be considered:

> The Court:  What is your position on the A50 document? Is that something I can consider in connection with the motions that are in front of me today?
>
> Mr. Spadaro:  The Motorist Protection Act Statement?
>
> The Court:  Yes.
>
> Mr. Spadaro:  Now, Your Honor, you are talking about a pure motion to dismiss. It's not part of the contract. On the other hand, we're talking about, the case is all about extraneous documents. So we're happy to have Your Honor consider it. We don't think - - I mean it's where you draw the line between binders and certificates of memoranda we want in the case and the document they say helps them. **So I think Your Honor is able to consider that**.

Hearing Transcript, pp. 18-19 (emphasis added). Nationwide's counsel similarly agreed that the Statement should be considered:

8

> The Court:   And the A50 document that you were kind enough to provide a copy of from the Motorist Protection Act, do you think that is something I should consider?
>
> Mr. Marino:   I do. I do believe you should consider it, Your Honor. I think Mr. Spadaro has said that it should be considered as well.

*Id.* at p. 58. Magistrate Judge Stark therefore properly considered the Statement in analyzing the issues before him.

### C.   The Report and Recommendation is Consistent With the Prior Rulings in This Case.

Plaintiffs also argue that the Report and Recommendation is contrary to the "law of the case" as set forth in Judge Jordan's February and August Opinions. (D.I. 150 and 216). Specifically, Plaintiffs state that the Report and Recommendation is flawed because it wrongly held that "[P]laintiffs failed to allege any actual misrepresentation," and it did not address the "purely procedural issue of particularity. . . ." (D.I. 249 at 10).

Plaintiffs are incorrect. As established above, the Report and Recommendation specifically finds that Plaintiffs failed to plead the alleged misrepresentations with the required particularity. Accordingly, contrary to Plaintiffs' objection, the Report and Recommendation did not dismiss the statutory fraud count simply because there was no misrepresentation alleged. Rather, there was simply no misrepresentation alleged **with sufficient particularity**.

Moreover, Judge Jordan never addressed or ruled on whether the Amended Complaint pled fraud with sufficient particularity. There has been no prior ruling in this case addressing this issue. Plaintiffs are therefore incorrect that the Report and Recommendation is contrary to the law of the case as established by Judge Jordan.

9

**D.    The Report and Recommendation Did Not Adjudicate the Merits.**

Plaintiffs also object to Magistrate Judge Stark's recommendation to dismiss their Amended Complaint as having adjudicated the merits of the case. This argument similarly fails. As set forth in the Report and Recommendation (and as established above), Magistrate Judge Stark specially found that "Plaintiffs must plead [fraud] with particularity" and that "in [his] view Plaintiffs have failed to do so." (D.I. 247 at 16).

Accordingly, Magistrate Judge Stark considered and ruled upon an issue before him on Nationwide's motion to dismiss. He did not adjudicate the merits.

**E.    Plaintiffs' Arguments Regarding Their Theories and Positions in This Case Do Not Cure Their Amended Complaint.**

Plaintiffs' brief goes on at length regarding their theories and positions in this case. Nationwide obviously disagrees with Plaintiffs' endless theories and characterizations. But in any event, to the extent that Plaintiffs' extensive briefing of their theories and positions is an attempt to cure their deficient Amended Complaint, it does not.

Nothing in Plaintiffs' extensive briefing of their theories and positions changes the fact that Plaintiffs did not plead fraud with the required particularity as established in the Report and Recommendation.

**V.    CONCLUSION**

Magistrate Judge Stark's Report and Recommendation is thorough, well reasoned and correct. The Report and Recommendation should therefore be adopted, and Plaintiffs' remaining claims dismissed with prejudice.

                Respectfully submitted,

BY: */s/ Nicholas Skiles, Esquire*
      Nicholas Skiles, Esquire (I.D.#3777)
      Swartz Campbell LLC
      300 Delaware Avenue, Suite 1130
      P. O. Box 330
      Wilmington, DE 19801
      Tel. No. (302) 656-5935
      Fax: (302) 656-1434

      Attorneys for Defendant, Nationwide
      Mutual Insurance Company