IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
THOMAS A. EAMES, ROBERTA L.       :
EAMES, AND TAMMY EAMES, on        :
behalf of themselves and all      :
others similarly situated,        :
                                  :
          Plaintiffs,             :
                                  :
     v.                           : Civil Action No. 04-1324-JJF-LPS
                                  :
NATIONWIDE MUTUAL INSURANCE       :
COMPANY,                          :
                                  :
          Defendant.              :
```

John S. Spadaro, Esquire of JOHN SHEEHAN SPADARO, LLC, Hockessin, Delaware.

Attorneys for Plaintiffs.

Nicholas Skiles, Esquire of SWARTZ CAMPBELL LLC, Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

September 30, 2008
Wilmington, Delaware

Joseph J. Farnan Jr.
Farnan, District Judge.

Pending before the Court are Plaintiffs' Objections to
Magistrate Judge Leonard P. Stark's Report And Recommendations
(D.I. 248), which was issued on March 31, 2008 (D.I. 247).
Plaintiffs object to the Magistrate Judge's recommendation that
Defendant's Motion to Dismiss (D.I. 167) be granted, but do not
object to the Magistrate Judge's recommendation that their Motion
for Reconsideration (D.I. 218) be denied. For the reasons
discussed, the Court will adopt the Magistrate Judge's Report and
Recommendations.

**I. Background.**

On August 20, 2004, the proposed class representatives,
Thomas, Roberta, and Tammy Eames ("Plaintiffs") filed this action
against Defendant Nationwide Insurance Company ("Nationwide")
alleging that Nationwide misrepresented to Plaintiffs the limits
of liability for Personal Injury Protection ("PIP") coverage in
policies that Nationwide sold by referring to the statutory
minimum coverage levels as "full" PIP coverage.[1]  (D.I. 1,
"Original Complaint"). This action was originally filed in the
Delaware Superior Court on August 20, 2004, and removed to this
Court on October 1, 2004. (Id.)

_____

[1]     Delaware motor vehicle owners must carry PIP insurance
of at least "15,000 for any 1 person and $30,000 for all persons
injured in any 1 accident." 21 Del. C. § 2118(a)(2)(b). This
statutory minimum level of coverage is commonly referred to as
"$15,000/$30,000."

1

In their Original Complaint, Plaintiffs asserted claims for breach of contract; bad faith breach of contract; declaratory judgment that class members are entitled to $100,000/$300,000 PIP coverage; violation of the Delaware Consumer Fraud Act ("consumer fraud claim"), 6 Del. C. § 2513; and civil conspiracy. (Id.) By Memorandum Opinion and Order dated February 2, 2006, Judge Jordan granted Nationwide's Motion To Dismiss concluding that: (1) Plaintiffs failed to state a claim for breach of contract, bad faith breach of contract and declaratory judgment, and (2) Plaintiffs failed to plead their claims for consumer fraud and civil conspiracy with particularity as required by Fed. R. Civ. P. 9(b). Judge Jordan also granted Plaintiffs leave to amend the fraud and civil conspiracy claims. (D.I. 15.)

By their Amended Complaint (D.I. 158), Plaintiffs reassert their claims for consumer fraud and civil conspiracy and base those claims on two theories, the maximum limit theory and the fullest available limit theory. With regard to the maximum limit theory, Plaintiffs contend that Nationwide falsely represents to customers that when they purchase "full" PIP coverage, they have purchased $100,000/$300,000 PIP coverage instead of the $15,000/$30,000 limits that "full" PIP actually covers. (D.I. 158 at ¶ 8). With regard to the fullest available limit theory, Plaintiffs contend that despite the actual availability of additional PIP ("APIP") in excess of statutory minimums,

Nationwide's use of the term "full PIP" represents to consumers purchasing full PIP that they have purchased the highest amount of coverage available to a policy holder, a claim independent of the dollar amount of the coverage actually purchased.  (Id. at ¶ 10.)  In addition, the Amended Complaint explains in more detail than the Original Complaint, the circumstances in which each of the Plaintiffs were told that they purchased policies with "full" PIP coverage, but were later informed that the policies provided only the statutorily required $15,000/$30,000 PIP limits.  (Id. at ¶ 13a-g.)

In response to the Amended Complaint, Nationwide filed a second Motion to Dismiss.  Specifically, Nationwide argued that: 1) Plaintiffs failed to plead fraud with particularity; 2) Plaintiffs failed to plead harm; (3) Plaintiffs' claims are barred by the statute of limitations; 4) Plaintiffs failed to state a claim for civil conspiracy; and 5) Plaintiff Tammy Eames has no standing.  (D.I. 167).

By decision dated August 29, 2006, Judge Jordan granted in part Nationwide's Motion To Dismiss.  Judge Jordan concluded that Plaintiff's consumer fraud and conspiracy claims based on the "maximum limit theory" were time-barred.  However, Judge Jordan reserved judgment on the remaining claims pertaining to the "fullest available limit" theory, because (1) further development of the record was needed to show whether Plaintiff's claims were

time-barred, and (2) the partial dismissal raised a question
concerning whether subject matter still existed over the
remaining claims based on the amount in controversy.  Judge
Jordan ordered further briefing on the question of subject matter
jurisdiction.  (D.I. 216, 217.  Shortly thereafter, Plaintiffs
filed a Motion for Reconsideration of Judge Jordan's ruling that
claims under the maximum limit theory were time-barred.  (D.I.
218.)

     On December 15, 2006, Judge Jordan was elevated to the
United States Court of Appeals for the Third Circuit, and this
case was initially reassigned to the judicial vacancy.  (D.I.
232.)  It was subsequently referred to Magistrate Judge Mary Pat
Thynge and then to Magistrate Judge Leonard P. Stark.  (D.I. 232,
236.)  After Magistrate Judge Stark heard oral arguments on
January 18, 2008 (D.I. 243), the case was reassigned to this
Court on February 1, 2008.  Because of Magistrate Judge Stark's
familiarity with the case, the Court referred the case back to
Magistrate Judge Stark on February 18, 2008, for all proceedings
up to and including the pretrial conference.  (D.I. 246.)

     On March 31, 2008, Magistrate Judge Stark issued his Report
And Recommendations Regarding Plaintiffs' Motion For
Reconsideration And Defendant's Motion To Dismiss, And Order
Regarding Defendant's Motion To Strike.  (D.I. 247.)  Magistrate
Judge Stark recommended the denial of Plaintiffs' Motion For

Reconsideration on the grounds that Plaintiffs "failed to meet
the stringent standards" necessary to warrant reconsideration of
Judge Jordan's decision that Plaintiffs' claims pursuant to the
"maximum limit theory" were time-barred.  (D.I. 247 at 11.).
Magistrate Judge Stark also considered those portions of
Nationwide's Motion To Dismiss which remained outstanding after
Judge Jordan's August 29, 2006 decision, and recommended that
Nationwide's Motion To Dismiss be granted.  In addition,
Magistrate Judge Stark resolved Nationwide's Motion To Strike
concluding that it was moot.

## II.  STANDARD OF REVIEW

When objections are filed to a magistrate judge's report and
recommendation, the court reviews de novo the parts of the
magistrate judge's disposition which are subject to the
objections.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C)
(2008).  The court may accept, reject, or modify the magistrate
judge's recommendations.  The court may also receive further
evidence or return the matter to the magistrate judge with
instructions for proceeding.  Id.

## III. DISCUSSION

Plaintiffs' primary objection to the Report and
Recommendation is that, despite Judge Jordan's prior
determination that Plaintiffs alleged misrepresentation
sufficient to withstand dismissal under Rule 12(b)(6), the

5

Magistrate Judge improperly revisited this subject, even though
it was not briefed anew in Nationwide's second Motion To Dismiss.
Plaintiffs further contends that the merits of their fraud claim
should have been left to a jury.

Nationwide contends that the Magistrate Judge's decision is
not inconsistent with prior rulings by Judge Jordan in the case,
because the Magistrate Judge's dismissal is framed in the context
of Rule 9(b). Stated another way, Nationwide contends that "the
Report and Recommendation did not dismiss the statutory fraud
count simply because there was no misrepresentation alleged.
Rather, there was simply no misrepresentation alleged **with
sufficient particularity."** (D.I. 251 at 9) (emphasis in
original).

In pertinent part, Fed. R. Civ. P. 9(b) provides that a
party alleging fraud "must state with particularity the
circumstances constituting fraud. . . . Malice, intent,
knowledge, and other conditions of a person's mind may be alleged
generally." The circumstances of the alleged fraud must be plead
with sufficient particularity "to place defendants on notice of
the precise misconduct with which they are charged, and to
safeguard defendants against spurious charges of immoral and
fraudulent behavior." Seville Industrial Machinery Corp. V.
Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984).

These heightened pleading requirements apply to claims arising under the Delaware Consumer Fraud Act.  See Johnson v. Geico Cas. Co., 516 F. Supp. 2d 351, 359 (D. Del. 2007).  In order to state a claim under the Delaware Consumer Fraud Act, a plaintiff must, at a minimum, allege with the required particularity that the defendant negligently omitted or concealed a material fact, and that the defendant "intended that others rely on the omission or concealment."  Stephenson v. Capano Dev. Inc., 462 A.2d 1069, 1074 (Del. 1983).

In addition, claims of civil conspiracy are not independent causes of action.  Rather, these claims must be predicated on an underlying wrong.  Tracinda Corp. v. DaimlerChrysler AG, 197 F.Supp.2d 42, 72 (D. Del. 2002).

Reviewing de novo the decision of Magistrate Judge Stark, the Court concludes that Magistrate Judge Stark did not err in his determination that Plaintiffs failed to plead their claims with the specificity required by Rule 9(b).  Although the Magistrate Judge's Report and Recommendations can be read as holding that Plaintiffs failed to plead a misrepresentation in the first instance, it appears to the Court that the Magistrate Judge's determination that there was no actionable misrepresentation was also made within the context and requirements of Rule 9(b).  For example, the Magistrate Judge recognized that Plaintiff was required to plead "at least a

7

negligent misrepresentation or omission of material fact by

Nationwide with the intent that Plaintiffs rely on such

misrepresentation or omission," and went on to state:

> Because Rule 9(b) applies to claims arising under [the
> Delaware Consumer Fraud Act] . . . Plaintiffs must
> plead such misrepresentation or omission with
> particularity. <u>In my view, Plaintiffs have failed to
> do so.</u>

(D.I. 247 at 16) (emphasis added).

In any event, the Magistrate Judge clearly invoked Rule 9(b)

as, at least an alternate ground, to support his recommendation

of dismissal, and reviewing the allegations of the Amended

Complaint <u>de</u> <u>novo</u> in the context of the requirements of Rule

9(b), the Court agrees with and adopts the Magistrate Judge's

reasons for concluding that Plaintiffs failed to plead their

fullest available limit theory claims with the required

particularity. (<u>Id.</u> at 4, 19, 20). In addition, the Court

agrees with Judge Stark's determination that Plaintiffs should

not be permitted a third opportunity to satisfy the requirements

of Rule 9(b) where, as here, Plaintiffs are represented by

counsel and Nationwide has already had to defend itself against

two complaints.

As for Plaintiff's other objections, the Court likewise

concludes that the Magistrate Judge's decision was not erroneous.

Accordingly, the Court agrees with and adopts the Magistrate

Judge's Report and Recommendations that Plaintiffs consumer fraud

and civil conspiracy claims be dismissed.

**IV. CONCLUSION**

For the reasons discussed, the Court will adopt Magistrate Judge Stark's Report and Recommendation.

An appropriate Order will be entered.